FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS  2005 NOV 23  P 12: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FREEDOM WIRELESS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOSTON COMMUNICATIONS GROUP, ) <br> INC. and NEXTEL COMMUNICATIONS, ) <br> INC., ) <br> ) <br> Defendants. ) | Civil Action No. 05-11061-EFH |
| FREEDOM WIRELESS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOSTON COMMUNICATIONS GROUP, ) <br> INC., *et al.*, ) <br> ) <br> Defendants. ) | **ORAL ARGUMENT REQUESTED** <br><br> Civil Action No. 05-11062-EFH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BOSTON
COMMUNICATIONS GROUP, INC.'S MOTION FOR A STAY OF
PROCEEDINGS PENDING RESOLUTION OF THE FEDERAL CIRCUIT APPEALS**

This Court is well familiar with *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, Civil Action No. 00-12234-EFH (D. Mass.) ("*Freedom Wireless I*"), litigation that commenced on March 30, 2000, in California federal court and was transferred to this Court in October 2000. The case involved nearly five years of pretrial discovery, a 45-day jury trial and an 11-day bench trial, and had a judgment finally entered on September 1, 2005.

Almost three months later, the Court continues to receive and review post-trial filings in that matter. Cross-appeals from the Court's judgment and other orders entered in *Freedom Wireless I* were noticed by both the plaintiff, Freedom Wireless, and the *Freedom Wireless I* defendants. Those cross-appeals are currently pending before the United States Court of Appeals for the Federal Circuit.

The two cases at issue here are cases filed by the same plaintiff (Freedom Wireless) and based on the same allegations of infringement of U.S. Patent No. 5,722,067 (the "'067 patent") and U.S. Patent No. 6,157,823 (the "'823 patent"), against the same wireless service provider (BCGI) and twenty-three of its wireless customers that were not parties to the first case. The pending cross-appeals in *Freedom Wireless I* present issues that directly affect this litigation. The Federal Circuit will be required to resolve critical legal issues that will certainly bear on – if not dictate the outcome of – these cases, such as the scope and construction of certain claims in the '067 and '823 patents, and the legal requirements to establish Plaintiff's theory of "joint infringement." Even more fundamentally, the Federal Circuit will decide whether the two patents-in-suit are valid and enforceable – if they are not, these cases will be over. Under these circumstances, a stay of these cases pending the Federal Circuit's resolution of *Freedom Wireless I* is the only sensible course.

## BACKGROUND

### I.   The *Freedom Wireless I* Action

In *Freedom Wireless I*, plaintiff Freedom Wireless, Inc. sued BCGI and more than ten wireless carriers (including Cingular Wireless LLC, AT&T Wireless, CMT Partners, Western Wireless Corporation, Verizon Wireless, and Bell Atlantic Mobile, among others), for their alleged infringement of the '067 and '823 patents. BCGI and the other defendants asserted

various affirmative defenses and counterclaims asserting, *inter alia*, the invalidity and unenforceability of the patents-in-suit, as well as the defendants' non-infringement of those patents.

Freedom Wireless commenced the litigation in *Freedom Wireless I* in March 2000 in California federal district court. Seven months later, the California court transferred the action to this Court for all pretrial and trial proceedings. Pretrial discovery consumed the next several years, during which time the parties exchanged hundreds of thousands of documents, noticed over 100 depositions, and filed countless discovery and other non-dispositive motions, not to mention at least ten summary judgment motions. The Court then held a jury trial on infringement, validity, and damages that lasted for twelve weeks, followed by a three-week bench trial on inequitable conduct.

On September 1, 2005, this Court entered a judgment of approximately $128 million against BCGI and the other *Freedom Wireless I* defendants, based on Plaintiff's theory of joint infringement. Shortly thereafter, Plaintiff filed a notice of appeal with the Federal Circuit on a host of issues, including the Court's ruling as a matter of law that the carriers in *Freedom Wireless I* did not willfully infringe the patents-in-suit. BCGI subsequently filed a cross-appeal of various other judgments, including the Court's claim construction, the jury verdict on infringement, validity, and damages, and the Court's decision that the patents-in-suit were not procured by inequitable conduct. The Federal Circuit's decision on these important issues may well dispose of these newly filed cases.

II.     **The Two New Freedom Wireless Actions**

On May 20, 2005, Freedom Wireless filed Complaints in the two above-captioned actions against BCGI and twenty-three of its customers, none of whom were parties to *Freedom*

*Wireless I* (collectively, "the Defendants"). Those Complaints allege the *same* theories of infringement of the *same* two patents at issue in *Freedom Wireless I*. Although it filed the Complaints on May 20, 2005, Freedom Wireless waited nearly four months, until the end of September 2005,[1] to purportedly serve them on the twenty-four defendants, and the parties subsequently entered into two consecutive agreements to stay the Defendants' answer date, until and through November 24, 2005.

Contemporaneously with the filing of this motion to stay, BCGI is filing Answers denying Plaintiff's infringement allegations and asserting affirmative defenses and counterclaims regarding the non-infringement of Plaintiff's patents, as well as the invalidity and unenforceability of those patents. Other Defendants are filing motions to dismiss for lack of personal jurisdiction. Both actions are in their infancy – no Rule 26(f) conferences have been scheduled or held, and thus discovery has not commenced.

## ARGUMENT

### I. This Court Should Stay Proceedings In These Newly Filed Actions Pending Resolution of the Cross-Appeals in Freedom Wireless I

This Court has the discretion to stay proceedings in a patent-infringement action (like in any civil action) pending the outcome of an appeal in another case. *See In re Intertape Polymer Corp.*, 121 Fed. Appx. 386, 386-87 (Fed. Cir. Dec. 2, 2004) (non-precedential) (declining to vacate district court's stay of patent infringement action pending outcome of unrelated Federal Circuit appeal) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

---

[1] The various Defendants were purportedly served with process over a three-day period between September 19 and September 22, 2005.

for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A balancing of the parties' and the Court's interests in these newly filed actions strongly favors the issuance of a stay pending resolution of the cross-appeals in *Freedom Wireless I*.

**First**, a stay is particularly desirable where, as here, an appeal in another action will present key issues that bear directly on – and may well dictate the outcome of – the action in which the stay is sought. For example, in *In re Literary Works in Electronic Databases Copyright Litigation*, 58 U.S.P.Q.2d 1317 (S.D.N.Y. 2001), the district court stayed an entire multidistrict litigation involving claims of copyright infringement because a higher court (in that case, the Supreme Court) was "close to settling an important issue of law bearing on the action." *Id.* at 1319 (collecting cases). The Court issued the stay over the objections of some of the plaintiffs, noting that "[i]t would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision that all agree will significantly impact this multidistrict litigation." *Id.* at 1320.

That rationale is directly applicable to this case. The Federal Circuit's rulings on the parties' cross-appeals in *Freedom Wireless I* will revolve around several "important issue[s] of law" pertaining directly to these newly filed actions. *Id.* at 1319. For example, the Federal Circuit will decide whether or not the "joint infringement" theory of liability pursued by Freedom Wireless at trial is legally sustainable – a matter not yet decided directly by the Federal Circuit. If anything, the Federal Circuit has suggested that it will reject this theory, absent proof of agency or a similar control relationship, in circumstances where proof of direct infringement is limited to the combination of activities of two parties. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311-12 (Fed. Cir. 2005) (patentee's argument that the actions of surgeons could be joined with those of the defendant medical device manufacturer to

establish direct infringement by the manufacturer, rejected by the Court as it observed that no agency relationship existed between the surgeons and the manufacturer). At trial in this case, Freedom Wireless did not present evidence of agency or a similar control relationship, and no such evidence was required by the Court. Thus, a substantial question on the merits has been fairly presented to the Federal Circuit for decision on appeal.

In addition, the Federal Circuit will review *de novo* the claims of the patents-in-suit and construe disputed claim terms as a matter of law, a ruling that will govern this second round of litigation. *See Key Pharms. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998) (Federal Circuit's decisions on claim construction have "national *stare decisis* effect"). Therefore, staying these actions pending the Federal Circuit's resolution of that issue will unquestionably promote judicial economy. *See, e.g., Stormwater Mgmt., Inc. v. CDS Techs., Inc.*, No. CV 04-414-MPO, 2005 WL 743073, at *2 (D. Or. Mar. 30, 2005) (noting that other district courts have "stayed consideration of claim construction pending the Federal Circuit's resolution" of a salient appeal from another action) (citing *In re Intertape Polymer Corp.*, 121 Fed. Appx. 386 (Fed. Cir. 2004) (non-precedential)).

The appeal will also address the validity and enforceability of the '067 and '823 patents. The Federal Circuit's rulings on those issues are highly relevant in these new actions, because Plaintiff's claims are necessarily premised on the validity and enforceability of those patents. If the Federal Circuit finds that the patents are either invalid or unenforceable, then these cases will never pass go.

Indeed, it is for that precise reason that other courts have stayed cases pending Federal Circuit resolution of validity and enforceability questions. For example, in *Wing Shing Products (BVI) Ltd. v. Simatelex Manufactory Company, Ltd.*, No. 01-Civ.-1044 (RJH) (HBP), 2005 WL

912184 (S.D.N.Y. Apr. 19, 2005), the Court stayed a patent infringement action pending the disposition of a Federal Circuit appeal that would determine (among other things) the enforceability of the patent-in-suit. In explaining its decision, the Court observed that "if the Federal Circuit finds that the Patent is unenforceable as a matter of law," then Plaintiff's claims "will fail because each is premised on the enforceability of the Patent." *Id.* at *2. Likewise, multiple courts – including the Federal Circuit – have stayed patent infringement actions pending the disposition of other judicial proceedings involving the validity of the patents-in-suit. *See, e.g., ARCO Polymers, Inc. v. Studiengesellschaft Kohle*, 710 F.2d 798, 799 (Fed. Cir. 1983) (staying appeal in first patent infringement action until the Court could decide second appeal "which directly involves the validity of the patent at issue" in the first appeal); *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 645 (N.D. Tex. 2004) (staying patent infringement action because other related actions "involve the same claims for design patent infringement").

**Second**, a stay of these actions will avoid the potentially unnecessary and significant waste of the Court's and the parties' time and resources. If a stay is not issued while the parties wait for the Federal Circuit to resolve crucial questions concerning the patents' scope and the viability of Plaintiff's liability theory, the twenty-four defendants in these actions will need to proceed with discovery. Plaintiff will presumably do the same. That means that the parties will attend pretrial conferences, propound and respond to discovery requests, review and produce thousands of pages of documents, and take and defend dozens of fact and expert depositions. All of that discovery may need to be repeated or revised – and may even be rendered moot – depending on the outcome of the appeal.

Litigation is expensive, particularly at the outset. These proceedings will be no exception. As noted above, the parties in *Freedom Wireless I* engaged in nearly five years of

7

pre-trial discovery and motions practice, during which they exchanged hundreds of thousands of documents, noticed over 100 depositions, and filed no fewer than ten summary judgment motions, as well as countless discovery and other non-dispositive motions. The trials lasted 56-days, saw testimony from over 50 witnesses, and involved over 500 admitted exhibits. There are over 2,000 docket entries for that case. If these newly filed cases are anything like *Freedom Wireless I*, proceeding with discovery rather than staying the case pending resolution of the appeal could result in a tremendous waste of resources. The fact that there are twice the number of defendants in these new cases – not to mention that the carrier defendants are located throughout the country (as far away as Hawaii), as well as overseas – only underscores this point.

## CONCLUSION

For the foregoing reasons, this Court should stay all proceedings in the above-captioned actions, until thirty (30) days after the Federal Circuit issues all mandates from Plaintiff's and BCGI's cross-appeals in *Freedom Wireless I*.

Dated: November 23, 2005                    Respectfully submitted,

*/s/ Dean Bostock*
Patrick J. Sharkey (BBO # 454820)
Dean G. Bostock (BBO # 549747)
MINTZ LEVIN COHN FERRIS
   GLOVSKY and POPEO P.C.
One Financial Center
Boston, MA  02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

Bruce R. Genderson
David C. Kiernan
Philip A. Sechler
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Attorneys for Defendant Boston Communications Group Inc.*

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on: 11/23/05

[signature]