UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 NOV 30  A 10: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

FREEDOM WIRELESS, INC.,

    Plaintiff,

v.

BOSTON COMMUNICATIONS GROUP,
INC., ALLTEL CORP., *et al.*,

    Defendants.

Civil Action No. 05-11062-EFH

### REGIONAL CARRIER DEFENDANTS' NOTICE OF JOINDER AND JOINDER IN BOSTON COMMUNICATIONS GROUP, INC.'S MOTION FOR STAY OF PROCEEDINGS PENDING RESOLUTION OF THE FEDERAL CIRCUIT APPEALS

Defendants Bluegrass Cellular, Inc., Cellular Properties, Inc. (d/b/a Cellular One of East Central Illinois), Centennial Cellular Operating Co. LLC, Cincinnati Bell Wireless LLC, Dobson Cellular Systems, Inc., East Kentucky Network LLC (d/b/a Appalachian Wireless), Farmers Cellular Telephone, Inc. (d/b/a Farmers Cellular), Great Lakes of Iowa, Inc., Marseilles Cellular, Inc. (d/b/a Illinois Valley Cellular), MTA Communications (d/b/a MTA Wireless), Mid-Missouri Cellular LLP, Southern Illinois RSA Partnership (d/b/a First Cellular of Southern Illinois), South #5 RSA Limited Partnership (d/b/a Brazos Cellular Communications, Ltd.), Thumb Cellular LLC, Uintah Basin Electronic Telecommunications (d/b/a UBET Wireless) (collectively, "the Regional Carriers") hereby join co-defendant Boston Communications Group, Inc.'s Motion for Stay of Proceedings Pending Resolution of the Federal Circuit Appeals ("BCGI's Motion for Stay").

### ARGUMENT

As discussed further in BCGI's Motion for Stay, the parties in *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, Civil Action No. 00-12234-EFH (D. Mass.) ("*Freedom Wireless I*") have appealed several issues to the Federal Circuit Court of Appeals. Many of the issues presented in those appeals are identical to those that exist in the instant

litigation. For the same reasons also put forth by BCGI, the Regional Carrier Defendants agree that a stay is appropriate for reasons of judicial economy. However, additional circumstances concerning the Regional Carrier Defendants further compel the conclusion that a stay is appropriate.

First, it would be particularly costly and onerous for the Regional Carrier Defendants to litigate the instant case in Boston, Massachusetts because they are from disparate areas of the country. Allowing the instant litigation to proceed against such remotely-located companies while threshold issues are on appeal would be unjustified. As shown in the following table, the Regional Carrier Defendants can only be found in various far-flung locations across America:

|    | **Regional Carrier** | **Location of headquarters** |
| --- | --- | --- |
| 1  | Bluegrass Cellular, Inc. | Elizabethtown, KY |
| 2  | Cellular Properties, Inc. d/b/a Cellular One of East Central Illinois | Danville, IL |
| 3  | Centennial Cellular Operating Co. LLC | Wall, NJ |
| 4  | Cincinnati Bell Wireless LLC | Cincinnati, OH |
| 5  | Dobson Cellular Systems, Inc. | Oklahoma City, OK |
| 6  | East Kentucky Network, LLC d/b/a Appalachian Wireless | Prestonsburg, KY |
| 7  | Farmers Cellular Telephone, Inc. d/b/a Farmers Cellular | Rainsville, AL |
| 8  | Southern Illinois RSA Partnership d/b/a First Cellular of Southern Illinois | Mt. Vernon, IL |
| 9  | Great Lakes of Iowa, Inc. | Spencer, IA |
| 10 | Marseilles Cellular, Inc. d/b/a Illinois Valley Cellular | Marseilles, IL |
| 11 | MTA Communications d/b/a MTA Wireless | Wasilla, AK |
| 12 | Mid-Missouri Cellular LLP | Sedalia, MO |

| 13 | South #5 RSA Limited Partnership d/b/a Brazos Cellular Communications, Ltd. | Olney, TX |
|---|---|---|
| 14 | Thumb Cellular LLC | Pigeon, MI |
| 15 | Uintah Basin Electronic Telecommunications d/b/a UBET Wireless | Roosevelt, UT |

Second, due to the limited reach of their operations, the Regional Carrier Defendants intend to move to dismiss for lack of personal jurisdiction as it would not comport with "fair play and substantial justice" for them to defend themselves against this suit in Massachusetts. Declarations on behalf of every Regional Carrier Defendant will demonstrate that each Regional Carrier Defendant lacks sufficient contacts with and does not purposefully avail itself of this forum. A stay of the present case pending appeal of *Freedom Wireless I* will spare the Court of the burden of adjudicating these issues presently.

Third, unlike the *Freedom Wireless I* carriers, the Regional Carrier Defendants do not operate nationally; their operations are limited to scattered corners of the country. Allowing the instant litigation to proceed against these relatively small, regional defendants while dispositive issues are before the Federal Circuit would be patently unfair. As explained in further detail by BCGI, the *Freedom Wireless I* litigation consumed five years of the Court's and the parties' time, hundreds of thousands of documents, over a hundred depositions, and a multitude of motions. Requiring the Regional Carrier Defendants to similarly defend themselves while the Federal Circuit is resolving identical issues would unjustly consume their limited financial resources.

## CONCLUSION

For reasons of judicial economy and fairness to the parties, the Regional Carrier Defendants agree that the Court should stay the instant proceedings pending the resolution of the identical issues before the Federal Circuit. As requested in BCGI's Motion for Stay, the Regional Carriers ask that the Court stay all proceedings until thirty (30) days after the Federal Circuit issues all mandates from the *Freedom Wireless I* appeals.

Dated: November 30, 2005

Respectfully submitted,

By: *[signature]*
Dean G. Bostock, Esq. (BBO#549747)
Patrick J. Sharkey, Esq. (BBO#454820)
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111

Telephone: (617) 542-6000
Facsimile: (617) 542-2241
dbostock@mintz.com
psharkey@mintz.com

Michael H. Page
Leo L. Lam
Matthias A. Kamber
Andrew N. Shen
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Telephone: (415) 391-5400
Facsimile: (415) 397-7188
mpage@kvn.com
llam@kvn.com
mkamber@kvn.com
ashen@kvn.com

Attorneys for Regional Carrier Defendants

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on: 11/30/05
*[signature]*

LIT 1552097v.1