UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., )<br>)<br>   Plaintiff, )<br>) Civil Action No. 05-11062-EFH<br>v. )<br>)<br>BOSTON COMMUNICATIONS GROUP, INC., )<br>et al., )<br>)<br>   Defendants. )<br>)<br>)<br>)<br>) | |

## JOINT STIPULATION TO FILE SECOND AMENDED COMPLAINT

   WHEREAS on May 20, 2005, plaintiff Freedom Wireless ("Freedom") filed the instant action in the United States District Court for the District of Massachusetts Case No. 05-11062-EFH;

   WHEREAS, on September 16, 2005, Freedom filed and served a First Amended Complaint to include additional defendants who entered into or are subject to carrier agreements with Boston Communications Group, Inc. ("BCGI") in the allegations of patent infringement;

WHEREAS, the names of the several companies in the First Amended complaint did not correctly identify the corporate entity that contracted or are subject to contracts with BCGI to offer prepaid wireless services;

WHEREAS, the Second Amended Complaint reflects changes to correct the names of several companies who are corporate entities that have contracted with or are subject to contracts with BCGI to offer prepaid wireless services;

WHEREAS, the parties below affected by this amended complaint, by being added to or dismissed from the First Amended Complaint, agree and stipulate through their respective attorneys of record to this amended complaint;

WHEREAS, the parties below agree that their stipulation to this amendment will not act as a waiver of any challenges to the Court's jurisdiction;

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record, and subject to this Court's approval, that the Second Amended Complaint, an original copy of which is attached hereto as Exhibit 1, shall be deemed filed.

IT IS FURTHER STIPULATED, that the following corporate entities identified in the First Amended Complaint shall be dismissed without prejudice: Dobson Communications Corporation, Illinois Valley Cellular RSA 2 Inc., South Canaan Telephone Company, Matanuska Telephone Association, First Cellular of Southern Illinois, Brazos Cellular, Inc., Cellular One of East Central Illinois, Farmers Cellular, Mid-Missouri Telephone Company, and Bauce Communications of Beaumont, Inc.

IT IS FURTHER STIPULATED, that this second amended complaint supersedes the first amended complaint and will be answered on or before Monday, December 19, 2005.

IT IS SO STIPULATED.

Dated:  December 6, 2005

Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys

/s/ Paul F. Ware
Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100

Attorneys for Plaintiff Freedom Wireless, Inc.

Dated: December 6, 2005

                              /s/ Timothy Perry
                              Timothy J. Perry,
                              Preti Flaherty Beliveau Pachios & Haley LLP
                              10 High Street, 5th Floor
                              Boston, MA 02110
                              Tel: (617) 226-3800
                              Fax: (617) 226-3801

                              Attorney for Defendant South Canaan Cellular
                              Communications Company and former
                              defendant South Canaan Telephone Company

Date: December 6, 2005

/s/ Dean Bostock
Patrick J. Sharkey (BBO #454820)
Dean G. Bostock (BBO #549747)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Attorneys for Defendants
Alltel Corporation
Bluegrass Cellular, Inc.
Boston Communications Group, Inc.
Cellular Properties, Inc. (d/b/a Cellular One of East Central Illinois)
Centennial Cellular Operating Co. LLC
Cincinnati Bell Wireless LLC
Dobson Cellular Systems, Inc.
East Kentucky Network LLC (d/b/a Appalachian Wireless)
Farmers Cellular Telephone, Inc. (d/b/a Farmers Cellular)
Great Lakes of Iowa, Inc.
Marseilles Cellular, Inc. (d/b/a Illinois Valley Cellular)
Mid-Missouri Cellular LLP
MTA Communications (d/b/a MTA Wireless)
Southern Illinois RSA Partnership (d/b/a First Cellular of Southern Illinois)
South #5 RSA Limited Partnership (d/b/a Brazos Cellular Communications, Ltd.)
Thumb Cellular
Uintah Basin Electronic Telecommunications (d/b/a UBET Wireless)

LIT 1552696v.1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC.; ALLTEL CORP.; BAKERSFIELD CELLULAR; BLUEGRASS CELLULAR, INC.; BTC MOBILITY; C1 ARIZONA; CELLULAR PROPERTIES INC., d/b/a CELLULAR ONE OF EAST CENTRAL ILLINOIS; CENTENNIAL CELLULAR OPERATING CO.; CINCINNATI BELL WIRELESS, LLC; DOBSON CELLULAR SYSTEMS, INC.; EAST KENTUCKY NETWORK LLC d/b/a APPALACHIAN WIRELESS; FARMERS CELLULAR TELEPHONE d/b/a FARMERS CELLULAR; GREAT LAKES OF IOWA INC.; MARSEILLES CELLULAR, INC. d/b/a ILLINOIS VALLEY CELLULAR; MID-MISSOURI CELLULAR LLP; MOBILETEL INC.; MTA COMMUNICATIONS, d/b/a MTA WIRELESS; NEBRASKA WIRELESS TELEPHONE CO.; SOUTH #5 RSA LIMITED PARTNERSHIP d/b/a BRAZOS CELLULAR COMMUNICATIONS, LTD.; SOUTH CANAAN CELLULAR COMMUNICATIONS COMPANY, LLP d/b/a CELLULAR ONE OF NORTHEAST PENNSYLVANIA; SOUTHERN ILLINOIS RSA PARTNERSHIP d/b/a FIRST CELLULAR OF SOUTHERN ILLINOIS; THUMB CELLULAR LLC; UINTAH BASIN ELECTRONIC TELECOMMUNICATIONS d/b/a UBET WIRELESS; and DOES 1-20 et al.,<br><br>Defendants. | Civil Action No. 05-11062-EFH |

## **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

## **JURISDICTION AND VENUE**

1) This is a patent infringement action brought under the patent laws of the United States, 35 U.S.C. 1 et seq. This action arises under the Patent Act, 35 U.S.C. § 271(a)-(c); (f). This Court has original jurisdiction over the patent infringement claims in this action under 28 U.S.C. §§ 1331 and 1338(a).

2) Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). Defendant Boston Communications Group, Inc. ("BCGI") resides in the District of Massachusetts, and a substantial part of the events giving rise to the claims occurred in the District of Massachusetts.

## **PARTIES**

3) Plaintiff Freedom Wireless, Inc. ("Freedom") is a Nevada corporation with its principal place of business in Phoenix, Arizona.

4) Upon information and belief, defendant BCGI is a Massachusetts corporation with its principal place of business in Bedford, Massachusetts and is doing business in the State of Massachusetts and this judicial district.

5) Upon information and belief, defendant Alltel Corporation ("Alltel") is a Delaware Corporation with its principal place of business in Little Rock, Arkansas and is doing business in the State of Massachusetts and this judicial district.

6) Upon information and belief, defendant Bakersfield Cellular ("Bakersfield") is a Delaware corporation with its principal place of business in Bakersfield, California, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

2

7)  Upon information and belief, defendant Bluegrass Cellular, Inc. ("Bluegrass") is a Kentucky corporation with its principal place of business in Elizabethtown, Kentucky, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

8)  Upon information and belief, defendant BTC Mobility ("BTC Mobility") is a corporation which, through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

9)  Upon information and belief, defendant C1 Arizona ("C1 Arizona") is a corporation which, through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

10) Upon information and belief, defendant Cellular Properties Inc., d/b/a Cellular One of East Central Illinois ("Cellular One") is a Delaware corporation with its principal place of business in Danville, Illinois, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

11) Upon information and belief, defendant Centennial Cellular Operating Co., LLC, a subsidiary of Centennial Communications Corporation, ("Centennial") is a Delaware corporation with its principal place of business in Wall, New Jersey, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

12) Upon information and belief, defendant Cincinnati Bell Wireless, LLC ("Cincinnati Bell") is an Ohio corporation with its principal place of business in Cincinnati, Ohio, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

13) Upon information and belief, defendant Dobson Cellular Systems, Inc., a subsidiary of Dobson Communications Corporation, ("Dobson") is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

14) Upon information and belief, defendant East Kentucky Network, LLC d/b/a Appalachian Wireless ("Appalachian Wireless") is a Kentucky corporation with its principal place of business in Prestonsburg, Kentucky, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

15) Upon information and belief, defendant Farmers Cellular Telephone, Inc. d/b/a Farmers Cellular ("Farmers Cellular") is an Alabama corporation with its principal place of business in Rainsville, Alabama, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

16) Upon information and belief, defendant Great Lakes of Iowa, Inc. ("Great Lakes") is a Michigan corporation with its principal place of business in Spencer, Iowa, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

17) Upon information and belief, defendant Marseilles Cellular, Inc. d/b/a Illinois Valley Cellular ("Illinois Valley") is an Illinois corporation with its principal place of business in Marseilles, Illinois, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

18) Upon information and belief, defendant Mid-Missouri Cellular, LLP ("Mid-Missouri") is a Missouri corporation with its principal place of business in Sedalia, Missouri, and

through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

19) Upon information and belief, defendant Mobiletel Incorporated ("Mobiletel") is a Louisiana corporation with its principal place of business in Larose, Louisiana, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

20) Upon information and belief, defendant MTA Communications d/b/a MTA Wireless, a subsidiary of Matanuska Telephone Association, ("MTA") is an Alaskan corporation with its principal place of business in Wasilla, Alaska, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

21) Upon information and belief, defendant Nebraska Wireless Telephone Company ("Nebraska Wireless") is a corporation with its principal place of business in Grand Island, Nebraska, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

22) Upon information and belief, defendant South #5 RSA Limited Partnership d/b/a Brazos Cellular Communications, Ltd.,. ("Brazos Cellular") is a Texas corporation with its principal place of business in Olney, Texas, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

23) Upon information and belief, defendant South Canaan Cellular Communications Company, LLP d/b/a Cellular One of Northeast Pennsylvania ("South Canaan") is a Pennsylvania corporation with its principal place of business in South Canaan, Pennsylvania, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

24) Upon information and belief, defendant Southern Illinois RSA Partnership d/b/a First Cellular of Southern Illinois ("First Cellular") is an Illinois corporation with its principal place of business in Mt. Vernon, Illinois, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

25) Upon information and belief, defendant Thumb Cellular, LLC ("Thumb Cellular") is a Michigan corporation with its principal place of business in Pigeon, Michigan, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

26) Upon information and belief, defendant Uintah Basin Electronic Telecommunications d/b/a UBET Wireless ("UBET") is a Utah corporation with its principal place of business in Roosevelt, Utah, and through its infringing activity with BCGI, is doing business in the State of Massachusetts and this judicial district.

27) Freedom is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 20, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious names. Freedom will seek leave of Court to amend this Complaint when the identities of these defendants are ascertained.

**FIRST CLAIM FOR RELIEF**

(Patent Infringement -- 35 U.S.C. § 271(a)-(c))

(Against All Defendants)

28) Freedom realleges and incorporates herein by reference each and every allegation contained in paragraphs (1) through (27) above, as though set forth at length

6

29) Freedom is the assignee and owner of United States Patent No. 5,722,067 (the "'067 patent") entitled "Security Cellular Telecommunications System," a copy of which is attached to this Complaint as Exhibit 1. The '067 patent was duly and legally issued by the United States Patent and Trademark Office on February 24, 1998.

30) The '067 patent relates to, among other things, a novel cellular telecommunications system that allows pre-paid users to complete cellular telephone calls without the necessity of entering additional account codes and further allows account usage to be monitored in real time so that usage may be terminated upon exhaustion of a pre-paid account.

31) Defendants are not licensed or otherwise authorized by Freedom to make, use, offer for sale, or sell any telecommunications system or method claimed in the '067 patent.

32) Upon information and belief, defendants have been and are infringing the '067 patent by making, using, offering for sale, and selling pre-paid cellular programs and systems that utilize telecommunications systems and methods claimed in the '067 patent, including BCGI prepaid programs and systems.

33) Upon information and belief, defendants are aiding and abetting, and actively inducing and contributing to infringement of the '067 patent by each other defendant and by non-parties.

34) By reason of defendants' infringing activities, Freedom has suffered, and will continue to suffer, substantial damages, in an amount to be proven at trial.

35) Defendants' acts complained of herein have damaged and will continue to damage Freedom irreparably. Freedom has no adequate remedy at law for these wrongs and injuries. Freedom is therefore entitled to an injunction restraining and enjoining

defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the claims of the '067 patent.

36) Upon information and belief, defendants' infringement has been and continues to be willful.

## SECOND CLAIM FOR RELIEF

(Patent Infringement -- 35 U.S.C. § 271(a)-(c))

(Against All Defendants)

37) Freedom realleges and incorporates herein by reference each and every allegation contained in paragraphs (1) through (36) above, as though set forth at length.

38) Freedom is the assignee and owner of United States Patent No. 6,157,823 (the "'823 patent") entitled "Security Cellular Telecommunications System," a copy of which is attached to this Complaint as Exhibit 2. The '823 patent was duly and legally issued by the United States Patent and Trademark Office on December 5, 2000.

39) The '823 patent relates to, among other things, a novel cellular telecommunications system that allows pre-paid users to complete cellular telephone calls without the necessity of entering additional account codes and further allows account usage to be monitored in real time so that usage may be terminated upon exhaustion of a pre-paid account.

40) Defendants are not licensed or otherwise authorized by Freedom to make, use, offer for sale, or sell any telecommunications system or method claimed in the '823 patent.

41) Upon information and belief, defendants have been and are infringing the '823 patent by making, using, offering for sale, and selling pre-paid cellular programs and systems that

8

utilize telecommunications systems and methods claimed in the '823 patent, including BCGI prepaid programs and systems.

42) Upon information and belief, defendants are aiding and abetting, and actively inducing and contributing to infringement of the '823 patent by each other defendant and by non-parties.

43) By reason of defendants' infringing activities, Freedom has suffered, and will continue to suffer, substantial damages, in an amount to be proven at trial.

44) Defendants' acts complained of herein have damaged and will continue to damage Freedom irreparably. Freedom has no adequate remedy at law for these wrongs and injuries. Freedom is therefore entitled to an injunction restraining and enjoining defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the claims of the '823 patent.

45) Upon information and belief, defendants' infringement has been and continues to be willful.

### THIRD CLAIM FOR RELIEF

(Patent Infringement -- 35 U.S.C. § 271(f))

(Against Defendants BCGI

46) Freedom realleges and incorporates herein by reference each and every allegation contained in paragraphs (1) through (45) above, as though set forth at length.

47) Freedom is the assignee and owner of United States Patent No. 5,722,067 and United States Patent No. 6,157,823. The '067 and '823 patents were duly and legally issued by the United States Patent and Trademark Office on February 24, 1998 and December 5, 2000 respectively.

48) Upon information and belief, BCGI has been and is infringing the '067 patent by supplying or causing to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

49) By reason of BCGI's infringing activities, Freedom has suffered, and will continue to suffer, substantial damages, in an amount to be proven at trial.

50) Upon information and belief, defendant's infringement has been and continues to be willful.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Freedom prays for a judgment in favor of plaintiff and against defendants as follows:

1) that defendants have infringed and are infringing United States Patent No. 5,722,067 and that such infringement is willful;

2) that defendants have infringed and are infringing United States Patent No. 6,157,823 and that such infringement is willful;

3) that defendants and their officers, agents, representatives, servants, and employees and all persons in active concert or participation with them be enjoined from continued infringement of United States Patent No. 5,722,067;

4) that defendants and their officers, agents, representatives, servants, and employees and all persons in active concert or participation with them be enjoined from continued infringement of United States Patent No. 6,157,823;

5)  that defendants be ordered to pay Freedom its damages caused by defendants' infringement of United States Patent No. 5,722,067, and that such damages be trebled, together with interest thereon;

6)  that defendants be ordered to pay Freedom its damages caused by defendants' infringement of United States Patent No. 6,157,823, and that such damages be trebled, together with interest thereon;

7)  that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Freedom be awarded its reasonable attorneys' fees and costs; and

8)  that Freedom have such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Freedom demands a trial by jury on all issues so triable raised herein.

DATED: December 6, 2005

Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys

/s/ Paul F. Ware

Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
John Kenneth Felter, P.C. (BBO #162540)
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

A. William Urquhart (140996)
Marshall M. Searcy III (169269)
Erica P. Taggart (215817)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
*(Pro hac vice)*

Attorneys for Plaintiff Freedom Wireless, Inc.

LIT 1552699v.1