## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC.; ALLTEL CORP.; BAKERSFIELD CELLULAR; BLUEGRASS CELLULAR, INC.; BTC MOBILITY; C1 ARIZONA; CELLULAR PROPERTIES INC., d/b/a CELLULAR ONE OF EAST CENTRAL ILLINOIS; CENTENNIAL CELLULAR OPERATING CO.; CINCINNATI BELL WIRELESS, LLC; DOBSON CELLULAR SYSTEMS, INC.; EAST KENTUCKY NETWORK LLC d/b/a APPALACHIAN WIRELESS; FARMERS CELLULAR TELEPHONE d/b/a FARMERS CELLULAR; GREAT LAKES OF IOWA INC.; MARSEILLES CELLULAR, INC. d/b/a ILLINOIS VALLEY CELLULAR; MID-MISSOURI CELLULAR LLP; MOBILETEL INC.; MTA COMMUNICATIONS, d/b/a MTA WIRELESS; NEBRASKA WIRELESS TELEPHONE CO.; SOUTH #5 RSA LIMITED PARTNERSHIP d/b/a BRAZOS CELLULAR COMMUNICATIONS, LTD.; SOUTH CANAAN CELLULAR COMMUNICATIONS COMPANY, LLP d/b/a CELLULAR ONE OF NORTHEAST PENNSYLVANIA; SOUTHERN ILLINOIS RSA PARTNERSHIP d/b/a FIRST CELLULAR OF SOUTHERN ILLINOIS; THUMB CELLULAR LLC; UINTAH BASIN ELECTRONIC TELECOMMUNICATIONS d/b/a UBET WIRELESS; and DOES 1-20 et al.,<br><br>Defendants. | Civil Action No. 05-11062-EFH |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
### JURISDICTION AND VENUE

1) This is a patent infringement action brought under the patent laws of the United States, 35
   U.S.C. 1 et seq. This action arises under the Patent Act, 35 U.S.C. § 271(a)-(c); (f).
   This Court has original jurisdiction over the patent infringement claims in this action
   under 28 U.S.C. §§ 1331 and 1338(a).

2) Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).
   Defendant Boston Communications Group, Inc. ("BCGI") resides in the District of
   Massachusetts, and a substantial part of the events giving rise to the claims occurred in
   the District of Massachusetts.

### PARTIES

3) Plaintiff Freedom Wireless, Inc. ("Freedom") is a Nevada corporation with its principal
   place of business in Phoenix, Arizona.

4) Upon information and belief, defendant BCGI is a Massachusetts corporation with its
   principal place of business in Bedford, Massachusetts and is doing business in the State
   of Massachusetts and this judicial district.

5) Upon information and belief, defendant Alltel Corporation ("Alltel") is a Delaware
   Corporation with its principal place of business in Little Rock, Arkansas and is doing
   business in the State of Massachusetts and this judicial district.

6) Upon information and belief, defendant Bakersfield Cellular ("Bakersfield") is a
   Delaware corporation with its principal place of business in Bakersfield, California, and
   through its infringing activity with BCGI, is doing business in the State of Massachusetts
   and this judicial district.

2

7)   Upon information and belief, defendant Bluegrass Cellular, Inc. ("Bluegrass") is a
      Kentucky corporation with its principal place of business in Elizabethtown, Kentucky,
      and through its infringing activity with BCGI, is doing business in the State of
      Massachusetts and this judicial district.

8)   Upon information and belief, defendant BTC Mobility ("BTC Mobility") is a corporation
      which, through its infringing activity with BCGI, is doing business in the State of
      Massachusetts and this judicial district.

9)   Upon information and belief, defendant C1 Arizona ("C1 Arizona") is a corporation
      which, through its infringing activity with BCGI, is doing business in the State of
      Massachusetts and this judicial district.

10)  Upon information and belief, defendant Cellular Properties Inc., d/b/a Cellular One of
      East Central Illinois ("Cellular One") is a Delaware corporation with its principal place of
      business in Danville, Illinois, and through its infringing activity with BCGI, is doing
      business in the State of Massachusetts and this judicial district.

11)  Upon information and belief, defendant Centennial Cellular Operating Co., LLC, a
      subsidiary of Centennial Communications Corporation, ("Centennial") is a Delaware
      corporation with its principal place of business in Wall, New Jersey, and through its
      infringing activity with BCGI, is doing business in the State of Massachusetts and this
      judicial district.

12)  Upon information and belief, defendant Cincinnati Bell Wireless, LLC ("Cincinnati
      Bell") is an Ohio corporation with its principal place of business in Cincinnati, Ohio, and
      through its infringing activity with BCGI, is doing business in the State of Massachusetts
      and this judicial district.

13)   Upon information and belief, defendant Dobson Cellular Systems, Inc., a subsidiary of
Dobson Communications Corporation, ("Dobson") is an Oklahoma corporation with its
principal place of business in Oklahoma City, Oklahoma, and through its infringing
activity with BCGI, is doing business in the State of Massachusetts and this judicial
district.

14)   Upon information and belief, defendant East Kentucky Network, LLC d/b/a Appalachian
Wireless ("Appalachian Wireless") is a Kentucky corporation with its principal place of
business in Prestonsburg, Kentucky, and through its infringing activity with BCGI, is
doing business in the State of Massachusetts and this judicial district.

15)   Upon information and belief, defendant Farmers Cellular Telephone, Inc. d/b/a Farmers
Cellular ("Farmers Cellular") is an Alabama corporation with its principal place of
business in Rainsville, Alabama, and through its infringing activity with BCGI, is doing
business in the State of Massachusetts and this judicial district.

16)   Upon information and belief, defendant Great Lakes of Iowa, Inc. ("Great Lakes") is a
Michigan corporation with its principal place of business in Spencer, Iowa, and through
its infringing activity with BCGI, is doing business in the State of Massachusetts and this
judicial district.

17)   Upon information and belief, defendant Marseilles Cellular, Inc. d/b/a Illinois Valley
Cellular ("Illinois Valley") is an Illinois corporation with its principal place of business in
Marseilles, Illinois, and through its infringing activity with BCGI, is doing business in
the State of Massachusetts and this judicial district.

18)   Upon information and belief, defendant Mid-Missouri Cellular, LLP ("Mid-Missouri") is
a Missouri corporation with its principal place of business in Sedalia, Missouri, and

4

through its infringing activity with BCGI, is doing business in the State of Massachusetts
and this judicial district.

19)     Upon information and belief, defendant Mobiletel Incorporated ("Mobiletel") is a

Louisiana corporation with its principal place of business in Larose, Louisiana, and

through its infringing activity with BCGI, is doing business in the State of Massachusetts

and this judicial district.

20)     Upon information and belief, defendant MTA Communications d/b/a MTA Wireless, a

subsidiary of Matanuska Telephone Association, ("MTA") is an Alaskan corporation

with its principal place of business in Wasilla, Alaska, and through its infringing activity

with BCGI, is doing business in the State of Massachusetts and this judicial district.

21)     Upon information and belief, defendant Nebraska Wireless Telephone Company

("Nebraska Wireless") is a corporation with its principal place of business in Grand

Island, Nebraska, and through its infringing activity with BCGI, is doing business in the

State of Massachusetts and this judicial district.

22)     Upon information and belief, defendant South #5 RSA Limited Partnership d/b/a Brazos

Cellular Communications, Ltd.,. ("Brazos Cellular") is a Texas corporation with its

principal place of business in Olney, Texas, and through its infringing activity with

BCGI, is doing business in the State of Massachusetts and this judicial district.

23)     Upon information and belief, defendant South Canaan Cellular Communications

Company, LLP d/b/a Cellular One of Northeast Pennsylvania ("South Canaan") is a

Pennsylvania corporation with its principal place of business in South Canaan,

Pennsylvania, and through its infringing activity with BCGI, is doing business in the

State of Massachusetts and this judicial district.

5

24)   Upon information and belief, defendant Southern Illinois RSA Partnership d/b/a First
       Cellular of Southern Illinois ("First Cellular") is an Illinois corporation with its principal
       place of business in Mt. Vernon, Illinois, and through its infringing activity with BCGI, is
       doing business in the State of Massachusetts and this judicial district.

25)   Upon information and belief, defendant Thumb Cellular, LLC ("Thumb Cellular") is a
       Michigan corporation with its principal place of business in Pigeon, Michigan, and
       through its infringing activity with BCGI, is doing business in the State of Massachusetts
       and this judicial district.

26)   Upon information and belief, defendant Uintah Basin Electronic Telecommunications
       d/b/a UBET Wireless ("UBET") is a Utah corporation with its principal place of business
       in Roosevelt, Utah, and through its infringing activity with BCGI, is doing business in the
       State of Massachusetts and this judicial district.

27)   Freedom is unaware of the true names and capacities, whether individual, corporate,
       associate, or otherwise, of defendants Does 1 through 20, inclusive, or any of them, and
       therefore sues these defendants, and each of them, by such fictitious names. Freedom
       will seek leave of Court to amend this Complaint when the identities of these defendants
       are ascertained.

## FIRST CLAIM FOR RELIEF

(Patent Infringement -- 35 U.S.C. § 271(a)-(c))

(Against All Defendants)

28)   Freedom realleges and incorporates herein by reference each and every allegation
       contained in paragraphs (1) through (27) above, as though set forth at length

29)    Freedom is the assignee and owner of United States Patent No. 5,722,067 (the "'067 patent") entitled "Security Cellular Telecommunications System," a copy of which is attached to this Complaint as Exhibit 1. The '067 patent was duly and legally issued by the United States Patent and Trademark Office on February 24, 1998.

30)    The '067 patent relates to, among other things, a novel cellular telecommunications system that allows pre-paid users to complete cellular telephone calls without the necessity of entering additional account codes and further allows account usage to be monitored in real time so that usage may be terminated upon exhaustion of a pre-paid account.

31)    Defendants are not licensed or otherwise authorized by Freedom to make, use, offer for sale, or sell any telecommunications system or method claimed in the '067 patent.

32)    Upon information and belief, defendants have been and are infringing the '067 patent by making, using, offering for sale, and selling pre-paid cellular programs and systems that utilize telecommunications systems and methods claimed in the '067 patent, including BCGI prepaid programs and systems.

33)    Upon information and belief, defendants are aiding and abetting, and actively inducing and contributing to infringement of the '067 patent by each other defendant and by non-parties.

34)    By reason of defendants' infringing activities, Freedom has suffered, and will continue to suffer, substantial damages, in an amount to be proven at trial.

35)    Defendants' acts complained of herein have damaged and will continue to damage Freedom irreparably. Freedom has no adequate remedy at law for these wrongs and injuries. Freedom is therefore entitled to an injunction restraining and enjoining

7

defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the claims of the '067 patent.

36)    Upon information and belief, defendants' infringement has been and continues to be willful.

## SECOND CLAIM FOR RELIEF

(Patent Infringement -- 35 U.S.C. § 271(a)-(c))

(Against All Defendants)

37)    Freedom realleges and incorporates herein by reference each and every allegation contained in paragraphs (1) through (36) above, as though set forth at length.

38)    Freedom is the assignee and owner of United States Patent No. 6,157,823 (the "'823 patent") entitled "Security Cellular Telecommunications System," a copy of which is attached to this Complaint as Exhibit 2. The '823 patent was duly and legally issued by the United States Patent and Trademark Office on December 5, 2000.

39)    The '823 patent relates to, among other things, a novel cellular telecommunications system that allows pre-paid users to complete cellular telephone calls without the necessity of entering additional account codes and further allows account usage to be monitored in real time so that usage may be terminated upon exhaustion of a pre-paid account.

40)    Defendants are not licensed or otherwise authorized by Freedom to make, use, offer for sale, or sell any telecommunications system or method claimed in the '823 patent.

41)    Upon information and belief, defendants have been and are infringing the '823 patent by making, using, offering for sale, and selling pre-paid cellular programs and systems that

8

utilize telecommunications systems and methods claimed in the '823 patent, including

BCGI prepaid programs and systems.

42)    Upon information and belief, defendants are aiding and abetting, and actively inducing

and contributing to infringement of the '823 patent by each other defendant and by non-

parties.

43)    By reason of defendants' infringing activities, Freedom has suffered, and will continue to

suffer, substantial damages, in an amount to be proven at trial.

44)    Defendants' acts complained of herein have damaged and will continue to damage

Freedom irreparably. Freedom has no adequate remedy at law for these wrongs and

injuries. Freedom is therefore entitled to an injunction restraining and enjoining

defendants and their agents, servants, and employees, and all persons acting thereunder,

in concert with, or on their behalf, from infringing the claims of the '823 patent.

45)    Upon information and belief, defendants' infringement has been and continues to be

willful.


## THIRD CLAIM FOR RELIEF

(Patent Infringement -- 35 U.S.C. § 271(f))

(Against Defendants BCGI

46)    Freedom realleges and incorporates herein by reference each and every allegation

contained in paragraphs (1) through (45) above, as though set forth at length.

47)    Freedom is the assignee and owner of United States Patent No. 5,722,067 and United

States Patent No. 6,157,823. The '067 and '823 patents were duly and legally issued by

the United States Patent and Trademark Office on February 24, 1998 and December 5,

2000 respectively.


9

48)    Upon information and belief, BCGI has been and is infringing the '067 patent by

supplying or causing to be supplied in or from the United States any component of a

patented invention that is especially made or especially adapted for use in the invention

knowing that such component is so made or adapted and intending that such component

will be combined outside of the United States in a manner that would infringe the patent

if such combination occurred within the United States.

49)    By reason of BCGI's infringing activities, Freedom has suffered, and will continue to

suffer, substantial damages, in an amount to be proven at trial.

50)    Upon information and belief, defendant's infringement has been and continues to be

willful.


**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Freedom prays for a judgment in favor of plaintiff and

against defendants as follows:

1)    that defendants have infringed and are infringing United States Patent No. 5,722,067 and

that such infringement is willful;

2)    that defendants have infringed and are infringing United States Patent No. 6,157,823 and

that such infringement is willful;

3)    that defendants and their officers, agents, representatives, servants, and employees and all

persons in active concert or participation with them be enjoined from continued

infringement of United States Patent No. 5,722,067;

4)    that defendants and their officers, agents, representatives, servants, and employees and all

persons in active concert or participation with them be enjoined from continued

infringement of United States Patent No. 6,157,823;

10

5)      that defendants be ordered to pay Freedom its damages caused by defendants'
        infringement of United States Patent No. 5,722,067, and that such damages be trebled,
        together with interest thereon;

6)      that defendants be ordered to pay Freedom its damages caused by defendants'
        infringement of United States Patent No. 6,157,823, and that such damages be trebled,
        together with interest thereon;

7)      that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Freedom be
        awarded its reasonable attorneys' fees and costs; and

8)      that Freedom have such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Freedom demands a trial by jury on all issues so triable raised herein.

DATED:December 6, 2005                    Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys

/s/ Paul F. Ware
_____

Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
John Kenneth Felter, P.C. (BBO #162540)
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109-2881
Tel: (617) 570-1000
Fax: (617) 523-1231

A. William Urquhart (140996)
Marshall M. Searcy III (169269)
Erica P. Taggart (215817)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
*(Pro hac vice)*

Attorneys for Plaintiff Freedom Wireless, Inc.

LIT 1552699v.1

12