UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON COMMUNICATIONS GROUP, INC., )<br>et al., )<br>)<br>Defendants. )<br>)<br>)<br>)<br>) | Civil Action No. 05-11062-EFH |

### PLAINTIFF FREEDOM WIRELESS, INC.'S OPPOSITION TO DEFENDANT BOSTON COMMUNICATIONS GROUP, INC.'S MOTION FOR A STAY OF THIS ACTION PENDING RESOLUTION OF THE FEDERAL CIRCUIT APPEALS

Plaintiff Freedom Wireless, Inc. hereby files its opposition to defendant Boston Communications Group, Inc.'s ("BCGI") motion for a stay of this action pending resolution of the Federal Circuit appeals, in which the so-called "Regional Carriers" have joined.

**Preliminary Statement**

As BCGI admits, in the first Freedom litigation ("Freedom I"), the parties engaged in 5 years of discovery and pre-trial motion practice; and during more than 50 days of trial, the Court and the jury heard the testimony of over 50 witnesses, and considered over 500 trial exhibits. After all was said and done, the Court entered judgment that BCGI and the carrier defendants infringe Freedom's valid and enforceable patents.

Nonetheless, BCGI urges the Court to stay this action against it and 22 other carrier defendants, arguing that, on the appeal of Freedom I, the Federal Circuit *may* decide some issues differently, and those decisions *may* have an impact on this case. But to justify a stay, BCGI must do more than point to theoretical possibilities. All competing interests must be weighed to decide whether a stay is appropriate; and BCGI's dim hope of prevailing on appeal hardly tilts the balance in its favor.

To the contrary, a stay of this action will work substantial hardship on Freedom and its licensees, delaying Freedom's recovery for infringement, and preventing it from enforcing its patents against infringers who conduct royalty-free operations in a market where Freedom's current licensees must compete.

Nor can defendants show that a stay serves the interests of the Court. Notably, BCGI refuses to concede that it will be bound by the determinations made on appeal of Freedom I, and its co-defendants will almost certainly attempt a "do-over."

In any event, Freedom has a right to pursue infringers on multiple fronts; and the Court is not required to put its own docket on hold to await review of a separate case before another court.

**Argument**

I.  **DEFENDANTS ARE NOT ENTITLED TO STAY THIS ACTION PENDING THE APPEAL OF A SEPARATE ACTION BEFORE THE FEDERAL CIRCUIT**

A "district court with a justiciable controversy before it [need not] await the outcome of a pending action in another [court]." Filtrol Corporation v. Kelleher, 467 F.2d 242, 245 (9th Cir. 1972). To determine whether to grant a stay, the Court "must weigh competing interests and maintain an even balance." Amersham Intern. v. Corning Glass Works, 108 F.R.D. 71, 71 -72 (D. Mass. 1985). A party advocating a stay must meet a "heavy burden . . . demonstrat[ing] a clear case of hardship if there is a danger that the stay will damage the other party.'" Id. (citing Landis v. North American Corp., 299 U.S. 248, 254-255 (1936)).

A.  **A Stay Will Impose a Substantial Hardship on Freedom**

Rather than balance the competing interests at stake, BCGI's motion asserts that a stay serves the interests of all parties. However, a stay will substantially harm Freedom, which has brought this action in part to redress past infringement and collect the damages it is due.

Additionally, any delay in halting the royalty-free operations of infringers will also harm Freedom's existing licensees, and its negotiation of additional licenses. Freedom has licensed its patents to two companies, both of which pay Freedom a fee for the right to offer a prepaid wireless service to wireless carriers on a nationwide basis.[1] If a stay were granted, it would further impair Freedom's ability to license its patents going forward. Though Freedom has taken on these two licensees, others will be deterred from negotiating a license knowing that competitors are allowed to use Freedom's technology for free. Still others will be encouraged to infringe Freedom's patents knowing that any litigation will be stalled while the Federal Circuit considers the appeal of Freedom I.

Even putting that aside, BCGI fails to acknowledge that Freedom has the right to enforce their patents in concurrent suits. In such circumstances, "[t]he pendency of a suit for the infringement of a patent is not ground for staying a second suit . . . Plaintiff, under the law, has the right to assert the validity of his letters patent against all who participate in claimed acts of infringement thereof." Arkay Infants Wear v. Kline's, Inc., 98 F. Supp. 862, 863 (W.D. Mo. 1950). As one district court recently explained:

> [T]he essence of patent protection is that a party legally deemed to have infringed one or more patents shall be liable to the patent holder for damages. Valid patents would be rendered meaningless if an infringing party were allowed to circumvent the patents' enforcement by incessantly

---

[1] Declaration of Larry Day In Support of Plaintiff Freedom Wireless, Inc.'s Motion for Injunctive Relief, at ¶¶ 3-4, attached as Exhibit A to the affidavit of Marshall M. Searcy III, filed concurrently herewith ("Searcy Aff.").

delaying and prolonging court proceedings which have already resulted in a finding of infringement.

NTP, Inc. v. Research In Motion, Ltd., 2005 WL 3191630, at * 3 (E.D. Va. Nov. 30, 2005) (denying defendant's motion to stay to allow a PTO reexamination).

Here, BCGI has reaped the benefits of its infringement for the nearly eight years since Freedom's first patent issued. Freedom, a small company of four employees, has already spent nearly 6 years in litigation in Freedom I, and should be permitted to proceed without unnecessary delay in this action.

### B. BCGI Has Failed to Make a Showing of Hardship Absent a Stay

By contrast, BCGI has made no showing of any hardship it will face in going forward with this action, other than the expense of litigating this action--a burden *both* sides will have to bear.

BCGI states that Freedom has filed a notice of appeal "on a host of issues," and defendants have cross-appealed. (Memo. at 3). Actually, Freedom's appeal (which has been designated a cross-appeal by the Federal Circuit) concerns only two issues, the Court's grant of summary judgment to Canadian defendant, Rogers Wireless, and its ruling that the carrier defendants in Freedom I were not willful infringers. The resolution of these issues is unlikely to bear directly upon the present action.[2]

---

[2] Some of BCGI's co-defendants argue that they will move to dismiss for lack of personal jurisdiction, stating that they will submit declarations that "will demonstrate that (footnote continued)

Indeed, not even BCGI's kitchen sink approach to the appeal of Freedom I will have a likely impact on this action. As it has done countless times before, BCGI predicts that the Federal Circuit will not accept a theory of joint infringement, and will review determinations of validity and enforceability. But the Court and a unanimous jury have heard and rejected these defenses already. BCGI's arguments do not gain force with repetition. See Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd., 932 F. Supp. 1147, 1149 (S.D. Ind. 1996) ("mere recitation of arguments previously made and rejected. . . is not nearly enough to persuade us that Hawk is likely to succeed on appeal. To the contrary, the fact that we have already considered and stood by our decision several times leads us to conclude that the appeal is quite unlikely to succeed on appeal."). Similarly unavailing is BCGI's argument that a stay is necessary while the Federal Circuit reviews this Court's claim construction. See Eaton Corp. v. Parker-Hannifin Corp., 292 F. Supp. 2d 555, 582 (D. Del. 2003) ("The court does not believe that the possibility of appellate de novo review of its claim construction constitutes an extraordinary circumstance to merit a stay.").

Finally, BCGI argues that, absent a stay, the parties may have to repeat or revise the discovery they will conduct. (Memo at 7). BCGI fails to explain how the appeal of Freedom I will affect the scope of discovery in this action. If anything, the greatest

---

each Regional Carrier Defendant lacks sufficient contacts with and does not purposefully avail itself of this forum." (Notice of Joinder at 2). However, the Regional Carriers--all of whom operate in the United States--do not (and cannot) argue that the Federal Circuit will consider a similar question of jurisdiction on appeal of Freedom I as to whether Canadian defendant Rogers Wireless can be liable under United States patent law.

discovery burden falls on Freedom, which must take discovery from each of BCGI's 22 co-defendants. Freedom should not be required to delay this process.

In any event, BCGI has taken a seemingly contradictory position before the Federal Circuit. In seeking a stay or clarification of the injunction entered in Freedom I, BCGI has argued that "[t]here is no evidence in the record that any alleged conduct of BCGI and the non-defendant carriers constitutes joint infringement . . . separate lawsuits (which are now underway) are required to determine whether the joint conduct of other carriers and BCGI infringes."[3]

If the issues of infringement are so different in this action, then the Federal Circuit's decision will not significantly affect the scope of discovery. Either way, the Federal Circuit's decision will not have a sufficient impact on discovery to warrant a stay. As one district court has explained:

> To the extent that the two models share common features that are material to Stryker's infringement claims in Davol I, there would be no need for duplicative discovery because the discovery conducted in Davol I could be utilized in Davol II. . . . On the other hand, to the extent that the two models raise different infringement issues, resolution of the issues in Davol I will not resolve the issues in this case.

Davol, Inc. v. Stryker Corporation, 2004 WL 223981 at *2 (D.R.I. Jan. 30, 2004).

---

[3] Emergency Motion of Boston Communications Group, Inc. to Construe or Stay the District Court's Injunction, at 13 (Searcy Aff. Exh. B).

### C. Granting a Stay Will Not Preserve Judicial Time and Resources

Further, a stay will not conserve judicial time or resources, or provide any other appreciable benefit to the Court. Because BCGI is unlikely to prevail on appeal, the issues in this action will not be narrowed or mooted. See Versa Corp. v. Ag-Bag Intern. Ltd., 2001 WL 34046241, at *4 (D.Or. Sept. 14, 2001) ("given that defendant's chances of prevailing on appeal are relatively small, it is inappropriate to stay this case.").

Notably, BCGI refuses to concede that any part of Freedom I--whether this Court's rulings or the Federal Circuit's decision--will be binding on all of the parties to this action, or even BCGI itself. BCGI's co-defendants in this case will surely argue that they are entitled to re-litigate all issues in this case. Tellingly, not all of BCGI's carrier defendant have even joined BCGI's motion to stay.

As for the carrier defendants who have joined BCGI's motion, their arguments actually support denial of a stay. According to these so-called "Regional Carriers," they are small companies, for whom this litigation will be "particularly costly and onerous" because they intend to move to dismiss for lack of personal jurisdiction. (Notice of Joinder, at 2). Though these defendants argue that a stay will spare the Court "the burden of adjudicating these issues presently," (Notice of Joinder, at 3), the interests of judicial economy weigh in favor of deciding the threshold question of jurisdiction now.

## Conclusion

For the foregoing reasons, BCGI's motion to stay this action should be denied in its entirety.

Dated: December 14, 2005							Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys


/s/ Douglas C. Doskocil
_____
Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100
(pro hac vice)

Attorneys for plaintiff Freedom Wireless, Inc.