## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

                       Plaintiff,

     v.

BOSTON COMMUNICATIONS GROUP, INC., *et al.*,

                   Defendants.

Civil Action No. 05-11062-EFH

---

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS REGIONAL CARRIERS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Dean G. Bostock, Esq.
Patrick J. Sharkey, Esq.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

KEKER & VAN NEST, LLP
Michael H. Page
Leo L. Lam
Matthias A. Kamber
Andrew N. Shen
710 Sansome Street
San Francisco, CA 94111-1704

Telephone: (415) 391-5400

*Attorneys for Regional Carriers*

December 19, 2005

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................1

    A.    **The Regional Carriers Do Not Conduct Business In Massachusetts** ...............2

    B.    **The Regional Carriers' Accused Systems Lie Outside
Massachusetts** ................................................................................................3

ARGUMENT ..............................................................................................................5

    A.    **The Regional Carriers Are Not Subject to the Specific Jurisdiction
of This Court** ..................................................................................................5

    1.    **The Regional Carriers have not purposefully directed activities at
Massachusetts** ................................................................................................5

    2.    **Freedom's claims for patent infringement do not arise out of the
Regional Carriers' contacts with Massachusetts** ..............................................7

    3.    **Exercising jurisdiction over the Regional Carriers would be
unreasonable and inconsistent with notions of "fair play and
substantial justice"** ........................................................................................8

    B.    **The Regional Carriers Are Not Subject to the General Jurisdiction
of This Court** ..................................................................................................9

CONCLUSION............................................................................................................11

362788.01

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*3D System, Inc. v. Aarotech Laboratoriess, Inc.,*
160 F.3d 1373 (Fed. Cir. 1998) ............................................................................5

*Akro Corp. v. Luker,*
45 F.3d 1541 (Fed. Cir. 1995) ........................................................................5, 7, 8

*Boit v. Gar-Tec Products, Inc.,*
967 F.2d 671 (1st Cir. 1992) .................................................................................3

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 ...........................................................................................................8

*Callahan v. Harvest Board International, Inc.,*
138 F. Supp. 2d 147 (D. Mass. 2001)....................................................................9

*Ealing Corp. v. Harrods, Ltd.,*
790 F.2d 978 (1st Cir. 1986) .................................................................................4

*Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc.,*
198 F. Supp. 2d 11 (D. Mass. 2002).......................................................................3

*Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc.,*
218 F. Supp. 2d 19 (D. Mass. 2002)..............................................................1, 2, 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
466 U.S. 408 (1984) ....................................................................................4, 5, 9, 10

*International Shoe Co. v. Washington,*
326 U.S. 310 (1945) .........................................................................................4, 10

*LSI Industrial, Inc. v. Hubbell Lighting, Inc.,*
232 F.3d 1369 (Fed. Cir. 2000) ........................................................................4, 9

*Perkins v. Benguet Consolidated Mining Co.,*
342 U.S. 437 (1952) ..........................................................................................5, 9

*Pritzker v. Yari,*
42 F.3d 53 (1st Cir. 1994) .................................................................................5, 8

362788.01

## TABLE OF AUTHORITIES

**Page**

*Rotec Industrial v. Mitsubishi Corp.,*
215 F.3d 1246 (Fed. Cir. 2000) ...................................................................................................7

*Stairmaster Sports/Medical Products, Inc. v. Pacific Fitness Corp.,*
Nos. 95-1232, 95-1255,1996 U.S. App. LEXIS 1840 (Fed. Cir. Jan. 31,1999) ..........................10

*United Electric Radio & Machine Workers,*
960 F.2d at 1088 ........................................................................................................5, 10

*Viam Corp. v. Iowa Export-Import Trading Co.*
84 F.3d 424, 429 (Fed. Cir. 1996) ..................................................................................................8

*World-Wide Volkswagen Corp. v. Woodson,*
444 U.S. 286 (1980) ......................................................................................................................4

### DOCKETED CASES

*Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc. et al.,*
Civil Action No. 00-12234-EFH ....................................................................................................1

LIT 1554254v.1

In support of their motion to dismiss Plaintiff Freedom Wireless Inc.'s ("Freedom's") claims for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Bluegrass Cellular, Inc., Cellular Properties, Inc. (d/b/a Cellular One of East Central Illinois), Centennial Cellular Operating Co., LLC, Cincinnati Bell Wireless LLC, Dobson Cellular Systems, Inc., East Kentucky Network, LLC (d/b/a Appalachian Wireless), Farmers Cellular Telephone, Inc. (d/b/a Farmers Wireless), Great Lakes of Iowa, Inc., Marseilles Cellular, Inc. (d/b/a Illinois Valley Cellular), MTA Communications (d/b/a MTA Wireless), Mid-Missouri Cellular LLP, Southern Illinois RSA Partnership (d/b/a First Cellular of Southern Illinois), South #5 RSA Limited Partnership (d/b/a Brazos Cellular Communications, Ltd.), Thumb Cellular, Uintah Basin Electronic Telecommunications (d/b/a UBET Wireless) (collectively, "the Regional Carriers") respectfully submit this memorandum of law, together with the respective Declarations of Ron Smith, Ed King, Tony Wolk, Michael Vanderwoude, Ronald Ripley, Gerald Robinette, Gary Kirk, Michael Mitchell, Tom Walsh, Carolyn Hanson, Kevin Dawson, Tania Seger, Richard Adams, Edwin Eichler, and Bert Potts.

## PRELIMINARY STATEMENT

Freedom previously brought suit against Boston Communications Group, Inc. ("BCGI") and other defendants in this Court for patent infringement, trial of which occurred in March-May 2005. *Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc. et al.*, Civil Action No. 00-12234-EFH. In this follow-on action, Freedom asserts patent infringement claims not only against BCGI, but also against the Regional Carriers who were not parties to the previous action. The Regional Carriers, however, are out-of-state entities and, other than their contracts with BCGI for billing services, they have no related contacts with Massachusetts. Indeed, the Regional Carriers provide their respective regional prepaid cellular services entirely to out-of-state customers.

This Court lacks jurisdiction over the Regional Carriers, out-of-state corporations that provide telecommunications services only to out-of-state residents. The Regional Carriers have no equipment, assets, employees, distributors, or offices in Massachusetts, and have not

1

committed any alleged infringing acts within the Commonwealth. Moreover, they neither market prepaid cellular phone service to consumers in Massachusetts, nor operate any cellular networks in Massachusetts. In sum, the Regional Carriers do not make, use, or sell their supposed portion of the allegedly infringing technology within Massachusetts.

Because the Regional Carriers do not have contacts with Massachusetts related to the allegations in Freedom's Complaint, they do not have the constitutionally sufficient "minimum contacts" to subject them to suit in this District. Thus, the Regional Carriers should be dismissed from this case for lack of personal jurisdiction.

This Court already dismissed a previous defendant for lack of personal jurisdiction in Freedom's first action. There, the Court denied Freedom's motion to add a claim against Rogers Wireless, Inc. ("Rogers") because Rogers' alleged actions did not meet the "minimum contacts" requirement for personal jurisdiction. *See Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc.*, 218 F. Supp. 2d 19 (D. Mass. 2002) ("*Freedom I*"). The jurisdictional facts surrounding Rogers' activities are almost identical to those of the Regional Carriers. The Court should likewise dismiss Freedom's claims against the Regional Carriers here.

## STATEMENT OF RELEVANT FACTS

### A.    The Regional Carriers Do Not Conduct Business In Massachusetts

Contrary to Freedom's Complaint, none of the Regional Carriers are "doing business in the State of Massachusetts and this judicial district." (Second Amended Complaint For Patent Infringement ¶¶ 6-7, 10-18, 20-22, 24-26 ("Compl.").) The Regional Carriers are not registered to do business in Massachusetts. They have no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts. They do not own, lease, or rent property in Massachusetts. They do not pay Massachusetts taxes on the income generated by their prepaid cellular services. Similarly, they do not direct any advertising or marketing at Massachusetts residents. The Regional Carriers market and distribute prepaid wireless telephone services exclusively to out-of-state residents. As with the Rogers defendant in *Freedom I*, the Regional

2

Carriers' contacts with Massachusetts stem only from their contracting with BCGI to provide billing services to the Regional Carriers, allowing them to provide prepaid wireless services to customers outside Massachusetts. Other than the services provided by BCGI, they have no related contacts with Massachusetts.[1]

### B.    The Regional Carriers' Accused Systems Lie Outside Massachusetts

This Court has already considered the factual background behind BCGI's system for providing prepaid wireless billing services. *See Freedom I*, 218 F. Supp. 2d 19; *see also Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc.*, 198 F. Supp. 2d 11 (D. Mass. 2002). BCGI's C2C platform re-routes calls designated as prepaid from the outside carrier to BCGI's C2C network. *See Freedom I*, 218 F. Supp. 2d at 22. BCGI's C2C network "consists of multiple receiving stations, called nodes, linked to a central computer database that analyzes the calls to determine whether the caller has sufficient funds to complete the call and the maximum duration of the call." *Id.* These nodes are typically located at or near the prepaid wireless providers, not in Massachusetts, and are owned and operated by BCGI. *See id.* at 23. These nodes send the necessary billing information to BCGI's central database in Woburn, Massachusetts. *Id.* That database then determines the caller's prepaid account balance, determines the cost of the requested call, and sends this information back to the carrier via the node. *Id.* Once the carrier receives this information, the call is completed. *Id.*

### LEGAL BACKGROUND

Freedom bears the burden of establishing that the Court's exercise of personal jurisdiction over the Regional Carriers is proper. *See Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671,

---

[1] *See* Decls. of Ron Smith (Ex. A), Ed King (Ex. B), Tony Wolk (Ex. C), Michael Vanderwoude (Ex. D), Ronald Ripley (Ex. E), Gerald Robinette (Ex. F), Gary Kirk (Ex. G), Michael Mitchell (Ex. H), Tom Walsh (Ex. I), Carolyn Hanson (Ex. J), Kevin Dawson (Ex. K), Tania Seger (Ex. L), Richard Adams (Ex. M), Edwin Eichler (Ex. N), and Bert Potts (Ex. O). Note that Bluegrass Cellular, Inc., Centennial Cellular Operating Co., LLC, and Uintah Basin Electronic Telecommunications each have one or more contracts with Massachusetts-based entities, but these contracts do not relate to the alleged infringing activity. Decls. of Ron Smith (Ex. A), Tony Wolk (Ex. C), and Bert Potts (Ex. O) ¶ 9.

674-75 (1st Cir. 1992); *Ealing Corp. v. Harrods, Ltd.*, 790 F.2d 978, 979 (1st Cir. 1986). A court may exercise personal jurisdiction over a defendant if (1) the state long-arm statute authorizes the exercise of jurisdiction, and (2) if the exercise of jurisdiction complies with the constitutional guarantee of "due process." *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000).[2]  "[B]ecause the Massachusetts Supreme Judicial Court has interpreted the state's long-arm statute as coextensive with the limits of due process, it is possible to 'sidestep the statutory inquiry and proceed directly to the constitutional analysis.'" *Freedom I*, 218 F. Supp. 2d at 23 (quoting *Daynard v. Ness*, 290 F.3d 42, 52 (1st Cir. 2002)).

"The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The Supreme Court has held that a state may constitutionally exercise jurisdiction over a nonresident if there exist "minimum contacts" between the nonresident defendant and the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Freedom I*, 218 F. Supp. 2d at 23. Further, the minimum contacts test focuses on whether "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980); *Freedom I*, 218 F. Supp. 2d at 23. To that end, the defendant "must have purposefully directed actions towards the forum state sufficient to satisfy a finding of minimum contacts." *Id.*

"Minimum contacts" can be further subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-14 (1984). "Specific" jurisdiction is based on minimum contacts with a state where the asserted causes of action "arise out of" or are "related to" those contacts. *See id.* at 411 n.8; *see also LSI Indus.*, 232 F.3d at 1375. "General"

---

[2]  Apart from the Supreme Court, Federal Circuit law controls whether the exercise of personal jurisdiction satisfies federal due process requirements in patent cases. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

jurisdiction exists when a party has "continuous and systematic" business contacts in a state such that the plaintiff's claims for relief do not have to arise out of the defendant's contacts with the forum. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *see also Helicopteros*, 466 U.S. at 414 n.9.

## ARGUMENT

This Court lacks personal jurisdiction over the Regional Carriers. There is neither specific nor general jurisdiction over the Regional Carriers, and haling them into this Court would violate the constitutional guarantee of "due process."

### A.  The Regional Carriers Are Not Subject to the Specific Jurisdiction of This Court

As discussed, a court may exercise specific jurisdiction when the cause of action "arises directly out of, or relates to, the defendant's forum-based contacts." *See, e.g., Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994) (quoting *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088-89 (1st Cir. 1992)). To make that determination in patent cases, the Federal Circuit applies a three-part test: (1) "whether [defendant] 'purposefully directed his activities at residents of' [the forum state]"; (2) "if so, whether 'the litigation results from alleged injuries that arise out of or relate to those activities'"; and (3) whether assertion of jurisdiction over the defendant "fails to comport with notions of fair play and substantial justice." *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998); *Freedom I*, 218 F. Supp. 2d at 24. Because Freedom cannot satisfy any of these three prongs, the Court lacks specific jurisdiction over the Regional Carriers.

### 1.  The Regional Carriers have not purposefully directed activities at Massachusetts

As in *Freedom I*, the Court should dismiss the Regional Carriers because they have not purposefully directed any activities at Massachusetts. *See* 218 F. Supp. 2d at 24. As discussed above, the Regional Carriers are all out-of-state corporations that conduct business exclusively outside of Massachusetts. They are not registered to do business in Massachusetts. They have

no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts. They do not own, lease, or rent property in Massachusetts. They do not pay Massachusetts taxes on the income generated by their prepaid cellular services. They do not direct any advertising or marketing at Massachusetts residents. Finally, the Regional Carriers market and distribute prepaid wireless telephone services exclusively to out-of-state residents.[3]

Based on these facts, this Court dismissed Rogers Wireless in *Freedom I*. *See* 218 F. Supp. 2d at 24. Specifically, the Court considered Rogers Wireless' lack of business conduct in Massachusetts, lack of equipment, assets, employees, distributors, or offices in Massachusetts, and lack advertising or marketing directed at Massachusetts in dismissing the Canadian wireless service provider for lack of personal jurisdiction. *Id.* For the same reasons, the Court should dismiss the Regional Carriers for lack of personal jurisdiction.

Furthermore, the Regional Carriers' only contacts with Massachusetts are their contracts with BCGI for prepaid wireless services. This Court has already concluded that such contacts do not amount to purposeful availment. *Freedom I*, 218 F. Supp. 2d at 24-25. Based on its analysis of how BCGI's service bureau operated, the Court concluded that Rogers' billing arrangement with BCGI could not be construed as the purposeful direction of activities towards Massachusetts. *See id.* ("Nothing about Rogers' arrangement with BCGI can be construed as the purposeful direction of activities at the residents of Massachusetts.") As this Court noted, "the mere act of purchasing from an in-state seller is usually an insufficient basis for the assertion of personal jurisdiction." *Id.* at 24 (citing *Health Commc'ns, Inc. v. Mariner Corp.*, 860 F.2d 460, 464-65 (D.C. Cir. 1988)). The Court should similarly apply its holdings from *Freedom I* to conclude that the Regional Carriers' contracts with BCGI do not create sufficient contacts with Massachusetts to warrant the exercise of personal jurisdiction over them.[4]

---

[3] *See supra* note 1.

[4] As discussed, *supra* note 1, Bluegrass Cellular, Inc., Centennial Cellular Operating Co., LLC, and Uintah Basin Electronic Telecommunications have one or more contracts with businesses based in Massachusetts. But these contracts do not relate to the alleged infringing activity and, in any event, the Court held in *Freedom I* that simply contracting with a Massachusetts-based

In sum, this Court previously held that electronic queries to BCGI's service bureau do not constitute commercial activities purposefully directed at Massachusetts. *Id.* at 24-25. Accordingly, the Court should dismiss the claims against the Regional Carriers for lack of personal jurisdiction.

### 2. Freedom's claims for patent infringement do not arise out of the Regional Carriers' contacts with Massachusetts

The Court should similarly dismiss the Regional Carriers for lack of personal jurisdiction because Freedom's claims for patent infringement do not arise out of the Regional Carriers' contacts with Massachusetts. As the Regional Carriers have not purposefully directed any activities towards Massachusetts, Freedom's infringement allegations could not arise out of those contacts. *See Freedom I,* 218 F. Supp. 2d at 25 ("Having found that Rogers did not direct any activities at the residents of the forum state, it logically follows that the claim could not have arisen out of activities that were directed at the residents of the forum state." (citing *Akro,* 45 F.3d at 1547; *Hollyanne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1307 (Fed. Cir. 1999)).

In any event, because the Regional Carriers' alleged activities have not occurred in Massachusetts, Freedom's patent infringement claims could not, as a matter of law, have arisen out of their contacts with Massachusetts. First, they did not "sell" the allegedly infringing system in Massachusetts. Indeed, they are not licensed to provide their prepaid wireless services in Massachusetts. Second, the Regional Carriers did not "make" the infringing system in Massachusetts, since all of their equipment resides out of state. *See Rotec Indus. v. Mitsubishi Corp.,* 215 F.3d 1246, 1251 n.2 (Fed. Cir. 2000) ("one may not be held liable under § 271(a) for 'making' or 'selling' less than a complete invention"). Third, although BCGI operates a component of its service bureau—*i.e.,* the processing component—in Massachusetts, like Rogers the Regional Carriers do not "use" this processing or any other component of the service bureau in Massachusetts. The operation, maintenance, and location of the processing component are the

---

entity for services could not support the exercise of personal jurisdiction. *See* Decls. of Ron Smith (Ex. A), Tony Wolk (Ex. C), and Bert Potts (Ex. O) ¶ 9; *see also* 218 F. Supp. 2d at 24-25.

sole responsibility of BCGI.

> **3.   Exercising jurisdiction over the Regional Carriers would be unreasonable and inconsistent with notions of "fair play and substantial justice"**

The Court should also dismiss Freedom's claims against the Regional Carriers because the exercise of jurisdiction in this case would be unreasonable and unfair. Even where the first two prongs of the *Akro* test are satisfied, courts will not exercise jurisdiction if doing so would not meet the reasonableness test. *See Akro Corp.*, 45 F.3d at 1545-46; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *3D Sys.*, 160 F.3d at 1379.   "The test for unreasonableness under Federal Circuit law is a 'multi-factored balancing test that weighs any burdens on the defendant against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving controversies flowing from in-state events.'" *Freedom I*, 218 F. Supp. 2d at 25 (quoting *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996)).   More specifically, the Federal Circuit considers five factors in deciding whether jurisdiction would be reasonable: "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interests of the states in furthering their social policies." *Viam Corp.*, 84 F.3d at 429; *see also Burger King Corp.*, 471 U.S. at 476-77; *Pritzker*, 42 F.3d at 63-64.   The application of these factors to the present case demonstrates that the assertion of jurisdiction over the Regional Carriers would be unreasonable.

*First*, as discussed, the Regional Carriers are out-of-state companies without any locations in Massachusetts.[5]   Because all of their relevant witnesses and sources of proof are therefore located outside of Massachusetts, forcing them to defend themselves in this forum would be burdensome and oppressive.

*Second*, Massachusetts has no interest in Freedom's attempt to enforce its patent in

---

[5]   *See supra* note 1.

8

Massachusetts. Freedom is a Nevada corporation with its principal place of business in Phoenix, Arizona. (Compl. ¶ 3.) Freedom has no known business operations in Massachusetts. As this Court has already noted, "'[b]ecause the plaintiff is not a [Massachusetts] resident, [Massachusetts'] legitimate interests in the dispute have considerably diminished.'" *Freedom I*, 218 F. Supp. 2d at 25 (quoting *Asahi Metal Indus. Co. v. California*, 480 U.S. 102, 114-15 (1987)).

*Third*, Freedom's interest in obtaining relief does not require the exercise of personal jurisdiction over the Regional Carriers. Freedom could sue each Regional Carrier in the respective district(s) in which they are properly subject to personal jurisdiction.

*Fourth*, the judicial system's interest in obtaining efficient resolution of controversies is not served by exercising jurisdiction over the Regional Carriers. Federal statutes provide for other procedures by which to efficiently manage multi-district litigation. As such, the Court should not, based on this factor, abrogate constitutional due process limitations to exercise personal jurisdiction over the Regional Carriers.

*Fifth*, the interest of Massachusetts in furthering its social policies does not warrant exercising personal jurisdiction here. This case involves questions of federal patent law, not state social policy. Thus, there is no reason to believe that Massachusetts is a more appropriate forum than any other state.

As the above analysis demonstrates, any exercise of specific jurisdiction over the Regional Carriers would be unreasonable. Consequently, the Court should decline to exercise personal jurisdiction over them, as it declined to exercise jurisdiction over Rogers Wireless.

**B.      The Regional Carriers Are Not Subject to the General Jurisdiction of This Court**

Since the Regional Carriers do not have "minimum contacts" with Massachusetts, they cannot be subject to the general jurisdiction of the Court. "The standard for evaluating whether contacts satisfy the constitutional general jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions." *Callahan v. Harvest Bd. Int'l, Inc.*, 138 F. Supp. 2d

147, 158 (D. Mass. 2001). "General" jurisdiction exists when a party has "continuous and systematic" business contacts in a state. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *see also Helicopteros*, 466 U.S. at 414 n.9.

Neither the Supreme Court nor the Federal Circuit has outlined a specific test to determine whether a defendant's activities within a forum are "continuous and systematic." *See LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). Rather, a court must look at the facts of each case to make that determination. *Id.*

As discussed above, the Regional Carriers are all out-of-state corporations that conduct business exclusively outside of Massachusetts. They are not registered to do business in Massachusetts. They have no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts. They do not own, lease, or rent property in Massachusetts. They do not pay Massachusetts taxes on the income generated by their prepaid cellular services. Similarly, they do not direct any advertising or marketing at Massachusetts residents. The Regional Carriers market and distribute prepaid wireless telephone services exclusively to out-of-state residents.[6]

Thus, the Regional Carriers have not engaged in the type of "continuous and systematic" activity in the forum necessary for the exercise of personal jurisdiction based on contacts unrelated to the cause of action. *Helicopteros*, 466 U.S. at 414-16; *United Elec. Radio & Mach. Workers*, 960 F.2d at 1088. General jurisdiction must be based on contacts "so substantial and of such a nature as to justify suit against [defendant] on causes of action arising from dealings entirely [different] from those activities." *Int'l Shoe*, 326 U.S. at 318. Thus, where the defendants did not have offices in the forum, were not registered to do business and did not own property in the forum, the Federal Circuit affirmed a district court's refusal to exercise personal jurisdiction. *Stairmaster Sports/Med. Prods., Inc. v. Pacific Fitness Corp.*, Nos. 95-1232,95-1255,1996 U.S. App. LEXIS 1840 at *2-*3 (Fed. Cir. Jan. 31,1999) (affirming without opinion).

---

[6] *See supra* note 1.

Because the Regional Carriers lack any of the traditional indicia of a business presence in Massachusetts, much less the indicia needed to meet the stringent standard for general jurisdiction, this Court should not exercise general personal jurisdiction over them.

## CONCLUSION

For the foregoing reasons, the Regional Carriers respectfully request that the Court dismiss them from this lawsuit for lack of personal jurisdiction.

Dated: December 19, 2005                          Respectfully submitted,


                                        By: ___ /s/ Dean Bostock ___ _____
                                            Dean G. Bostock, Esq. (BBO#549747)
                                            Patrick J. Sharkey, Esq. (BBO#454820)
                                            Mintz, Levin, Cohn, Ferris, Glovsky and
                                            Popeo, P.C.
                                            One Financial Center
                                            Boston, Massachusetts 02111

                                            Telephone: (617) 542-6000
                                            Facsimile: (617) 542-2241
                                            dbostock@mintz.com
                                            psharkey@mintz.com

11

Michael H. Page
Leo L. Lam
Matthias A. Kamber
Andrew N. Shen
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA  94111-1704

Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
mpage@kvn.com
llam@kvn.com
mkamber@kvn.com
ashen@kvn.com

Attorneys for Regional Carrier
Defendants

# EXHIBIT A

1   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
    DEAN G. BOSTOCK
2   dgbostock@mintz.com
    PATRICK J. SHARKEY
3   psharkey@mintz.com
    One Financial Center
4   Boston, MA 02111
    Telephone: (617) 542-6000
5   Facsimile: (617) 542-2241

6   KEKER & VAN NEST, LLP
    MICHAEL H. PAGE - #154913
7   mpage@kvn.com (*admitted pro hac vice*)
    LEO L. LAM - #181861
8   llam@kvn.com (*admitted pro hac vice*)
    MATTHIAS A. KAMBER - #232147
9   mkamber@kvn.com (*admitted pro hac vice*)
    ANDREW N. SHEN - #232499
10  ashen@kvn.com (*admitted pro hac vice*)
    710 Sansome Street
11  San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
12  Facsimile:  (415) 397-7188

13  Attorneys for Defendant
    BLUEGRASS CELLULAR, INC.
14

15              UNITED STATES DISTRICT COURT

16          FOR THE DISTRICT OF MASSACHUSETTS

17

18  FREEDOM WIRELESS, INC.,          | Civil Action No. 05-11062-EFH

19                      Plaintiff,   | Original Complaint Filed 05/20/2005

20      v.                           | **DECLARATION OF RON SMITH IN
                                     | SUPPORT OF DEFENDANTS' MOTION
21  BOSTON COMMUNICATIONS GROUP,     | TO DISMISS FOR LACK OF PERSONAL
    INC., et al.,                    | JURISDICTION**
22
                        Defendants.  | Date:
23                                   | Time:
                                     | Dept:
24                                   | Judge:

25

26

27

28
                                    1
    DECL. OF RON SMITH ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                      CIVIL ACTION NO. 05-11062-EFH

I, Ron Smith, declare as follows:

1.    I am the General Manager at Bluegrass Cellular, Inc. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.    Bluegrass Cellular, Inc. contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.    Bluegrass Cellular, Inc. is a corporation organized under the State of Kentucky and headquartered in Elizabethtown, KY.

4.    Bluegrass Cellular, Inc. is not registered to do business in Massachusetts.

5.    Bluegrass Cellular, Inc. has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.    Bluegrass Cellular, Inc. does not own, lease, or rent property in Massachusetts.

7.    Bluegrass Cellular, Inc. does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.    Bluegrass Cellular, Inc. does not direct any advertising or marketing at Massachusetts residents. Instead, Bluegrass Cellular, Inc. markets and distributes pre-paid wireless telephone services exclusively to residents of Kentucky.

9.    In addition to the services provided by BCGI, Bluegrass Cellular, Inc. has only one other contact with Massachusetts. Bluegrass Cellular, Inc. contracts with another Massachusetts company, Lightbridge, for the purpose of conducting credit checks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 17, 2005, in Elizabethtown, KY.

RON SMITH
GENERAL MANAGER
BLUEGRASS CELLULAR, INC.

DECL. OF RON SMITH ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

# EXHIBIT B

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
12 Facsimile:  (415) 397-7188

13 Attorneys for Defendant
   CELLULAR PROPERTIES, INC., d/b/a
14 CELLULAR ONE OF EAST CENTRAL
   ILLINOIS
15

16                 UNITED STATES DISTRICT COURT

17              FOR THE DISTRICT OF MASSACHUSETTS

18

19 FREEDOM WIRELESS, INC.,              | Civil Action No. 05-11062-EFH

20                        Plaintiff,    | Original Complaint Filed 05/20/2005

21       v.                            | **DECLARATION OF ED KING IN**
                                        | **SUPPORT OF DEFENDANTS' MOTION**
22 BOSTON COMMUNICATIONS GROUP,         | **TO DISMISS FOR LACK OF PERSONAL**
   INC., et al.,                        | **JURISDICTION**
23
                          Defendants.   | Date:
24                                       | Time:
                                        | Dept:
25                                       | Judge:

26

27

28
                                        1
   ─────────────────────────────────────────────────────────────────
   DECL. OF ED KING ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                      CIVIL ACTION NO. 05-11062-EFH

1      I, Ed King, declare as follows:

2      1.    I am the General Manger and Chief Financial Officer ("CFO") at Cellular

3  Properties, Inc. d/b/a Cellular One of East Central Illinois ("Cellular One"). I have personal

4  knowledge of the facts set forth below and, if called as a witness about those facts, could testify

5  competently thereto.

6      2.    Cellular One contracts with Boston Communications Group, Inc., ("BCGI") to

7  provide pre-paid wireless billing services.

8      3.    Cellular One is a corporation organized under the State of Delaware and

9  headquartered in Danville, IL.

10     4.    Cellular One is not registered to do business in Massachusetts.

11     5.    Cellular One has no telecommunications equipment, assets, employees,

12  distributors, or offices in Massachusetts.

13     6.    Cellular One does not own, lease, or rent property in Massachusetts.

14     7.    Cellular One does not pay Massachusetts taxes on the income generated by its

15  pre-paid cellular services.

16     8.    Cellular One does not direct any advertising or marketing at Massachusetts

17  residents. Instead, Cellular One markets and distributes pre-paid wireless telephone services

18  exclusively to residents of Illinois.

19     9.    Other than the services provided by BCGI, Cellular One has no direct contacts

20  with Massachusetts.

21      I declare under penalty of perjury under the laws of the United States of America that the

22  foregoing is true and correct and that this declaration was executed on November 21, 2005, in

23  Nashville, TN.

24

25

26                 ED KING
                      GENERAL MANAGER AND CFO

27                 CELLULAR ONE OF EAST CENTRAL
                      ILLINOIS

28

# EXHIBIT C

1   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
    DEAN G. BOSTOCK
2   dgbostock@mintz.com
    PATRICK J. SHARKEY
3   psharkey@mintz.com
    One Financial Center
4   Boston, MA 02111
    Telephone: (617) 542-6000
5   Facsimile: (617) 542-2241

6   KEKER & VAN NEST, LLP
    MICHAEL H. PAGE - #154913
7   mpage@kvn.com (*admitted pro hac vice*)
    LEO L. LAM - #181861
8   llam@kvn.com (*admitted pro hac vice*)
    MATTHIAS A. KAMBER - #232147
9   mkamber@kvn.com (*admitted pro hac vice*)
    ANDREW N. SHEN - #232499
10  ashen@kvn.com (*admitted pro hac vice*)
    710 Sansome Street
11  San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
12  Facsimile:  (415) 397-7188

13  Attorneys for Defendant
    CENTENNIAL CELLULAR
14  OPERATING CO. LLC

15
                    UNITED STATES DISTRICT COURT
16
                 FOR THE DISTRICT OF MASSACHUSETTS
17

18
    FREEDOM WIRELESS, INC.,              Civil Action No. 05-11062-EFH
19
                        Plaintiff,       Original Complaint Filed 05/20/2005
20
         v.                              **DECLARATION OF TONY WOLK IN**
21                                       **SUPPORT OF DEFENDANTS' MOTION**
    BOSTON COMMUNICATIONS GROUP,         **TO DISMISS FOR LACK OF PERSONAL**
22  INC., et al.,                        **JURISDICTION**

23                      Defendants.      Date:
                                         Time:
24                                       Dept:
                                         Judge:
25

26

27

28
                                         1
    DECL. OF TONY WOLK ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                         CIVIL ACTION NO. 05-11062-EFH

I, Tony Wolk, declare as follows:

1.     I am the Senior Vice President and General Counsel at Centennial Communications Corp. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.     Centennial Cellular Operating Co. LLC ("Centennial Cellular"), a subsidiary of Centennial Communications Corp., contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.     Centennial Cellular is a limited liability corporation organized under the State of Delaware and headquartered in Wall, NJ.

4.     Centennial Cellular is not registered to do business in Massachusetts.

5.     Centennial Cellular has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.     Centennial Cellular does not own, lease, or rent property in Massachusetts.

7.     Centennial Cellular does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.     Centennial Cellular does not direct any advertising or marketing at Massachusetts residents. Instead, Centennial Cellular markets and distributes pre-paid wireless telephone services to residents of Indiana, Michigan, Ohio, Louisiana, Mississippi, and Texas.

9.     To the best of my knowledge, aside from the services provided by BCGI, Centennial Cellular has few direct contacts with Massachusetts. It contracts with five other Massachusetts companies for their services.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 22, 2005, in Wall, NJ.

TONY WOLK
SENIOR VICE PRESIDENT AND
GENERAL COUNSEL
CENTENNIAL COMMUNICATIONS
CORP.

1

# EXHIBIT D

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
12 Facsimile: (415) 397-7188

13 Attorneys for Defendant
   CINCINNATI BELL WIRELESS, LLC
14

15             UNITED STATES DISTRICT COURT

16            FOR THE DISTRICT OF MASSACHUSETTS

17

| 18 | FREEDOM WIRELESS, INC., | Civil Action No. 05-11062-EFH |
|---|---|---|
| 19 | Plaintiff, | Original Complaint Filed 05/20/2005 |
| 20 | v. | **DECLARATION OF MICHAEL S. VANDERWOUDE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| 21 | BOSTON COMMUNICATIONS GROUP, INC., et al., | |
| 22 | Defendants. | |
| 23 | | Date: |
| 24 | | Time:<br>Dept: |
| 25 | | Judge: |
| 26 | | |
| 27 | | |
| 28 | | |

1

I, Michael S. Vanderwoude, declare as follows:

1.    I am the Vice President and General Manager - Wireless at Cincinnati Bell Wireless LLC.  I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.    Cincinnati Bell Wireless LLC contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.    Cincinnati Bell Wireless LLC is a limited liability company organized under the State of Ohio and headquartered in Cincinnati, Ohio.

4.    Cincinnati Bell Wireless LLC is not registered to do business in Massachusetts.

5.    Cincinnati Bell Wireless LLC has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.    Cincinnati Bell Wireless LLC does not own, lease, or rent property in Massachusetts.

7.    Cincinnati Bell Wireless LLC does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.    Cincinnati Bell Wireless LLC does not direct any advertising or marketing at Massachusetts residents.  Instead, Cincinnati Bell Wireless LLC markets and distributes pre-paid wireless telephone services exclusively to residents of Ohio, Kentucky, and Indiana.

9.    Other than the services provided by BCGI, Cincinnati Bell Wireless LLC has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 21, 2005, in Cincinnati, OH.

MICHAEL S. VANDERWOUDE
VICE PRESIDENT AND GENERAL
MANAGER - WIRELESS
CINCINNATI BELL WIRELESS LLC

1

DECL. OF MICHAEL S. VANDERWOUDE ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

Error! Unknown document property name.

# EXHIBIT E

1   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
    DEAN G. BOSTOCK
2   dgbostock@mintz.com
    PATRICK J. SHARKEY
3   psharkey@mintz.com
    One Financial Center
4   Boston, MA 02111
    Telephone: (617) 542-6000
5   Facsimile: (617) 542-2241

6   KEKER & VAN NEST, LLP
    MICHAEL H. PAGE - #154913
7   mpage@kvn.com (*admitted pro hac vice*)
    LEO L. LAM - #181861
8   llam@kvn.com (*admitted pro hac vice*)
    MATTHIAS A. KAMBER - #232147
9   mkamber@kvn.com (*admitted pro hac vice*)
    ANDREW N. SHEN - #232499
10  ashen@kvn.com (*admitted pro hac vice*)
    710 Sansome Street
11  San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
12  Facsimile:  (415) 397-7188

13  Attorneys for Defendant
    DOBSON CELLULAR SYSTEMS, INC.

14

15                  UNITED STATES DISTRICT COURT

16              FOR THE DISTRICT OF MASSACHUSETTS

17

18  FREEDOM WIRELESS, INC.,            Civil Action No. 05-11062-EFH

19                        Plaintiff,    Original Complaint Filed 05/20/2005

20       v.                            **DECLARATION OF RONALD L.
                                       RIPLEY IN SUPPORT OF
21  BOSTON COMMUNICATIONS GROUP,       DEFENDANTS' MOTION TO DISMISS
    INC., et al.,                      FOR LACK OF PERSONAL
22                                     JURISDICTION**
                        Defendants.
23                                     Date:
                                       Time:
24                                     Dept:
                                       Judge:
25

26

27

28
    _____
                   DECL. OF RONALD L. RIPLEY ISO DEFTS.'
         MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                      CIVIL ACTION NO. 05-11062-EFH

1    I, Ronald L. Ripley, declare as follows:

2    1.    I am the Senior Vice President at Dobson Communications Corporation. I have
3    personal knowledge of the facts set forth below and, if called as a witness about those facts,
4    could testify competently thereto.

5    2.    Dobson Cellular Systems, Inc. is a wholly-owned subsidiary of Dobson Operating
6    Co., LLC. Dobson Operating Co., LLC is a wholly-owned subsidiary of Dobson Communications
7    Corporation. Only Dobson Cellular Systems, Inc. ("Dobson Cellular") has contracts with Boston
8    Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

9    3.    Dobson Cellular and Dobson Communications Corporation are corporations
10   organized under the State of Oklahoma and headquartered in Oklahoma City, Oklahoma.

11   4.    Neither Dobson Cellular nor Dobson Communications Corporation is registered
12   to do business in Massachusetts.

13   5.    Neither Dobson Cellular nor Dobson Communications Corporation has any
14   telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

15   6.    Neither Dobson Cellular nor Dobson Communications Corporation own, lease, or
16   rent property in Massachusetts.

17   7.    Dobson Cellular does not pay Massachusetts taxes on the income generated by its
18   pre-paid cellular services.

19   8.    Neither Dobson Cellular nor Dobson Communications Corporation direct any
20   advertising or marketing at Massachusetts residents.

21   9.    Dobson Cellular markets and distributes pre-paid wireless telephone services
22   exclusively to residents of Oklahoma, Kansas, Missouri, Texas, Alaska, Arkansas, Kentucky,
23   Ohio, Maryland, Pennsylvania, New York, Michigan, Wisconsin, Minnesota, and West Virginia.
24   Dobson Cellular has no known Massachusetts residents as customers.

25   10.    Other than the services provided by BCGI, Dobson Cellular has no direct contacts
26   with Massachusetts.

27

28

1

DECL. OF RONALD L. RIPLEY ISO DEFTS.'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct and that this declaration was executed on November 17, 2005, in

3    Oklahoma City, Oklahoma.

4

5

6    RONALD L. RIPLEY
     SENIOR VICE PRESIDENT
     DOBSON COMMUNICATIONS CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF RONALD L. RIPLEY ISO DEFTS.'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

# EXHIBIT F

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
12 Facsimile:  (415) 397-7188

13 Attorneys for Defendant
   EAST KENTUCKY NETWORK LLC
14 d/b/a APPALACHIAN WIRELESS

15
                    UNITED STATES DISTRICT COURT
16
                   FOR THE DISTRICT OF MASSACHUSETTS
17

18
   FREEDOM WIRELESS, INC.,              Civil Action No. 05-11062-EFH
19
                        Plaintiff,      Original Complaint Filed 05/20/2005
20
         v.                             **DECLARATION OF GERALD F.**
21                                      **ROBINETTE IN SUPPORT OF**
   BOSTON COMMUNICATIONS GROUP,         **DEFENDANTS' MOTION TO DISMISS**
22 INC., et al.,                        **FOR LACK OF PERSONAL**
                                        **JURISDICTION**
23                      Defendants.
                                        Date:
24                                      Time:
                                        Dept:
25                                      Judge:

26

27

28
   ─────────────────────────────────────────────────────────────────
   DECL. OF GERALD F. ROBINETTE ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL
                                    JURISDICTION
                         CIVIL ACTION NO. 05-11062-EFH

I, Gerald F. Robinette, declare as follows:

1.    I am the General Manager at East Kentucky Network, LLC. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.    East Kentucky Network, LLC contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.    East Kentucky Network, LLC is a limited liability company organized under the State of Kentucky and headquartered in Prestonsburg, KY.

4.    East Kentucky Network, LLC is not registered to do business in Massachusetts.

5.    East Kentucky Network, LLC has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.    East Kentucky Network, LLC does not own, lease, or rent property in Massachusetts.

7.    East Kentucky Network, LLC does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.    East Kentucky Network, LLC does not direct any advertising or marketing at Massachusetts residents. Instead, East Kentucky Network, LLC markets and distributes pre-paid wireless telephone services exclusively to residents of Kentucky.

9.    Other than the services provided by BCGI, East Kentucky Network, LLC has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 22, 2005, in Prestonsburg, KY.

GERALD F. ROBINETTE
GENERAL MANAGER
EAST KENTUCKY NETWORK, LLC

1

# EXHIBIT G

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
12 Facsimile:  (415) 397-7188

13 Attorneys for Defendant
   FARMERS CELLULAR TELEPHONE
14 d/b/a FARMERS CELLULAR

15

16                        UNITED STATES DISTRICT COURT

17                       FOR THE DISTRICT OF MASSACHUSETTS

18

19 FREEDOM WIRELESS, INC.,              Civil Action No. 05-11062-EFH

20                        Plaintiff,    Original Complaint Filed 05/20/2005

21        v.                            **DECLARATION OF GARY KIRK IN
                                        SUPPORT OF DEFENDANTS' MOTION
22 BOSTON COMMUNICATIONS GROUP,         TO DISMISS FOR LACK OF PERSONAL
   INC., et al.,                        JURISDICTION**

23                        Defendants.   Date:
                                        Time:
24                                      Dept:
                                        Judge:
25

26

27

28
   _____
   DECL. OF GARY KIRK ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                          CIVIL ACTION NO. 05-11062-EFH

I, Gary Kirk, declare as follows:

1.    I am the General Manager at Farmers Cellular Telephone, Inc. d/b/a Farmers Cellular. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.    Farmers Cellular contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.    Farmers Cellular is a corporation organized under the State of Alabama and headquartered in Rainsville, AL.

4.    Farmers Cellular is not registered to do business in Massachusetts.

5.    Farmers Cellular has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.    Farmers Cellular does not own, lease, or rent property in Massachusetts.

7.    Farmers Cellular does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.    Farmers Cellular does not direct any advertising or marketing at Massachusetts residents. Instead, Farmers Cellular markets and distributes pre-paid wireless telephone services exclusively to residents of Alabama.

9.    Other than the services provided by BCGI, Farmers Cellular has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 22, 2005, in Rainsville, AL.

GARK KIRK
GENERAL MANAGER
FARMERS CELLULAR

1
DECL. OF GARY KIRK ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# EXHIBIT H

1   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
    DEAN G. BOSTOCK
2   dgbostock@mintz.com
    PATRICK J. SHARKEY
3   psharkey@mintz.com
    One Financial Center
4   Boston, MA 02111
    Telephone: (617) 542-6000
5   Facsimile: (617) 542-2241

6   KEKER & VAN NEST, LLP
    MICHAEL H. PAGE - #154913
7   mpage@kvn.com (*admitted pro hac vice*)
    LEO L. LAM - #181861
8   llam@kvn.com (*admitted pro hac vice*)
    MATTHIAS A. KAMBER - #232147
9   mkamber@kvn.com (*admitted pro hac vice*)
    ANDREW N. SHEN - #232499
10  ashen@kvn.com (*admitted pro hac vice*)
    710 Sansome Street
11  San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
12  Facsimile:  (415) 397-7188

13  Attorneys for Defendant
    GREAT LAKES OF IOWA INC.
14

15              UNITED STATES DISTRICT COURT

16            FOR THE DISTRICT OF MASSACHUSETTS

17

18  FREEDOM WIRELESS, INC.,                Civil Action No. 05-11062-EFH

19                          Plaintiff,     Original Complaint Filed 05/20/2005

20        v.                               **DECLARATION OF MICHAEL A.**
                                           **MITCHELL IN SUPPORT OF**
21  BOSTON COMMUNICATIONS GROUP,           **DEFENDANTS' MOTION TO DISMISS**
    INC., et al.,                          **FOR LACK OF PERSONAL**
22                                         **JURISDICTION**
                          Defendants.
23                                         Date:
                                           Time:
24                                         Dept:
                                           Judge:
25

26

27

28
    ─────────────────────────────────────────────────────────
    DECL. OF MICHAEL A. MITCHELL ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL
                                    JURISDICTION
                        CIVIL ACTION NO. 05-11062-EFH

I, Michael A. Mitchell, declare as follows:

1.     I am the President at Great Lakes of Iowa, Inc.  I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.     Great Lakes of Iowa, Inc. contracted with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.  Great Lakes of Iowa, Inc. terminated its contract with BCGI in August 2005.

3.     Great Lakes of Iowa, Inc. is a Michigan corporation operating in the State of Iowa and headquartered in Spencer, IA.

4.     Great Lakes of Iowa, Inc. is not registered to do business in Massachusetts.

5.     Great Lakes of Iowa, Inc. has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.     Great Lakes of Iowa, Inc. does not own, lease, or rent property in Massachusetts.

7.     Great Lakes of Iowa, Inc. does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.     Great Lakes of Iowa, Inc. does not direct any advertising or marketing at Massachusetts residents.  Instead, Great Lakes of Iowa, Inc. markets and distributes pre-paid wireless telephone services exclusively to residents of Iowa.

9.     Other than the services provided by BCGI, Great Lakes of Iowa, Inc. has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 22, 2005, in Spencer, IA.

MICHAEL A. MITCHELL
PRESIDENT
GREAT LAKES OF IOWA, INC.

DECL. OF MICHAEL A. MITCHELL ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

# EXHIBIT I

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
12 Facsimile:  (415) 397-7188

13 Attorneys for Defendant
   MARSEILLES CELLULAR, INC.
14 d/b/a ILLINOIS VALLEY CELLULAR

15                    UNITED STATES DISTRICT COURT

16                  FOR THE DISTRICT OF MASSACHUSETTS

17

18

19 FREEDOM WIRELESS, INC.,            Civil Action No. 05-11062-EFH

20                        Plaintiff,    Original Complaint Filed 05/20/2005

21         v.                          **DECLARATION OF TOM WALSH IN
                                        SUPPORT OF DEFENDANTS' MOTION
22 BOSTON COMMUNICATIONS GROUP,        TO DISMISS FOR LACK OF PERSONAL
   INC., et al.,                       JURISDICTION**

23                        Defendants.   Date:
                                        Time:
24                                      Dept:
                                        Judge:
25

26

27

28

DECL. OF TOM WALSH ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

I, Tom Walsh, declare as follows:

1.    I am the General Manager at Marseilles Cellular, Inc. d/b/a Illinois Valley Cellular. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.    Illinois Valley Cellular contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.    Illinois Valley Cellular is a corporation organized under the State of Illinois and headquartered in Marseilles, IL.

4.    Illinois Valley Cellular is not registered to do business in Massachusetts.

5.    Illinois Valley Cellular has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.    Illinois Valley Cellular does not own, lease, or rent property in Massachusetts.

7.    Illinois Valley Cellular does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.    Illinois Valley Cellular does not direct any advertising or marketing at Massachusetts residents. Instead, Illinois Valley Cellular markets and distributes pre-paid wireless telephone services exclusively to residents of Illinois.

9.    Other than the services provided by BCGI, Illinois Valley Cellular has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 22, 2005, in Marseilles, IL.

TOM WALSH
GENERAL MANAGER
ILLINOIS VALLEY CELLULAR

# EXHIBIT J

1    MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
     DEAN G. BOSTOCK
2    dgbostock@mintz.com
     PATRICK J. SHARKEY
3    psharkey@mintz.com
     One Financial Center
4    Boston, MA 02111
     Telephone: (617) 542-6000
5    Facsimile: (617) 542-2241

6    KEKER & VAN NEST, LLP
     MICHAEL H. PAGE - #154913
7    mpage@kvn.com (*admitted pro hac vice*)
     LEO L. LAM - #181861
8    llam@kvn.com (*admitted pro hac vice*)
     MATTHIAS A. KAMBER - #232147
9    mkamber@kvn.com (*admitted pro hac vice*)
     ANDREW N. SHEN - #232499
10   ashen@kvn.com (*admitted pro hac vice*)
     710 Sansome Street
11   San Francisco, CA 94111-1704
     Telephone: (415) 391-5400
12   Facsimile: (415) 397-7188

13   Attorneys for Defendant
     MTA COMMUNICATIONS d/b/a
14   MTA WIRELESS

15

16                 UNITED STATES DISTRICT COURT

17            FOR THE DISTRICT OF MASSACHUSETTS

18

19   FREEDOM WIRELESS, INC.,          Civil Action No. 05-11062-EFH

20               Plaintiff,     Original Complaint Filed 05/20/2005

21       v.                   **DECLARATION OF CAROLYN HANSON IN SUPPORT OF**

22   BOSTON COMMUNICATIONS GROUP,    **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL**
     INC., et al.,                   **JURISDICTION**

23              Defendants.    Date:

24                             Time:
                             Dept:
25                             Judge:

26

27

28

     DECL. OF CAROLYN HANSON ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL
                             JURISDICTION
                      CIVIL ACTION NO. 05-11062-EFH

I, Carolyn Hanson, declare as follows:

1.      I am the Director-Sales and Marketing at Matanuska Telephone Association. I am also the General Manager at Matanuska Communications, Inc. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.      MTA Communications is a wholly-owned subsidiary of the Matanuska Telephone Association. MTA Communications d/b/a MTA Wireless contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.      MTA Wireless is a corporation organized under the laws of the State of Alaska and headquartered in Wasilla, AK. Matanuska Telephone Association is a telephone cooperative corporation organized under the laws of the State of Alaska and headquartered in Wasilla, AK.

4.      Neither MTA Wireless nor Matanuska Telephone Association are registered to do business in Massachusetts.

5.      Neither MTA Wireless nor Matanuska Telephone Association have telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.      Neither MTA Wireless nor Matanuska Telephone Association own, lease, or rent property in Massachusetts.

7.      MTA Wireless does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.      Neither MTA Wireless nor Matanuska Telephone Association direct any advertising or marketing at Massachusetts residents. Instead, MTA Wireless markets and distributes pre-paid wireless telephone services exclusively to residents of Alaska.

9.      Other than the services provided by BCGI, MTA Wireless has no direct contacts with Massachusetts. Matanuska Telephone Association has no direct contacts with Massachusetts.

//

//

1

DECL. OF CAROLYN HANSON ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct and that this declaration was executed on November 18, 2005, in

3  Wasilla, AK.

4

5

CAROLYN HANSON

6

7  DIRECTOR-SALES AND MARKETING
MATANUSKA TELEPHONE
8  ASSOCIATION, INC.

9  GENERAL MANAGER
MATANUSKA COMMUNICATIONS,
INC. d/b/a MTA WIRELESS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT K

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
12 Facsimile:  (415) 397-7188

13 Attorneys for Defendant
   MID-MISSOURI CELLULAR LLP

14

15              UNITED STATES DISTRICT COURT

16           FOR THE DISTRICT OF MASSACHUSETTS

17

| | |
|---|---|
| 18  FREEDOM WIRELESS, INC., | Civil Action No. 05-11062-EFH |
| 19                      Plaintiff, | Original Complaint Filed 05/20/2005 |
| 20      v. | **DECLARATION OF KEVIN DAWSON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| 21  BOSTON COMMUNICATIONS GROUP, INC., et al., | |
| 22                      Defendants. | |
| 23 | Date: |
| 24 | Time: Dept: Judge: |

25

26

27

28

DECL. OF KEVIN DAWSON ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

I, Kevin Dawson, declare as follows:

1. I am the President and General Manager at Mid-Missouri Cellular. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2. Mid-Missouri Cellular contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services. Mid-Missouri Telephone Co. is neither a parent nor subsidiary of Mid-Missouri Cellular. Mid-Missouri Telephone Co. is an entirely distinct corporate entity.

3. Mid-Missouri Cellular is a corporation organized under the State of Missouri and headquartered in Sedalia, MO.

4. Mid-Missouri Cellular is not registered to do business in Massachusetts.

5. Mid-Missouri Cellular has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6. Mid-Missouri Cellular does not own, lease, or rent property in Massachusetts.

7. Mid-Missouri Cellular does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8. Mid-Missouri Cellular does not direct any advertising or marketing at Massachusetts residents. Instead, Mid-Missouri Cellular markets and distributes pre-paid wireless telephone services exclusively to residents of Missouri.

9. Other than the services provided by BCGI, Mid-Missouri Cellular has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 22, 2005, in Sedalia, MO.

_Kevin Dawson_
KEVIN DAWSON
PRESIDENT AND GENERAL
MANAGER
MID-MISSOURI CELLULAR

1
DECL. OF KEVIN DAWSON ISO DEFTS' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION
CIVIL ACTION NO. 05-11062-EFH

# EXHIBIT L

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
12 Facsimile:  (415) 397-7188

13 Attorneys for Defendant
   SOUTHERN ILLINOIS RSA
14 PARTNERSHIP d/b/a FIRST
   CELLULAR OF SOUTHERN ILLINOIS
15

16              UNITED STATES DISTRICT COURT

17           FOR THE DISTRICT OF MASSACHUSETTS

18

19 FREEDOM WIRELESS, INC.,              Civil Action No. 05-11062-EFH

20                      Plaintiff,      Original Complaint Filed 05/20/2005

21       v.                            **DECLARATION OF TANIA SEGER IN**
                                       **SUPPORT OF DEFENDANTS' MOTION**
22 BOSTON COMMUNICATIONS GROUP,        **TO DISMISS FOR LACK OF PERSONAL**
   INC., et al.,                       **JURISDICTION**
23
                      Defendants.      Date:
24                                     Time:
                                       Dept:
25                                     Judge:

26

27

28

   DECL. OF TANIA SEGER ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                          CIVIL ACTION NO. 05-11062-EFH

I, Tania Seger, declare as follows:

1.      I am the Vice President and Chief Financial Officer ("CFO") at Southern Illinois RSA Partnership d/b/a First Cellular of Southern Illinois ("First Cellular"). I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.      First Cellular contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.      First Cellular is a partnership organized under the State of Illinois and headquartered in Mt. Vernon, IL.

4.      First Cellular is not registered to do business in Massachusetts.

5.      First Cellular has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.      First Cellular does not own, lease, or rent property in Massachusetts.

7.      First Cellular does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.      First Cellular does not direct any advertising or marketing at Massachusetts residents. Instead, First Cellular markets and distributes pre-paid wireless telephone services exclusively to residents of Illinois.

9.      Other than the services provided by BCGI, First Cellular has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 17, 2005, in Mt. Vernon, IL.

TANIA SEGER
VICE PRESIDENT AND CFO
FIRST CELLULAR OF SOUTHERN
ILLINOIS

1

# EXHIBIT M

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
   DEAN G. BOSTOCK
2  dgbostock@mintz.com
   PATRICK J. SHARKEY
3  psharkey@mintz.com
   One Financial Center
4  Boston, MA 02111
   Telephone: (617) 542-6000
5  Facsimile: (617) 542-2241

6  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
7  mpage@kvn.com (*admitted pro hac vice*)
   LEO L. LAM - #181861
8  llam@kvn.com (*admitted pro hac vice*)
   MATTHIAS A. KAMBER - #232147
9  mkamber@kvn.com (*admitted pro hac vice*)
   ANDREW N. SHEN - #232499
10 ashen@kvn.com (*admitted pro hac vice*)
   710 Sansome Street
11 San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
12 Facsimile:  (415) 397-7188

13 Attorneys for Defendant
   SOUTH #5 RSA LIMITED PARTNERSHIP
14 d/b/a BRAZOS CELLULAR
   COMMUNICATIONS, LTD.

15

16              UNITED STATES DISTRICT COURT

17           FOR THE DISTRICT OF MASSACHUSETTS

18

| | |
|---|---|
| 19  FREEDOM WIRELESS, INC., | Civil Action No. 05-11062-EFH |
| 20                    Plaintiff, | Original Complaint Filed 05/20/2005 |
| 21       v. | **DECLARATION OF RICHARD D. ADAMS IN SUPPORT OF** |
| 22  BOSTON COMMUNICATIONS GROUP, INC., et al., | **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| 23                    Defendants. | |
| 24  | Date: |
| 25  | Time: |
|    | Dept: |
| 26 | Judge: |

27

28

1

I, Richard D. Adams, declare as follows:

1.      I am the Executive V.P./Manager at South #5 RSA Limited Partnership d/b/a Brazos Cellular Communications, Ltd. ("Brazos Cellular"). I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.      Brazos Cellular contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.      Brazos Cellular is a limited partnership organized under the State of Texas and headquartered in Olney, TX.

4.      Brazos Cellular is not registered to do business in Massachusetts.

5.      Brazos Cellular has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.      Brazos Cellular does not own, lease, or rent property in Massachusetts.

7.      Brazos Cellular does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.      Brazos Cellular does not direct any advertising or marketing at Massachusetts residents. Instead, Brazos Cellular markets and distributes pre-paid wireless telephone services exclusively to residents of Texas.

9.      Other than the services provided by BCGI, Brazos Cellular has no direct contacts with Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 17, 2005, in Olney, TX.

Richard D. Adams
Executive V.P./Manager
BRAZOS CELLULAR
COMMUNICATIONS, Ltd.

# EXHIBIT N

1   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
    DEAN G. BOSTOCK
2   dgbostock@mintz.com
    PATRICK J. SHARKEY
3   psharkey@mintz.com
    One Financial Center
4   Boston, MA 02111
    Telephone: (617) 542-6000
5   Facsimile: (617) 542-2241

6   KEKER & VAN NEST, LLP
    MICHAEL H. PAGE - #154913
7   mpage@kvn.com (*admitted pro hac vice*)
    LEO L. LAM - #181861
8   llam@kvn.com (*admitted pro hac vice*)
    MATTHIAS A. KAMBER - #232147
9   mkamber@kvn.com (*admitted pro hac vice*)
    ANDREW N. SHEN - #232499
10  ashen@kvn.com (*admitted pro hac vice*)
    710 Sansome Street
11  San Francisco, CA 94111-1704
    Telephone: (415) 391-5400
12  Facsimile: (415) 397-7188

13  Attorneys for Defendant
    THUMB CELLULAR LLC

14

15              UNITED STATES DISTRICT COURT

16           FOR THE DISTRICT OF MASSACHUSETTS

17

18  FREEDOM WIRELESS, INC.,              | Civil Action No. 05-11062-EFH

19                      Plaintiff,       | Original Complaint Filed 05/20/2005

20      v.                               | **DECLARATION OF EDWIN H.
                                         | EICHLER IN SUPPORT OF
21  BOSTON COMMUNICATIONS GROUP,         | DEFENDANTS' MOTION TO DISMISS
    INC., et al.,                        | FOR LACK OF PERSONAL
22                                       | JURISDICTION**
                        Defendants.      |
23                                       | Date:
                                         | Time:
24                                       | Dept:
                                         | Judge:
25

26

27

28
    ───────────────────────────────────────────────
    DECL. OF EDWIN H. EICHLER ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL
                            JURISDICTION
                    CIVIL ACTION NO. 05-11062-EFH

1    I, Edwin H. Eichler, declare as follows:

2    1.    I am the President of Thumb Cellular LLC. I have personal knowledge of the

3    facts set forth below and, if called as a witness about those facts, could testify competently

4    thereto.

5    2.    Thumb Cellular LLC contracts with Boston Communications Group, Inc.,

6    ("BCGI") to provide pre-paid wireless billing services.

7    3.    Thumb Cellular LLC is a limited liability company organized under the State of

8    Michigan and headquartered in Pigeon, MI.

9    4.    Thumb Cellular LLC is not registered to do business in Massachusetts.

10    5.    Thumb Cellular LLC has no telecommunications equipment, assets, employees,

11    distributors, or offices in Massachusetts.

12    6.    Thumb Cellular LLC does not own, lease, or rent property in Massachusetts.

13    7.    Thumb Cellular LLC does not pay Massachusetts taxes on the income generated

14    by its pre-paid cellular services.

15    8.    Thumb Cellular LLC does not direct any advertising or marketing at

16    Massachusetts residents. Instead, Thumb Cellular LLC markets and distributes pre-paid wireless

17    telephone services exclusively to residents of Michigan.

18    9.    Other than the services provided by BCGI, Thumb Cellular LLC has no direct

19    contacts with Massachusetts.

20    I declare under penalty of perjury under the laws of the United States of America that the

21    foregoing is true and correct and that this declaration was executed on 16 November 2005, in

22    Pigeon, MI.

23

24

25    EDWIN H. EICHLER
      PRESIDENT

26    THUMB CELLULAR LLC

27

28
                                                    1

# EXHIBIT O

1    MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
     DEAN G. BOSTOCK
2    dgbostock@mintz.com
     PATRICK J. SHARKEY
3    psharkey@mintz.com
     One Financial Center
4    Boston, MA 02111
     Telephone: (617) 542-6000
5    Facsimile: (617) 542-2241

6    KEKER & VAN NEST, LLP
     MICHAEL H. PAGE - #154913
7    mpage@kvn.com (*admitted pro hac vice*)
     LEO L. LAM - #181861
8    llam@kvn.com (*admitted pro hac vice*)
     MATTHIAS A. KAMBER - #232147
9    mkamber@kvn.com (*admitted pro hac vice*)
     ANDREW N. SHEN - #232499
10   ashen@kvn.com (*admitted pro hac vice*)
     710 Sansome Street
11   San Francisco, CA  94111-1704
     Telephone:  (415) 391-5400
12   Facsimile:  (415) 397-7188

13   Attorneys for Defendant
     UINTAH BASIN ELECTRONIC
14   TELECOMMUNICATIONS d/b/a
     UBET WIRELESS

15

16                    UNITED STATES DISTRICT COURT

17                 FOR THE DISTRICT OF MASSACHUSETTS

18

19   FREEDOM WIRELESS, INC.,              Civil Action No. 05-11062-EFH

20                        Plaintiff,      Original Complaint Filed 05/20/2005

21        v.                             **DECLARATION OF BERT POTTS IN
                                          SUPPORT OF DEFENDANTS' MOTION
22   BOSTON COMMUNICATIONS GROUP,         TO DISMISS FOR LACK OF PERSONAL
     INC., et al.,                        JURISDICTION**
23
                         Defendants.      Date:
24                                        Time:
                                          Dept:
25                                        Judge:

26

27

28
     ─────────────────────────────────────────────────────────────────────
     DECL. OF BERT POTTS ISO DEFTS.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                          CIVIL ACTION NO. 05-11062-EFH

I, Bert Potts, declare as follows:

1.    I am the Wireless Manager at Uintah Basic Electronic Telecommunications d/b/a UBET Wireless. I have personal knowledge of the facts set forth below and, if called as a witness about those facts, could testify competently thereto.

2.    UBET Wireless contracts with Boston Communications Group, Inc., ("BCGI") to provide pre-paid wireless billing services.

3.    UBET Wireless is a corporation organized under the State of Utah and headquartered in Roosevelt, UT.

4.    UBET Wireless is not registered to do business in Massachusetts.

5.    UBET Wireless has no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.

6.    UBET Wireless does not own, lease, or rent property in Massachusetts.

7.    UBET Wireless does not pay Massachusetts taxes on the income generated by its pre-paid cellular services.

8.    UBET Wireless does not direct any advertising or marketing at Massachusetts residents. Instead, UBET Wireless markets and distributes pre-paid wireless telephone services exclusively to residents of Utah, Colorado, and Wyoming.

9.    In addition to the services provided by BCGI, UBET Wireless has only one other contact with Massachusetts. Recently, UBET Wireless has been negotiating a contract with a Delaware corporation based in Massachusetts for the installation of telecommunications equipment in Utah.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 22, 2005, in Roosevelt, UT.

BERT POTTS
WIRELESS MANAGER
UINTAH BASIN ELECTRONIC
TELECOMMUNICATIONS