UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 05 CV 11062 EFH |
| BOSTON COMMUNICATIONS GROUP, INC. ALLTEL CORPORATION and DOES 1-20 | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SOUTH CANAAN CELLULAR COMMUNICATIONS
COMPANY LP'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant South Canaan Cellular Communications Company, LP ("South Canaan") submits this Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint filed by Plaintiff Freedom Wireless, Inc. ("Plaintiff" or "Freedom") pursuant to Fed. R. Civ. P. 12 (b) (6) and 56 or, alternatively, to transfer this action pursuant to 28 U.S.C. § 1406 (a).

INTRODUCTION

The Complaint requires dismissal because Plaintiff fails to allege, as it cannot allege, facts sufficient to support the exercise of personal jurisdiction over South Canaan in Massachusetts. South Canaan is a cellular telephone service provider in two counties in northeast Pennsylvania. It has no employees or offices in Massachusetts, does no advertising in Massachusetts, has no customers in Massachusetts, and does not transact business in Massachusetts. South Canaan has only a single, *fortuitous* contact with any Massachusetts entity. That contact is limited to the provision of billing services by

Defendant Boston Communications Group, Inc. ("BCGI") to South Canaan from BCGI's computer servers in the state of Maine.

## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Plaintiff seeks recovery against South Canaan Cellular Communications Company, LP d/b/a Cellular One of Northeast Pennsylvania ("South Canaan").

2.      South Canaan is an independent, rural Pennsylvania wireless services provider organized under the laws of the state of Delaware.  South Canaan has business operations in South Canaan, Honesdale and Milford, Pennsylvania.  *See* Declaration of Carolyn Copp ("Copp Dec."), Par. 2.

3.      South Canaan is in the business of providing pre-paid cellular communications services, among other telecommunications-related services, to customers in its licensed market area: Wayne and Pike counties in northeast Pennsylvania.  *Id*., Par. 3.

4.      Indeed, South Canaan is licensed by the FCC to provide cellular communications services *only* to customers in Wayne and Pike counties in northeast Pennsylvania and, therefore, is prohibited from conducting such business with consumers outside of those counties.  *Id*., Par. 4.

5.      South Canaan's offices and employees all exist within its licensed market area in Wayne and Pike Counties, Pennsylvania.  *Id*., Par. 5.

6.      South Canaan limits it's advertising to local advertising media in Pennsylvania targeted to reach potential customers within its licensed market area.  *Id*., Par. 6.

7.      Since South Canaan can only provide service in Wayne and Pike Counties in Pennsylvania, South Canaan's customers only use its services in Wayne and Pike Counties in Pennsylvania.  South Canaan's wireless services are provided by a network of cell sites and a switch – all of which are located in Wayne and Pike Counties, Pennsylvania.  Hence, customers can utilize South Canaan's network only in Wayne and Pike Counties, Pennsylvania.  *Id*., Par. 7.

8.      South Canaan has only one contact with any Massachusetts company – Defendant Boston Communications Group, Inc. ("BCGI").  *Id*., Par. 8.

9.      BCGI provides billing services to South Canaan.  Customer data is compiled by South Canaan and processed by BCGI.  The servers processing this data are located at BCGI's facility in Westbrook, Maine and on South Canaan's premises in Pennsylvania.  None of this processing is done in Massachusetts.  *Id*., Par. 9.

10.      Moreover, South Canaan's involvement with BCGI has no relationship to the fact that it is apparently incorporated in Massachusetts.  Indeed, South Canaan initiated no contact (in Massachusetts or otherwise) with BCGI for the performance of the services BCGI provides.  Rather, BCGI became the billing service provider for South Canaan via its assumption of two billing services contracts between South Canaan and South Canaan's prior billing service provider, PC Management.  PC Management is a Delaware corporation with its headquarters in Fort Myers, Florida.  *Id*., Par. 10.

11.      During the time that BCGI has provided services to South Canaan, no agent or employee of South Canaan has traveled to Massachusetts on behalf of South Canaan.  *Id*., Par. 11.

12.    South Canaan has never had any contact (and has no contracts or agreements) with Plaintiff Freedom Wireless, Inc.  *Id*., Par. 12.

13.    The most convenient forum for this litigation for South Canaan is the Eastern District of Pennsylvania because South Canaan and all of its employees are located in that judicial district, South Canaan's records are readily accessible in Pennsylvania, South Canaan's witnesses are available in Pennsylvania, and transporting South Canaan's representatives and records from Pennsylvania to Massachusetts would be an onerous burden on South Canaan and its representatives.  *Id*., Par. 13.

## ARGUMENT

### I.    The Standard for Dismissal and for Summary Judgment

In reviewing a motion to dismiss filed pursuant to Rule 12(b) (6), this Court must "accept well-pleaded facts as true and draw all reasonable inferences from those facts in favor of the plaintiff."  *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998).  In reviewing the Complaint, the Court reviews whether the Plaintiff can prove any set of facts that would entitle it to the relief requested.  *In re: Allaire Corp. Securities Litigation*, 224 F. Supp.2d 319, 324 (D. Mass. 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Rule 12(b) (6) tests the legal sufficiency of a complaint.  Where it appears from a review of the Complaint that the Plaintiff could not legally recover under the facts as pleaded, dismissal is appropriate.  *See Id*.; *see also Hogan v. Eastern Enterprise/Boston Gas*, 165 F. Supp.2d 55, 57 (D. Mass. 2001).

South Canaan has submitted the Declaration of Carolyn Copp in support of its motion to dismiss.   Due to the submission of this declaration, South Canaan's motion to dismiss may be treated as one for summary judgment and the action against South

Canaan may be disposed in accordance with Fed. R. Civ. P. 56.  Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Potterton v. Porter, Inc.*, 810 F.2d 333, 334 (1st Cir. 1987).  The party moving for summary judgment meets its burden by establishing an absence of evidence to support the opposing party's allegations.  *Celotex Corp.,* 477 U.S. at 325.  The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Merely presenting "a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II.    This Court Lacks Personal Jurisdiction Over South Canaan

Once personal jurisdiction is challenged, the plaintiff has the burden of establishing that jurisdiction exists.  *Droukas v. Divers Training Academy, Inc.*, 374 Mass. 145, 151 (1978); *Ealing Corp. v. Harrods, Ltd.*, 790 F.2d 978, 979 (1st Cir. 1986).  Freedom cannot meet this burden as to South Canaan.  Personal jurisdiction is conferred only when (1) some basis for jurisdiction enumerated in the Massachusetts Long-Arm Statute has been established and (2) when "the exercise of jurisdiction under state law [is] consistent with basic due process requirements mandated by the United States Constitution."  *Good Hope Indus. V. Ryder Scott Co.*, 378 Mass. 1, 5-6 (1979).

The First Circuit has emphasized that, "[although] the [long-arm] statute has been construed by the Massachusetts Supreme Judicial Court as asserting jurisdiction over the

person to the limits allowed by the Constitution of the United States … the constitutional

due process analysis is only reached when some basis for jurisdiction enumerated in the

statute has been established."  *Gray v. O'Brien*, 777 F.2d 864, 866 (1st Cir. 1985)

(citations omitted, emphasis supplied); *see also Bond Leather Co. v. Q.T. Shoe Mfg. Co.*,

764 F.2d 928, 931 (1st Cir. 1985).  Personal jurisdiction over South Canaan is lacking

because South Canaan does not have contacts with Massachusetts sufficient to satisfy

either the requisites of the Long Arm Statute or the United States Constitution.

**A.    The Requirements Of The Long Arm Statute Cannot Be Satisfied**

To establish jurisdiction under the Massachusetts Long-Arm Statute, Plaintiff

must satisfy the following criteria:

> First, the claim underlying the litigation must directly arise out of,
> or relate to, the defendant's forum activities.  Second, the
> defendant's forum-state contacts must represent a purposeful
> availment of the privilege of conducting activities in the forum
> state, thereby invoking the benefits and protection of that state's
> laws and may view the defendant's voluntary presence before this
> state's court as foreseeable; third, the exercise of jurisdiction must
> … be reasonable.

*Nowak v. Tak How Investments, Ltd*., 94 F.3d, 708, 712-13 (1st Cir. 1996) (quoting

*Pritzker v. Yari*, 42 F.3d 53, 60-61 (1st Cir. 1994) (cert. denied 520 U.S. 1155 (1997)).

Plaintiff cannot satisfy any of these criteria.

Even though, for purposes of the Long Arm Statute, isolated transactions, or ones

with "little impact on the commerce" of the Commonwealth might suffice, *Bond,,* 764

F.2d at 932, there still must be *some* transaction of business in Massachusetts.  Here,

Freedom cannot meet this minimal threshold because South Canaan simply does not

transact business in Massachusetts.  *See* Copp Dec., Par. 2-7.  Even if the Court considers

the one contact that South Canaan does have with a Massachusetts entity (BCGI's billing

services), it is impossible to consider that contact to be a "transaction of business" in Massachusetts where the contact merely encompasses the use of BCGI's servers in the state of Maine. *Id.*, Par. 9.

Moreover, personal jurisdiction pursuant to the Long Arm Statute, if it exists at all, is either "specific" or "general". Whether a court's jurisdiction is specific or general depends upon the relationship between a plaintiff's claims and a defendant's contacts with the forum state. *Merced v. JLG Industries, Inc.*, 193 F. Supp.2d 290, 294 (D. Mass. 2001). A court may exercise specific jurisdiction only when the plaintiff's claims "arise out of" the defendant's contacts with the forum state. *In re: Lupron Marketing and Sales Practices Litigation,* 2003 WL 165778, *5 (D. Mass. 2003), (*citing Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994)).

Here, the Court cannot exercise specific jurisdiction over South Canaan because Freedom has not, and cannot, show that its claims arise out of *any* contact that South Canaan had in Massachusetts. Indeed, South Canaan had *no* contact with Massachusetts that relates to the Plaintiff's claims. South Canaan has had no contact whatsoever with Plaintiff. *See* Copp Dec., Par. 12.

The standard for the exercise of general jurisdiction is "considerably more stringent" than that used for specific jurisdiction. *Slater v. Eli Lilly*, 744 F.2d 213, 216 (1st Cir. 1984). To exercise general jurisdiction over a defendant, nothing short of "continuous and systematic general business contacts" by the defendant in the forum will suffice. *Tatro v. Manor Care, Inc*., 416 Mass. 763, 772 n.6 (1994). To meet the burden to sustain general jurisdiction, the plaintiff must establish that "the contacts between [the] defendant and Massachusetts are so pervasive and continuing that personal jurisdiction is

authorized for any tortious injury caused by the defendant in the Commonwealth, even absent a nexus between the contact and the cause of action." *Landmark Bank v. Machera*, 736 F. Supp. 375, 384 (D. Mass. 1990).

Plaintiff has not, and could not, allege pervasive and continuous contacts by South Canaan that justify general jurisdiction in Massachusetts. As set forth in the fact section above, South Canaan is a company with business operations exclusively conducted in Pennsylvania and is limited by its license from the FCC to conducting business in two counties in northeast Pennsylvania. *See* Copp Dec., Par. 3-4. South Canaan has no offices or employees in Massachusetts and conducts no advertising activities in Massachusetts. *Id*., Par. 5-7. Importantly, South Canaan also has no customers in Massachusetts. *Id*.

### 1.  Transacting Business Requirement Cannot Be Met

The Massachusetts' Long Arm Statute states that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth…" Mass. Gen. Laws ch. 223A, § 3. Although the "transacting business" clause of the Long-Arm Statute has been construed broadly, *Tatro v. Manor Care, Inc*., 416 Mass. 763, 767 (1994), courts will not consider contacts that did not themselves give rise to the cause of action. *Good Hope Industries*, 378 Mass. at 10 n.17; *Tatro*, 416 Mass. at 772 ("plaintiff's claim must arise out of, or relate to, the defendant's forum contacts"). Even the broadest possible reading of the Long-Arm Statute could not save Freedom's claim of jurisdiction over South Canaan; a company that never transacted *any* business in Massachusetts and merely received billing services from BCGI's servers in Maine.

In comparison, *Tatro* involved a Massachusetts resident who contacted a California company that sought to provide services to Massachusetts residents by providing hotel rooms to Massachusetts travelers in California. *Tatro*, 416 Mass. at 763. The contact with Massachusetts in that case, therefore, related to the ultimate claim in that case, an injury at the California hotel. Conversely, there is no allegation in this case that there was any contact between Freedom and South Canaan; much less any contact that is relevant to Massachusetts. *See* Copp Dec., Par. 2-7; 12.

Further, the cases that allow for attenuated jurisdiction often refer to the Massachusetts contact as being "part of a larger systematic effort on [the defendant's] part to obtain business from Massachusetts businesses and residents." *Id.* at 769; *see also Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 712 (1st Cir. 1996) (sufficient contacts existed between Hong Kong hotel and plaintiff where hotel affirmatively solicited and accepted reservations from plaintiff's employer in Massachusetts). There can be no allegation that South Canaan's involvement with BCGI was part of any effort to solicit Massachusetts residents. Indeed, South Canaan has no Massachusetts customers and seeks no Massachusetts customers because it is prohibited by its FCC license from doing business anywhere but in two counties in Pennsylvania. *See* Copp Dec., Par. 4 and 7.

### 2. The "Arising From" Requirement Cannot Be Met

Freedom also fails the second prong of the G.L. c. 223A, § 3(a) test – that its claim against South Canaan "arose from" South Canaan's contacts with Massachusetts. *Tatro*, 416 Mass. at 769-71. As shown above, the only contact of South Canaan that even came close to Massachusetts (receiving billing services from a Massachusetts company's Maine server) is far too tenuous to provide a basis for jurisdiction.

9

### 3.   <u>Relevant Constitutional Standards Cannot Be Met</u>

The Supreme Court has consistently held that, in an ordered federal system, jurisdiction over non-residents must comport with traditional notions of "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1845); *Hanson v. Denckla*, 357 U.S. 235, 251 (1958); *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson,* 357 U.S. at 253. A finding of jurisdiction in this case would not comport with the constitutional standards of due process set forth in *International Shoe* and its progeny.

Under a constitutional due process analysis, the First Circuit requires a proximate-cause nexus between the conduct that is the subject of the suit and the Defendant's contacts with the forum state. *Nowak*, 94 F.3d 708, 713-16 (1st Cir. 1996); *Cambridge Literary Properties, Ltd. v. W. Goebel Prozallanfabrik G.m.b.H. & Co.*, 295 F.3d 59, 65 (1st Cir. 2002). South Canaan has had insufficient contacts with Massachusetts such that the Plaintiffs could reasonably argue that these contacts were the legal or proximate cause of the Freedom's claims. Indeed, the Amended Complaint does not allege *any* contact between Freedom and South Canaan in Massachusetts, because *none* existed. *See* Copp Dec., Par. 12.

Pointing to the services provided by BCGI to South Canaan under two limited contracts in which services are provided by BCGI from its servers in Maine is not enough. *See Bond Leather Co., Inc.,* 764 F .2d at 933 ("the fact that a nonresident enters

into a single commercial contract with a resident of the forum state is not necessarily

sufficient to meet the constitutional minimum for jurisdiction."); *Levin v. Harned*, 304 F.

Supp.2d 136, 141-142 (D. Mass. 2003) (Court lacked specific and general personal

jurisdiction where Plaintiffs pointed to a single in-forum sales contact because "one

fortuitous forum contact is insufficient to support the exercise of personal jurisdiction");

*Imo Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 260 (3d Cir. 1998) ("The weight of

authority among the courts of appeal is that minimal communication between the

defendant and the plaintiff in the forum state, without more, will not subject the

defendant to the jurisdiction of that state's court system." ).

The contacts in this case are insufficient even if the relationship between BCGI

and South Canaan had a perfunctory relationship (i.e. payment of invoices) to

Massachusetts.  *See Jana Brands, Inc. v. NexiFM, Inc*., 2003 WL 164251, *1-2 (D. Mass.

2003) (Defendants' contacts with Massachusetts were fortuitous where there were

telephone conversations in Massachusetts and Defendant made payment to Plaintiff in

Massachusetts); *Aub v. Technicolor Entertainment Services,* 2002 WL 31269003 ("long-

distance communications between the parties by mail and telephone is not enough to

justify the conclusion that [business was transacted] *in* Massachusetts."); *Automatic*

*Sprinkler Corp. of America v. Seneca Foods Corp.,* 280 N.E.2d 423, 445 (Mass. 1972)

("making payments through the mail" is not a significant contact.). Perhaps most

importantly, the only contact South Canaan could be said to have had with Massachusetts

did not involve an affirmative or intentional act by it; South Canaan merely received

services *from Maine* from a company based in Massachusetts (BCGI) after South Canaan

assumed two services contracts from a Delaware company (PC Management). *See* Copp Dec., Par. 8-10.

In assessing whether an assertion of personal jurisdiction is reasonable and thus satisfies due process requirements, the First Circuit also weighs certain "gestalt" factors. *United Elec. Radio & Mach. Workers of America v. 163 Pleasant St. Corp.*, 987 F.2d 39, 46 (1st Cir. 1993). These factors have been set forth as follows:

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Id.* The "gestalt" factors weigh heavily against the Court exercising jurisdiction over South Canaan.

As set forth in the accompanying Declaration of Carolyn Copp, South Canaan, a small company that does business in only two Pennsylvania counties, shall be extremely burdened by the prosecution of this matter in Massachusetts. *See* Copp Dec., Par. 13. Further, Massachusetts does not have a paramount interest in being the forum for a lawsuit against South Canaan. To the contrary, Pennsylvania clearly maintains the paramount interest in resolving a dispute involving a company that is limited to conducting business in Pennsylvania. Similarly, Massachusetts has little interest in monitoring so-called tortious actions that, if they were committed at all, were committed in Pennsylvania. *See Mulhearn v. Holland America Cruises*, 393 F. Supp. 1298, 1303 (D.N.H. 1975) (a forum's interest diminishes when a tort occurs outside the state).

**III.    Alternatively, South Canaan Seeks A Transfer Pursuant To 28 U.S.C. § 1406**

In the alternative, this Court should exercise its discretionary authority under 28 U.S.C. § 1406 (*forum non-conveniens*) and allow the transfer of this case to the United States District Court for the Eastern District of Pennsylvania. Where there is a want of jurisdiction in the original forum, the doctrine of *forum non-conveniens* affords this Court the discretionary authority to dismiss or transfer a case so it may be prosecuted in a more appropriate forum. *See Olin Corp. v. Fisons PLC*, 47 F. Supp. 2d 151, 157 (D. Mass. 1999); *see also Trask v. Service Merchandise Co., Inc*., 135 F.R.D. 17, 19 (D. Mass. 1990).

The Supreme Court has noted that "administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin," and that "[j]ury duty is a burden that ought not to be imposed upon the people of the community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). It is appropriate to allow the transfer of a case where there is an alternate forum that is available and adequate to justly dispose of the matter. *Id*. South Canaan asserts that the Eastern District of Pennsylvania is an appropriate forum in this matter because it is obviously an "available" and "adequate" forum for the resolution of this dispute.

The third factor for *forum non-conveniens* purposes is convenience of the forum to the parties. *Allstate Life Ins. Co. v. Linter Group Ltd*., 994 F.2d 996, 1001 (2d Cir. 1993). In this regard, it should be noted that South Canaan, a significantly smaller company than Freedom, has all of its offices, employees and records in Pennsylvania. *See* Copp Dec., Par. 13. It does no business in Massachusetts and has no occasion, other

than this lawsuit, to be in Massachusetts. *Id.*, Par. 2-7. Transporting South Canaan's representatives and records from Pennsylvania to Massachusetts solely for the convenience of Freedom would be an inappropriate and onerous burden on South Canaan and its representatives.

## CONCLUSION

For the foregoing reasons, this action must be dismissed against South Canaan for lack of personal jurisdiction. In the alternative, the interests of justice mandate a transfer of the action to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**DEFENDANT SOUTH CANAAN CELLULAR COMMUNICATIONS COMPANY, LP,**

By its attorneys,

/s/ Timothy J. Perry
Timothy J. Perry (BBO# 631397)
PRETI, FLAHERTY, BELIVEAU,
      PACHIOS & HALEY LLP
10 High Street, Suite 502
Boston, MA   02110
(617) 226-3800
Dated:  December 19, 2005          Facsimile (617) 226-3801

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true copy of the above document was served

upon all counsel of record via pre-paid First Class, United States Mail.

Dated: December 19, 2005                    <u>/s/ Timothy J. Perry              </u>