UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., <br><br> PLAINTIFF, <br><br> VS. <br><br> BOSTON COMMUNICATIONS GROUP, INC., ALLTEL CORP., BAKERSFIELD CELLULAR, DOBSON COMMUNICATIONS CORP., HONOLULU WIRELESS, CINCINNATI BELL WIRELESS, BLUEGRASS CELLULAR, INC., C1 ARIZONA, THUMB CELLULAR LLC, GREAT LAKES OF IOWA INC. A/K/A CELLONE OR IOWA ONE, UINTAH BASIN ELECTRONIC TELECOMMUNICATIONS DBA UBET WIRELESS, ILLINOIS VALLEY CELLULAR RSA 2, INC. A/K/A ILLINOIS VALLEY CELLULAR, NEBRASKA WIRELESS TELEPHONE CO., SOUTH CANAAN TELEPHONE CO., MATANUSKA TELEPHONE ASSOCIATION DBA MTA WIRELESS, FIRST CELLULAR OF SOUTHERN ILLINOIS, BRAZOS CELLULAR INC., CELLULAR ONE OF EAST CENTRAL ILLINOIS, FARMERS CELLULAR, MOUNTAIN STATE CELLULAR INC., MID-MISSOURI TELEPHONE CO., EAST KENTUCKY NETWORK LLC DBA APPALACHIAN WIRELESS, BAUCE COMMUNICATIONS OF BEAUMONT, INC. DBA CENTENNIAL WIRELESS A/K/A CENTENNIAL COMMUNICATIONS CORP., BTC MOBILITY, MOBILETEL INC., AND DOES 1-20, ET AL., <br><br> DEFENDANTS. | Civil Action No. 05-11062-EFH |

**DEFENDANT ALLTEL CORPORATION'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Alltel Corporation answers Plaintiff's Second Amended Complaint as follows:

## JURISDICTION AND VENUE

1.      Alltel Corporation admits that Plaintiff purports to assert a claim arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and purports to assert jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Alltel Corporation denies the remaining allegations set forth in paragraph 1 of the Second Amended Complaint.

2.      Alltel Corporation denies that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). Alltel Corporation denies that personal jurisdiction exists in this Court. Alltel Corporation denies that it has committed acts of patent infringement, either directly or indirectly, in the state or district of Massachusetts. Alltel Corporation is without knowledge or information sufficient to form a belief as to all remaining allegations set forth in paragraph 2 of the Second Amended Complaint, and on that basis denies the same.

## PARTIES

3.      Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Second Amended Complaint, and on that basis denies the same.

4.      Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Second Amended Complaint, and on that basis denies the same.

5.      Alltel Corporation admits that it is a Delaware corporation with its principal place of business in Little Rock, Arkansas. Alltel Corporation denies all remaining allegations set forth in paragraph 5 of the Second Amended Complaint.

6.      Alltel Corporation is without knowledge or information sufficient to form a belief

as to the allegations set forth in paragraph 6 of the Second Amended Complaint, and on that basis denies the same.

7. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Second Amended Complaint, and on that basis denies the same.

8. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Second Amended Complaint, and on that basis denies the same.

9. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Second Amended Complaint, and on that basis denies the same.

10. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Second Amended Complaint, and on that basis denies the same.

11. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Second Amended Complaint, and on that basis denies the same.

12. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Second Amended Complaint, and on that basis denies the same.

13. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Second Amended Complaint, and on that basis denies the same.

14. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Second Amended Complaint, and on that basis denies the same.

15. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Second Amended Complaint, and on that basis denies the same.

16. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Second Amended Complaint, and on that basis denies the same.

17. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Second Amended Complaint, and on that basis denies the same.

18. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Second Amended Complaint, and on that basis denies the same.

19. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Second Amended Complaint, and on that basis denies the same.

20. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Second Amended Complaint, and on that basis denies the same.

21. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Second Amended Complaint, and on that

basis denies the same.

22. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Second Amended Complaint, and on that basis denies the same.

23. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Second Amended Complaint, and on that basis denies the same.

24. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Second Amended Complaint, and on that basis denies the same.

25. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Second Amended Complaint, and on that basis denies the same.

26. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Second Amended Complaint, and on that basis denies the same.

27. Alltel Corporation is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Second Amended Complaint, and on that basis denies the same.

## **FIRST CLAIM FOR RELIEF**

### **PATENT INFRINGEMENT – '067 PATENT**

28. Alltel Corporation reasserts and incorporates herein by reference each and every answer to the allegations contained in paragraphs 1 through 27 above, as though set forth at

length.

29. Alltel Corporation admits that U.S. Patent No. 5.722,067 (the "'067 patent"), entitled "Security Cellular Telecommunications System," was issued on February 24, 1998; that a copy of such patent is attached as Exhibit 1; and that it identifies Plaintiff as the assignee of such patent. Alltel Corporation denies all remaining allegations set forth in paragraph 29 of the Second Amended Complaint.

30. Alltel Corporation denies the allegations set forth in paragraph 30 of the Second Amended Complaint.

31. Alltel Corporation admits that it is not expressly licensed or otherwise authorized by Plaintiff to make, use, offer for sale or sell any telecommunications system or method allegedly claimed in the '067 patent. Alltel Corporation is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 31 of the Second Amended Complaint, and on that basis denies the same.

32. Alltel Corporation denies the allegations set forth in paragraph 32 of the Second Amended Complaint.

33. Alltel Corporation denies the allegations set forth in paragraph 33 of the Second Amended Complaint.

34. Alltel Corporation denies the allegations set forth in paragraph 34 of the Second Amended Complaint.

35. Alltel Corporation denies the allegations set forth in paragraph 35 of the Second Amended Complaint.

36. Alltel Corporation denies the allegations set forth in paragraph 36 of the Second Amended Complaint.

## SECOND CLAIM FOR RELIEF

## PATENT INFRINGEMENT – '823 PATENT

37. Alltel Corporation reasserts and incorporates herein by reference each and every answer to the allegations contained in paragraphs 1 through 36 above, as though set forth at length.

38. Alltel Corporation admits that U.S. Patent No. 6,157,823 (the "'823 patent"), entitled "Security Cellular Telecommunications System," was issued on December 5, 2000; that a copy of such patent is attached as Exhibit 2; and that it identifies Plaintiff as the assignee of such patent. Alltel Corporation denies all remaining allegations set forth in paragraph 38 of the Second Amended Complaint.

39. Alltel Corporation denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

40. Alltel Corporation admits that it is not expressly licensed or otherwise authorized by Plaintiff to make, use, offer for sale or sell any telecommunications system or method allegedly claimed in the '823 patent. Alltel Corporation is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 40 of the Second Amended Complaint, and on that basis denies the same.

41. Alltel Corporation denies the allegations set forth in paragraph 41 of the Second Amended Complaint.

42. Alltel Corporation denies the allegations set forth in paragraph 42 of the Second Amended Complaint.

43. Alltel Corporation denies the allegations set forth in paragraph 43 of the Second Amended Complaint.

44. Alltel Corporation denies the allegations set forth in paragraph 44 of the Second Amended Complaint.

45. Alltel Corporation denies the allegations set forth in paragraph 45 of the Second Amended Complaint.

## THIRD CLAIM FOR RELIEF

## PATENT INFRINGEMENT – AGAINST BCGI

46. Alltel Corporation reasserts and incorporates herein by reference each and every answer to the allegations contained in paragraphs 1 through 45 above, as though set forth at length.

47. Alltel Corporation admits that the '067 patent was issued on February 24, 1998 and that the '823 patent was issued on December 5, 2000. Alltel Corporation admits that Plaintiff is identified as the assignee of the '067 patent and the '823 patent. Alltel Corporation denies all remaining allegations set forth in paragraph 47 of the Second Amended Complaint.

48. Alltel Corporation denies the allegations set forth in paragraph 48 of the Second Amended Complaint.

49. Alltel Corporation denies the allegations set forth in paragraph 49 of the Second Amended Complaint.

50. Alltel Corporation denies the allegations set forth in paragraph 50 of the Second Amended Complaint.

51. Alltel Corporation denies all allegations of the Second Amended Complaint that are not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

52.    Alltel Corporation sets forth the following affirmative and other defenses. Alltel Corporation does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to the law, Plaintiff bears the burden.

### FIRST DEFENSE

53.    This Court lacks personal jurisdiction over Alltel Corporation.

### SECOND DEFENSE

54.    Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted and, as such, the Second Amended Complaint is barred in whole or in part.

### THIRD DEFENSE

55.    Alltel Corporation has not and does not directly, jointly, willfully, or otherwise infringe, aid or abet the infringement of, contribute to the infringement of, or actively induce others to infringe any claim of the '067 patent or the '823 patent.

### FOURTH DEFENSE

56.    Each of the claims of the '067 patent and the '823 patent is invalid for failure to satisfy the provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116. The claims of the '823 patent are also invalid under the doctrine of double patenting.

### FIFTH DEFENSE

57.    Plaintiff is estopped from asserting that Alltel Corporation infringes any claim of the '067 patent or the '823 patent under the doctrine of prosecution history estoppel.

### SIXTH DEFENSE

58.    Plaintiff's claims are barred in whole or in part by res judicata and/or collateral estoppel.

## SEVENTH DEFENSE

59. The '067 patent and the '823 patent are unenforceable because the individuals associated with the filing and prosecution of the applications that led to the issuance of those patents engaged in inequitable conduct by breaching their duty of candor and good faith in dealing with the United States Patent and Trademark Office ("PTO"). In particular, named co-inventors Fougines and Harned, and their agents and/or attorneys, including without limitations, C. Robert von Hellens, withheld from the PTO material information with an intent to deceive the PTO. Such information included, without limitation, materials relating to Cominex, information relating to Cellular Services, Inc.'s proposal to the California Public Utilities Commission, information relating to Banana Cellular, Inc.'s prepaid cellular service and patent application, and an article by David E. Klepp, *Managing the Network Revenue Stream*, Telephony, November 29, 1993. Fougines, Harned, their agents and/or attorneys also made misleading statements to the PTO, including, without limitation, statements relating to U.S. Patent 5,440,621, with an intent to deceive the PTO.

## EIGHTH DEFENSE

60. Plaintiff's claims are barred by laches.

## NINTH DEFENSE

61. Plaintiff's claims are barred by the doctrine of equitable estoppel.

## TENTH DEFENSE

62. Plaintiff lacks standing to bring the claims asserted in its Second Amended Complaint insofar as Orbital Sciences Corporation is properly a joint owner of the patents-in-suit and has not joined in this suit for infringement.

## ELEVENTH DEFENSE

63. Plaintiff is barred from recovery, or recovery is limited, by the doctrines of implied license, first use and exhaustion of patent rights.

## TWELFTH DEFENSE

64. Plaintiff's claims are barred by the doctrine of waiver.

## THIRTEENTH DEFENSE

65. Venue is not proper.

## FOURTEENTH DEFENSE

66. Upon information and belief, Plaintiff and/or its licensees have failed to mark in accordance with 35 U.S.C. §287. Accordingly, because Plaintiff has failed to provide actual notice prior to the filing of the Complaint, Plaintiff is precluded from recovering damages prior to the filing of the Complaint.

## FIFTEENTH DEFENSE

67. Alltel Corporation is not a proper party to this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Alltel Corporation demands the following relief:

a. That the Court dismiss the Second Amended Complaint with prejudice;

b. The Court enter judgment that the '067 patent is invalid, unenforceable and not infringed by Alltel Corporation;

c. The Court enter judgment that the '823 patent is invalid, unenforceable and not infringed by Alltel Corporation;

d. The Court award Alltel Corporation its attorneys' fees as a result of this being an exceptional case pursuant to 35 U.S.C. § 285;

e. The Court award Alltel Corporation its costs in connection with this action; and

f. The Court enter an order for such other and further relief as this Court deems just and proper.

/s/ Dean Bostock
Patrick J. Sharkey (BBO # 454820)
Dean G. Bostock (BBO # 549747)
MINTZ LEVIN COHN FERRIS
    GLOVSKY & POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542 2241

- and –

John G. Flaim (pro hac vice application to be filed)
john.g.flaim@bakernet.com
Kimberly F. Rich (pro hac vice application to be filed)
kimberly.f.rich@bakernet.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:    (214) 978-3000
Facsimile:    (214) 978-3099

ATTORNEYS FOR DEFENDANT
ALLTEL CORPORATION

Dated: December 19, 2005