UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC., ET AL., <br><br> Defendants. | CIVIL ACTION No. 05-11062-EFH |

**OPPOSITION OF FREEDOM WIRELESS, INC. TO NEXTEL
COMMUNICATIONS, INC.'S MOTION FOR 30 DAYS LEAVE TO FILE
DETAILED MEMORANDA**

On December 12, 2005, Nextel Communications, Inc. ("Nextel"), a stranger to this case, filed four motions: (1) Motion to Intervene for Limited Purpose ("Motion to Intervene"); (2) proposed Motion for Reconsideration of Ruling on Motion for Admission Pro Hac Vice of Marshall M. Seary III and Erica P. Taggart ("Motion for Reconsideration"); (3) proposed Motion to Disqualify Quinn Emanuel ("Motion to Disqualify"); and (4) Motion for 30 Days Leave to File Detailed Memoranda in Support of those three Motions ("Motion for Leave").

Today, plaintiff Freedom Wireless, Inc. ("Freedom Wireless") has timely filed an Opposition to the Motion to Intervene demonstrating not only that the Motion to Intervene should be denied summarily, but also that the proposed Motion for Reconsideration and the proposed Motion to Disqualify, if considered, should also be denied forthwith.

Freedom Wireless hereby opposes Nextel's Motion for Leave and asks this Court to rule on all four Motions at its earliest possible convenience. Enough is enough. This Court should put an end to the incessant stream of motions filed by Nextel in this case and in C.A. No. 00-12234-EFH. Nextel is a named party in C.A. No. 05-11061-EFH and it should be required to limit its litigation activities to that case.

Freedom Wireless responds below *seriatim* to each of the "grounds" offered by Nextel to support the Motion for Leave. As demonstrated, Nextel has shown no cause to enlarge the time within which it was required to file memoranda supporting its Motions. *See* Fed. R. Civ. P. 6(b). Pursuant to Local Rule 7.1(B)(1), any supporting memoranda were required to be filed at the same time that the Motions were filed. That Rule states:

> A party filing a motion *shall* at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based *shall* be filed with the motion. (emphasis added).

Nextel supplies no reason why it did not comply with the Rule. It should not now be excused. The Motion for Leave should be denied.

(1) According to Nextel, it "needs such additional time to prepare appropriate memoranda, helpful to the Court, detailing the extensive relevant facts and history and addressing the substantive law on the conflict of interest and disqualification issue …"

The "limited purpose" for which Nextel seeks to intervene in this case is to move to disqualify Quinn Emanuel. Nextel has been on a mission to disqualify Quinn Emanuel since October 18, 2005, well over two months ago.

On October 25, 2005, Nextel filed its Motion to Intervene for Limited Purpose (No. 1951) in C.A. No. 00-12234-EFH. One of the two "purposes" Nextel sought

2

intervention was "disqualifying Quinn Emanuel from [C.A. No. 00-12234-EFH] due to the direct conflict that results from its concurrent representation of both Freedom and Nextel." Accompanying that Motion was an eighteen-page Memorandum (No. 1952-2) and three Declarations (Nos. 1953, 1954 and 1955) in support of Nextel's proposed Motion for Disqualification of Quinn Emanuel. Freedom Wireless filed its Opposition on November 8, 2005 (No. 1978). This Court denied Nextel's Motion to Intervene on November 9, 2005. Nextel appealed (No. 1982) this Court's order the next day, November 10, 2005, to the Federal Circuit.

On November 14, 2005, Nextel filed a separate Motion to Intervene for Limited Purpose in the Federal Circuit in connection with the appeal of C.A. No. 00-12234-EFH. One of the two "purposes" for which Nextel sought to intervene in the Federal Circuit was "to address a collateral matter, namely, the disqualification of" Quinn Emanuel. In addition to a separate twenty-page Motion, Nextel also filed with the Federal Court the Memorandum (No. 1952-2) and three Declarations (Nos. 1953, 1954 and 1955) that it had filed in C.A. No. 00-12234-EFH.

On December 16, 2005, only four days after Nextel filed the instant Motion for Leave, Nextel filed in the Federal Circuit a twenty-page Motion to Disqualify Quinn, Emanuel, Urquhart, Oliver, Hedges and a sixty-four page Special Appendix in Support of Motion to Disqualify.

In sum, Nextel has fully briefed the "conflict of interest and disqualification issue" three separate times over the last two months. It does not need any "additional time to prepare appropriate memoranda."

(2) Nextel asserts that the "disqualification issue is about to be raised before the Federal Circuit in [C.A. No. 00-12234-EFH], and is likely to be decided by the Federal Circuit in the month of January or February 2006 and the additional time would allow this Court to have the benefit of an appellate court ruling, thereby avoiding the possibility of conflicting orders in the two related actions …"

Nextel turns the appropriate sequence of events on its head. It also gets the policies of judicial comity and deference backwards.

First, this Court has already rejected Nextel's attempt to disqualify Quinn Emanuel in C.A. No. 00-12234-EFH. Perhaps the best way to reaffirm that order is to deny forthwith Nextel's Motion to Intervene that is now before this Court in the instant action. The Federal Circuit would "benefit" from knowing that the trial court before which C.A. No. 00-12234-EFH proceeded for over five years and before which it was tried to final judgment, and before which this case is pending, does not believe that Nextel should be allowed to intervene to attempt to disqualify (once again) Freedom Wireless's counsel of choice in another case in which Nextel is not even a party.

Second, Nextel does not indicate why it believes that the Federal Circuit "is likely" to rule on its Motion to Disqualify in "January or February 2006." Nextel does not state how it has any insight into how the Federal Circuit controls its docket. The Federal Circuit may just as "likely" consider the disqualification issue along with all the other issues raised on appeal on a regular appellate schedule. Under the current schedule, briefing in the Federal Circuit will conclude on April 24, 2006 and that Court has not set a date for oral argument on the appeal. Nextel did not ask for an expedited schedule, nor

4

has any party to the appeal. Nextel's Motion to Disqualify in the Federal Circuit may remain pending indefinitely.

Third, although Nextel now characterizes the eventual order issued by the Federal Circuit on the disqualification issue as "an appellate ruling" and suggests that this Court should wait to "avoid[] the possibility of conflicting orders"; the Federal Circuit's order will not be a binding precedent in this case and cannot "conflict" with this Court's ruling on the Motion to Disqualify in this case.

Nextel recognized this fact in the Motion to Disqualify that it filed in Federal Circuit: "This motion thus addresses the practice of attorneys before [the Federal Circuit], on appeal. Moreover, many of the issues raised by this Motion turn on issues unique to patent law, and its practice - matters upon which the patent bar looks to [the Federal Circuit] to provide direction and guidance." *Id.* at 2.

Nextel made clear to the Federal Circuit that its bases for disqualification of Quinn Emanuel in the Federal Circuit differed from its bases for disqualification in this case: "The conflict issue in [C.A. No. 05-11061-EFH and C.A. No. 05-11062-EFH] is, however, not before [the Federal Circuit]. The ethical issue before [the Federal Circuit] concerns the manifest conflict in Quinn Emanuel's participation in [the Federal Circuit] appeal." *Id.* at p.6 n.5. Nextel also emphasized that its Motion to Disqualify before the Federal Circuit "focuses on practice before *this* Court [*i.e.*, Federal Circuit]." *Id.* at 11. (emphasis added.)

No matter how the Federal Circuit rules on the disqualification issue, this Court will retain its discretion to authorize Quinn Emanuel attorneys to appear and practice in this case. *See* L.R. 83.5.3(b). This Court has already granted two attorneys in that firm

5

(Marshall M. Searey III and Erica P. Taggart) permission to appear *pro hac vice* in this case. It is also noteworthy that any order issued by this Court denying Nextel's Motion to Disqualify would be reviewed on appeal only for an abuse of discretion. *See Borges v. Our Lady Sea Corp.*, 935 F.2d 436, 439 (1st Cir. 1991).

So, contrary to Nextel's suggestion, it is more appropriate for this Court to rule on Nextel's pending Motion to Intervene now, before the Federal Circuit considers Nextel's Motion to Disqualify; and it is the Federal Circuit that should defer to this Court's rulings on the issue of Quinn Emanuel's disqualification in C.A. No. 00-12234-EFH and in this case.

(3) Finally, Nextel argues that "Freedom will not be prejudiced by this Motion [for Leave] because this action essentially has just begun so the attorneys from Quinn Emanuel have not yet invested significant amounts of time in this action on behalf of Freedom (indeed, several defendants have not yet filed their Answers, discovery has not started and a Motion to Stay the Proceedings is currently pending before this Court) and Freedom is already represented by another law firm Goodwin Procter in this action."

Nextel's assertion that Quinn Emanuel has not invested, and will not be required to invest, "significant amounts of time in this action on behalf of Freedom" is belied by recent events.

Defendant Boston Communications Group, Inc. ("BCGI") filed a Motion to Stay Proceedings Pending Resolution of the Federal Circuit Appeals on November 23, 2005 (No. 31). Quinn Emanuel filed an Opposition on behalf of Freedom Wireless on December 14, 2005 (No. 58). This Court denied BCGI's Motion to Stay on December 5,

6

2005. BCGI filed a Request for Reconsideration on December 20, 2005 (No. 68). The opposition to that Request is due by January 3, 2006.

Defendant South Canaan Cellular Communications Company LP filed a Motion to Dismiss or, In the Alternative, to Transfer Venue on December 19, 2005 (No. 64). The opposition to that Motion is also due by January 3, 2006.

Defendant Centennial Cellular Operating Co. and fourteen other defendant wireless carriers filed a Motion to Dismiss for Lack of Jurisdiction on December 19, 2005 (No. 61). The opposition is now due by January 10, 2006.

The continuing barrage of motions by defendants has required, and will require, Quinn Emanuel to invest a significant amount of time to this case.

It is also anticipated that this Court will convene a Rule 16 Scheduling Conference in the near future and Quinn Emanuel will devote a significant amount of time preparing for and participating in that Conference.

It is true that Goodwin Procter LLP is serving as local counsel in this action, but we are presently in no position to replace Quinn Emanuel. As this Court well knows, Quinn Emanuel has represented Freedom Wireless in protecting its rights in the patents-in-suits for over five years. We do not enjoy the same wealth of experience. In any event, and significantly, Quinn Emanuel is Freedom Wireless's choice as lead counsel in this case.

Freedom Wireless needs to have the disqualification issue cloud removed from over the head of Quinn Emanuel as soon as possible so that Freedom Wireless, with Quinn Emanuel's legal advice and stewardship, can prosecute this case in an orderly and timely fashion.

For all these reasons, the Motion for Leave should be denied. Freedom Wireless requests that the Court deny the Motion to Intervene based on the papers submitted to date.

Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys

  /s/John Kenneth Felter
Paul F. Ware, Jr. (BBO # 516240)
John Kenneth Felter (BBO # 162540
Douglas C. Doskocil (BBO # 558949)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Dated:  December 27, 2005