UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>                  Plaintiff,<br><br>            v.<br><br>BOSTON COMMUNICATIONS GROUP,<br>INC., ET AL.,<br><br>                  Defendants. | CIVIL ACTION No. 05-11062-EFH |

**OPPOSITION OF FREEDOM WIRELESS, INC. TO DEFENDANT BOSTON COMMUNICATIONS GROUP, INC.'S REQUEST FOR RECONSIDERATION OF THE DENIAL OF ITS MOTION FOR A STAY**

**INTRODUCTION**

Once again, defendant Boston Communications Group, Inc. ("BCGI") wants a "second bite at the apple." Less than a month ago, on December 15, 2005, this Court denied BCGI's Motion for a Stay of Proceedings Pending Resolution of the Federal Circuit Appeals ("Motion for Stay") (No. 31) in this case. BCGI is now back with Defendant Boston Communications Group, Inc.'s Request for Reconsideration of the Denial of its Motion for a Stay ("Motion for Reconsideration") (No. 68). For the many reasons stated herein, Freedom Wireless, Inc. ("Freedom Wireless") opposes the Motion for Reconsideration and asks this Court to summarily deny it.[1]

---

[1] BCGI has filed the same Motion for Reconsideration in *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.* (D. Mass) (Civil Action No. 05-11061-EFH) ("C.A. No. 05-11061-EFH"). Defendants in C.A. No. 05-11061-EFH are BCGI and Nextel Communications, Inc. ("Nextel"). Nextel is not a party in this case. Freedom Wireless has filed a separate Opposition to the Motion for Reconsideration in C.A. No. 05-11061-EFH.

The *sole* basis for BCGI's Motion for Reconsideration is the Federal Circuit's December 15, 2005 Order (Exhibit A) granting a stay of this Court's Order for Permanent Injunctive Relief Pursuant to 35 U.S.C. § 283 ("Injunction Order") (No. 1943) entered in *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, (D. Mass.) (Civil Action No. 00-12234-EFH) ("C.A. No. 00-12234-EFH"); but the Federal Circuit's ruling in that case should not in any way delay the proceedings in this case. To the contrary, to satisfy one of the factors for a stay of the Injunction Order from the Federal Circuit ("whether the issuance of a stay will substantially injure the other parties interested in the proceeding"; *see Hilton v. Braunskill*, 481 U.S. 770, 776 (1986)), BCGI repeatedly emphasized the pendency of this case as the reason why the continuing infringing activities of BCGI and the defendant wireless carriers would not go unpunished. BCGI pointed out that, if the Federal Circuit stayed the Injunction Order, Freedom Wireless could still vindicate its patent rights against BCGI and the defendant wireless carriers in this case. Having prevailed based upon that argument, BCGI is judicially estopped from taking an inconsistent position in this case. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position."). BCGI can not eat its cake (stay the Injunction Order so that the infringing activities of BCGI and the defendant wireless carriers can continue) and have it too (stay this case so Freedom Wireless cannot seek to enjoin those illegal activities in this case).

It is noteworthy that, although BCGI pays lip service to the standard governing requests for reconsideration, it makes no attempt to demonstrate that it satisfies that standard. And for good reason – it cannot do so. Rather, BCGI "supports" its Motion for Reconsideration only by mischaracterizing the Federal Circuit Order and denigrating the enormous amount of time and

effort that the jury, this Court and the parties devoted to C.A. No. 00-12234-EFH in reaching the jury verdict on the issues of validity, infringement and damages (Nos. 1786, 1787, 1788, 1789), this Court's Findings of Fact and Conclusions of Law (No. 1870) concluding that defendants had not proven that the patents-in-suit were obtained by inequitable conduct, and entering Judgment (No. 1871). Nothing of substance has occurred since this Court denied the Motion for Stay and there is no reason to reconsider the original ruling.[2]

It is equally noteworthy that, even if BCGI could prove that it is entitled to reconsideration, BCGI has made absolutely no effort to show that it satisfies the rule governing stays. Again, for good reason – it cannot do so.

Having utterly failed in its two and one-half page Motion for Reconsideration to either comply with the governing standard for reconsideration or the rule governing stays, BCGI's Motion should be denied forthwith.

**ARGUMENT**

**I.    BCGI Has Not Satisfied the Standard for Reconsideration.**

BCGI has made no real effort to prove that it satisfies the governing standard for reconsideration of this Court's denial of its Motion for Stay. Courts are justifiably "loathe [to reconsider their interlocutory orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

---

[2] This Court's Order denying the Motion for Stay was well-founded for the reasons set forth in Plaintiff Freedom Wireless, Inc.'s Opposition to Defendant Boston Communications Group, Inc.'s Motion for a Stay of this Action Pending Resolution of the Federal Circuit Appeals (No. 58). For the sake of brevity, Freedom Wireless will not repeat all those reasons in this Opposition and incorporates them herein by reference.

Whether to grant or deny a motion for a stay is directed to the district court's broad discretion. *See, e.g., Landis v. North American Corp.*, 299 U.S. 248, 255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket…. How this can best be done calls for the exercise of judgment..."); *C.F.T.C. v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1483-87 (10th Cir. 1983) (reversing stay order as abuse of discretion); *Amersham Int'l v. Corning Glass Works,* 108 F.R.D. 71, 71-72 (D. Mass. 1985) (citing *Landis* for the proposition that a court has the power to control its docket).  BCGI does not suggest that this Court's denial of its Motion for Stay was an abuse of discretion, or "clearly erroneous and would work a manifest injustice."  For this reason alone, the Motion for Reconsideration should be denied.

The law here is clear.  A court should grant a motion for reconsideration "*only* when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order."  *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (emphasis added).[3]  These exceptions are "narrowly configured and seldom invoked."  *U.S. v. Connell*, 6 F.3d 27, 31 (1993).  The court in *Williams v. City of Pittsburgh*, 32 F. Supp. 2d. 236, 238 (E.D. Pa. 1998), explained the reasons why motions for reconsideration are so strongly disfavored:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons.  First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited.  Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions.  Third, broad interpretation of motions for reconsideration is not supported by controlling precedent.  And last but not least, reconsideration . . . hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

---

[3] BCGI acknowledges the governing standard.  Motion for Reconsideration at 2.

All these reasons obtain here. Less than a month ago, this Court denied the Motion for Stay. There is no reason to convert that ruling into an "advisory opinion." If BCGI disagrees with the Court's Order, it should follow applicable Federal Rules of Civil Procedure to pursue interlocutory review, if it is available; not seek a "second bite at the apple" from this Court. As indicated, there are only extremely rare and well-defined situations where reconsideration is appropriate. None pertains to BCGI's instant Motion. Finally, BCGI's request to stay these proceedings runs counter to its arguments in the Federal Circuit where it successfully obtained a stay of the Injunction Order in C.A. No. 00-12234-EFH. Consistent with BCGI's position in the Federal Circuit, *see New Hampshire*, 532 U.S. at 749, this case should now proceed on a normal schedule.

Significantly, BCGI does not, and cannot, argue "an intervening change in the law;" or "the discovery of new evidence not previously available"; or "a clear error of law in the first order." It makes no effort to satisfy any part of the governing standard. BCGI's Motion for Reconsideration rests *solely* on the Federal Circuit Order, without suggesting how that Order renders this Court's Order denying the Motion for Stay "clearly erroneous" and "manifestly unjust."

To underscore the weaknesses of the Motion for Reconsideration, BCGI resorts to mischaracterizing the Federal Circuit Order. The Federal Circuit has not, as stated by BCGI, "now openly questioned the very premise of Freedom's infringement claims against BCGI and the carrier defendants" and the Federal Circuit did not express "clear skepticism of Freedom's theory of liability." Motion for Reconsideration at 2, 3. The Federal Circuit simply applied the four-factor test regulating a stay of an injunction pending appeal followed by the Supreme Court in *Hilton*, 481 U.S. at 776. On their faces, the four-factor test regulating a stay of an injunction

5

pending an appeal and the standard governing a motion to stay trial court proceedings are totally different.  *Compare Hilton*, 481 U.S. at 776, *with Landis*, 299 U.S. at 255.  *See* discussion *infra* at 6-7.  Thus, the fact that the Federal Circuit stayed the Injunction Order adds nothing to BCGI's Motion for Reconsideration.

In applying the *Hilton* test, the Federal Circuit pointed out that, to prevail, a party moving for a stay of an injunction pending appeal must establish, among other things, "a strong likelihood of success on the merits *or, failing that, must show that it has a substantial case on the merits.*"  Order at 5-6 (citing *Hilton*, 481 U.S. at 778) (emphasis added).  The Federal Circuit did *not* find that BCGI had established "a strong likelihood of success on the merits" but instead ("failing that") only concluded that BCGI had demonstrated "a substantial question exists regarding the theory of joint infringement."  Order at 6, 7.  Believing that the joint infringement issue should not be decided on papers filed in connection with an emergency motion for a stay of an injunction pending appeal, the Federal Circuit motions panel opined that "joint infringement is an issue that will benefit from full briefing by the parties in this appeal" and the "motions panel thus decline[d] to delve into the issue in any depth."  *Id*. at 6.

BCGI also casts aspersions on the jury verdict, this Court's Orders and the Judgment in C.A. No. 00-12234-EFH, sarcastically referring to "Freedom's quixotic assessment of its chances on appeal."  Motion for Reconsideration at 2.  But, as demonstrated *infra* at 8-10, there is a strong likelihood that the Federal Circuit will affirm the Judgment and Orders entered in C.A. No. 00-12234-EFH.

**II.     BCGI Has Not Satisfied the Governing Rule to Obtain a Stay.**

Even if this Court reconsiders the Motion for Stay, it should be denied again.  The Supreme Court articulated the rule that governs motions for stay in *Landis*:

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

299 U.S. at 255.  This rule has been routinely followed.  *See, e.g., C.F.T.C.,* 713 F.2d at 1483-87 (reversing stay order as abuse of discretion); *Dellinger v. Mitchell*, 442 F.2d 782, 786-88 (D.C. Cir. 1971) (stay order invalid); *Amersham*, 108 F.R.D. at 71-72 ("[T]o be entitled to a stay, a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party.") (quotations and citations omitted).

### A.     BCGI Will Suffer No Hardship Or Inequity If This Case Proceeds On A Normal Schedule.

Certainly, BCGI has failed to "make out a clear case of hardship or inequity in being required to go forward." In fact, BCGI has made out no case of hardship. The only potential "hardship" BCGI alludes to is the expense of "jurisdictional motions and discovery," Motion for Reconsideration at 3; but that "hardship" is inherent in every litigation and certainly does not justify a stay. *See Dow Chemical Co. v. Composite Container Corp.*, 223 U.S.P.Q. 685, 686. (D. Mass. 1984) (not reported in F.Supp.). BCGI does not even suggest that it will suffer any inequity if the case proceeds.

BCGI also intimates that judicial economy is a reason to grant a stay in this case. Motion for Reconsideration at 3 ("Court should [not] be forced to expend valuable resources" and "risks a waste of time and resources of all concerned"). However, judicial economy "should rarely, if ever, lead to such broad curtailment of the access to the courts." *C.F.T.C.*, 713 F.2d at 1485.[4]

---

[4]   If judicial economy were a factor, it would weigh heavily against a stay in this case. This case is now assigned to this Court because it is obviously related to C.A. No. 00-12234-EFH. This Court has construed the claims of the patents-in-suit and is intimately familiar with the central facts and law that will determine this case, having presided over a fifty-one day jury trial and having conducted an eleven-day bench trial based on infringement of those patents. If this case is stayed until the Federal Circuit resolves the appeals in C.A. No. 00-12234-EFH, twelve, eighteen, twenty-four months from now, this case may be re-assigned to another

BCGI's judicial economy argument is premised solely on the *possibility* that the Federal Circuit *may* "reject [ ], or substantially limit [ ]" the joint infringement theory of liability, Motion for Reconsideration at 3, or the jury's joint infringement findings; both of which were upheld by this Court. BCGI's premise is baseless.

The joint infringement theory of liability is fully supported by patent law. Section 271 of the 1952 Patent Act (35 U.S.C. § 271) codified prior case law,[5] which recognized joint infringement. BCGI does not dispute this historical fact. In enacting the Patent Act, Congress selected language in Section 271 which maintains joint infringement. Subsection (a) states that "whoever . . . makes, uses, [etc.] any patented invention . . ., infringes the patent." The term "whoever" plainly covers joint activity, as the same term identifies, in 35 U.S.C. § 101, who may obtain a patent on an invention. Joint patenting and joint inventorship are plainly allowed. The same term in the same statute should be construed in the same way. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 568 (1995) (term should receive consistent meaning throughout statute if possible); *U.S. v. Thompson/Center Arms Co.*, 504 U.S. 505, 512 (1992) (same).

The Patent Act and case law also fully support the jury instruction here on joint infringement, which required the defendants to have "worked together" *via* "participation and combined action" to infringe. Many courts, moreover, have concluded that, "[w]hen infringement results from the participation and combined action of several parties, they are all joint infringers and jointly liable for patent infringement." *Shields v. Halliburton Co.*, 493 F. Supp. 1376, 1389 (W.D. La. 1980); *McDermott v. Omid Int'l*, 723 F. Supp. 1228, 1236 (S.D. Ohio 1988), *aff'd*, 883 F.2d 1026 (Fed. Cir. 1989) (similar); *Marley Mouldings, Ltd. v. Micron Indus.*, 2003 WL 1989640,

---

district court judge who will be required to start anew. It would be a far more efficient use of judicial resources to allow this case to proceed normally under the management and direction of the judge currently assigned to it, who lived with C.A. No. 00-12234-EFH for over five years.

[5] *See* HR Rep. No. 1923, 82 Cong., 2d Sess. 9, 28 (1952); Sen. Rep. No. 1979, 82d Cong., 2d Sess. 8, 28 (1952).

8

at *2-3 (N.D. Ill. Apr. 30, 2003) ("[S]everal district courts have found that a party directly infringes a method or process patent where the various steps in the patent are performed by distinct entities . . . . These cases are persuasive."); *Union Pacific Resources v. Chesapeake Energy Corp.,* 1998 U.S. Dist. LEXIS 14684 (N.D. Tex. May 20, 1998) ("[T]he court is not convinced that Chesapeake cannot be liable for direct infringement" under a joint infringement theory).

Infringement is a question of fact for the jury. *See, e.g., Teleflex, Inc. v. Ficosa NA Corp.*, 299 F.3d 1313, 1323 (Fed. Cir. 2002); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 1993 WL 217173, *3 (Fed. Cir. 1993) (unpublished) ("[I]t is not our function as an appellate court to substitute our judgment for that of the jury and determine for ourselves whether we would have concluded that the product infringes the claims, but rather whether there is sufficient evidence to support a jury verdict on the issue."); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.,* 758 F.2d 613, 626 (Fed. Cir. 1985) (infringement question of fact for jury). There is little chance that the Federal Circuit will disturb the jury's verdict on infringement.

The jury found that BCGI and defendant prepaid wireless carriers in C.A. No. 00-12234-EFH have jointly infringed thirty-two claims of the patents. The verdict will stand if only one of the jury's findings on validity, infringement and damages are upheld. *E.g., Collegenet, Inc. v. ApplyYourself, Inc.,* 418 F.3d 1225, 1236 (Fed. Cir. 2005) ("[I]nfringement of even a single claim entitles a patentee to damages. Therefore, even if the district court had concluded that the infringement verdicts on [certain] claims were against the clear weight of the evidence, the damages awarded on the . . . patent would still stand."); *Pall Corp. v. Micron Separations, Inc.,* 66 F.3d 1211, 1220 (Fed. Cir. 1995) ("A patent is infringed if any claim is infringed, . . ., for each claim is a separate statement of patented invention.") (citations omitted).

The odds that the Federal Circuit will vacate the jury verdicts on infringement are very

9

low indeed. To paraphrase Judge Keeton in *Dow Chemical*:

> [BCGI] can give the court no assurances or even convincing arguments that a stay will achieve the ends of judicial economy which would be its justification. This proceeding will be affected only if [Freedom Wireless] loses in [the Federal Circuit]. It has already been successful . . . [with the jury and this Court]. At this point, the chance that [Freedom Wireless] will lose in [the Federal Circuit] is merely speculation . . . .

223 U.S.P.Q. at 686.

Magistrate Judge Alexander held similarly in *Amersham*. Defendant sought to stay plaintiff's patent infringement suit pending final disposition of an interference proceeding brought by defendant in the Patent and Trademark Office ("PTO"). Defendant contended that the "interference proceeding encompass[ed] the heart of the infringement claim" and might lead to the invalidation of the patent and render the suit moot. 108 F.R.D. at 72. Defendant asserted that "it would be duplicitous, expensive, and an unnecessary waste of judicial resources to continue" the litigation while the PTO proceedings were pending. *Id*. The Court rejected defendant's arguments, finding that "[d]espite these considerations, defendant has failed to overcome the heavy burden required to sustain a stay motion." *Id*. (footnote omitted).

In sum, BCGI will suffer no cognizable hardship or inequity if this case proceeds on a normal schedule.

> **B.     Freedom Wireless Will Be Irreparably Harmed If This Case Is Stayed.**

As this Court observed in *King Instrument Corp. v. Perego*, 737 F.Supp. 1227, 1241 (D. Mass. 1990):

> Any infringement tends to dampen the fires of creativity so necessary to the vitality of society, economic and otherwise. The law is the protector of the inventor's delicate genius and nourishes its growth and development.

In C.A. No. 00-12234-EFH, the jury returned a special verdict finding that Freedom Wireless's patents-in-suit are valid and that BCGI and defendant prepaid wireless carriers have

10

jointly infringed thirty-two claims of the patents. Indeed, the jury found that BCGI willfully infringed the patents. *See* Verdict-I, Verdict-II, Verdict-III, Verdict-IV (Nos. 1786 at 7, 1787 at 7, 1788 at 7, 1789 at 7). The infringement verdicts, as a matter of law, establish irreparable harm to Freedom Wireless caused by those defendants. "In matters involving patent rights, irreparable harm has been presumed when a clear showing has been made of patent validity and infringement." *Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1247 (Fed. Cir. 1989) (citation omitted). *See also Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 106 F. Supp. 2d 696, 701 (D.N.J. 2000) ("Without a doubt, a 'clear showing' of validity and infringement is satisfied where those issues have been tried and the fact-finder has determined that the patent in question was infringed and is not invalid.").

Although the defendant wireless carriers in this case were not parties in C.A. No. 00-12234-EFH, it is clear that they are engaging in the same infringing activities with BCGI as are the prepaid wireless carriers in the tried case. BCGI has no doubt that the Injunction Order in C.A. No. 00-12234-EFH affects the defendant wireless carriers in this case. *See, e.g.*, Defendant Boston Communications' Opposition to Plaintiff's Motion for Injunctive Relief (No. 1920) at 5 ("injunction would cover the activities of the very same non-defendant carrier customers").

Consequently, there can be little doubt that BCGI and the defendant wireless carriers are infringing Freedom Wireless's patents and that Freedom Wireless is being irreparably damaged by BCGI's and their infringing activities. Now that the Injunction Order in C.A. No. 00-12234-EFH has been stayed, a stay of these proceedings would enable that irreparable harm to continue unabated for a protracted period of time. This case provides the only opportunity Freedom Wireless now has to enjoin the infringing activities by BCGI and the defendant wireless carriers.

Freedom Wireless would suffer additional damages if a stay is granted in this case. Freedom Wireless has entered into patent licenses with Verizon Wireless, Convergys Corporation and Telcordia Technologies, Inc. These three companies compete with BCGI (in the case of Verizon Wireless, customers of BCGI) in the prepaid wireless services market. If this case is stayed, BCGI would continue to infringe the patents using Freedom Wireless's technology to compete royalty-free against Freedom Wireless's licensees. The authorized licensees would remain at a competitive disadvantage to BCGI and its customers simply because they paid to obtain valid licenses rather than infringe the patents cost-free. Thus, Freedom Wireless would continue to be unable to license its patents for fair market value because of the unfair competition from BCGI's continuing infringing activities.

A stay of this case would also encourage potential licensees to infringe Freedom Wireless's patents because Freedom Wireless would be perceived as being unable to enforce its patent rights. *See, e.g., Boehringer Ingelheim Vetmedica*, 106 F. Supp. 2d at 703 ("[I]f an injunction does not issue at this time, Boehringer's reputation will be injured as it will be perceived as a company which is unable to enforce the exclusivity of its patent rights despite having proven liability and validity. . . . [O]ther would-be infringers will no doubt be invited to infringe . . .").

Grant of a stay would harm Freedom Wireless in yet another way. If BCGI's dire predictions of imminent financial doom are to be believed, BCGI may succeed in never having to pay Freedom Wireless the damages caused by its infringing activities with the defendant wireless carriers.

At least as early as August 17, 2005, BCGI proclaimed that the $128 Million jury damages award in C.A. No. 00-12234 would "put [BCGI] out of business." Defendants'

Memorandum in Support of Their Motion for Remittitur or, in the Alternative, Motion for A New Trial with Respect to Damages (No. 1861) at 2. After this Court denied that Motion, BCGI reiterated in its Memorandum in Support of Defendants' Motion for Reconsideration and for Oral Argument (No. 1873) at 1, that the success of the Motion for Reconsideration was "critical to the survival" of BCGI. BCGI continued this theme in its Opposition to Plaintiff's Motion for Injunctive Relief (No. 1920) at 8 (harm injunction would cause is "severe, and may be irreparable"), 9 & n.6 (BCGI "*cannot survive as a going concern* if a broad injunction is issued, and would be forced to file for bankruptcy") (emphasis original).

In the Federal Circuit, BCGI has repeatedly threatened that, if the Injunction Order was not limited or stayed, BCGI would file bankruptcy before the Federal Circuit decided the appeals. Emergency Motion of Boston Communications Group, Inc. to Construe or Stay the District Court's Injunction ("Emergency Motion") (Exhibit B) at 4, 17-19; *see also id*. at 17-18 (BCGI is "in an extremely tenuous financial position"); 18 ("BCGI *cannot survive as a going concern*") (emphasis original); 19 (BCGI's "economic situation is perilous"). On November 28, 2005, in the Federal Circuit, BCGI repeated that, without relief, BCGI would not survive the appeals and that, because the defendant prepaid wireless carriers in this case are finding alternative suppliers, "BCGI's continued existence may be seriously jeopardized." Reply Brief in Support of Emergency Motion to Construe or Stay the District Court's Injunction ("Reply Brief") (Exhibit C) at 1, 10; Letter to Honorable Jan Horbaly, Clerk of Court, U.S. Court of Appeals for the Federal Circuit (Exhibit D).

Thus, by its own admissions, if the Federal Circuit had not stayed the Injunction Order, BCGI would be insolvent and would declare bankruptcy while, if BCGI has its way, this case would be stayed. The result would be a classic case of "justice delayed is justice denied."

Viewed in the light of BCGI's repeated forecasts of imminent financial doom, the instant Motion for Reconsideration is, in reality, a request that this Court delay these proceedings until BCGI becomes judgment-proof and can avoid paying damages to Freedom Wireless for its infringing activities with the defendant wireless carriers.

Freedom Wireless would also be harmed by the sheer delay in waiting for the Federal Circuit to decide the appeals. As BCGI argued to this Court: "It is likely, given the complexity of the appeal issues, the presence of multiple defendants, and the copendency of Freedom's appeal, that the appeal herein easily could take 18 months or longer to resolve." Emergency Motion to Clarify or Stay Permanent Injunction Pending Appeal (No. 1961) at 19. The Federal Circuit recently issued its decision in one patent infringement case, *Invitrogen Corp., Inc. v. Clontech Labs, Inc*., 429 F.3d 1052 (Fed. Cir. 2005), that was docketed twenty-five months earlier on October 23, 2003. Suffice it to say, if BCGI is granted the stay it requests, Freedom Wireless would be forced to wait years to vindicate its patent rights. Freedom Wireless "is in the clear danger of being damaged by untoward delay." *Amersham* 108 F.R.D. at 72.

Here, there is much more than "a fair possibility that the stay for which [BCGI] prays will work damage to" Freedom Wireless. It will cause continuing irreparable harm, as well as damages caused by unfair competition, perceived inability to enforce its patent rights, the risk that BCGI will become judgment-proof, and protracted delay.

## III.  BCGI Sings A Different Tune Depending On Its Audience.

To this Court, BCGI argues (again) that this case should be stayed pending the outcome of the Federal Circuit appeals in C.A. No. 00-12234-EFH. However, to the Federal Circuit, BCGI argued that the Injunction Order in C.A. No. 00-12234-EFH should be stayed, if it prohibits the infringing activities of BCGI and the defendant wireless carriers, because this case

14

is proceeding against BCGI and those wireless carriers. BCGI sings a different tune depending on its audience.

In its Emergency Motion filed in the Federal Circuit, BCGI argued that the scope of the Injunction Order should be limited to prohibit the combined infringing activities of only BCGI and the four defendant prepaid wireless carries in C.A. No. 00-12234-EFH, and should not reach Nextel and the defendant wireless carriers in this case.

> [W]hether the patents are jointly infringed by BCGI and other, *non-defendant* carriers – whose activities are now at issue in *other* cases that Freedom filed – is beyond the scope of this case [C.A. No. 00-12234-EFH]. *Id*. at 2 (emphasis original).

BCGI repeatedly emphasized the pendency of this case throughout its Emergency Motion as a reason to limit or stay the Injunction Order.

> [T]he non-defendant carriers' conduct was not part of this case [C.A. No. 00-12234-EFH] and . . . Freedom would have to *file separate actions* to "pursue claims arising from conduct involving non-defendant carriers" . . . , *which Freedom has now done . . . Id*. at 11 (attaching as exhibits Complaints in this case and C.A. No. 05-11061-EFH) (exhibit citations omitted) (emphasis added).

> Freedom insists the injunction against BCGI's use of its service bureau for non-defendant carriers . . . cover[s] the activities of non-parties, *including those that are currently the subject of separate, pending litigations* where the issues of infringement, validity, and enforceability are contested. *Id*. at 12 (emphasis added).

> In this context, therefore, *separate lawsuits (which are now underway)* are required to determine whether the joint conduct of other carriers and BCGI infringes, and that conduct cannot be enjoined. *Id*. at 13 (emphasis added).

> Freedom has in fact filed *separate lawsuits* against other carriers, including [would be] intervenor *Nextel*, which deals with this issue [enjoining joint conduct of BCGI and non-defendant prepaid wireless carriers] in more detail in its brief. *Id*. at 13 n.3 (emphasis added).

BCGI's Reply Brief at 2-3 (record citations and footnote omitted) (emphasis added) relied even more heavily on the pendency of this case in an effort to convince the Federal Circuit to carve the defendant wireless carriers in this case out of the Injunction Order :

> [Freedom] treats as a foregone conclusion that the combined activities of BCGI and Nextel jointly infringe its patents . . . *BCGI's and Nextel's activities*, however, *are the subject of a separate litigation* – as are BCGI's and Alltel's activities. *Accordingly, the district court's injunction should not be construed so that it would effectively short-circuit the judicial process in those cases*.

Freedom Wireless is not attempting to "short-circuit the judicial process"; it wants this case to proceed in due course. It is BCGI that is attempting to turn the judicial process "off" by staying this case after obtaining a stay of the Injunction Order from the Federal Circuit. BCGI's inconsistent arguments before this Court and the Federal Circuit expose their weaknesses. Either BCGI can benefit from the stay of the Injunction Order in the Federal Circuit or withdraw its Motion for Reconsideration in this case. It can't have it both ways.

BCGI's Motion for Stay was filed in this Court on November 23, 2005. Before and after that date, BCGI made several filings in the Federal Circuit. Even if BCGI decided to advance mutually inconsistent arguments regarding the scope of the Injunction Order and the desire for this case to proceed on a normal schedule, a modicum of candor should have convinced BCGI to inform this Court and the Federal Circuit what relief it was seeking from the other tribunal. This would have enabled both Courts to make fully informed decisions on BCGI's pending motions.

## CONCLUSION

The Motion for Reconsideration should be denied. This case should proceed on a normal schedule.

Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys

   /s/John Kenneth Felter
Paul F. Ware, Jr. (BBO # 516240)
John Kenneth Felter (BBO # 162540
Douglas C. Doskocil (BBO # 558949)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Dated:  January 3, 2006

LIBA/1663841.1