UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC., ALLTEL CORP., et al., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 05-11062-EFH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF AND COUNTER-DEFENDANT FREEDOM WIRELESS, INC.'S REPLY TO BOSTON COMMUNICATIONS GROUP, INC.'S ANSWER AND COUNTER CLAIMS TO THE SECOND AMENDED COMPLAINT**

Plaintiff and Counterdefendant Freedom Wireless, Inc. ("Freedom") reply to "Answer and Counterclaims of Defendant Boston Communications Group, Inc. to the Second Amended Complaint" ("the Counterclaim"), as follows:

1. Answering Paragraph No. 1 of the Counterclaim, Freedom Wireless admits that Boston Communications Group, Inc. ("BCGI")'s action seeks a declaratory judgment.

2. Answering Paragraph No. 2 of the Counterclaim, Freedom Wireless admits that the Counterclaim recites causes of action arising under the patent laws of the United States, and that a justiciable case of actual controversy exists. Freedom Wireless

denies that BCGI's action has any merit, denies that United States Patent No. 5,722,067 (the "'067 Patent") and United States Patent No. 6,157,823 (the "'823 Patent") are invalid, unenforceable or not infringed, and denies the remaining allegations of Paragraph No. 2.

3. Freedom Wireless admits the allegations of Paragraph No. 3 of the Counterclaim.

4. Freedom Wireless admits the allegations of Paragraph No. 4 of the Counterclaim.

5. Answering Paragraph No. 5 of the Counterclaim, Freedom Wireless admits that the Counterclaim recites causes of action arising under the patent laws of the United States, admits that the action seeks a declaratory judgment, and admits that this Court has subject matter jurisdiction. Freedom Wireless denies the remaining allegations of Paragraph No. 5.

6. Freedom Wireless admits the allegations of Paragraph No. 6 of the Counterclaim.

7. Freedom Wireless admits the allegations of Paragraph No. 7 of the Counterclaim.

8. Freedom Wireless admits the allegations of Paragraph No. 8 of the Counterclaim.

9. Answering Paragraph No. 9 of the Counterclaim, Freedom Wireless denies that Mr. Harned's first name is Daniel. Freedom Wireless admits the remaining allegations of Paragraph No. 9.

10. Freedom Wireless admits the allegations of Paragraph No. 10 of the Counterclaim.

11. Freedom Wireless admits the allegations of Paragraph No. 11 of the Counterclaim.

12. Answering Paragraph No. 12 of the Counterclaim, Freedom Wireless realleges and incorporates herein by reference each and every response contained in Paragraphs 1 through 11 above, as set forth at length.

13. Answering Paragraph No. 13 of the Counterclaim, Freedom Wireless admits that there is an actual controversy regarding BCGI's infringement of the '067 Patent as set forth in its second amended complaint for patent infringement and denies the remaining allegations of Paragraph No. 13.

14. Freedom Wireless denies the allegations of Paragraph No. 14 of the Counterclaim.

15. Freedom Wireless denies the allegations of Paragraph No. 15 of the Counterclaim.

16. Answering Paragraph No. 16 of the Counterclaim, Freedom Wireless realleges and incorporates herein by reference each and every response contained in Paragraphs 1 through 15 above, as though set forth at length.

17. Answering Paragraph No. 17 of the Counterclaim, Freedom Wireless admits that there is an actual controversy regarding BCGI's infringement of the '067

Patent as set forth in its second amended complaint for patent infringement and denies the remaining allegations of Paragraph No. 17.

18. Freedom Wireless denies the allegations of Paragraph No. 18 of the Counterclaim.

19. Freedom Wireless denies the allegations of Paragraph No. 19 of the Counterclaim.

20. Answering Paragraph No. 20 of the Counterclaim, Freedom Wireless realleges and incorporates herein by reference each and every response contained in Paragraphs 1 through 19 above, as though set forth at length.

21. Answering Paragraph No. 21 of the Counterclaim, Freedom Wireless admits that there is an actual controversy regarding BCGI's infringement of the '067 Patent as set forth in its second amended complaint for patent infringement and denies the remaining allegations of Paragraph No. 21.

22. Freedom Wireless denies the allegations of Paragraph No. 22 of the Counterclaim.

23. Freedom Wireless denies the allegations of Paragraph No. 23 of the Counterclaim.

24. Answering Paragraph No. 24 of the Counterclaim, Freedom Wireless realleges and incorporates herein by reference each and every response contained in Paragraphs 1 through 23 above, as though set forth at length.

25. Answering Paragraph No. 25 of the Counterclaim, Freedom Wireless admits that there is an actual controversy regarding BCGI's infringement of the '823 Patent as set forth in its second amended complaint for patent infringement and denies the remaining allegations of Paragraph No. 25.

26. Freedom Wireless denies the allegations of Paragraph No. 26 of the Counterclaim.

27. Freedom Wireless denies the allegations of Paragraph No. 27 of the Counterclaim.

28. [There is no paragraph 28 in the Counterclaim.]

29. Answering Paragraph No. 29 of the Counterclaim, Freedom Wireless realleges and incorporates herein by reference each and every response contained in Paragraphs 1 through 27 above, as though set forth at length.

30. Answering Paragraph No. 30 of the Counterclaim, Freedom Wireless admits that there is an actual controversy regarding BCGI's infringement of the '823 Patent as set forth in its second amended complaint for patent infringement and denies the remaining allegations of Paragraph No. 30.

31. Freedom Wireless denies the allegations of Paragraph No. 31 of the Counterclaim.

32. Freedom Wireless denies the allegations of Paragraph No. 32 of the Counterclaim.

33. Answering Paragraph No. 33 of the Counterclaim, Freedom Wireless realleges and incorporates herein by reference each and every response contained in Paragraphs 1 through 32 above, as though set forth at length.

34. Answering Paragraph No. 34 of the Counterclaim, Freedom Wireless admits that there is an actual controversy regarding BCGI's infringement of the '823 Patent as set forth in its second amended complaint for patent infringement and denies the remaining allegations of Paragraph No. 34.

35. Freedom Wireless denies the allegations of Paragraph No. 35 of the Counterclaim.

36. Freedom Wireless denies the allegations of Paragraph No. 36 of the Counterclaim.

Freedom denies that BCGI is entitled to any of the relief set forth in the Counterclaim's "Prayer for Relief."

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Each of BCGI's claims for relief fails to state a claim against Freedom Wireless upon which any relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Infringement of '067 Patent)

2.      BCGI willfully and knowingly has infringed and is infringing, has contributorily infringed and is contributorily infringing, and has actively induced and is actively inducing infringement of the '067 Patent.

## THIRD AFFIRMATIVE DEFENSE

(Validity of '067 Patent)

3.      The '067 Patent is valid.

## FOURTH AFFIRMATIVE DEFENSE

(Enforceability of '067 Patent)

4.      The '067 Patent is enforceable.

## FIFTH AFFIRMATIVE DEFENSE

(Infringement of '823 Patent)

5.      BCGI willfully and knowingly has infringed and is infringing, has contributorily infringed and is contributorily infringing, and has actively induced and is actively inducing infringement of the '823 Patent.

## SIXTH AFFIRMATIVE DEFENSE

(Validity of '823 Patent)

6.     The '823 Patent is valid.

## SEVENTH AFFIRMATIVE DEFENSE

(Enforceability of '823 Patent)

7.     The '823 Patent is enforceable.

## EIGHTH AFFIRMATIVE DEFENSE

(Actions were Authorized by Statute)

8.     The counterclaims and requested relief are barred for the reason that Freedom Wireless' actions were authorized by the Patent Act and related regulations.

## NINTH AFFIRMATIVE DEFENSE

(Privilege)

9.     The counterclaims and requested relief are barred for the reason that Freedom Wireless' actions were a good faith exercise of Freedom Wireless' rights.

## TENTH AFFIRMATIVE DEFENSE

(Spoliation)

10.    BCGI's claims are barred by reason of its concealment and destruction of evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

(*Res Judicata* and Collateral Estoppel)

11. BCGI's claims are barred by the doctrines of *res judicata* and collateral estoppel.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff and counterdefendant Freedom Wireless prays for judgment in its favor and against defendant and counterclaimant BCGI as follows:

    A.    That the Counterclaim be dismissed with prejudice;

    B.    That the Court find U.S. Patent No. 5,722,067 valid and enforceable;

    C.    That the Court find U.S. Patent No. 6,157,823 valid and enforceable;

    D.    That the Court find defendant BCGI has infringed and is infringing, directly, contributorily, and by inducement, U.S. Patent No. 5,722,067 and that such infringement was and is willful;

    E.    That the Court find defendant BCGI has infringed and is infringing, directly, contributorily, and by inducement, U.S. Patent No. 6,157,823 and that such infringement was and is willful;

F.  That defendant BCGI and its officers, agents, representatives, servants, employees, attorneys and all persons in active concert or participation with them, be preliminarily and permanently enjoined from continued infringement of U.S. Patent No. 5,722,067;

G.  That defendant BCGI and its officers, agents, representatives, servants, employees, attorneys and all persons in active concert or participation with them, be preliminarily and permanently enjoined from continued infringement of U.S. Patent No. 6,157,823;

H.  That defendant BCGI be ordered to pay Freedom Wireless treble its damages caused by defendant BCGI's infringement of U.S. Patent No. 5,722,067, together with interest thereon;

I.  That defendant BCGI be ordered to pay Freedom Wireless treble its damages caused by defendant BCGI's infringement of U.S. Patent No. 6,157,823, together with interest thereon;

J.  That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Freedom Wireless be awarded its reasonable attorneys' fees and costs.

K.  That Freedom Wireless have such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  January 9, 2006 | Respectfully submitted,<br><br>FREEDOM WIRELESS, INC.<br>By their attorneys<br><br>/s/ Douglas C. Doskocil<br>_____<br>Paul F. Ware, Jr., P.C. (BBO #516240)<br>Douglas C. Doskocil (BBO #558949)<br>Goodwin Procter, LLP<br>Exchange Place<br>Boston, MA  02109-2881<br>Tel:  (617) 570-1000<br>Fax:  (617) 523-1231<br><br>Marshall M. Searcy III<br>Erica P. Taggart<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA  90017<br>Tel:  (213) 443-3000<br>Fax:  (213) 443-3100<br>(pro hac vice)<br><br>Attorneys for plaintiff Freedom Wireless, Inc. |

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 9, 2006.

/s/ Douglas C. Doskocil
_____
Douglas C. Doskocil

Attorney for plaintiff Freedom Wireless, Inc.