# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREEDOM WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC., *et al.*, <br><br> Defendants. | Civil Action No. 05-11062-EFH |

## CORRECTED REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS REGIONAL CARRIERS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Dean G. Bostock, Esq.
Patrick J. Sharkey, Esq.
One Financial Center
Boston, Massachusetts 02111

Telephone: (617) 542-6000

KEKER & VAN NEST, LLP
Michael H. Page
Leo L. Lam
Matthias A. Kamber
Andrew N. Shen
710 Sansome Street
San Francisco, CA 94111-1704

Telephone: (415) 391-5400

*Attorneys for Regional Carriers*

Defendants Bluegrass Cellular, Inc., Cellular Properties, Inc. (d/b/a Cellular One of East Central Illinois), Centennial Cellular Operating Co., LLC, Cincinnati Bell Wireless LLC, Dobson Cellular Systems, Inc., East Kentucky Network, LLC (d/b/a Appalachian Wireless), Farmers Cellular Telephone, Inc. (d/b/a Farmers Wireless), Great Lakes of Iowa, Inc., Marseilles Cellular, Inc. (d/b/a Illinois Valley Cellular), MTA Communications (d/b/a MTA Wireless), Mid-Missouri Cellular LLP, Southern Illinois RSA Partnership (d/b/a First Cellular of Southern Illinois), South #5 RSA Limited Partnership (d/b/a Brazos Cellular Communications, Ltd.), Thumb Cellular, Uintah Basin Electronic Telecommunications (d/b/a UBET Wireless) (collectively, "the Regional Carriers") respectfully submit this reply brief in support of their motion to dismiss for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

Freedom Wireless, in "opposing" the Regional Carriers' jurisdictional motion, freely admits that it does not have any evidence to offer that could defeat that motion. Instead, Freedom asks that it be allowed to take discovery in hopes of developing a factual basis for its jurisdictional claims. The Regional Carriers, however, have already offered that discovery to Freedom, and were in the process of negotiating the scope of that discovery, and a briefing schedule for this motion, when Freedom abruptly broke off discussions and filed its opposition.

If—as Freedom asserts—this motion is in reality a motion for summary judgment, then the procedures for seeking discovery prior to responding are well established under Rule 56(f). Had Freedom made a Rule 56(f) motion, we would not have opposed it, so long as the discovery sought was tailored to the jurisdictional issues raised. Instead, Freedom has (improperly, we submit) asked the Court to deny the Regional Carriers' motion outright, and to put the Regional Carriers to the burden of unfettered discovery before jurisdiction is established.

The Regional Carriers submit that the procedurally proper course is for the Court to either (1) grant the Regional Carriers' motion or (2) hold the Regional Carriers' motion pending focused discovery by all parties limited solely to questions of jurisdiction, and then decide the

motion on a full record.  We outline an acceptable schedule and scope of discovery herein, and in the accompanying Proposed Order.[1]

## STATEMENT OF RELEVANT FACTS

### A.    Freedom Wireless Has Not Disputed the Regional Carriers' Lack of Minimum Contacts with Massachusetts

The burden of establishing the Court's jurisdiction over the Regional Carriers rests with Freedom Wireless.  Freedom has not presented evidence sufficient to satisfy its burden.[2]  In its opposition brief, Freedom has not disputed any of the facts presented in the declarations previously submitted by the Regional Carriers.  Thus, the following facts germane to the issue of personal jurisdiction remain undisputed.  The Regional Carriers are not registered to do business in Massachusetts.  They have no telecommunications equipment, assets, employees, distributors, or offices in Massachusetts.   They do not own, lease, or rent property in Massachusetts.  They do not pay Massachusetts taxes on the income generated by their prepaid cellular services.  Similarly, they do not direct any advertising or marketing at Massachusetts residents.   The Regional Carriers market and distribute prepaid wireless telephone services exclusively to out-of-state residents.   Based on these undisputed facts, it is inappropriate to conclude that the Regional Carriers have minimum contacts with the Commonwealth of Massachusetts.

### B.    The Regional Carriers Have Offered Freedom Wireless with the Opportunity to Conduct Jurisdictional Discovery

On January 5, 2006, Marshall M. Searcy, counsel for Freedom, sent a letter to Leo L. Lam, counsel for the Regional Carriers, requesting "limited discovery into the issue of personal

---

[1] *See* Exhibit A.

[2] While Freedom previously brought suit against Boston Communications Group, Inc. ("BCGI") in this Court for patent infringement, *Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc. et al.*, Civil Action No. 00-12234-EFH ("*Freedom I*"), the Regional Carriers were not parties to the previous action.  Thus, despite Freedom's heavy reliance on BCGI's representations during the *Freedom I* litigation, BCGI's statements (and litigation strategy) in that earlier action, regarding other carrier defendants, cannot fairly establish that the Regional Carriers sought to defend themselves against Freedom's patent infringement claims in the District of Massachusetts.

jurisdiction."[3]  At that time, Mr. Searcy stated, "We would like to discuss a briefing schedule for the proposed discovery; and believe it is in the best interests of all parties to agree on this matter."  On January 6, 2006, Mr. Lam replied and asked Mr. Searcy to propose terms as to the scope of the jurisdictional discovery.[4]

On January 6, 2006, Mr. Searcy proposed fifteen interrogatories and a 30(b)(6) witness for each Regional Carrier.[5]  On Saturday, January 7, 2006, before the Regional Carriers had an opportunity to respond to his initial proposals, Mr. Searcy proposed additional document requests.[6]  On January 9, 2006, Michael Page, counsel for the Regional Carriers, spoke with Erica Taggart, counsel for Freedom, as to the scope of Freedom's proposed jurisdictional discovery.[7]  The next day, January 10, 2006, despite the willingness of the Regional Carriers to continue discussions, Freedom chose to break off further negotiations regarding jurisdictional discovery.[8]  At the time Freedom ended negotiations, the Regional Carriers were willing to offer substantial jurisdictional discovery and were interested in further negotiations.  Indeed, the remaining disputes were limited:  Freedom insisted on fifteen depositions, throughout the country, while the Regional Carriers had offered that Freedom, after reviewing the written discovery, could choose to depose any five witnesses.  In addition, Freedom demanded that each Regional Carrier produce all communications, of whatever sort, between itself and BCGI.  The Regional Carriers felt that this was overly burdensome in the context of a jurisdictional motion, and proposed instead that they produce all contracts and drafts of contracts, any evidence of any marketing or sales to or in Massachusetts, an accounting of all minutes used and payments made, and technical documentation sufficient for Freedom to ascertain which BCGI implementation

---

[3] Searcy Aff., Exh. N

[4] Searcy Aff., Exh. P

[5] Searcy Aff., Exh. Q

[6] Searcy Aff., Exh. S

[7] Shen Aff. ¶ 2.

[8] Searcy Aff., Exh. T

each Carrier uses and whether each Carrier performs any patented steps within Massachusetts.[9]

## ARGUMENT

### A.  Freedom Has Not Satisfied Its Burden of Establishing the Court's Jurisdiction Over the Regional Carriers

Freedom bears the burden of establishing that the Court's exercise of personal

jurisdiction over the Regional Carriers is proper.  *See Boit v. Gar-Tec Prods., Inc.,* 967 F.2d 671,

674-75 (1st Cir. 1992); *Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 979 (1st Cir. 1986).  For the

reasons discussed below, Freedom has not satisfied its burden.

### 1.  Freedom Has Not Submitted Any Evidence Disputing the Regional Carriers' Declarations

While Freedom argues that the issues presented in the Regional Carriers' motion "are

more appropriately decided on summary judgment," Opp. at 2, Freedom has not presented any

evidence disputing the statements found in the Regional Carriers' declarations.  Assuming that

this is the correct procedural posture, Freedom, as the opposing party, has the burden of

presenting admissible evidence disputing the Regional Carriers' statements.  *See Celotex Corp.

v. Catrett*, 477 U.S. 317, 324 (1986) (stating that Rule 56(e) "requires the nonmoving party to go

beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

issue for trial'") (quoting Fed. R. Civ. P. 56(e)); *id.* at 325 (holding that "the burden on the

moving party may be discharged by 'showing'-that is, pointing out to the district court-that there

is an absence of evidence supporting the nonmoving party's case").  Freedom has not disputed

any of the statements presented in the Regional Carriers' declarations.

As Freedom admits, they have not provided any evidence supporting the conclusion that

---

[9] Shen Aff., Exh. A

the Regional Carriers have "minimum contacts" with the Commonwealth of Massachusetts. *See* Opp. at 17 (" . . . Freedom has had no opportunity . . . in any way explore and challenge the contacts of the Regional Carriers with Massachusetts."); *see also id.* at 7 (admitting that Freedom has not examined the contracts between BCGI and the Regional Carriers, learned about the negotiation process, nor calculated the level of service BCGI provided to each Regional Carrier).

Instead of proffering any evidence relating to the Regional Carriers, the evidence that Freedom has put before the Court in its opposition is limited to the actions and representations of co-defendant BCGI in a different case, to which none of the Regional Carriers was a party. *See* Opp. at 2-3, 9-12 (discussing BCGI's decision to transfer *Freedom I* from the Northern District of California to the District of Massachusetts). BCGI's decision to transfer distinct, earlier litigation from California to Massachusetts has no bearing on the question of whether the Court has jurisdiction over the Regional Carriers. In addition, none of BCGI's statements that the District of Massachusetts was an appropriate forum for *Freedom I* can fairly be attributed to the Regional Carriers, parties unrepresented in the earlier litigation.

Further, the Regional Carriers' contracts with BCGI for the provision of pre-paid billing services, *see* Opp. at 2, 8-11, have previously been found by *this* Court as insufficient to establish personal jurisdiction. In *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, 218 F. Supp. 2d 19, 24 (D. Mass. 2002), this Court held that Rogers Wireless "did not purposefully direct any activities at the residents of Massachusetts" despite its contract with BCGI for pre-paid wireless billing services. Like Rogers Wireless, the Regional Carriers make "no attempt to solicit business in Massachusetts or to benefit from the Massachusetts market." *See id.* Thus, the Court should similarly hold that the "mere act of purchasing from an in-state

seller" is not a sufficient basis for finding the existence of personal jurisdiction over the Regional

Carriers, small cellular telephone service providers operating in various corners of the United

States.[10]  *See id.*

For the reasons set forth in the Regional Carriers' motion to dismiss for lack of personal

jurisdiction, the facts established by their declarations are sufficient to establish that the exercise

of jurisdiction over these defendants is improper.[11]

### 2.  Freedom Has Improperly Requested Further Discovery Pursuant to Rule 56(f)

Freedom has also failed to make the requisite showing to justify additional discovery

_____

[10] Also, Freedom's argument that the Court's ruling with respect to Rogers Wireless relied
entirely on that company's status as a Canadian corporation, *see* Opp. at 13-14, is misleading.
The Court did not rely on considerations of Rogers Wireless' foreign residency and Canadian
sovereignty until it examined the third step of jurisdictional analysis, whether it would be
reasonable to exercise its jurisdiction—an issue analytically distinct from minimum contacts and
purposeful availment.  *See Freedom Wireless*, 218 F. Supp. 2d at 25.  Further, in general, the
proper jurisdictional analysis requires the examination of a defendant's contacts with the *forum
state*, Massachusetts, not whether the defendant is a domestic or foreign entity.  *See id.* at 23-24.

[11] Freedom also incorrectly argues that the Regional Carriers' Joinder in BCGI's Motion for Stay
waives their jurisdictional defense because it presented "merits" arguments.  *See* Opp. at 18-19.
The Regional Carriers' joinder did <u>not</u> present any merits arguments as to Freedom's instant
claims or the *Freedom I* appeals; quite to the contrary, it merely joined in urging the Court to
<u>stay</u> all proceedings on the merits pending the Federal Circuit's rulings.  The Court's ruling on
that motion did not decide any issue in this case, and a contrary ruling would not have done so
either.  Moreover, the joinder announced the Regional Carriers' intent to file a motion to dismiss
for lack of jurisdiction.  As a logical matter, a filing that brings a jurisdictional defense to the
interested parties' attention cannot constitute a waiver of that same defense.  The joinder hardly
approaches the delay or acquiescence generally required for a finding of waiver.  *Compare
Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 25-26 (1st Cir. 1992)
(finding no waiver where defendant raised jurisdictional defense in first appearance), *with
Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983) (finding waiver where
defendant made a general appearance, attended depositions, and raised defense four years after
commencement of litigation), *and Network Professionals, Inc. v. Network Int'l Ltd.*, 146 F.R.D.
179, 181-84 (D. Minn. 1993) (finding waiver where defendant filed an answer omitting defense,
opposed plaintiff's motion for preliminary injunction, and participated in discovery).

under Rule 56(f).[12]  Rule 56(f) allows the "hearing on the motion to be continued, if the

nonmoving party has not had an opportunity to make full discovery."  *See Celotex*, 477 U.S. at

326.  "To benefit from [Rule 56(f)], however, a party must meet several requirements."  *C.B.*

*Trucking, Inc. v. Waste Management, Inc.*, 137 F.3d 41, 44 (1st Cir. 1998).  "First, although a

request for Rule 56(f) relief need not be expressly labeled as such, the party invoking the rule at

a minimum must ask the court to refrain from acting on the summary judgment request until

additional discovery can be conducted."  *Id.*  "Second, a party relying on Rule 56(f) must

demonstrate that it was diligent in pursuing discovery before the summary judgment initiative

surfaced."  *Id.*  "Finally the party must set forth a plausible basis for believing that specific facts,

susceptible of collection within a reasonable time frame, probably exist and indicate how the

emergent facts, in adduced, will influence the outcome of the pending summary judgment

motion."  *Id.*  Freedom fails both the first and third prongs of this test.

     Freedom fails to satisfy the first prong because it seeks to both have and eat its cake,

asking the Court to deny the Regional Carriers' motion rather than refrain from acting on it.

Freedom fails to satisfy the third prong because it has not specified with any detail the

jurisdictional facts that it believes exists and how such facts would influence the outcome of the

Regional Carriers' motion.  In its opposition brief, Freedom makes a vague request for discovery

without discussing either the scope of discovery or what facts it seeks to establish.  *See* Opp. at

16-17.  Under First Circuit law, "a plaintiff's speculative assertions that the defendant has

unspecified facts in its possession necessary for the plaintiff to develop its legal theories coupled

---

[12] "Should it appear from the affidavits of a party opposing the motion that the party cannot for
reasons stated present by affidavit facts essential to justify the party's opposition, the court may
refuse the application for judgment or may order a continuance to permit affidavits to be
obtained or depositions to be taken or discovery to be had or may make such order as is just."
Fed. R. Civ. P. 56(f).

with conclusory statements that discovery should be commenced are 'entirely inadequate to extract the balm of Rule 56(f).'" *C.B. Trucking*, 137 F.3d at 45 (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 989 (1st Cir. 1988)).  As to the jurisdictional facts it seeks to establish, Freedom has merely presented what the First Circuit considers inadequate—pure speculation.

Therefore, since Freedom has failed either to dispute any evidence put forth by the Regional Carriers or to present an appropriate motion for further discovery under Rule 56(f), the Regional Carriers respectfully request that the Court grant their motion to dismiss for lack of personal jurisdiction.

### B.  In the Alternative, Freedom's Opposition Should Be Construed as a Request for Limited Jurisdictional Discovery

If the Court is currently unwilling to grant the Regional Carriers' motion to dismiss and believes the limited jurisdictional discovery requested by Freedom is appropriate, *see* Opp. at 16-17, the Regional Carriers propose the following:

(1) Freedom shall serve document requests, limited to the following topics, by Monday, January 30, 2006:

(a) correspondence between each Regional Carrier and BCGI relating to the negotiation of each Regional Carrier's contract with BCGI for pre-paid wireless billing services;

(b) any final contracts or draft contracts for pre-paid wireless billing services between the Regional Carriers and BCGI;

(c) the marketing or sales of pre-paid cellular telephone services by any Regional Carrier in Massachusetts;

(d) the minutes used and amounts paid by any Regional Carrier's customers

8

using BCGI's pre-paid wireless billing system; and

       (e) technical information sufficient to determine the implementation of BCGI's pre-paid wireless billing system and any modifications that would bear on jurisdictional questions.

(2) Freedom shall serve interrogatories (limited to fifteen) to each Regional Carrier, limited to the issues raised in the declarations and the motion to dismiss, by Monday, January 30, 2006.

(3) The Regional Carriers shall serve Freedom with document requests and interrogatories (limited to fifteen) with respect to the evidence in Freedom's possession, if any, that establishes the Court's jurisdiction over each Regional Carrier, by Monday, January 30, 2006.

(4) Freedom shall respond to the Regional Carriers' document requests and interrogatories by Monday, February 27, 2006.  The Regional Carriers shall respond to Freedom's document requests and interrogatories by Monday, March 13, 2006.[13]

(5) After the Regional Carriers' responses to Freedom's document requests and interrogatories have been served, if Freedom so desires, it may take five depositions scheduled at mutually convenient times.  As the Regional Carriers are spread among several states throughout the country, it would be burdensome and excessive to allow Freedom to take depositions from each and every Regional Carrier when, in many cases, the jurisdictional questions will be resolved through written discovery.

(6) After discovery has been completed, Freedom shall file and additional opposition

---

[13] Given the greater scope of Freedom's discovery requests, and the need to respond on behalf of fifteen separate entities throughout the country, we submit that additional time for the Regional Carriers' responses is warranted.

brief by Monday, April 10, 2006.  The Regional Carriers shall file an additional reply brief by Monday, May 1, 2006.

(7) All non-jurisdictional discovery in the instant case shall be stayed until the Court rules on the Regional Carriers' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Regional Carriers respectfully request that the Court dismiss them from this lawsuit for lack of personal jurisdiction.  In the alternative, the Regional Carriers respectfully request that the Court adopt their proposal regarding limited jurisdictional discovery and further briefing on their motion to dismiss.

Dated:  January 12, 2006                         Respectfully submitted,


                                        By:  /s/ Matthias Kamber _____
                                             MATTHIAS KAMBER

                                             KEKER & VAN NEST, LLP
                                             710 Sansome Street
                                             San Francisco, CA  94111-1704

                                             Telephone:  (415) 391-5400
                                             Facsimile:  (415) 397-7188
                                             mkamber@kvn.com

                                             Attorney for Codefendants

                                             Mintz, Levin, Cohn, Ferris, Glovsky and
                                             Popeo, P.C.
                                             One Financial Center
                                             Boston, Massachusetts 02111

                                             Telephone:  (617) 542-6000
                                             Facsimile:  (617) 542-2241
                                             dbostock@mintz.com
                                             psharkey@mintz.com

                                             Local Counsel for Codefendants

10

**Exhibit A**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>                         Plaintiff,<br><br>    v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., *et al.*,<br><br>                         Defendants. | Civil Action No. 05-11062-EFH |

### [PROPOSED] ORDER RE: JURISDICTIONAL DISCOVERY AND FURTHER BRIEFING ON DEFENDANTS REGIONAL CARRIERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1.  Freedom Wireless, Inc. ("Freedom") shall serve document requests, limited to the following topics, by Monday, January 30, 2006:

a.  correspondence between each Regional Carrier[1] and Boston Communications Group, Inc. ("BCGI") relating to the negotiation of each Regional Carrier's contract with BCGI for pre-paid wireless billing services;

b.  any final contracts or draft contracts for pre-paid wireless billing services between the Regional Carriers and BCGI;

c.  the marketing or sales of pre-paid cellular telephone services by any Regional Carrier in Massachusetts;

_____

[1] The "Regional Carriers" include Defendants Bluegrass Cellular, Inc., Cellular Properties, Inc. (d/b/a Cellular One of East Central Illinois), Centennial Cellular Operating Co., LLC, Cincinnati Bell Wireless LLC, Dobson Cellular Systems, Inc., East Kentucky Network, LLC (d/b/a Appalachian Wireless), Farmers Cellular Telephone, Inc. (d/b/a Farmers Wireless), Great Lakes of Iowa, Inc., Marseilles Cellular, Inc. (d/b/a Illinois Valley Cellular), MTA Communications (d/b/a MTA Wireless), Mid-Missouri Cellular LLP, Southern Illinois RSA Partnership (d/b/a First Cellular of Southern Illinois), South #5 RSA Limited Partnership (d/b/a Brazos Cellular Communications, Ltd.), Thumb Cellular, and Uintah Basin Electronic Telecommunications

1

d.  the minutes used and amounts paid by any Regional Carrier's customers using BCGI's pre-paid wireless billing system; and

e.  technical information sufficient to determine the implementation of BCGI's pre-paid wireless billing system and any modifications that would bear on jurisdictional questions.

2.  Freedom shall serve interrogatories (limited to fifteen) to each Regional Carrier, limited to the issues raised in the declarations and the motion to dismiss, by Monday, January 30, 2006.

3.  The Regional Carriers shall serve Freedom with document requests and interrogatories (limited to fifteen) with respect to the evidence in Freedom's possession, if any, that establishes the Court's jurisdiction over each Regional Carrier, by Monday, January 30, 2006.

4.  Freedom shall respond to the Regional Carriers' document requests and interrogatories by Monday, February 27, 2006.  The Regional Carriers shall respond to Freedom's document requests and interrogatories by Monday, March 13, 2006.

5.  After the Regional Carriers' responses to Freedom's document requests and interrogatories have been served, if Freedom so desires, Freedom may take five depositions scheduled at times mutually convenient for all parties.

6.  Freedom shall file an additional opposition brief by Monday, April 10, 2006.  The Regional Carriers shall file an additional reply brief by Monday, May 1, 2006.

---

(d/b/a UBET Wireless).

[PROPOSED] ORDER RE: JURISDICTIONAL DISCOVERY AND FURTHER BRIEFING ON DEFENDANTS
REGIONAL CARRIERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NO. 05-11062-EFH

7.  All non-jurisdictional discovery in the instant case shall be stayed until the Court rules on the Regional Carriers' motion to dismiss.

IT IS SO ORDERED.

Dated:

By: _____
The Honorable Edward F. Harrington
UNITED STATES SENIOR DISTRICT JUDGE

[PROPOSED] ORDER RE: JURISDICTIONAL DISCOVERY AND FURTHER BRIEFING ON DEFENDANTS
REGIONAL CARRIERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NO. 05-11062-EFH