UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., et al.,<br><br>    Defendants | Civil Action No. 05-11062-EFH |

**PLAINTIFF FREEDOM WIRELESS, INC.'S MOTION FOR LEAVE TO SERVE INTERROGATORY REGARDING BCGI'S CUSTOMERS**

Plaintiff Freedom Wireless, Inc. hereby moves this Court for leave to serve defendant Boston Communications Group, Inc. ("BCGI") with the attached interrogatory, which asks BCGI to identify customers of its prepaid wireless service from 1998 until the present.[1]  This motion is made on the ground that such customers have been selling a prepaid wireless service to end users utilizing one or more of the BCGI implementations that were found to infringe in Freedom Wireless v. BCGI et. al., Case No. 00-12234 ("Freedom Wireless I"), the case that went to trial last year.  To the extent that these customers are using the infringing implementations to sell prepaid wireless service to end-users, they are infringers of Freedom's '067 and '823 patents.

---

[1]  See Attached Proposed Interrogatory, entitled Plaintiff Freedom Wireless, Inc.'s Special Interrogatory Number One to Defendant Boston Communications Group, Inc. (Affidavit of Erica P. Taggart, February 27, 2006, ("Taggart Aff."), Exh. A).

Based on this list of wireless carrier customers of BCGI, Freedom will seek to add as defendants any customers not already named in the complaint. Although Freedom had planned to request this information from BCGI in the course of discovery, Freedom believes that it will save time and resources to add any additional defendants to the complaint as soon as possible so the parties can proceed with any necessary jurisdictional discovery along with the scheduled jurisdictional discovery for some of the current carrier defendants. Otherwise, the additional customer defendants that will be added to the complaint may raise similarly jurisdictional arguments and require their own jurisdictional discovery, further delaying the case and requiring redundant discovery.

Freedom Wireless filed the present lawsuit following the May 20, 2005 jury verdict, which concluded that BCGI and five of its wireless carrier customers, including Cingular Wireless, infringed Freedom's patents through the use of three implementations of a prepaid wireless service sold by BCGI. During the trial in that case, the Court granted defendants' Judgment as a Matter of Law as to the Non-Defendants carriers and ordered Freedom to file a separate lawsuit against such non-defendant carriers.[2] Accordingly, in September, 2005, Freedom amended its complaint to add all of the wireless carrier customers of BCGI that BCGI had identified in a 2003 interrogatory response in Freedom Wireless I.[3] However, that interrogatory response does not include wireless carrier companies who became customers of BCGI after July, 2003.

---

[2] Order in Freedom I, dated April 27, 2005 (Taggart Aff., Exh. B) ("Freedom may pursue claims arising from conduct involving non-defendant carriers in a separate action.").

[3] Defendant Boston Communications Group, Inc.'s Second Supplemental Answers to Plaintiff Freedom Wireless, Inc.'s First Set of Interrogatories, served in Freedom Wireless I, July 18, 2003 (Taggart Aff., Exh. C).

Last month, following briefing on a motion to dismiss for lack of personal jurisdiction, this Court ordered the parties to engage in discovery related to whether this Court had personal jurisdiction over certain of the wireless carrier defendants.[4] Freedom wrote BCGI shortly thereafter to request a list of BCGI's prepaid wireless customers from February 1998 until the present so that the parties could address any jurisdictional issues over these additional potential defendants alongside the current parties.[5] BCGI refused on the basis that such a list would improperly go beyond the Court's order, which limited discovery to the issue of personal jurisdiction over the Regional Carriers and South Canaan.[6]

Freedom thus requests leave of the Court to serve the special interrogatory attached as Exhibit A. It requests BCGI to identify the wireless company customers who have purchased prepaid wireless service from BCGI from January 1998 until the present. Based on this information, Freedom intends to amend its complaint to add any additional BCGI customers of prepaid wireless services as defendants and proceed with any jurisdictional discovery alongside the jurisdictional discovery already scheduled for the current defendants. See Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st. Cir. 2003) ("District courts exercise broad discretion to manage discovery matters.").

---

[4] Court's Order in this case, dated January 24, 2006.

[5] Letter from Erica P. Taggart to Philip A. Sechler and Dean G. Bostock, dated February 6, 2006 (Taggart Aff., Exh. D).

[6] Letter from Philip A. Sechler to Erica P. Taggart, dated February 8, 2006 (Taggart Aff., Exh. E).

**Conclusion**

For the foregoing reasons, Freedom respectfully requests that the Court grant its motion in full and grant Freedom leave to serve interrogatory number one on BCGI.

Dated: February 27, 2006        Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys


/s/ Marshall M. Searcy III
Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100
(pro hac vice)

Attorneys for plaintiff Freedom Wireless, Inc.

-5-

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2006.

/s/ Erica P. Taggart
_____
Erica P. Taggart

Attorney for plaintiff Freedom Wireless, Inc.