UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREEDOM WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC. and ALLTEL CORP., *et al.*, <br><br> Defendants. | Civil Action No. 05-11062 EFH <br><br> **Jury Trial Demanded** |

**DEFENDANT SOUTHERN ILLINOIS RSA PARTNERSHIP
D/B/A FIRST CELLULAR OF SOUTHERN ILLINOIS'
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Southern Illinois RSA Partnership, d/b/a First Cellular of Southern Illinois ("First Cellular"), answers Plaintiff's Second Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. First Cellular admits that Plaintiff purports to assert a claim arising under patent laws of the United States, 35 U.S.C. § 1 et seq., and purports to assert jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). First Cellular denies the remaining allegations set forth in paragraph 1 of the Second Amended Complaint.

2. First Cellular denies that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). First Cellular denies that personal jurisdiction exists in this Court. First Cellular denies that it has committed acts of patent infringement, either directly or indirectly, in the state or district of Massachusetts. First Cellular is without knowledge or information sufficient to form a belief as to all remaining allegations set forth in paragraph 2 of the Second Amended Complaint, and on that basis denies the same.

## **PARTIES**

3.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Second Amended Complaint, and on that basis denies the same.

4.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Second Amended Complaint, and on that basis denies the same.

5.     First Cellular admits that defendant Alltel Corporation is a Delaware corporation with its principal place of business in Little Rock, Arkansas.  First Cellular denies all remaining allegations set forth in paragraph 5 of the Second Amended Complaint.

6.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Second Amended Complaint, and on that basis denies the same.

7.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Second Amended Complaint, and on that basis denies the same.

8.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Second Amended Complaint, and on that basis denies the same.

9.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Second Amended Complaint, and on that basis denies the same.

10.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Second Amended Complaint, and on that basis denies the same.

DGB 29967-002 1575194

11. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Second Amended Complaint, and on that basis denies the same.

12. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Second Amended Complaint, and on that basis denies the same.

13. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Second Amended Complaint, and on that basis denies the same.

14. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Second Amended Complaint, and on that basis denies the same.

15. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Second Amended Complaint, and on that basis denies the same.

16. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Second Amended Complaint, and on that basis denies the same.

17. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Second Amended Complaint, and on that basis denies the same.

18. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Second Amended Complaint, and on that basis denies the same.

DGB 29967-002 1575194

19. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Second Amended Complaint, and on that basis denies the same.

20. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Second Amended Complaint, and on that basis denies the same.

21. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Second Amended Complaint, and on that basis denies the same.

22. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Second Amended Complaint, and on that basis denies the same.

23. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Second Amended Complaint, and on that basis denies the same.

24. First Cellular admits that its principal place of business is in Mt. Vernon, Illinois. First Cellular denies all remaining allegations set forth in paragraph 24 of the Second Amended Complaint.

25. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Second Amended Complaint, and on that basis denies the same.

26. First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Second Amended Complaint, and on that basis denies the same.

27.     First Cellular is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Second Amended Complaint, and on that basis denies the same.

## FIRST CLAIM FOR RELIEF

## PATENT INFRINGEMENT – '067 PATENT

28.     First Cellular reasserts and incorporates herein by reference each and every answer to the allegations contained in paragraphs 1 through 27 above, as though set forth at length.

29.     First Cellular admits that U.S. Patent No. 5,722,067 (the "'067 patent"), entitled "Security Cellular Telecommunications System," was issued on February 24, 1998; that a copy of such patent is attached as Exhibit 1; and that it identifies Plaintiff as the assignee of such patent. First Cellular denies all remaining allegations set forth in paragraph 29 of the Second Amended Complaint.

30.     First Cellular denies the allegations set forth in paragraph 30 of the Second Amended Complaint.

31.     First Cellular admits that it is not expressly licensed or otherwise authorized by Plaintiff to make, use, offer for sale or sell any telecommunications system or method allegedly claimed in the '067 patent. First Cellular is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 31 of the Second Amended Complaint, and on that basis denies the same.

32.     First Cellular denies the allegations set forth in paragraph 32 of the Second Amended Complaint.

33.     First Cellular denies the allegations set forth in paragraph 33 of the Second Amended Complaint.

34.     First Cellular denies the allegations set forth in paragraph 34 of the Second Amended Complaint.

DGB 29967-002 1575194

35.    First Cellular denies the allegations set forth in paragraph 35 of the Second Amended Complaint.

36.    First Cellular denies the allegations set forth in paragraph 36 of the Second Amended Complaint.

## SECOND CLAIM FOR RELIEF

## PATENT INFRINGEMENT – '823 PATENT

37.    First Cellular reasserts and incorporates herein by reference each and every answer to the allegations contained in paragraphs 1 through 36 above, as though set forth at length.

38.    First Cellular admits that U.S. Patent No. 6,157,823 (the "'823 patent"), entitled "Security Cellular Telecommunications System," was issued on December 5, 2000; that a copy of such patent is attached as Exhibit 2; and that it identifies Plaintiff as the assignee of such patent.  First Cellular denies all remaining allegations set forth in paragraph 38 of the Second Amended Complaint.

39.    First Cellular denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

40.    First Cellular admits that it is not expressly licensed or otherwise authorized by Plaintiff to make, use, offer for sale or sell any telecommunications system or method allegedly claimed in the '823 patent.  First Cellular is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 40 of the Second Amended Complaint, and on that basis denies the same.

41.    First Cellular denies the allegations set forth in paragraph 41 of the Second Amended Complaint.

42.    First Cellular denies the allegations set forth in paragraph 42 of the Second Amended Complaint.

43. First Cellular denies the allegations set forth in paragraph 43 of the Second Amended Complaint.

44. First Cellular denies the allegations set forth in paragraph 44 of the Second Amended Complaint.

45. First Cellular denies the allegations set forth in paragraph 45 of the Second Amended Complaint.

## THIRD CLAIM FOR RELIEF

## PATENT INFRINGEMENT – AGAINST BCGI

46. First Cellular reasserts and incorporates herein by reference each and every answer to the allegations contained in paragraphs 1 through 45 above, as though set forth at length.

47. First Cellular admits that the '067 patent was issued on February 24, 1998 and that the '823 patent was issued on December 5, 2000. First Cellular admits that Plaintiff is identified as the assignee of the '067 patent and the '823 patent. First Cellular denies all remaining allegations set forth in paragraph 47 of the Second Amended Complaint.

48. First Cellular denies the allegations set forth in paragraph 48 of the Second Amended Complaint.

49. First Cellular denies the allegations set forth in paragraph 49 of the Second Amended Complaint.

50. First Cellular denies the allegations set forth in paragraph 50 of the Second Amended Complaint.

51. First Cellular denies all the allegations of the Second Amended Complaint that are not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

52.  First Cellular sets forth the following affirmative and other defenses. First Cellular does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to the law, Plaintiff bears the burden.

### FIRST DEFENSE

53.  This Court lacks personal jurisdiction over First Cellular.

### SECOND DEFENSE

54.  Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted as, as such, the Second Amended Complaint is barred in whole or in part.

### THIRD DEFENSE

55.  First Cellular has not and does not directly, jointly, willfully, or otherwise infringe, aid or abet the infringement of, contribute to the infringement of, or actively induce others to infringe any claim of the '067 patent or the '823 patent.

### FOURTH DEFENSE

56.  Each of the claims of the '067 patent and the '823 patent is invalid for failure to satisfy the provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116. The claims of the '823 patent are also invalid under the doctrine of double patenting.

### FIFTH DEFENSE

57.  Plaintiff is estopped from asserting that First Cellular infringes any claim of the '067 patent or the '823 patent under the doctrine of prosecution history estoppel.

### SIXTH DEFENSE

58.  Plaintiff's claims are barred in whole or in part by res judicata and/or collateral estoppel.

### SEVENTH DEFENSE

59.  The '067 patent and the '823 patent are unenforceable because the individuals associated with the filing and prosecution of the applications that led to the issuance of those

DGB 29967-002 1575194

patents engaged in inequitable conduct by breaching their duty of candor and good faith in dealing with the United States Patent and Trademark Office ("PTO"). In particular, named co-inventors Fougines and Harned, and their agents and/or attorneys, including, without limitation, C. Robert von Hellens, withheld from the PTO material information with an intent to deceive the PTO. Such information included, without limitation, materials relating to Cominex, information relating to Cellular Services, Inc.'s proposal to the California Public Utilities Commission, information relating to Banana Cellular, Inc.'s prepaid cellular service and patent application, and an article by David E. Klepp, *Managing the Network Revenue Stream*, Telephony, November 29, 1993. Fougines, Harned, their agents and/or attorneys also made misleading statements to the PTO, including, without limitation, statements relating to U.S. Patent 5,440,621, with an intent to deceive the PTO.

## EIGHTH DEFENSE

60. Plaintiff's claims are barred by laches.

## NINTH DEFENSE

61. Plaintiff's claims are barred by the doctrine of equitable estoppel.

## TENTH DEFENSE

62. Plaintiff lacks standing to bring the claims asserted in its Second Amended Complaint insofar as Orbital Sciences Corporation is properly a joint owner of the patents-in-suit and has not joined in this suit for infringement.

## ELEVENTH DEFENSE

63. Plaintiff is barred from recovery, or recovery is limited, by the doctrines of implied license, first use and exhaustion of patent rights.

## TWELFTH DEFENSE

64. Plaintiff's claims are barred by the doctrine of waiver.

## THIRTEENTH DEFENSE

65. Venue is not proper.

## FOURTEENTH DEFENSE

66. Upon information and belief, Plaintiff and/or its licensees have failed to mark in accordance with 35 U.S.C. § 287. Accordingly, because Plaintiff has failed to provide actual notice prior to the filing of the Complaint, Plaintiff is precluded from recovering damages prior to the filing of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, First Cellular demands the following relief:

a. That the Court dismiss the Second Amended Complaint with prejudice;

b. The Court enter judgment that the '067 patent is invalid, unenforceable and not infringed by First Cellular;

c. The Court enter judgment that the '823 patent is invalid, unenforceable and not infringed by First Cellular;

d. The Court award First Cellular its attorneys' fees as a result of this being an exceptional case pursuant to 35 U.S.C. § 285;

e. The Court award First Cellular its costs in connection with this action; and

f. The Court enter an order for such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Defendant Southern Illinois RSA Partnership, d/b/a First Cellular of Southern Illinois, hereby demands trial by jury on all issues so triable.

DGB 29967-002 1575194

Dated: June 5, 2006                                         Respectfully submitted,

                                  By:   /s/ Dean Bostock
                                        Dean G. Bostock, Esq. (BBO#549747)
                                        Patrick J. Sharkey, Esq. (BBO#454820)
                                        MINTZ, LEVIN, COHN, FERRIS,
                                            GLOVSKY AND POPEO, P.C.
                                        One Financial Center
                                        Boston, MA  02111
                                        Telephone:   (617) 542-6000
                                        Facsimile:    (617) 542-2241
                                        E-Mail:         dbostock@mintz.com
                                                        psharkey@mintz.com

                                        Michael H. Page
                                        Leo L. Lam
                                        Matthias A. Kamber
                                        Andrew N. Shen
                                        KEKER & VAN NEST, LLP
                                        710 Sansome Street
                                        San Francisco, CA  94111-1704
                                        Telephone:   (415) 391-5400
                                        Facsimile:    (415) 397-7188
                                        E-Mail:         mpage@kvn.com
                                                        llam@kvn.com
                                                        mkamber@kvn.com
                                                        ashen@kvn.com

                                        Attorneys for SOUTHERN ILLINOIS
                                        RSA PARTNERSHIP, D/B/A FIRST
                                        CELLULAR OF SOUTHERN ILLINOIS

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 5, 2006.

                                                    /s/ Dean Bostock
                                                    Dean G. Bostock

LIT 1575197v.1

DGB 29967-002 1575194