UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC., ALLTEL CORP. *et al.*, <br><br> Defendants. | Civil Action No. 05-11062-EFH |

**[PROPOSED] ORDER RE: DEFENDANTS REGIONAL CARRIERS'
MOTION FOR PROTECTIVE ORDER**

The Court hereby enters the protective order submitted by the Regional Carriers[1], attached as Appendix A, as the final protective order governing discovery exchanged between Plaintiff Freedom Wireless, Inc. and the Regional Carrier defendants.

IT IS SO ORDERED.

Dated: _____, 2006

By: _____
The Honorable Edward F. Harrington,
UNITED STATES SENIOR DISTRICT JUDGE

---

[1] The "Regional Carriers" include Defendants Bluegrass Cellular, Inc.; Cellular Properties, Inc., d/b/a Cellular One of East Central Illinois; Centennial Cellular Operating Co., LLC; Cincinnati Bell Wireless LLC; Dobson Cellular Systems, Inc.; East Kentucky Network, LLC, d/b/a Appalachian Wireless; Farmers Cellular Telephone, Inc., d/b/a Farmers Wireless; Great Lakes of Iowa, Inc.; Marseilles Cellular, Inc., d/b/a Illinois Valley Cellular; MTA Communications, d/b/a MTA Wireless; Mid-Missouri Cellular LLP; Southern Illinois RSA Partnership, d/b/a First Cellular of Southern Illinois; South #5 RSA Limited Partnership, d/b/a Brazos Cellular Communications, Ltd.; Thumb Cellular LLC; and Uintah Basin Electronic Telecommunications, d/b/a UBET Wireless.

# APPENDIX A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

                Plaintiff,

v.

BOSTON COMMUNICATIONS GROUP,
INC., *et al.*,

                Defendants.

Civil Action No. 05-11062-EFH

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, in the course of discovery in this patent case, it may be necessary for the parties to disclose trade secrets, proprietary information and other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), to opposing counsel, expert witnesses, and other persons; and,

WHEREAS, the parties agree that it would serve the interests of the parties to conduct discovery under this Stipulation and Protective Order pursuant to Fed.R.Civ.P. 26(c). Accordingly,

IT IS HEREBY STIPULATED AND AGREED by undersigned counsel, subject to the approval of the Court, as follows:

1.     Scope. This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and

368811.02

1

summaries thereof (collectively referred to as "Discovery Materials") and also including without limitation testimony adduced at hearing or trial.

2. <u>Definitions</u>. The terms employed in this Protective Order are defined as follows:

    a. "<u>Restricted Confidential—Attorney's Eyes Only</u>": Discovery Materials that have been maintained by the producing party or person as confidential and contain trade secret or other confidential information regarding proprietary technology, research, design or development; manufacturing methods, costs and capacities; marketing or sales; new products, business methods, or potential products or business methods; personnel data; information the disclosing party produces that it obtained in confidence outside this litigation from a third party; and any other information of a technical or financial nature may be designated as "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY."

    b. "<u>Confidential</u>": As a general guideline, information designated "CONFIDENTIAL" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties. Discovery Materials that have been maintained by the producing party or person as confidential but do not qualify for treatment as "Restricted Confidential—Attorney's Eyes Only" may be designated as "Confidential."

    c. "<u>Confidential Material</u>": Material designated "Confidential" or "Restricted Confidential—Attorney's Eyes Only" shall be referred to collectively as "Confidential Material."

3. <u>Designation of Confidentiality</u>. No designation of "Confidential" or "Restricted Confidential—Attorney's Eyes Only" shall be made unless counsel for the party producing the Discovery Material believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure. The parties shall use their best, good faith efforts not to designate documents that a party is asserting, or intends to assert, as prior art, as Confidential Material. Discovery Materials may be designated Confidential Material within the meaning of this Protective Order in the following ways:

  a. In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such document: "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY."

  b. In the case of computer disks, CD-ROMs or tapes, on the label cover or container of the disk, CD-ROM or tape, designation shall be made by placing the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" on such label or container. A designation as to anything of which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties. To the extent a party prints out material from such computer disks, CD-ROMs or tapes, that party will immediately label the print-out with the same confidentiality designation on the container of the disk, CD-ROM or tape.

  c. In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as Confidential Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as Confidential Material. The following legend shall be placed on the front of any set of interrogatory answers containing Confidential Material: "CONTAINS CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY MATERIAL. Designated parts not to be used, copied or disclosed except as authorized by court order."

  d. All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as "Confidential—Attorney's Eyes Only" for a period of thirty (30) days following the deponent's counsel's receipt of the transcript of the deposition from the court reporter. Within that 30-day period, counsel for any party to this action or counsel for the deponent may designate certain, if any, pages of the transcript as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" by notifying all counsel of

record in writing of such designation, and thereafter such pages shall be treated as Confidential Material. Counsel for each party shall be responsible for marking the designated exhibits and pages of copies of the transcript in their possession with the legend specified in paragraph 3(a) above. Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony. If no such designation is made by counsel within 30 days after receipt of the deposition by the deponent's counsel, the transcript shall be considered not to contain Confidential Material. Use at deposition of a document previously designated as Confidential Material shall have no effect on its designation.

        e.      During discovery, a party furnishing documents and things to another party for inspection shall have the option to require that all or groups of documents and things be treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

        f.      The parties agree that under no circumstances shall any party show or attempt to show any defendant or employee of any defendant a contract or the substantive provisions of any contract between Boston Communications Group, Inc. ("BCGI") and any other person. Nothing in this paragraph prohibits a party from showing any employee of a defendant a contract between that defendant and BCGI to the extent otherwise allowable under this Protective Order.

    4.      <u>Use of Confidential Material</u>. Confidential Material shall be used by the receiving person solely for the purpose of conducting this action, but not for any business or other purpose whatsoever, whether directly or indirectly. Nothing contained in this Protective Order shall preclude a party or non-party from using or disseminating its own Confidential Material. The parties may not use any other party's Confidential Material in the prosecution of any patent application. The parties also will not disclose any other party's "Restricted Confidential—Attorney's Eyes Only" material to any person who is currently prosecuting any prepaid cellular telephony patent application for any party.

5. <u>Disclosure of "Confidential" Material</u>. Material designated "Confidential" shall not be made public or disclosed to anyone other than to the following persons:

    a. In-house and outside counsel actively involved in the above-entitled litigation, and paralegals, investigative, litigation support services, secretarial and clerical personnel, including outside copying services, who are engaged in assisting counsel in the above-entitled action and to whom it is necessary that the materials be disclosed for purposes of this litigation;

    b. Non-legal representatives of each party under the condition that prior to any such disclosure to such a representative, that representative must first execute an undertaking in the form attached as Exhibit A;

    c. Upon compliance with and in accordance with the provisions of paragraph 8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action to the extent necessary to perform their work on this litigation;

    d. Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, and, subject to timely objection, any person employed by the party that designated the particular document or piece of information as confidential;

    e. Any interpreter, or court reporter or other shorthand reporter or typist translating, recording or transcribing testimony;

    f. Any other persons who are designated to receive CONFIDENTIAL material by order of this Court, after notice to the parties, or by written stipulation of the parties; and

    g. the Court and Court personnel.

6. <u>Disclosure of "Restricted Confidential—Attorney's Eyes Only" Material</u>.

Material designated "Restricted Confidential—Attorney's Eyes Only" shall not be made public or disclosed to anyone other than to the following persons:

    a.    In-house and outside counsel actively involved in the above-entitled litigation who are not prosecuting any prepaid cellular telephony patent application for the parties, and paralegals, litigation support services, and secretarial and clerical personnel including outside copying services, who are engaged in assisting counsel in the above-entitled action, who are not prosecuting any prepaid cellular telephony patent application for the parties, and to whom it is necessary that the materials be disclosed for purposes of this litigation;

    b.    Upon compliance with and in accordance with the provisions of paragraph 8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by party hereto only in connection with this action to the extent necessary to perform their work on this litigation;

    c.    Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, and, subject to timely objection, any person employed by the party that designated the particular document or piece of information as confidential;

    d.    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

    e.    Any other persons who are designated to receive RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material by order of this Court, after notice to the parties, or by written stipulation of the parties; and

    f.    the Court and Court personnel.

7.    The parties hereto agree that, to the extent the same law firm may be acting both in a role as outside counsel actively involved in this litigation and as patent prosecution counsel for the same party or another party to this litigation, attorneys and support staff who currently are

involved in patent prosecution of any prepaid cellular telephony patent application will not have access to Confidential Material. Furthermore, any party may request that any other party designating information or documents as Confidential Material allow access by a particular individual to a particular document or particular information. The parties agree that such requests will be considered in good faith and that access will not be unreasonably withheld.

        8.      <u>Procedure for Disclosure to Experts</u>. Confidential Material shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until such person has executed an undertaking in the form attached as Exhibit A, and shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until the time period for objection to such disclosure (as specified below) has passed without objection from any party. All executed undertakings shall be promptly provided to opposing counsel. With respect to persons described in paragraphs 5(c) and 6(b), such executed undertaking must be provided to all other parties named in this action at least ten (10) business days before any initial disclosure of Confidential Material, along with a written statement setting forth such person's present residence address and business address, current employer and job title, and any company involved in the development or marketing of cellular telephone services or systems for whom said person has consulted or worked during the past ten (10) years. If any party objects to the disclosure of Confidential Material to such person within ten (10) business days after receiving notice, no such disclosure shall be made to that person. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all parties. Failure to make such an objection within ten (10) business days shall constitute approval. If the parties are unable to resolve their objections, the party seeking to make the disclosure may apply to the Court to resolve the matter. Upon the giving of notice of such an objection, no disclosure of the material or information in question shall be made until the parties resolve the objection or a ruling is made by the Court.

        9.      <u>Rendering Advice of Counsel</u>. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case and, in the course thereof, relying in a general way upon his or her examination of Confidential

Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose (except to persons authorized to receive Confidential Material under paragraphs 5 and 6) the contents or the source of any Confidential Material produced by the other party.

10.     Objections to Designations.  The failure of any party to object to the designation of Discovery Material as "Confidential" or "Restricted Confidential—Attorney's Eyes Only" at the time of its designation shall not be deemed a waiver of that party's right to challenge the propriety of such designation at any time thereafter.  Should counsel object to the designation by a party of any Discovery Material as "Confidential" or "Restricted Confidential—Attorney's Eyes Only," counsel shall notify the designating party's counsel of the objections.  If notice of such objection if received at any time, counsel shall promptly confer in an attempt to resolve the matter.  If the matter remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed.  If no such application is made, the material will remain as designated.  Any information which has been produced and designed as "Confidential Material" shall, under order of the Court, be treated as designated pending resolution of the dispute.  The party making the designation of Confidential Material bears the burden of proving that it is Confidential Material.

This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protectable under Federal Rule of Civil Procedure 26(c).  In addition, this Protective Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

11.     Use of Confidential Material in Court.  Confidential Material and the content of Confidential Material shall not be made public or disclosed to anyone except as provided in paragraphs 5, 6, 7 and 8.  To the extent that it is necessary to file Confidential Material with the Court in connection with proceedings in this action, the party wishing to file any such Confidential Material, prior to or simultaneously with filing the Confidential Material, shall on

each occasion move, pursuant to Local Rule 7.2, for an order of impoundment. The party filing any such Confidential Material pursuant to an order of impoundment by the Court shall file it with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court. The Clerk of the Court is directed to impound and maintain under seal the envelope or container in accordance with this paragraph until further order of the Court.

12. In the event that any CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

Subject to the Federal Rules of Evidence, Confidential Material may be offered in evidence at trial, provided that:

    a. prior to the offer, the proponent of the evidence advises the Court and the designating party that Confidential Material will be offered;

    b. the evidence shall be received *in camera* or under such other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of Confidential Material under the terms of this Protective Order; and

    c. the pertinent portions of the trial transcript that contain references to the substance of the Confidential Materials are treated in the manner described above for impounded materials under applicable local rules.

13. <u>Designation of Confidential Material by Party Other Than Producing Party.</u> Any party also may designate as CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY any other material or information specified in Paragraph 1 of this

Order which has been furnished in this case by a nonparty (such as deposition testimony) that constitutes or reflects CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material of the designating party under the terms of Paragraph 2 and 3 of this Order, whether or not the producing nonparty has also so designated. Nonparty materials produced in this case designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY by a nonparty or party shall be governed by the terms of this Order.

14. <u>Secure Storage</u>. The recipient of Discovery Materials designated as Confidential Material hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination (including dissemination to persons identified in paragraphs 5 and 6) of such information, documents or things.

15. <u>Preservation of Rights and Privileges</u>. Nothing contained in this Protective Order shall affect the right, if any, or any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents and/or things, to requests for admissions or to any questions at a deposition. Nor shall this Protective Order be construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any Discovery Material, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings.

Nothing in this Protective Order shall affect the rights of the parties concerning the presence of client representatives at trial.

Nothing in this Protective Order shall limit the right of any person who receives information designated as Confidential Material from using such information to the extent that the information (a) was in the possession or control of the recipient prior to the time it was disclosed under this Protective Order, (b) is public knowledge or becomes public knowledge through no fault or omission of the recipient, or (c) is lawfully obtained by the recipient from a third party. In addition, nothing in this Order shall preclude any party to the lawsuit or its

counsel in disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY. Notwithstanding the foregoing, the parties hereby agree that they reserve the right and do not waive any right to object to disclosure of their Confidential Materials by third parties who may be in possession of such materials, and to designate such materials produced in this action as protected by this Stipulation and Order.

Inadvertent production of Discovery Material in this action shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such Discovery Material, or to other documents or communications, written or oral, including without limitation, other communications referred to in the Discovery Material produced. Nothing in this paragraph shall prejudice the right of any party to seek return of Discovery Materials as to which a claim of privilege has been made.

Except in the case of deposition testimony, which is governed by paragraph 3(c), above, the inadvertent or mistaken disclosure in this action of any Confidential Material by a producing party, without the designation required under Paragraphs 3 and 4, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving parties promptly after the producing party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party to whom Confidential Material was inadvertently disclosed; and, upon receipt of these properly marked documents, the receiving party shall return to the producing party, or destroy, the improperly marked documents that were initially produced, along with any copies of duplicates thereof.

Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material that was

inadvertently or unintentionally disclosed. Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY and must be treated in accordance with this Protective Order.

16. <u>Notice of Requested Disclosure</u>. A party who contemplates disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material requested in a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall give notice of such request, by facsimile and first class mail, upon the party which designated the material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY as soon as is reasonably possible to permit the designating party an opportunity to appear and be heard in connection with any motion to request to a court to order production of such CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material.

17. <u>Challenging Confidentiality Designations</u>. Nothing is this Order shall preclude any party from challenging the propriety of a CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY designation under this Order on the following or other appropriate grounds: (a) that the designated information is available to the public other than through a breach of this Order or other duty of confidentiality; (b) that the designated information was already known to the receiving party at the time of the disclosure and was not subject to conditions of confidentiality; or (c) that the designated information was developed by the receiving party independently of any disclosure by the designating party.

18. <u>Using Confidential Material in Depositions</u>. In the even that counsel for a party believes it is necessary during the course of a deposition to show CONFIDENTIAL or

RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY materials to a deponent who is otherwise not permitted access to such CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material under the terms of this Order, counsel may immediately seek consent to do so from counsel for the designating party or nonparty, who shall not unreasonably withhold such consent, provided that the deponent executes the ACKNOWLEDGMENT attached hereto. If such consent is withheld, the requesting counsel may apply to the Court for relief.

19.  <u>Return of Materials</u>.  Within sixty (60) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial (or in the event that another action is then pending involving plaintiff and any defendant, sixty (60) days after the conclusion of that action), all Confidential Material shall be returned to counsel who produced it, or be destroyed, in which case the party destroying it shall certify that it has been destroyed, provided, however, outside counsel may retain one complete and unredacted set of deposition transcripts and pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties, or a dispute over the use of dissemination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material subject to the terms of this Order. As to those materials which contain or reflect Confidential material, but which constitute or reflect counsel's work product, all such work product may be maintained by counsel, but such work product shall be used only for the purpose of preserving a file on this action and shall not, without written permission of the party that disclosed the Confidential material or an Order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Protective Order during the course of this action. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify opposing counsel when compliance is complete. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even of those pleadings or papers that contain or reflect Confidential Information; any such pleadings or

papers not returned or destroyed remain subject to the provisions of this Order.

20. <u>Continuing Effect</u>.  Upon conclusion of the above-entitled action, the provisions of this Protective Order shall continue to be binding.  Participation by any party in the execution and implementation of this Protective Order, as well as any action undertaken pursuant to its provisions, shall not be deemed to constitute a submission by any party to the jurisdiction or venue of this Court and shall not waive the right of any party to challenge the sufficiency of service of process, jurisdiction, or venue of this Court, provided, however, that the signatures to this Stipulation and anyone who signs Acknowledgement A agrees to submit to the jurisdiction of the Court for the limited purpose of enforcing this Order.  Further, plaintiff agrees that it will not use any party's participation in this Joint Stipulation And Protective Order Concerning Confidentiality as an argument that that party waived its right to assert a defense of lack of personal jurisdiction.

21. <u>Effective Term</u>.  This Protective Order shall remain in force and effect until modified in writing, superseded, or terminated by written consent of the parties or by Order of the Court made upon reasonable written request.

22. <u>Prior-Produced Documents and Information</u>.  All producing parties have thirty (30) days after notice of entry of this Order within which to designate as Confidential Material any Discovery Material produced prior to notice of entry of this Order.

**IT IS SO STIPULATED.**

Dated: March 23, 2006                    Respectfully submitted,

                                                     _____
Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109-2881
Tel: (617) 570-1000
Fax: (617) 523-1231

Attorneys for Plaintiff Freedom Wireless, Inc.

Dated: March 23, 2006

                                                     _____
Timothy J. Perry
Preti Flaherty Beliveau Pachios & Haley LLP
10 High Street, 5th Floor
Boston, MA 02110
Tel: (617) 226-3800
Fax: (617) 226-3801

Attorneys for Defendant South Canaan Cellular Communications Company and former defendant South Canaan Telephone Company

Dated: March 23, 2006

                                               _____
                                               Patrick J. Sharkey (BBO #454820)
Dean G. Bostock (BBO #549747)
Mintz, Levin, Cohn, Ferris,
   Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Attorneys for Defendants
Alltel Corporation
Bluegrass Cellular, Inc.
Boston Communications Group, Inc.
Cellular Properties, Inc. (d/b/a Cellular One
   of East Central Illinois)
Centennial Cellular Operating Co. LLC
Cincinnati Bell Wireless LLC
Dobson Cellular Systems, Inc.
East Kentucky Network LLC (d/b/a
   Appalachian Wireless)
Farmers Cellular Telephone, Inc. (d/b/a
   Farmers Cellular)
Great Lakes of Iowa, Inc.
Marseilles Cellular, Inc. (d/b/a
   Illinois Valley Cellular)
Mid-Missouri Cellular LLP
MTA Communications (d/b/a MTA Wireless)
Southern Illinois RSA Partnership (d/b/a
   First Cellular of Southern Illinois)
South #5 RSA Limited Partnership (d/b/a
   Brazos Cellular Communications, Ltd.)
Thumb Cellular LLC
Uintah Basin Electronic Telecommunications
(d/b/a UBET Wireless)

**IT IS SO ORDERED.**

Dated:

                                       By: _____
                                             The Honorable Edward F. Harrington
                                             UNITED STATES SENIOR DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP,<br>INC., *et al.*,<br><br>                    Defendants. | Civil Action No. 05-11062-EFH |

**AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER PURSUANT TO STIPULATION**

      I, _____, hereby acknowledge that I have read the Protective Order executed and entered in connection with the case of *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, United States District Court for the District of Massachusetts, Case No. 05-11062-EFH, that I understand the provisions prohibiting the disclosure or use of "Confidential Material" for any purpose or in any manner not connected with the prosecution or defense of this case, and that I agree to be bound by all provisions of the aforesaid Protective Order. I understand that any "Confidential Material" I receive, any copies I make of any such material, and any other records or compilations that may be made regarding such information shall not be disclosed to others except as provided in the Protective Order, and shall be returned at the conclusion of this litigation to counsel of record for the party who provided the "Confidential Material" to me.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

_____
Address

_____

_____

368811.02

17