## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

                Plaintiff,

    v.

BOSTON COMMUNICATIONS GROUP,
INC., *et al.*,

                Defendants.

Civil Action No. 05-11062-EFH

### DECLARATION OF ANDREW N. SHEN IN SUPPORT OF DEFENDANTS REGIONAL CARRIERS' MOTION FOR PROTECTIVE ORDER

I, Andrew N. Shen, declare as follows:

1.    I am duly licensed to practice law in the State of California and am an associate with Keker & Van Nest, LLP. I am counsel of record for the Regional Carrier Defendants in the above-captioned proceeding and have been admitted pro hac vice to practice before this Court. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2.    On June 7, 2006, I reviewed our document production database and confirmed that the Regional Carriers have provided Plaintiff Freedom Wireless, Inc. ("Freedom") with over 300,000 pages of material.

3.    As of June 7, 2006, Freedom has deposed representatives of the following Regional Carriers: Cellular Properties, Inc. d/b/a Cellular One of East Central Illinois, Dobson Cellular Systems, Inc., East Kentucky Network, LLC d/b/a Appalachian Wireless, Farmers Cellular Telephone, Inc. d/b/a Farmers Wireless, Great Lakes of Iowa, Inc., MTA Communications d/b/a MTA Wireless, Thumb Cellular LLC, and Uintah Basin Electronic

Telecommunications d/b/a UBET Wireless. Each of the fifteen Regional Carriers have also responded to Freedom's ten interrogatories.

4.    Attached hereto as Exhibit A is a true and correct copy of a letter sent from Erica Taggart to Andrew Shen on June 6, 2006.

5.    Attached hereto as Exhibit B is a true and correct copy of the Court's January 24, 2006 Order re Jurisdictional Discovery.

6.    Attached hereto as Exhibit C is a true and correct copy of Plaintiff Freedom Wireless Inc.'s First Request for Production of Documents to Defendant Bluegrass Cellular.

7.    Attached hereto as Exhibit D is a true and correct copy of Plaintiff Freedom Wireless Inc.'s Special Interrogatory Number One to Defendant Bluegrass Cellular.

8.    Attached hereto as Exhibit E is a true and correct copy of the Regional Carrier's proposed protective order, sent by Andrew Shen to Erica Taggart on March 23, 2006.

9.    Attached hereto as Exhibit F is a true and correct copy of the protective order enforced by the Court in Freedom Wireless, Inc. v Boston Communications Group, Inc., et al., Civil Action No. 00-CV-12234-EFH.

10.    Attached hereto as Exhibit G is a true and correct copy of Freedom's "red-line" comments on the Regional Carriers' proposed protective order, sent by Erica Taggart to Andrew Shen on April 18, 2006.

11.    Attached hereto as Exhibit H is a true and correct copy of an e-mail message from Erica Taggart to Andrew Shen, dated April 4, 2006.

12.    Attached hereto as Exhibit I is a true and correct copy of a letter sent from Erica Taggart and Jeanine Zalduendo to Andrew Shen, dated April 28, 2006.

13.    Attached hereto as Exhibit J is a true and correct copy of a letter sent from Andrew Shen to Erica Taggart, dated May 1, 2006.

374701

14.    Attached hereto as Exhibit K is a true and correct copy of an e-mail message from Erica Taggart to Andrew Shen, dated May 5, 2006.

15.    Attached hereto as Exhibit L is a true and correct copy of a letter sent from Andrew Shen to Erica Taggart, dated May 12, 2006.

16.    Attached hereto as Exhibit M is a true and correct copy of a letter sent from Erica Taggart to Andrew Shen, dated May 15, 2006.

17.    Attached hereto as Exhibit N is a true and correct copy of a letter sent from Andrew Shen to Erica Taggart, dated June 5, 2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 7, 2006, in San Francisco, California.

DATED:  June 7, 2006                    _____/s/_____
                                                ANDREW N. SHEN

**EXHIBIT A**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   June 6, 2006

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Andrew Shen/Leo L. Lam/Michael H. Page<br>Kevin T. Reed<br>*Keker & Van Nest LLP* | (415) 391-5400 | (415) 397-7188 |
| Patrick J. Sharkey/Dean G. Bostock<br>*Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.* | (617) 542-6000 | (415) 542-2241 |
| John Cuddihy/Bruce R. Genderson/Dov Grossman<br>David Kiernan/Philip A. Sechler<br>*Williams & Connolly LLP* | (202) 434-5999 | (202) 434-5029 |
| Gregory T. Donoghue/Timothy J. Perry<br>*Preti, Flaherty, Beliveau, Pachios & Haley LLP* | (617) 226-3800 | (617) 226-3801 |
| John K. Felter<br>*Goodwin Procter, LLP* | (617) 570-1000 | (617) 523-1231 |

**FROM:**   Erica Taggart

**RE:**   Freedom Wireless, Inc. v. Boston Communications Group, Inc., Alltel, et al.
Case No. 05-11062-EFH

08930/1885686.1

| CLIENT # | 8930 | ROUTE/<br>RETURN TO: | Vince Grant | ☑ CONFIRM FAX<br>☑ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *(signature)* | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 6, 2006

**Via Facsimile and U.S. Mail**
**415-397-7188**

Andrew Shen
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:  *Freedom Wireless, Inc. v. Boston Communications Group, Inc., Alltel et al.,*
     *Case No. 05-11062-EFH*

Dear Andrew:

I write in response to your June 5 letter requesting that Freedom extend its agreement to abide by the terms of the draft protective order circulated by counsel for the regional carrier defendants for another 30 days.

As I mentioned on the phone this afternoon, Freedom does not agree to a 30 day extension of time. Freedom has already granted one 30 day extension of time to allow for further negotiations, but the parties have made little progress with the additional time. Freedom circulated its proposed protective order to regional defendants on April 19, 2006, and again to counsel for BCGI on May 8, 2006. In our last letter, dated May 15, we further explained Freedom's position on the changes it made in its redline version of the protective order, expressed concern about the slow rate of response from defendants, and reiterated that "Freedom has only agreed to abide by the draft protective order regarding the regional carrier defendants until June 8, 2006 to allow time for the negotiation and possible motion practice regarding any protective order." Yet, in the three weeks since that letter, the only response we have received is your recent request for additional time.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-4714
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3116

08930/1896992.1

Given the lack of progress at reaching an informal resolution to the remaining disputed terms, we believe it is appropriate for defendants to raise the remaining contested issues with the Court on the previously agreed-upon schedule. The last few months of negotiation and correspondence should be more than sufficient for defendants to understand Freedom's position on the protective order.

You also mentioned in a voicemail that, without an extension, defendants intend to file a motion on or before June 8. As I also mentioned on the phone to you today, Freedom agrees to abide by defendants' draft protective order regarding the regional carrier defendants until the Court rules on the substantive issues we expect defendants will raise in their motion. Moreover, Freedom remains willing to enter into the protective order we circulated on April 19, which we believe protects any legitimate concerns defendants have regarding confidentiality.

Very truly yours,

Erica Taggart

Erica Taggart

08930/1896992.1

Cc:    All defense counsel (via fax)

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FREEDOM WIRELESS, INC.,
                Plaintiff

        v.                                    CIVIL ACTION NO.:
                                         05-11062-EFH

BOSTON COMMUNICATIONS GROUP,
INC., ET AL.,
                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>O R D E R</u>

January 24, 2006

HARRINGTON, S.D.J.

      Upon consideration of the Regional Carrier Defendants'[1] Motion to Dismiss for Lack of Personal Jurisdiction, the Court hereby orders the parties to conduct limited discovery *relating solely to the issue of personal jurisdiction over the Regional Carriers and South Canaan.*

      <u>Document Discovery</u>

      Freedom Wireless, Inc. ("Freedom") shall serve document requests and interrogatories to each Regional Carrier, including South Canaan.[2]  The document requests and interrogatories are to be limited solely to issues relating to personal jurisdiction.  Freedom's deadline to submit these document requests and interrogatories is February 17, 2006.

---

    [1] This discovery Order also applies to Defendant South Canaan Cellular Communications Co. ("South Canaan"), who moved separately from the Regional Carriers to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue.  (Docket No. 64).

    [2] Freedom is limited to sixteen interrogatories: one for each Regional Carrier, plus one for South Canaan.

The Regional Carriers and South Canaan shall serve Freedom with document requests and interrogatories[3] with respect to evidence in Freedom's possession that establishes the Court's jurisdiction over the Regional Carriers and South Canaan. The deadline for these document requests and interrogatories is February 17, 2006.

Freedom, the Regional Carriers, and South Canaan shall respond to all document requests and interrogatories by April 7, 2006.

Deposition Discovery

After the Regional Carriers and South Canaan provide responses to Freedom's document requests and interrogatories, if it so chooses, Freedom may depose one representative from each of the Regional Carriers, including South Canaan. All inquiries at each deposition shall be strictly limited to issues concerning personal jurisdiction. The depositions shall be scheduled at times mutually convenient for all parties, but must be concluded by June 16, 2006.

Supplemental Briefing

If, at the close of the limited discovery period set out in this Order, Freedom wishes to submit a supplemental brief in opposition to the Regional Carriers' and South Canaan's Motions to Dismiss, it may do so by July 14, 2006.

Should Freedom file a supplemental opposition brief, the Regional Carriers and South Canaan shall file a supplemental reply brief by August 4, 2006.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[3] Counsel for the Regional Carriers is limited to fifteen interrogatories in total. Counsel for South Canaan is limited to five interrogatories.

**EXHIBIT C**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., | Civil Action No. 05-11062-EFH |
| Plaintiff, | |
| v. | **PLAINTIFF FREEDOM WIRELESS INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLUEGRASS CELLULAR** |
| BOSTON COMMUNICATIONS GROUP, INC., ALLTEL CORP., et al., | |

PROPOUNDING PARTY:    Plaintiff Freedom Wireless, Inc.

RESPONDING PARTY:    Defendant Bluegrass Cellular

SET NO.:    One

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the court's order dated January 24, 2006, plaintiff Freedom Wireless, Inc. hereby propounds its First Set of Requests for Production upon defendant Bluegrass Cellular, and requests that defendant produce the items responsive to the categories listed below by April 7, 2006, at the law offices of Quinn Emanuel Urquhart Oliver & Hedges, located at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

## Definitions

      1.    "Freedom Wireless" shall mean and refer to plaintiff Freedom Wireless, Inc. and its employees, agents, associates, subsidiaries, and predecessors in interest.

34563.2

2.     "You," "your," and "defendant" shall mean and refer to defendant Bluegrass Cellular, its predecessors, successors, and present and past subsidiaries, parents, affiliates, employees, officers, directors, agents, consultants, attorneys, and other persons or entities acting for or on its behalf or at its direction.

3.     "BCGI" shall mean and refer to defendant Boston Communications Group, Inc., its predecessors, successors, and present and past subsidiaries, parents, affiliates, employees, officers, directors, agents, consultants, attorneys, and other persons or entities acting for or on its behalf or at its direction.

4.     "Prepaid wireless service" shall mean any wireless telecommunication service, whether for voice, data, or other electronic transmission, for which a subscriber pays in advance, as well as the equipment and services relating to the provision of such prepaid wireless service, including without limitation the C2C Service and/or BCGI prepaid wireless service bureau.

5.     "Prepaid phone cards" means and refers to prepaid phone cards defendant has sold in connection with prepaid wireless service, including without limitation C2C prepaid wireless service and/or BCGI prepaid wireless service bureau.

6.     "Provide" means and refers to directly or indirectly selling, offering to sell, manufacturing, distributing or otherwise making available to cellular telecommunications users, customers, end-users, or the public.

7.     "Person" or "persons" is defined  as provided by Local Rule 26.5 (c)(6).

8.     "Communication" is defined as provided by Local Rule 26.5 (c)(1).

9.     The terms "document" or "documents" shall have the same meaning as the term "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and shall include within its meaning, by way of example and not limitation, any and all papers, videotapes or video recordings, photographs, films, x-rays, recordings, memoranda, books, records, medical histories, medical records, hospital records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office

memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording devices, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, whether such documents are presently in documentary form or not.

10.    "Communication" shall mean, without limitation, the exchange or transmission of words, ideas, or information from one or more persons to another person or persons, whether accomplished person to person, by telephone, in writing, via facsimile, via electronic mail, or through any other medium, and shall include but is not limited to discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

11.    Documents "refer or relate" to a given subject matter if, whether directly or indirectly, they relate to, refer to, constitute, contain, embody, reflect, identify, state, deal with, comment on, respond to, describe, analyze, support, negate, revoke, refute, contradict, or are in any way pertinent to that subject matter.

12.    As used herein, the terms "any" and "all" shall each mean and include the other; the terms "and" and "or" shall each mean and include the other; and the singular form of any word and the plural form of the word shall each mean and include the other.

13.    "Identity" when used in reference to a natural person, shall mean to state such person's full name, present or last-known home and business addresses, present or last-known position or business affiliation, present or last-known home and business telephone numbers and each position and business affiliation during the time period pertinent to these interrogatories.

<u>INSTRUCTIONS</u>

1.    The Requests require that you make available for inspection and copying each document or tangible thing responsive to the Requests, that is within your actual or constructive possession, custody, care or control, including documents that you have a right to secure from any other source.  These sources include, but are not limited to, your agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on your behalf.

2.    The Requests shall not be deemed to call for duplicate identical copies of documents.  A document with handwritten notes, editing marks, etc., shall not be deemed a duplicate identical to one without such notes or marks.

3.    Documents shall be produced in their original file folders or, in lieu thereof, any writing on the file folder from which such document is taken shall be copied and appended to such documents, and the person for whom, or department, division or office for which, such file folder is maintained, shall be identified.

4.    The source of all documents produced and the person for whom, or department, division or office for which, such documents are maintained, should be identified.

5.    If a portion of an otherwise responsive document contains information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

6.    In the event that any document called for by these requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by stating (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the privilege or immunity asserted.

7.   In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the Document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

8.   To the extent the request does not specify a period of time, they request documents created on or after January 1, 1998.

## DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents that refer or relate to any advertising, marketing, or promotion of your prepaid wireless services, including but not limited to advertisements, brochures, mailings, handouts, solicitations, videos, Internet publications, and any marketing or consumer studies, strategies, surveys, focus group reports, analyses, and projections that are directed to or accessible by residents of Massachusetts.

### REQUEST NO. 2:

All documents that refer or relate to any meeting, teleconference, solicitation from, or other contact with BCGI, including without limitation documents referring or relating to who was present and the location of the meeting or teleconference.

REQUEST NO. 3:

All documents that refer or relate to any meeting, teleconference, solicitation from, or other contact with a person in Massachusetts or a Massachusetts-based entity for business purposes.

REQUEST NO. 4:

All documents that refer or relate to your service agreements for the provision of prepaid wireless services, including without limitation, agreements with BCGI and all documents referring or relating to the negotiation of the terms and conditions of those agreements.

REQUEST NO. 5:

All documents that refer or relate to payments Defendant sent to a company located in Massachusetts, including without limitation BCGI.

REQUEST NO. 6:

All communications between defendant and BCGI that was sent to or from Massachusetts.

REQUEST NO. 7:

All documents that refer or relate to the identity of any persons located in or residing in Massachusetts to whom defendant has offered to sell or sold prepaid wireless services, prepaid minutes or prepaid phone cards.

REQUEST NO. 8:

All written contracts and agreements, including, but not limited to, representative sales agreements and/or sales contracts, between defendant and any company located in Massachusetts, including without limitation BCGI.

34563.208930/18                                              -6-

REQUEST NO. 9:

All documents that refer or relate to the location of any and all equipment located in Massachusetts used for defendant's prepaid wireless services, prepaid phone cards and/or prepaid minutes.

REQUEST NO. 10:

All documents that refer or relate to any and all of defendant's assets located in Massachusetts.

REQUEST NO. 11:

All documents that refer or relate to any and all of defendant's offices located in Massachusetts.

REQUEST NO. 12:

All documents that refer or relate to any and all of defendant's employees, residing in or working in Massachusetts.

REQUEST NO. 13:

All documents that refer or relate to any and all of defendant's distributors located in Massachusetts.

REQUEST NO. 14:

All documents that refer or relate to any and all of defendant's parent companies located in or doing business in Massachusetts.

REQUEST NO. 15:

All documents that refer or relate to any and all of defendant's subsidiary companies located in or doing business in Massachusetts.

REQUEST NO. 16:

All documents that refer or relate to any and all of defendant's affiliates, partnerships, joint ventures or other business entities located in or doing business in Massachusetts.

REQUEST NO. 17:

All documents that refer or relate to any visit by an employee of defendant to Massachusetts in the scope of that person's employment with defendant.

REQUEST NO. 18:

All documents that refer or relate to any visit by an independent contractor of defendant to Massachusetts in the scope of that person's business with defendant.

REQUEST NO. 19:

All documents that refer or relate to defendant's authority to transact business in Massachusetts, including any licenses, registrations, or other form documents sent to or received from any government agency in Massachusetts.

REQUEST NO. 20:

All documents that refer or relate to the location of any agent for the service of process, whether actual or implied, in Massachusetts.

REQUEST NO. 21:

All documents that refer or relate to defendant's sale, ownership, lease or tenancy of any property in Massachusetts, whether for use in or out of Massachusetts.

REQUEST NO. 22:

All documents that refer or relate to the location of any of defendant's independent contractors working or residing in Massachusetts.

REQUEST NO. 23:

All documents that refer or relate to any toll-free number for use by persons in Massachusetts to contact defendant.

REQUEST NO. 24:

All documents that refer or relate to any telephone number local to Massachusetts owned by or related to defendant.

REQUEST NO. 25:

All documents that refer or relate to the location of any bank account held in the name of defendant in Massachusetts.

REQUEST NO. 26:

All documents that refer or relate to the location of any loan applications or loans obtained by defendant in Massachusetts.

REQUEST NO. 27:

All documents that refer or relate to defendant's prosecution or defense of any action in Massachusetts.

REQUEST NO. 28:

All documents that refer or relate to defendant's use of the Massachusetts legal system, including its courts and laws, for any purpose.

REQUEST NO. 29:

All documents that refer or relate to any of defendant's URLs or website addresses, whether passive or active, that are accessible to residents of Massachusetts.

REQUEST NO. 30:

All documents that refer or relate to any trade shows or business meetings attended by defendant and/or its employees in Massachusetts.

REQUEST NO. 31:

All documents that refer or relate to any contact that defendant has had with Massachusetts.

REQUEST NO. 32:

All documents that refer or relate to prepaid wireless minutes of use sold by defendant that were processed in any part by a company located in Massachusetts, including without limitation BCGI.

REQUEST NO. 33:

All documents that refer or relate to any revenue generated in connection with prepaid wireless minutes of use sold by defendant that were processed in any part by a company located in Massachusetts, including without limitation BCGI.

REQUEST NO. 34:

All documents that refer or relate to any prepaid wireless service and/or system, and any components thereof, which defendant has advertised, sold, licensed, leased, or otherwise provided, including, but not limited to, the operation, function, structure, and technical design of such services/systems and components.

REQUEST NO. 35:

All documents that refer or relate to the operation of equipment attached or related to defendant's cellular switches or in connection with a prepaid call.

REQUEST NO. 36:

All documents that refer or relate to the ability of defendant's prepaid wireless subscribers to make or receive prepaid wireless telephone calls in Massachusetts.

REQUEST NO. 37:

All contracts or agreements with any company that refer or relate to the ability to roam in Massachusetts or nationwide and including Massachusetts.

REQUEST NO. 38:

All documents that refer or relate to the communication of information or data between or among equipment owned, leased or operated by defendant and equipment owned, leased or operated by BCGI.

REQUEST NO. 39:

All documents that refer or relate to the processing of prepaid wireless calls by BCGI.

REQUEST NO. 40:

All documents that refer or relate to the operation of defendant's prepaid wireless services, including the functionality and operation of the BCGI prepaid wireless service bureau and/or C2C System within defendant's prepaid cellular systems or prepaid cellular communications systems.

REQUEST NO. 41:

All documents that refer or relate to agreements for indemnification by BCGI.

REQUEST NO. 42:

All documents that refer or relate to any demonstrations of BCGI's services.

REQUEST NO. 43:

All documents that refer or relate to communications regarding outages or malfunctions of your prepaid wireless services, including without limitation documents referring or relating to debugging, trouble tickets, error or bug reports, outages and/or customer complaints.

REQUEST NO. 44:

All documents sufficient to establish the number of minutes used and payments by defendant to BCGI.

REQUEST NO. 45:

All documents sufficient to establish the implementation or implementations of BCGI's system/software used by defendant, and any modifications or variations to such implementations that would have any bearing on jurisdiction.

34563.208930/18

-12-

REQUEST NO. 46:

        All documents evidencing marketing or sales by defendant to any resident of

Massachusetts, including any national marketing that includes Massachusetts.


REQUEST NO. 47:

        All documents that refer or relate to your contract with Lightbridge including, but

not limited to, any and all contracts with Lightbridge, all communications with a Lightbridge

employee located in Massachusetts, and any documents referring or relating to any meeting

between defendant and Lightbridge taking place in Massachusetts.


DATED:  February 17, 2006            Respectfully submitted,

                                     FREEDOM WIRELESS, INC.
                                     By their attorneys


                                     _Marshall Scanay/ by AED_
                                     Paul F. Ware, Jr., P.C. (BBO #516240)
                                     Douglas C. Doskocil (BBO #558949)
                                     John Kenneth Felter, P.C. (BBO #162540)
                                     Goodwin Procter, LLP
                                     Exchange Place
                                     Boston, MA  02109-2881
                                     Tel:  (617) 570-1000
                                     Fax:  (617) 523-1231

A. William Urquhart
Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
*(pro hac vice)*

Attorneys for plaintiff Freedom Wireless, Inc.

**EXHIBIT D**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., | Civil Action No. 05-11062-EFH |
| Plaintiff, | |
| v. | **PLAINTIFF FREEDOM WIRELESS** |
| | **INC.'S SPECIAL INTERROGATORY** |
| BOSTON COMMUNICATIONS GROUP, | **NUMBER ONE TO DEFENDANT** |
| INC., ALLTEL CORP., et al. | **BLUEGRASS CELLULAR** |

PROPOUNDING PARTY:    Plaintiff Freedom Wireless, Inc.

RESPONDING PARTY:    Defendant Bluegrass Cellular

SET NO.:    One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the court's order dated January 24, 2006, plaintiff Freedom Wireless, Inc. hereby propounds its Special Interrogatory, Set One, on defendant Bluegrass Cellular, and requests that defendant answer this interrogatory fully, in writing and under oath by April 7, 2006.

## DEFINITIONS

1.    "You," "your," and "defendant" means and refers to defendant Bluegrass Cellular, its predecessors, successors, and present and past subsidiaries, parents, affiliates, employees, officers, directors, agents, consultants, attorneys, and other persons or entities acting for or on its behalf or at its direction.

30447.1

2.    "Prepaid services" means any wireless telecommunication service, whether for voice, data, or other electronic transmission, for which a subscriber pays in advance, as well as the equipment and services relating to the provision of such prepaid wireless service, including without limitation the C2C Service and/or BCGI prepaid wireless service bureau and defendant's prepaid phone cards sold in connection with prepaid services, including the C2C prepaid wireless service and/or BCGI prepaid wireless service bureau.

4.    "Relating to," "Referring to," or "Regarding" means, whether directly or indirectly, facts or information that relate to or refer to, constitute, contain, embody, reflect, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or are in any way pertinent to an identified subject matter.

5.    "Any" and "all" each mean and include the other, the terms "and" and "or" mean and include the other; and the singular form of any word and the plural form of the word means and includes the other.

6.    "Communication" means and refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise, including any all correspondence through speech, letters, e-mails, facsimile, video, and telephone conversation.

7.    "Person" means and refers to any natural person or any business, legal, or governmental entity, association, company, or corporation.

8. (a)    The terms "Identify" or "Identity," when used in reference to a natural person, mean to state such person's full name, present or last-known home and business addresses, present or last-known position or business affiliation, present or last-known home and business telephone numbers and each position and business affiliation during the time period pertinent to these interrogatories.

(b)    The term "Identify" when used in reference to an act, omission, event or breach means to fully state and describe each such act, omission, event and breach, the identity and role of each person involved in such act, omission, event or breach, the date(s) upon which the act, event, omission or breach occurred, and, in the case of an act, event or breach, the

geographical location (including without limitation, city and State or, if outside the United States, the country) of each such act, event or breach.

9.    The term "document" or "documents" has the same meaning as the term is defined in Federal Rule of Civil Procedure 34(a) and as the term "writing" is defined in Rule 1001 of the Federal Rules of Evidence, and shall include within its meaning, by way of example and not limitation, any and all papers, videotapes or video recordings, photographs, films, x-rays, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording devices, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing that differ in any way, including handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically includes information stored on a computer or in a computer database, such as electronic mail.

<u>INSTRUCTIONS</u>

1.    When an interrogatory requests disclosure of a communication or other information as to which you claim any privilege or protection as a ground for nondisclosure, identify each person who participated in or had knowledge of the communication or other information and provide the following:

(i)  the privilege or protection that you claim precludes disclosure;

(ii)  the identity of the author(s), addressee(s), copyee(s) and recipient(s) of the communication;

(iii)  the type of communication or information involved (e.g., e-mail, memorandum, letter, handwritten notes);

(iv)  the subject matter of the communication or information (without revealing the content as to which the privilege is claimed); and

(v)  any additional facts on which you base your claim of privilege or protection.

2.    When an interrogatory requests that you provide information, you are required to supply all information known by or available to you.  If you cannot completely answer the interrogatory after making diligent efforts to do so, please so state.  Then describe in detail all efforts made to answer the interrogatory; identify every person involved in such efforts; and state the additional information you need, if any, to respond completely to the interrogatory.

## SPECIAL INTERROGATORY

INTERROGATORY NO. 1:

Identify all contacts defendant has had with the Commonwealth of Massachusetts from February 1998 until the present, including, but not limited to:

A.    all contracts entered into between defendant and any individual or company located in Massachusetts, including but not limited to Boston Communications Group, Inc.;

B.    all advertising, marketing, or promotion of your prepaid services directed to persons in Massachusetts;

C.    all meetings and communications between defendant and any individual or company located in Massachusetts;

D.    the names and addresses of any customer of defendant's products or services who resides in Massachusetts;

E.    the name and location of any property owned, sold or leased to or by defendant in Massachusetts;

F.    the name and address of any parent or subsidiary doing business in Massachusetts;

G.    the case number and jurisdiction of any lawsuit involving defendant that has ever been filed in Massachusetts;

H.    the URL or website address of any of your websites that are accessible to residents of Massachusetts;

I.    the identification number of any bank account held in the name of defendant in Massachusetts;

J.    a list of all meeting or trade shows that defendant's employees attended as part of their work responsibilities.

DATED:  February 17, 2006              Respectfully submitted,

                                       FREEDOM WIRELESS, INC.
                                       By their attorneys


                                       *Marshall Searcy / by RGD*
                                       _____
                                       Paul F. Ware, Jr., P.C. (BBO #516240)
                                       Douglas C. Doskocil (BBO #558949)
                                       John Kenneth Felter, P.C. (BBO #162540)
                                       Goodwin Procter, LLP
                                       Exchange Place
                                       Boston, MA  02109-2881
                                       Tel:  (617) 570-1000
                                       Fax:  (617) 523-1231

                                       A. William Urquhart
                                       Marshall M. Searcy III
                                       Erica P. Taggart
                                       Quinn Emanuel Urquhart Oliver & Hedges, LLP
                                       865 South Figueroa Street, 10th Floor
                                       Los Angeles, California 90017
                                       *(pro hac vice)*

                                       Attorneys for plaintiff Freedom Wireless, Inc.

**EXHIBIT E**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

                Plaintiff,

    v.

BOSTON COMMUNICATIONS GROUP,
INC., *et al.*,

                Defendants.

Civil Action No. 05-11062-EFH

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, in the course of discovery in this patent case, it may be necessary for the parties to disclose trade secrets, proprietary information and other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), to opposing counsel, expert witnesses, and other persons; and,

WHEREAS, the parties agree that it would serve the interests of the parties to conduct discovery under this Stipulation and Protective Order pursuant to Fed.R.Civ.P. 26(c). Accordingly,

IT IS HEREBY STIPULATED AND AGREED by undersigned counsel, subject to the approval of the Court, as follows:

1.    <u>Scope</u>.  This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and

summaries thereof (collectively referred to as "Discovery Materials") and also including without limitation testimony adduced at hearing or trial.

2.    <u>Definitions</u>.  The terms employed in this Protective Order are defined as follows:

a.    "<u>Restricted Confidential—Attorney's Eyes Only</u>":  Discovery Materials that have been maintained by the producing party or person as confidential and contain trade secret or other confidential information regarding proprietary technology, research, design or development; manufacturing methods, costs and capacities; marketing or sales; new products, business methods, or potential products or business methods; personnel data; information the disclosing party produces that it obtained in confidence outside this litigation from a third party; and any other information of a technical or financial nature may be designated as "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY."

b.    "<u>Confidential</u>":  As a general guideline, information designated "CONFIDENTIAL" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties.  Discovery Materials that have been maintained by the producing party or person as confidential but do not qualify for treatment as "Restricted Confidential—Attorney's Eyes Only" may be designated as "Confidential."

c.    "<u>Confidential Material</u>":  Material designated "Confidential" or "Restricted Confidential—Attorney's Eyes Only" shall be referred to collectively as "Confidential Material."

3.    <u>Designation of Confidentiality</u>.  No designation of "Confidential" or "Restricted Confidential—Attorney's Eyes Only" shall be made unless counsel for the party producing the Discovery Material believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.  The parties shall use their best, good faith efforts not to designate documents that a party is asserting, or intends to assert, as prior art, as Confidential Material.  Discovery Materials may be designated Confidential Material within the meaning of this Protective Order in the following ways:

a.      In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such document: "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY."

b.      In the case of computer disks, CD-ROMs or tapes, on the label cover or container of the disk, CD-ROM or tape, designation shall be made by placing the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" on such label or container.  A designation as to anything of which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties.  To the extent a party prints out material from such computer disks, CD-ROMs or tapes, that party will immediately label the print-out with the same confidentiality designation on the container of the disk, CD-ROM or tape.

c.      In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as Confidential Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as Confidential Material.  The following legend shall be placed on the front of any set of interrogatory answers containing Confidential Material:  "CONTAINS CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY MATERIAL.  Designated parts not to be used, copied or disclosed except as authorized by court order."

d.      All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as "Confidential—Attorney's Eyes Only" for a period of thirty (30) days following the deponent's counsel's receipt of the transcript of the deposition from the court reporter.  Within that 30-day period, counsel for any party to this action or counsel for the deponent may designate certain, if any, pages of the transcript as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" by notifying all counsel of

record in writing of such designation, and thereafter such pages shall be treated as Confidential

Material. Counsel for each party shall be responsible for marking the designated exhibits and

pages of copies of the transcript in their possession with the legend specified in paragraph 3(a)

above. Testimony given at a deposition may also be so designated by an appropriate statement at

the time of the giving of the testimony. If no such designation is made by counsel within 30 days

after receipt of the deposition by the deponent's counsel, the transcript shall be considered not to

contain Confidential Material. Use at deposition of a document previously designated as

Confidential Material shall have no effect on its designation.

      e.    During discovery, a party furnishing documents and things to another

party for inspection shall have the option to require that all or groups of documents and things be

treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES

ONLY during inspection and to make its designations of particular documents and things at the

time copies of documents and things are produced or furnished.

      f.    The parties agree that under no circumstances shall any party show or

attempt to show any defendant or employee of any defendant a contract or the substantive

provisions of any contract between Boston Communications Group, Inc. ("BCGI") and any other

person. Nothing in this paragraph prohibits a party from showing any employee of a defendant a

contract between that defendant and BCGI to the extent otherwise allowable under this

Protective Order.

    4.    <u>Use of Confidential Material</u>. Confidential Material shall be used by the

receiving person solely for the purpose of conducting this action, but not for any business or

other purpose whatsoever, whether directly or indirectly. Nothing contained in this Protective

Order shall preclude a party or non-party from using or disseminating its own Confidential

Material. The parties may not use any other party's Confidential Material in the prosecution of

any patent application. The parties also will not disclose any other party's "Restricted

Confidential—Attorney's Eyes Only" material to any person who is currently prosecuting any

prepaid cellular telephony patent application for any party.

5.    Disclosure of "Confidential" Material.  Material designated "Confidential" shall not be made public or disclosed to anyone other than to the following persons:

a.    In-house and outside counsel actively involved in the above-entitled litigation, and paralegals, investigative, litigation support services, secretarial and clerical personnel, including outside copying services, who are engaged in assisting counsel in the above-entitled action and to whom it is necessary that the materials be disclosed for purposes of this litigation;

b.    Non-legal representatives of each party under the condition that prior to any such disclosure to such a representative, that representative must first execute an undertaking in the form attached as Exhibit A;

c.    Upon compliance with and in accordance with the provisions of paragraph 8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action to the extent necessary to perform their work on this litigation;

d.    Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, and, subject to timely objection, any person employed by the party that designated the particular document or piece of information as confidential;

e.    Any interpreter, or court reporter or other shorthand reporter or typist translating, recording or transcribing testimony;

f.    Any other persons who are designated to receive CONFIDENTIAL material by order of this Court, after notice to the parties, or by written stipulation of the parties; and

g.    the Court and Court personnel.

6.    Disclosure of "Restricted Confidential—Attorney's Eyes Only" Material.

Material designated "Restricted Confidential—Attorney's Eyes Only" shall not be made public or disclosed to anyone other than to the following persons:

      a.      In-house and outside counsel actively involved in the above-entitled litigation who are not prosecuting any prepaid cellular telephony patent application for the parties, and paralegals, litigation support services, and secretarial and clerical personnel including outside copying services, who are engaged in assisting counsel in the above-entitled action, who are not prosecuting any prepaid cellular telephony patent application for the parties, and to whom it is necessary that the materials be disclosed for purposes of this litigation;

      b.      Upon compliance with and in accordance with the provisions of paragraph 8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by party hereto only in connection with this action to the extent necessary to perform their work on this litigation;

      c.      Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, and, subject to timely objection, any person employed by the party that designated the particular document or piece of information as confidential;

      d.      Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

      e.      Any other persons who are designated to receive RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material by order of this Court, after notice to the parties, or by written stipulation of the parties; and

      f.      the Court and Court personnel.

      7.      The parties hereto agree that, to the extent the same law firm may be acting both in a role as outside counsel actively involved in this litigation and as patent prosecution counsel for the same party or another party to this litigation, attorneys and support staff who currently are

involved in patent prosecution of any prepaid cellular telephony patent application will not have access to Confidential Material. Furthermore, any party may request that any other party designating information or documents as Confidential Material allow access by a particular individual to a particular document or particular information. The parties agree that such requests will be considered in good faith and that access will not be unreasonably withheld.

8.    Procedure for Disclosure to Experts. Confidential Material shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until such person has executed an undertaking in the form attached as Exhibit A, and shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until the time period for objection to such disclosure (as specified below) has passed without objection from any party. All executed undertakings shall be promptly provided to opposing counsel. With respect to persons described in paragraphs 5(c) and 6(b), such executed undertaking must be provided to all other parties named in this action at least ten (10) business days before any initial disclosure of Confidential Material, along with a written statement setting forth such person's present residence address and business address, current employer and job title, and any company involved in the development or marketing of cellular telephone services or systems for whom said person has consulted or worked during the past ten (10) years. If any party objects to the disclosure of Confidential Material to such person within ten (10) business days after receiving notice, no such disclosure shall be made to that person. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all parties. Failure to make such an objection within ten (10) business days shall constitute approval. If the parties are unable to resolve their objections, the party seeking to make the disclosure may apply to the Court to resolve the matter. Upon the giving of notice of such an objection, no disclosure of the material or information in question shall be made until the parties resolve the objection or a ruling is made by the Court.

9.    Rendering Advice of Counsel. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case and, in the course thereof, relying in a general way upon his or her examination of Confidential

Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose (except to persons authorized to receive Confidential Material under paragraphs 5 and 6) the contents or the source of any Confidential Material produced by the other party.

10.    Objections to Designations. The failure of any party to object to the designation of Discovery Material as "Confidential" or "Restricted Confidential—Attorney's Eyes Only" at the time of its designation shall not be deemed a waiver of that party's right to challenge the propriety of such designation at any time thereafter. Should counsel object to the designation by a party of any Discovery Material as "Confidential" or "Restricted Confidential—Attorney's Eyes Only," counsel shall notify the designating party's counsel of the objections. If notice of such objection if received at any time, counsel shall promptly confer in an attempt to resolve the matter. If the matter remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed. If no such application is made, the material will remain as designated. Any information which has been produced and designed as "Confidential Material" shall, under order of the Court, be treated as designated pending resolution of the dispute. The party making the designation of Confidential Material bears the burden of proving that it is Confidential Material.

This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protectable under Federal Rule of Civil Procedure 26(c). In addition, this Protective Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

11.    Use of Confidential Material in Court. Confidential Material and the content of Confidential Material shall not be made public or disclosed to anyone except as provided in paragraphs 5, 6, 7 and 8. To the extent that it is necessary to file Confidential Material with the Court in connection with proceedings in this action, the party wishing to file any such Confidential Material, prior to or simultaneously with filing the Confidential Material, shall on

each occasion move, pursuant to Local Rule 7.2, for an order of impoundment. The party filing any such Confidential Material pursuant to an order of impoundment by the Court shall file it with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court. The Clerk of the Court is directed to impound and maintain under seal the envelope or container in accordance with this paragraph until further order of the Court.

12.     In the event that any CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

Subject to the Federal Rules of Evidence, Confidential Material may be offered in evidence at trial, provided that:

a.     prior to the offer, the proponent of the evidence advises the Court and the designating party that Confidential Material will be offered;

b.     the evidence shall be received *in camera* or under such other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of Confidential Material under the terms of this Protective Order; and

c.     the pertinent portions of the trial transcript that contain references to the substance of the Confidential Materials are treated in the manner described above for impounded materials under applicable local rules.

13.     <u>Designation of Confidential Material by Party Other Than Producing Party</u>. Any party also may designate as CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY any other material or information specified in Paragraph 1 of this

Order which has been furnished in this case by a nonparty (such as deposition testimony) that

constitutes or reflects CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S

EYES ONLY material of the designating party under the terms of Paragraph 2 and 3 of this

Order, whether or not the producing nonparty has also so designated. Nonparty materials

produced in this case designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL—

ATTORNEY'S EYES ONLY by a nonparty or party shall be governed by the terms of this

Order.

   14. <u>Secure Storage</u>.  The recipient of Discovery Materials designated as Confidential

Material hereunder shall maintain such information, documents or things in a secure and safe

area and shall exercise due and proper care with respect to the storage, custody, use and/or

dissemination (including dissemination to persons identified in paragraphs 5 and 6) of such

information, documents or things.

   15. <u>Preservation of Rights and Privileges</u>.  Nothing contained in this Protective Order

shall affect the right, if any, or any party or non-party to make any other type of objection, claim,

or other response to interrogatories, to requests for production of documents and/or things, to

requests for admissions or to any questions at a deposition.  Nor shall this Protective Order be

construed as a waiver by any party or non-party of any legally cognizable privilege to withhold

any Discovery Material, or of any right which any party or non-party may have to assert such

privilege at any stage of the proceedings.

   Nothing in this Protective Order shall affect the rights of the parties concerning the

presence of client representatives at trial.

   Nothing in this Protective Order shall limit the right of any person who receives

information designated as Confidential Material from using such information to the extent that

the information (a) was in the possession or control of the recipient prior to the time it was

disclosed under this Protective Order, (b) is public knowledge or becomes public knowledge

through no fault or omission of the recipient, or (c) is lawfully obtained by the recipient from a

third party.  In addition, nothing in this Order shall preclude any party to the lawsuit or its

counsel in disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY. Notwithstanding the foregoing, the parties hereby agree that they reserve the right and do not waive any right to object to disclosure of their Confidential Materials by third parties who may be in possession of such materials, and to designate such materials produced in this action as protected by this Stipulation and Order.

Inadvertent production of Discovery Material in this action shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such Discovery Material, or to other documents or communications, written or oral, including without limitation, other communications referred to in the Discovery Material produced. Nothing in this paragraph shall prejudice the right of any party to seek return of Discovery Materials as to which a claim of privilege has been made.

Except in the case of deposition testimony, which is governed by paragraph 3(c), above, the inadvertent or mistaken disclosure in this action of any Confidential Material by a producing party, without the designation required under Paragraphs 3 and 4, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving parties promptly after the producing party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party to whom Confidential Material was inadvertently disclosed; and, upon receipt of these properly marked documents, the receiving party shall return to the producing party, or destroy, the improperly marked documents that were initially produced, along with any copies of duplicates thereof.

Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material that was

inadvertently or unintentionally disclosed.  Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY and must be treated in accordance with this Protective Order.

16.    Notice of Requested Disclosure.  A party who contemplates disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material requested in a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall give notice of such request, by facsimile and first class mail, upon the party which designated the material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY as soon as is reasonably possible to permit the designating party an opportunity to appear and be heard in connection with any motion to request to a court to order production of such CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material.

17.    Challenging Confidentiality Designations.  Nothing is this Order shall preclude any party from challenging the propriety of a CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY designation under this Order on the following or other appropriate grounds:  (a) that the designated information is available to the public other than through a breach of this Order or other duty of confidentiality; (b) that the designated information was already known to the receiving party at the time of the disclosure and was not subject to conditions of confidentiality; or (c) that the designated information was developed by the receiving party independently of any disclosure by the designating party.

18.    Using Confidential Material in Depositions.  In the even that counsel for a party believes it is necessary during the course of a deposition to show CONFIDENTIAL or

RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY materials to a deponent who is otherwise not permitted access to such CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material under the terms of this Order, counsel may immediately seek consent to do so from counsel for the designating party or nonparty, who shall not unreasonably withhold such consent, provided that the deponent executes the ACKNOWLEDGMENT attached hereto. If such consent is withheld, the requesting counsel may apply to the Court for relief.

19.    Return of Materials. Within sixty (60) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial (or in the event that another action is then pending involving plaintiff and any defendant, sixty (60) days after the conclusion of that action), all Confidential Material shall be returned to counsel who produced it, or be destroyed, in which case the party destroying it shall certify that it has been destroyed, provided, however, outside counsel may retain one complete and unredacted set of deposition transcripts and pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties, or a dispute over the use of dissemination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material subject to the terms of this Order. As to those materials which contain or reflect Confidential material, but which constitute or reflect counsel's work product, all such work product may be maintained by counsel, but such work product shall be used only for the purpose of preserving a file on this action and shall not, without written permission of the party that disclosed the Confidential material or an Order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Protective Order during the course of this action. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify opposing counsel when compliance is complete. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even of those pleadings or papers that contain or reflect Confidential Information; any such pleadings or

papers not returned or destroyed remain subject to the provisions of this Order.

20.    <u>Continuing Effect</u>.  Upon conclusion of the above-entitled action, the provisions of this Protective Order shall continue to be binding.  Participation by any party in the execution and implementation of this Protective Order, as well as any action undertaken pursuant to its provisions, shall not be deemed to constitute a submission by any party to the jurisdiction or venue of this Court and shall not waive the right of any party to challenge the sufficiency of service of process, jurisdiction, or venue of this Court, provided, however, that the signatures to this Stipulation and anyone who signs Acknowledgement A agrees to submit to the jurisdiction of the Court for the limited purpose of enforcing this Order.  Further, plaintiff agrees that it will not use any party's participation in this Joint Stipulation And Protective Order Concerning Confidentiality as an argument that that party waived its right to assert a defense of lack of personal jurisdiction.

21.    <u>Effective Term</u>.  This Protective Order shall remain in force and effect until modified in writing, superseded, or terminated by written consent of the parties or by Order of the Court made upon reasonable written request.

22.    <u>Prior-Produced Documents and Information</u>.  All producing parties have thirty (30) days after notice of entry of this Order within which to designate as Confidential Material any Discovery Material produced prior to notice of entry of this Order.

**IT IS SO STIPULATED.**

Dated:  March 23, 2006                    Respectfully submitted,


_____
Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges,
LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100

Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Attorneys for Plaintiff Freedom Wireless,
Inc.


Dated:  March 23, 2006


_____
Timothy J. Perry
Preti Flaherty Beliveau Pachios & Haley LLP
10 High Street, 5th Floor
Boston, MA  02110
Tel:  (617) 226-3800
Fax:  (617) 226-3801


Attorneys for Defendant South Canaan
Cellular Communications Company and
former defendant South Canaan Telephone
Company

Dated:  March 23, 2006

                                 _____

Patrick J. Sharkey (BBO #454820)
Dean G. Bostock (BBO #549747)
Mintz, Levin, Cohn, Ferris,
    Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

Attorneys for Defendants
Alltel Corporation
Bluegrass Cellular, Inc.
Boston Communications Group, Inc.
Cellular Properties, Inc. (d/b/a Cellular One
    of East Central Illinois)
Centennial Cellular Operating Co. LLC
Cincinnati Bell Wireless LLC
Dobson Cellular Systems, Inc.
East Kentucky Network LLC (d/b/a
    Appalachian Wireless)
Farmers Cellular Telephone, Inc. (d/b/a
    Farmers Cellular)
Great Lakes of Iowa, Inc.
Marseilles Cellular, Inc. (d/b/a
    Illinois Valley Cellular)
Mid-Missouri Cellular LLP
MTA Communications (d/b/a MTA Wireless)
Southern Illinois RSA Partnership (d/b/a
    First Cellular of Southern Illinois)
South #5 RSA Limited Partnership (d/b/a
    Brazos Cellular Communications, Ltd.)
Thumb Cellular LLC
Uintah Basin Electronic Telecommunications
(d/b/a UBET Wireless)

**IT IS SO ORDERED.**

Dated:

By:  _____
        The Honorable Edward F. Harrington
        UNITED STATES SENIOR DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FREEDOM WIRELESS, INC.,

                      Plaintiff,

    v.

BOSTON COMMUNICATIONS GROUP,
INC., *et al.*,

                 Defendants.

Civil Action No. 05-11062-EFH

**AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER PURSUANT TO STIPULATION**

I, _____, hereby acknowledge that I have read the Protective

Order executed and entered in connection with the case of *Freedom Wireless, Inc. v. Boston*

*Communications Group, Inc., et al.*, United States District Court for the District of

Massachusetts, Case No. 05-11062-EFH, that I understand the provisions prohibiting the

disclosure or use of "Confidential Material" for any purpose or in any manner not connected

with the prosecution or defense of this case, and that I agree to be bound by all provisions of the

aforesaid Protective Order. I understand that any "Confidential Material" I receive, any copies I

make of any such material, and any other records or compilations that may be made regarding

such information shall not be disclosed to others except as provided in the Protective Order, and

shall be returned at the conclusion of this litigation to counsel of record for the party who

provided the "Confidential Material" to me.

    I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____
Signature

_____
Address

_____

_____

**EXHIBIT F**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., ) | No.    00-CV-12234 EFH |
| Plaintiff, ) | |
| v. ) | **JOINT STIPULATION AND** |
| ) | **PROTECTIVE ORDER** |
| BOSTON COMMUNICATIONS GROUP, ) | **CONCERNING CONFIDENTIALITY** |
| INC. et al.; ) | |
| Defendants. ) | |
| ) | |
| AND RELATED COUNTERCLAIMS. ) | |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, in the course of discovery in this patent case, it may be necessary for the parties to disclose trade secrets, proprietary information and other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), to opposing counsel, expert witnesses, and other persons; and

WHEREAS, the parties agree that it would serve the interests of the parties to conduct discovery under this Stipulation and Protective Order pursuant to Fed. R. Civ. P. 26(c). Accordingly,

IT IS HEREBY STIPULATED AND AGREED by undersigned counsel, subject to the approval of the Court, as follows:

1.    Scope.  This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, testimony

adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and summaries thereof (collectively referred to as "Discovery Materials") and also including without limitation testimony adduced at hearing or trial.

    2.    <u>Definitions</u>. The terms employed in this Protective Order are defined as follows:

    a.    <u>"Confidential--Attorney's Eyes Only" or "Restricted Confidential -- Attorney's Eyes Only"</u>: Discovery Materials that have been maintained by the producing party or person as confidential and contain trade secret or other confidential information regarding proprietary technology, research, design or development; manufacturing methods, costs and capacities; marketing or sales; new products, business methods, or potential products or business methods; personnel data; information the disclosing party produces that it obtained in confidence outside this litigation from a third party; and any other information of a technical or financial nature may be designated as "Confidential--Attorney's Eyes Only" or "Restricted Confidential — Attorney's Eyes Only."

    b.    <u>"Confidential"</u>: As a general guideline, information designated "CONFIDENTIAL" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties. Discovery Materials that have been maintained by the producing party or person as confidential but do not qualify for treatment as "Confidential--Attorney's Eyes Only" may be designated as "Confidential."

    c.    <u>"Confidential Material"</u>: Material designated "Confidential" or "Confidential—Attorney's Eyes Only" or "Restricted Confidential – Attorney's Eyes Only" shall be referred to collectively as "Confidential Material."

Sent by: QUINN EMANUEL                    1;                    10/09/01  5:11PM;JetFax #564;Page 6/30

3.    <u>Designation of Confidentiality</u>.  No designation of "Confidential" or "Confidential--Attorney's Eyes Only" or "Restricted Confidential – Attorney's Eyes Only" shall be made unless counsel for the party producing the Discovery Material believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.  The parties shall use their best, good faith efforts not to designate documents that a party is asserting, or intends to assert, as prior art, as Confidential Material.  Discovery Materials may be designated Confidential Material within the meaning of this Protective Order in the following ways:

a.    In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such document: "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEY'S EYES ONLY" or "RESTRICTED CONFIDENTIAL — ATTORNEY'S EYES ONLY."

b.    In the case of computer disks, CD ROMs or tape, on the label cover or container of the disk, CD ROM or tape, designation shall be made by placing the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY" on such label or container.  A designation as to anything of which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties. parties.  To the extent a party prints out material from such computer disks, CD ROMs or tape, that party will immediately label the print-out with the same confidentiality designation on the container of the disk, CD ROM or tape.

c.    In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as Confidential Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as Confidential Material.  The following legend shall be placed on the front of any set of interrogatory answers containing

- 3 -

Confidential Material: "CONTAINS CONFIDENTIAL or CONFIDENTIAL--ATTORNEY'S EYES ONLY MATERIAL. Designated parts not to be used, copied or disclosed except as authorized by court order."

       d.    All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as "Confidential--Attorney's Eyes Only" for a period of thirty (30) days following the deponent's counsel's receipt of the transcript of the deposition from the court reporter. Within that 30-day period, counsel for any party to this action or counsel for the deponent may designate certain, if any, pages of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEY'S EYES ONLY" by notifying all counsel of record in writing of such designation, and thereafter such pages shall be treated as Confidential Material. Counsel for each party shall be responsible for marking the designated exhibits and pages of copies of the transcript in their possession with the legend specified in paragraph 3(A) above. Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony. If no such designation is made by counsel within 30 days after receipt of the deposition by the deponent's counsel, the transcript shall be considered not to contain Confidential Material. Use at deposition of a document previously designated as Confidential Material shall have no effect on its designation.

       e.    During discovery, a party furnishing documents and things to another party for inspection shall have the option to require that all or groups of documents and things be treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- ATTORNEY'S EYES ONLY during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

       f.    The parties agree that under no circumstances shall any party show or attempt to show to any defendant or employee of any defendant a contract or the substantive provisions of any contract between Boston Communications and any other person. Nothing in this paragraph prohibits a party from showing any employee of a defendant a contract between

- 4 -

that defendant and Boston Communications to the extent otherwise allowable under this Protective Order.

    4.    <u>Use of Confidential Material</u>.  Confidential Material shall be used by the receiving person solely for the purpose of conducting this action, but not for any business or other purpose whatsoever, whether directly or indirectly.  Nothing contained in this Protective Order shall preclude a party or non-party from using or disseminating its own Confidential Material.  The parties may not use any other party's Confidential Material in the prosecution of any patent application.  The parties also will not disclose any other party's "Confidential – Attorney's Eyes Only" or "Restricted Confidential" material to any person who is currently prosecuting ~~patent applications~~any prepaid cellular telephony patent application for any party.

    5.    <u>Disclosure of "Confidential" Material</u>.  Material designated "Confidential" shall not be made public or disclosed to anyone other than to the following persons:

        a.    In-house and outside counsel actively involved in the above-entitled litigation, and paralegals, investigative, litigation support services, secretarial and clerical personnel, including outside copying services, who are engaged in assisting counsel in the above-entitled action and to whom it is necessary that the materials be disclosed for purposes of this litigation;

        b.    Non-legal representatives of each party under the condition that prior to any such disclosure to such a representative, that representative must first execute an undertaking in the form attached as Exhibit A;

        c.    Upon compliance with and in accordance with the provisions of paragraph 8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action to the extent necessary to perform their work on this litigation;

- 5 -

d.     (i) any person who authored or previously received the particular Confidential Material sought to be disclosed to that person, and (ii) any person employed by the party that designated the particular document or piece of information as confidential unless such party makes timely objection to such ~~disclosure, and (iii) any person not employed by a party who has first executed an undertaking in the form attached as Exhibit A;~~disclosure;

e.     Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

f.     Any other persons who are designated to receive CONFIDENTIAL material by order of this Court, after notice to the parties, or by written stipulation of the parties; and

g.     the Court and Court personnel.

6.     Disclosure of "Confidential--Attorney's Eyes Only" and "Restricted Confidential — Attorney's Eyes Only" Material.  Material designated "Confidential--Attorney's Eyes Only" or "Restricted Confidential — Attorney's Eyes Only" shall not be made public or disclosed to anyone other than to the following persons:

a.     In-house and outside counsel actively involved in the above-entitled litigation who are not prosecuting any ~~patent applications~~prepaid cellular telephony patent application for the parties, and paralegals,~~investigative and~~ litigation support services, and secretarial and clerical personnel including outside copying services, who are engaged in assisting counsel in the above-entitled action, who are not prosecuting any ~~patent applications~~prepaid cellular telephony patent application for the parties, and to whom it is necessary that the materials be disclosed for purposes of this litigation;

b.     Upon compliance with and in accordance with the provisions of paragraph 8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and

- 6 -

consultations are being or will be used by a party hereto only in connection with this action to the extent necessary to perform their work on this litigation;

c.    Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, and, subject to timely objection, any person employed by the party that designated the particular document or piece of information as confidential;

d.    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

e.    Larry Day shall be permitted access to financial documents and financial information designated as "Confidential—Attorney's Eyes Only" and "Restricted Confidential – Attorney's Eyes Only" (including, without limitation, agreements between Boston Communications and the other defendants),Only," provided that such access be obtained either at the law offices of plaintiff's counsel, or at Lewis & Roca in Arizona;

Arizona and further provided that such access be limited to the Agreement To Be Bound By Protective Order Pursuant to Stipulation signed by Mr. Day and attached as Exhibit B .  For purposes of this paragraph, "financial documents" and "financial information" shall mean contracts for pre-paid cellular telecommunications service entered into between Boston Communications Group, Inc. and any named defendant in the above-captioned patent litigation and documents reflecting actual revenue and associated costs for pre-paid cellular telecommunications services provided by Boston Communications Group, Inc.  Additionally, at Freedom Wireless, Inc.'s request, all named defendants shall use their best, good faith efforts to determine whether particular documents meet the definition of "financial information" set forth above, on a document by document basis.  Otherwise, only those documents which have been designated as "financial information" by the defendant possessing such information shall be disclosed to Larry Day;

f.      Any other persons who are designated to receive RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material by order of this Court, after notice to the parties, or by written stipulation of the parties; and

g.      the Court and Court personnel.

7.      The parties hereto agree that, to the extent the same law firm may be acting both in a role as outside counsel actively involved in this litigation and as patent prosecution counsel for the same party or another party to this litigation, attorneys and support staff who currently are involved in patent prosecution of any prepaid cellular telephony patent application will not have access to Confidential Material.  Furthermore, any party may request that any other party designating information or documents as Confidential Material allow access by a particular individual to a particular document or particular information.  The parties agree that such requests will be considered in good faith and that access will not be unreasonably withheld.

8.      Procedure for Disclosure to Experts.  Confidential Material shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until such person has executed an undertaking in the form attached as Exhibit A, and shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until the time period for objection to such disclosure (as specified below) has passed without objection from any party.  All executed undertakings shall be promptly provided to opposing counsel.  With respect to persons described in paragraphs 5(c) and 6(b), such executed undertaking must be provided to all other parties named in this action at least ten (10) business days before any initial disclosure of Confidential Material, along with a written statement setting forth such person's present residence address and business address, current employer and job title, and any company involved in the development or marketing of cellular telephone services or systems for whom said person has consulted or worked during the past ten (10) years.  If any party objects to the disclosure of Confidential Material to such person within ten (10) business days after receiving notice, no such disclosure shall be made to that person.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all parties.  Failure to make such an objection within

Sent by: QUINN EMANUEL                    1;                    10/09/01   5:14PM;JetFax #564;Page 14/30

ten (10) business days shall constitute approval.  If the parties are unable to resolve their objections, the party seeking to make the disclosure may apply to the Court to resolve the matter. Upon the giving of notice of such an objection, no disclosure of the material or information in question shall be made until the parties resolve the objection or a ruling is made by the Court.

      9.    Rendering Advice of Counsel.  Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case and, in the course thereof, relying in a general way upon his or her examination of Confidential Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose (except to persons authorized to receive Confidential Material under paragraphs 5 and 6) the specific contents or the source of any Confidential Material produced by the other party.

      10.    Objections to Designations.  The failure of any party to object to the designation of Discovery Material as "Confidential" or "Confidential--Attorney's Eyes Only" or "Restricted Confidential — Attorney's Eyes Only" at the time of its designation shall not be deemed a waiver of that party's right to challenge the propriety of such designation at any time thereafter. Should counsel object to the designation by a party of any Discovery Material as "Confidential" or "Confidential--Attorney's Eyes Only," counsel shall notify the designating party's counsel of the objections.  If notice of such objection is received at any time, counsel shall promptly confer in an attempt to resolve the matter.  If the matter remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed.  If no such application is made, the material will remain as designated.  Any information which has been produced and designated as "Confidential Material," shall, under order of the Court, be treated as designated pending resolution of the dispute.  The party making the designation of Confidential Material bears the burden of proving that it is Confidential Material.

      This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protectable under Federal Rule of Civil Procedure 26(c).  In addition, this  Protective

Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

11.    Use of Confidential Material in Court.  Confidential Material and the content of Confidential Material shall not be made public or disclosed to anyone except as provided in paragraphs 5, 6, 7 and 8.  To the extent that it is necessary to file Confidential Material with the Court in connection with proceedings in this action, the party wishing to file any such Confidential Material, prior to or simultaneously with filing the Confidential Material, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment.  The party filing any such Confidential Material pursuant to an order of impoundment by the Court shall file it with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court.  The Clerk of the Court is directed to impound and maintain under seal the envelope or container in accordance with this paragraph until further order of the Court.

12.    In the event that any CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

Subject to the Federal Rules of Evidence, Confidential Material may be offered in evidence at trial, provided that:

a.    prior to the offer, the proponent of the evidence advises the Court and the designating party that Confidential Material will be offered;

   b.      the evidence shall be received *in camera* or under such other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of Confidential Material under the terms of this Protective Order; and

   c.      the pertinent portions of the trial transcript that contain references to the substance of the Confidential Materials are treated in the manner described above for impounded materials under applicable local rules.

   13.    Designation of Confidential Material By Party Other Than Producing Party.  Any party also may designate as CONFIDENTIAL or ~~HIGHLY~~ RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY any other material or information specified in Paragraph 1 of this Order which has been furnished in this case by a nonparty (such as deposition testimony) that constitutes or reflects CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material of the designating party under the terms of Paragraph 2 and 3 of this Order, whether or not the producing nonparty has also so designated.  Nonparty materials produced in this case designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY by a nonparty or party shall be governed by the terms of this Order.

   14.    Secure Storage.  The recipient of Discovery Materials designated as Confidential Material hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination (including dissemination to persons identified in paragraphs 5 and 6) of such information, documents or things.

   15.    Preservation of Rights and Privileges.  Nothing contained in this Protective Order shall affect the right, if any, of any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents and/or things, to requests for admissions or to any questions at a deposition.  Nor shall this Protective Order be

construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any Discovery Material, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings.

Nothing in this Protective Order shall ~~limit~~affect the rights of the parties concerning the presence of client representatives at trial.

Nothing in this Protective Order shall limit the right of any person who receives information designated as Confidential Material from using such information to the extent that the information (a) was in the possession or control of the recipient prior to the time it was disclosed under this Protective Order, (b) is public knowledge or becomes public knowledge through no fault or omission of the recipient, or (c) is lawfully obtained by the recipient from a third party.  In addition, nothing in this Order shall preclude any party to the lawsuit or its counsel in disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY.  Notwithstanding the foregoing, the parties hereby agree that they reserve the right and do not waive any right to object to disclosure of their Confidential Materials by third parties who may be in possession of such materials, and to designate such materials produced in this action as protected by this Stipulation and Order.

Inadvertent production of Discovery Material in this action shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such Discovery Material, or to other documents or communications, written or oral, including without limitation, other communications referred to in the Discovery Material produced.  Nothing in this paragraph shall prejudice the right of any party to seek return of Discovery Materials as to which a claim of privilege has been made.

Except in the case of deposition testimony, which is governed by paragraph 3(c), above, the inadvertent or mistaken disclosure in this action of any Confidential Material by a producing party, without the designation required under Paragraphs 3 and 4, above, shall not constitute a

waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving parties promptly after the producing party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party to whom Confidential Material was inadvertently disclosed; and, upon receipt of these properly marked documents, the receiving party shall return to the producing party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material that was inadvertently or unintentionally disclosed. Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- ATTORNEY'S EYES ONLY information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- ATTORNEY'S EYES ONLY and must be treated in accordance with this Protective Order.

16.    Notice of Requested Disclosure.  A party who contemplates disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material requested in a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall give notice of such request, by facsimile and first class mail, upon the party which designated the material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY as soon as is reasonably possible to permit the designating party an opportunity to appear and be heard in connection with any motion or request to a court to order production of such

- 13 -

CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material.

17.    Challenging Confidentiality Designations.  Nothing is this Order shall preclude any party from challenging the propriety of a CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- ATTORNEY'S EYES ONLY designation under this Order on the following or other appropriate grounds:  (a) that the designated information is available to the public other than through a breach of this Order or other duty of confidentiality; (b) that the designated information was already known to the receiving party at the time of disclosure and was not subject to conditions of confidentiality; or (c) that the designated information was developed by the receiving party independently of any disclosure by the designating party.

18.    Using Confidential Material In Depositions.  In the event that counsel for a party believes it is necessary during the course of a deposition to show CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- ATTORNEY'S EYES ONLY materials to a deponent who is otherwise not permitted access to such CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- ATTORNEY'S EYES ONLY material under the terms of this Order, counsel may immediately seek consent to do so from counsel for the designating party or nonparty, who shall not unreasonably withhold such consent, provided that the deponent executes the ACKNOWLEDGMENT attached hereto.  If such consent is withheld, the requesting counsel may apply to the Court for relief.

19.    Return of Materials.  Within sixty (60) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial (or in the event that another action is then pending involving plaintiff and any defendant, sixty (60) days after the conclusion of that action), all Confidential Material shall be returned to counsel who produced it, or be destroyed, in which case the party destroying it shall certify that it has been destroyed, provided, however, outside counsel may retain one complete and unredacted set of deposition transcripts and pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the

parties, or a dispute over the use or dissemination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- ATTORNEY'S EYES ONLY material subject to the terms of this Order. As to those materials which contain or reflect Confidential Material, but which constitute or reflect counsel's work product, all such work product may be maintained by counsel, but such work product shall be used only for the purpose of preserving a file on this action and shall not, without written permission of the party that disclosed the Confidential Material or an Order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Protective Order during the course of this action. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify opposing counsel when compliance is complete. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even of those pleadings or papers that contain or reflect Confidential Information; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Order.

20.  _Continuing Effect._   Upon conclusion of the above-entitled action, the provisions of this Protective Order shall continue to be binding. Participation by any party in the execution and implementation of this Protective Order, as well as any action undertaken pursuant to its provisions, shall not be deemed to constitute a submission by any party to the jurisdiction or venue of this Court and shall not waive the right of any party to challenge the sufficiency of service of process, jurisdiction, or venue of this Court, provided, however, that the signatures to this Stipulation and anyone who signs Acknowledgment A agrees to submit to the jurisdiction of the Court for the limited purpose of enforcing this Order. Further, plaintiff agrees that it will not use any party's participation in this Joint Stipulation And Protective Order Concerning Confidentiality as an argument that that party waived its right to assert a defense of lack of personal jurisdiction.

21.  _Effective Term._  This Protective Order shall remain in force and effect until modified in writing, superseded, or terminated by written consent of the parties or by Order of the Court made upon reasonable written request.

22.    Prior-Produced Documents and Information.  All producing parties have thirty (30) days after notice of entry of this Order within which to designate as Confidential Material any Discovery Material produced prior to notice of entry of this Order.

Sent by: QUINN EMANUEL                    1;                 10/09/01  5:17PM;JetFax #564;Page 22/30

**IT IS SO STIPULATED:**

PLAINTIFF FREEDOM WIRELESS, INC.

By its attorneys,

F. Dennis Saylor, IV (BBO #443710)
Douglas C. Doskocil (BBO #548949)
Cheryl L. Rainville (BBO #643844)
Goodwin, Procter & Hoar LLP
Exchange Place
Boston, MA  02109-2881
Telephone:    (617) 570-1000
Facsimile:    (617) 523-1231

A. William Urquhart
Steven M. Anderson
Gregory P. Barbee
Quinn Emanuel Urquhart Oliver & Hedges, LLP
A Professional Corporation
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 624-7707
Facsimile:    (213) 624-0643

Robert A. Pressman, Esq.
Bramson & Pressman
1100 E. Hector Street
Suite 410
Conshohocken, PA 19428
Telephone:    (610) 260-4444
Telephone:    (610) 260-4445

Dated: October __, 2001

DEFENDANTS BOSTON COMMUNICATIONS
GROUP, INC. and WESTERN WIRELESS
CORP., a/k/a and d/b/a CELLULAR ONE

By its attorneys,

- 17 -

Sent by: QUINN EMANUEL                    1;                    10/09/01  5:17PM; JetFax  #564; Page 23/30

Philip C. Swain  (BBO #544632)
Stephen B. Deutsch  (BBO #122000)
Vickie L. Henry  (BBO #632367)
John E. Nilsson  (BBO #644085)
Foley, Hoag & Eliot LLP
One Post Office Square
Boston, MA  02109
Telephone:     (617) 832-1000
Facsimile:     (617) 832-7000

Dated: October __, 2001

DEFENDANT AT&T WIRELESS SERVICES,
INC. and CMT PARTNERS, d/b/a CELLULAR
ONE OF SAN FRANCISCO

By itstheir attorneys,

Lawrence G. Green  (BBO #209060)
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA  02108
Telephone: (617) 854-4000
Facsimile: (617) 854-4040

Christopher B. Hockett
McCutchen, Doyle, Brown & Enersen LLP
Three Embarcadero Center, Suite 1800
San Francisco, CA  94111
Tel. (415) 393-2612
Fax (415) 393-2286

Dated: October __, 2001

AIR TOUCH COMMUNICATIONS, INC., BELL
ATLANTIC MOBILE, PRIMCO PERSONAL
COMMUNICATIONS, L.P., and CELLCO
PARTNERSHIP a/k/a and d/b/a VERIZON
WIRELESS

By their attorneys,

Douglas J. Kline (BBO #556680)
Joan M. Griffin (BBO #549522)
Testa Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Telephone: (617) 248-7000
Facsimile: (617) 248-7100

Scott G. Lindvall
Pierre R. Yanney
Darby & Darby
805 Third Avenue
New York, NY 10022-7513
Tel. (212) 527-7700
Fax (212) 753-6237

Dated: October __, 2001

AIR TOUCH COMMUNICATIONS, INC.

By its attorneys,

Douglas J. Kline (BBO #556680)
Joan M. Griffin (BBO #549522)
Testa Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Telephone: (617) 248-7000
Facsimile: (617) 248-7100

Scott G. Lindvall
Pierre R. Yanney
Darby & Darby
805 Third Avenue
New York, NY 10022-7513
Tel. (212) 527-7700
Fax (212) 753-6237

Arthur Wineburg
D. James Pak
Pillsbury Winthrop LLP

- 19 -

1600 Tysons Boulevard
McLean, VA  22102
Tel:  (703) 905-2000
Fax:  (703) 905-2500

Alan J. Droste
Pillsbury Winthrop LLP
650 Town Center Drive
7th Floor
Costa Mesa, CA  92626-7122
Tel:  (714) 436-6800
Fax:  (714) 436-2800

Dated:  October__, 2001

CINGULAR WIRELESS LLC

By its attorneys,

Marcus E. Cohn, P.C. (BBO #090820 )
Nicholas G. Papastavros  (BBO #635742)
Stacey L. DiJon (BBO # pending)
Nixon Peabody LLP
101 Federal Street
Boston, MA  02110-1832
Telephone:     (617) 345-1000
Facsimile:     (617) 345-1300

Denis R. Salmon
Michael Wilson
Gibson Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304
Telephone:     (650) 849-5300
Facsimile:     (650) 849-5333

Dated:  October __, 2001

DEFENDANT ROGERS WIRELESS INC.

By its attorneys,

Mark P. Szpak (BBO #546261)

- 20 -

Luke T. Cadigan (BBO #561117)
Christopher R. Dillon (BBO #640896)
Ropes & Gray
One International Place
Boston, MA 02110
(617) 951-7000

Mark D. Wegener
Edward Han
Martin Cunniff
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel:  202.383.7048
Fax:  202.383.6610

Dated: October ___, 2001

**IT IS SO ORDERED:**

Dated: _____

_____
Hon. Edward F. Harrington
United States District Judge

- 21 -

Sent by: QUINN EMANUEL                    1;                10/09/01  5:18PM; JetFax #564; Page 27/30

## EXHIBIT A

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FREEDOM WIRELESS, INC., | ) | No.    00-CV-12234 EFH |
| Plaintiff, | ) | |
| v. | ) | |
| BOSTON COMMUNICATIONS GROUP, INC. et al.; | ) | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER PURSUANT TO STIPULATION** |
| Defendants. | ) | |
| AND RELATED COUNTERCLAIMS. | ) | |

I, _____, hereby acknowledge that I have read the Protective Order executed and entered in connection with the case of <u>Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.</u>, United States District Court for the District of Massachusetts, Case No. 00-CV-12234-EFH, that I understand the provisions prohibiting the disclosure or use of "Confidential Material" for any purpose or in any manner not connected with the prosecution or defense of this case, and that I agree to be bound by all provisions of the aforesaid Protective Order.  I understand that any "Confidential Material" I receive, any copies I make of any such material, and any other records or compilations that may be made regarding such information shall not be disclosed to others except as provided in the Protective Order, and shall be returned at the conclusion of this litigation to counsel of record for the party who provided the "Confidential Material" to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

Sent by: QUINN EMANUEL            1;            10/09/01  5:18PM;JetFax #564;Page 28/30

Address

**EXHIBIT B**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREEDOM WIRELESS, INC., ) | No.   00-CV-12234 EFH |
| Plaintiff, ) |  |
| v. ) | **AGREEMENT TO BE BOUND BY** |
| BOSTON COMMUNICATIONS GROUP, ) INC. et al.; ) | **PROTECTIVE ORDER PURSUANT TO STIPULATION** |
| Defendants. ) |  |
| AND RELATED COUNTERCLAIMS. ) |  |

I, Larry L. Day, hereby acknowledge that I have read the draft Protective Order in connection with the case of Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al., United States District Court for the District of Massachusetts, Case No. 00-CV-12234-EFH, that I understand the provisions prohibiting the disclosure or use of "Confidential Material" for any purpose or in any manner not connected with the prosecution or defense of this case, and that I agree to be bound by all provisions of the aforesaid Protective Order.  I understand that any "Confidential Material" I receive, any copies I make of any such material, and any other records or compilations that may be made regarding such information shall not be disclosed to others except as provided in the Protective Order, and shall be returned at the conclusion of this litigation to counsel of record for the party who provided the "Confidential Material" to me.  I further understand and agree that I shall be permitted access to financial documents and financial information designated "Confidential – Attorneys' Eyes Only" or "Restricted Confidential – Attorneys' Eyes Only" and to no other material so designated, provided that my access to such

Sent by: QUINN EMANUEL                    1;            10/09/01   5:19PM; JetFax #564;Page 30/30

Restricted Confidential material shall be obtained either at the law offices of plaintiff's counsel of record, or at a mutually agreed-upon law firm in Arizona (consent to be in writing and not unreasonably withheld).  I further understand that any notes I may make concerning such documents shall remain at the location where I am permitted to review the documents, that I may not make copies of the documents, and that I may not disseminate the information in the documents or discuss the information contained in the documents with anyone other than plaintiff's outside counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

_____
Address

_____

_____

**EXHIBIT G**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

                        Plaintiff,

    v.

BOSTON COMMUNICATIONS GROUP,
INC., *et al.*,

                    Defendants.

Civil Action No. 05-11062-EFH

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, in the course of discovery in this patent case, it may be necessary for the parties to disclose trade secrets, proprietary information and other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), to opposing counsel, expert witnesses, and other persons; and,

WHEREAS, the parties agree that it would serve the interests of the parties to conduct discovery under this Stipulation and Protective Order pursuant to Fed.R.Civ.P. 26(c). Accordingly,

IT IS HEREBY STIPULATED AND AGREED by undersigned counsel, subject to the approval of the Court, as follows:

1.    <u>Scope</u>.  This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and

summaries thereof (collectively referred to as "Discovery Materials") and also including without limitation testimony adduced at hearing or trial.

 2. <u>Definitions</u>.  The terms employed in this Protective Order are defined as follows:

 a. "<u>Restricted Confidential—Attorney's Eyes Only</u>":  Discovery Materials that have been maintained by the producing party or person as confidential and contain trade secret or other confidential information regarding proprietary technology, research, design or development; manufacturing methods, costs and capacities; marketing or sales; new products, business methods, or potential products or business methods; personnel data; information the disclosing party produces that it obtained in confidence outside this litigation from a third party; and any other information of a technical or financial nature may be designated as "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY."

 b. "<u>Confidential</u>":  As a general guideline, information designated "CONFIDENTIAL" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties.  Discovery Materials that have been maintained by the producing party or person as confidential but do not qualify for treatment as "Restricted Confidential—Attorney's Eyes Only" may be designated as "Confidential."

 c. "<u>Confidential Material</u>":  Material designated "Confidential" or "Restricted Confidential—Attorney's Eyes Only" shall be referred to collectively as "Confidential Material."

 3. <u>Designation of Confidentiality</u>.  No designation of "Confidential" or "Restricted Confidential—Attorney's Eyes Only" shall be made unless counsel for the party producing the Discovery Material believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.  The parties shall use their best, good faith efforts not to designate documents that a party is asserting, or intends to assert, as prior art, as Confidential Material.  Discovery Materials may be designated Confidential Material within the meaning of this Protective Order in the following ways:

a.      In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such document: "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY."

b.      In the case of computer disks, CD-ROMs or tapes, on the label cover or container of the disk, CD-ROM or tape, designation shall be made by placing the legend "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" on such label or container.  A designation as to anything of which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties.  To the extent a party prints out material from such computer disks, CD-ROMs or tapes, that party will immediately label the print-out with the same confidentiality designation on the container of the disk, CD-ROM or tape.

c.      In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as Confidential Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as Confidential Material.  The following legend shall be placed on the front of any set of interrogatory answers containing Confidential Material:  "CONTAINS CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY MATERIAL.  Designated parts not to be used, copied or disclosed except as authorized by court order."

d.      All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as "Confidential—Attorney's Eyes Only" for a period of thirty (30) days following the deponent's counsel's receipt of the transcript of the deposition from the court reporter.  Within that 30-day period, counsel for any party to this action or counsel for the deponent may designate certain, if any, pages of the transcript as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" by notifying all counsel of

record in writing of such designation, and thereafter such pages shall be treated as Confidential

Material. Counsel for each party shall be responsible for marking the designated exhibits and

pages of copies of the transcript in their possession with the legend specified in paragraph 3(a)

above. Testimony given at a deposition may also be so designated by an appropriate statement at

the time of the giving of the testimony. If no such designation is made by counsel within 30 days

after receipt of the deposition by the deponent's counsel, the transcript shall be considered not to

contain Confidential Material. Use at deposition of a document previously designated as

Confidential Material shall have no effect on its designation.

      e.     During discovery, a party furnishing documents and things to another

party for inspection shall have the option to require that all or groups of documents and things be

treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES

ONLY during inspection and to make its designations of particular documents and things at the

time copies of documents and things are produced or furnished.

      f.     The parties agree that under no circumstances shall any party show or

attempt to show any defendant or employee of any defendant a contract or the substantive

provisions of any contract between Boston Communications Group, Inc. ("BCGI") and any other

person. Nothing in this paragraph prohibits a party from showing any employee of a defendant a

contract between that defendant and BCGI to the extent otherwise allowable under this

Protective Order, including contracts that have been introduced as exhibits in open court

proceedings, including the trial in Case No. 00-12234.

      4.     Use of Confidential Material. Confidential Material shall be used by the

receiving person solely for the purpose of conducting this action, but not for any business or

other purpose whatsoever, whether directly or indirectly. Nothing contained in this Protective

Order shall preclude a party or non-party from using or disseminating its own Confidential

Material. The parties may not use any other party's Confidential Material in the prosecution of

any patent application. The parties also will not disclose any other party's "Restricted

Confidential—Attorney's Eyes Only" material to any person who is currently prosecuting any

prepaid cellular telephony patent application for any party.

     5.    <u>Disclosure of "Confidential" Material</u>. Material designated "Confidential" shall not be made public or disclosed to anyone other than to the following persons:

          a.    In-house and outside counsel actively involved in the above-entitled litigation, and paralegals, investigative, litigation support services, secretarial and clerical personnel, including outside copying services, who are engaged in assisting counsel in the above-entitled action and to whom it is necessary that the materials be disclosed for purposes of this litigation;

          b.    Non-legal representatives of each party under the condition that prior to any such disclosure to such a representative, that representative must first execute an undertaking in the form attached as Exhibit A;

          <u>c.    Freedom representatives Larry Day, Douglas Fougnies, and Dan Harned, where necessary that the material be disclosed for purposes of this litigation;</u>

          <s>c.</s><u>d.</u>    Upon compliance with and in accordance with the provisions of paragraph 8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action to the extent necessary to perform their work on this litigation;

          <s>d.</s><u>e.</u>    Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, and, subject to timely objection, any person employed by the party that designated the particular document or piece of information as confidential;

          <s>e.</s><u>f.</u>    Any interpreter, or court reporter or other shorthand reporter or typist translating, recording or transcribing testimony;

          <s>f.</s><u>g.</u>    Any other persons who are designated to receive CONFIDENTIAL material by order of this Court, after notice to the parties, or by written stipulation of the parties;

and

g.h.     the Court and Court personnel.

6.     Disclosure of "Restricted Confidential—Attorney's Eyes Only" Material.

Material designated "Restricted Confidential—Attorney's Eyes Only" shall not be made public

or disclosed to anyone other than to the following persons:

a.     In-house and Ooutside counsel actively involved in the above-entitled

litigation who are not prosecuting any prepaid cellular telephony patent application for the

parties, and paralegals, litigation support services, and secretarial and clerical personnel

including outside copying services, who are engaged in assisting counsel in the above-entitled

action, who are not prosecuting any prepaid cellular telephony patent application for the parties,

and to whom it is necessary that the materials be disclosed for purposes of this litigation;

b.     Upon compliance with and in accordance with the provisions of paragraph

8 herein, any expert, and employees and assistants under the control of such an expert, who (1) is

engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and

(2) is not regularly employed by or associated with a party hereto and whose advice and

consultations are being or will be used by party hereto only in connection with this action to the

extent necessary to perform their work on this litigation;

c.     Freedom representative Larry Day where necessary that the material be

disclosed for purposes of this litigation and to the extent that the designated material concerns

financial data regarding any defendant, as long as such documents remain in the custody of

Freedom's outside counsel during Mr. Day's review;

d.     Freedom representative Dan Harned where necessary that the material be

disclosed for purposes of this litigation and to the extent that the designated material concerns

information about a defendant's technical implementation, as long as such documents remain in

the custody of Freedom's outside counsel during Mr. Harned's review

e.e.     Any person who authored or has previously received the particular

Confidential Material sought to be disclosed to that person, and, subject to timely objection, any

person employed by the party that designated the particular document or piece of information as confidential;

f.    Any person who is scheduled to appear as a witness for a deposition or trial, where the document in question names that person, and as long as such documents remain in the custody of the party's outside counsel during that witness' review;

d.g.    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

e.h.    Any other persons who are designated to receive RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material by order of this Court, after notice to the parties, or by written stipulation of the parties; and

f.i.    the Court and Court personnel.

7.    The parties hereto agree that, to the extent the same law firm may be acting both in a role as outside counsel actively involved in this litigation and as patent prosecution counsel for the same party or another party to this litigation, attorneys and support staff who currently are involved in patent prosecution of any prepaid cellular telephony patent application will not have access to Confidential Material.  Furthermore, any party may request that any other party designating information or documents as Confidential Material allow access by a particular individual to a particular document or particular information.  The parties agree that such requests will be considered in good faith and that access will not be unreasonably withheld.  This provision shall not extend to Robert Pressman, unless and until he becomes the prosecuting attorney identified to the PTO as such for any patent application of Freedom Wireless.

8.    Procedure for Disclosure to Experts.  Confidential Material shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until such person has executed an undertaking in the form attached as Exhibit A, and shall not be disclosed to any person described in paragraphs 5(c) and 6(b) unless and until the time period for objection to such disclosure (as specified below) has passed without objection from any party.  All executed undertakings shall be promptly provided to opposing counsel.  With respect to persons described in paragraphs 5(c)

and 6(b), such executed undertaking must be provided to all other parties named in this action at least ten (10) business days before any initial disclosure of Confidential Material, along with a written statement setting forth such person's present residence address and business address, current employer and job title, and any company involved in the development or marketing of cellular telephone services or systems for whom said person has consulted or worked during the past ten four (410) years. If any party objects to the disclosure of Confidential Material to such person within ten (10) business days after receiving notice, no such disclosure shall be made to that person. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all parties. Failure to make such an objection within ten (10) business days shall constitute approval. If the parties are unable to resolve their objections, the party seeking to make the disclosure may apply to the Court to resolve the matter. Upon the giving of notice of such an objection, no disclosure of the material or information in question shall be made until the parties resolve the objection or a ruling is made by the Court.

9.·   Rendering Advice of Counsel. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case and, in the course thereof, relying in a general way upon his or her examination of Confidential Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose (except to persons authorized to receive Confidential Material under paragraphs 5 and 6) the contents or the source of any Confidential Material produced by the other party.

10.   Objections to Designations. The failure of any party to object to the designation of Discovery Material as "Confidential" or "Restricted Confidential—Attorney's Eyes Only" at the time of its designation shall not be deemed a waiver of that party's right to challenge the propriety of such designation at any time thereafter. Should counsel object to the designation by a party of any Discovery Material as "Confidential" or "Restricted Confidential—Attorney's Eyes Only," counsel shall notify the designating party's counsel of the objections. If notice of such objection if received at any time, counsel shall promptly confer in an attempt to resolve the

matter. If the matter remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed. <u>For purposes of applying to the Court, parties may identify contested documents by category or general description as long as it is reasonably sufficient to identify all documents at issue.</u> If no such application is made, the material will remain as designated. Any information which has been produced and designed as "Confidential Material" shall, under order of the Court, be treated as designated pending resolution of the dispute. The party making the designation of Confidential Material bears the burden of proving that it is Confidential Material.

This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protectable under Federal Rule of Civil Procedure 26(c). In addition, this Protective Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

11.    <u>Use of Confidential Material in Court</u>. Confidential Material and the content of Confidential Material shall not be made public or disclosed to anyone except as provided in paragraphs 5, 6, 7 and 8. To the extent that it is necessary to file Confidential Material with the Court in connection with proceedings in this action, the party wishing to file any such Confidential Material, prior to or simultaneously with filing the Confidential Material, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment. The party filing any such Confidential Material pursuant to an order of impoundment by the Court shall file it with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court. The Clerk of the Court is directed to impound and maintain under seal the envelope or container in accordance with this paragraph until further order of the Court.

12.    In the event that any CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material is used in any court proceeding in connection with this

litigation, ~~it shall not lose its CONFIDENTIAL or RESTRICTED CONFIDENTIAL—~~ ~~ATTORNEY'S EYES ONLY status through such use, and the parties shall take all steps~~ ~~reasonably required to protect its confidentiality during such use~~, the party intending to use such Material shall notify all parties at least 10 days in advance of the court proceeding to allow sufficient time to apply to the Court for a protective order or other confidentiality measures. Once CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material has been used in any court proceeding open to the public, it shall lose its CONFIDENTIAL status and thereafter be treated as a public document.  Specifically, any trial exhibit either admitted or identified during the trial in Case No. 00-12234 is a public document and not subject to this Protective Order.~~.~~

Subject to the Federal Rules of Evidence, Confidential Material may be offered in evidence at trial, provided that:

a.      prior to the offer, the proponent of the evidence advises the Court and the designating party that Confidential Material will be offered;

b.      the evidence shall be received *in camera* or under such other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of Confidential Material under the terms of this Protective Order; and

c.      the pertinent portions of the trial transcript that contain references to the substance of the Confidential Materials are treated in the manner described above for impounded materials under applicable local rules.

13.     Designation of Confidential Material by Party Other Than Producing Party.  Any party also may designate as CONFIDENTIAL or RESTRICTED CONFIDENTIAL— ATTORNEY'S EYES ONLY any other material or information specified in Paragraph 1 of this Order which has been furnished in this case by a nonparty (such as deposition testimony) that constitutes or reflects CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S

EYES ONLY material of the designating party under the terms of Paragraph 2 and 3 of this Order, whether or not the producing nonparty has also so designated. Nonparty materials produced in this case designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY by a nonparty or party shall be governed by the terms of this Order.

14.  <u>Secure Storage</u>.  The recipient of Discovery Materials designated as Confidential Material hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination (including dissemination to persons identified in paragraphs 5 and 6) of such information, documents or things.

15.  <u>Preservation of Rights and Privileges</u>.  Nothing contained in this Protective Order shall affect the right, if any, or any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents and/or things, to requests for admissions or to any questions at a deposition.  Nor shall this Protective Order be construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any Discovery Material, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings.

Nothing in this Protective Order shall affect the rights of the parties concerning the presence of client representatives at trial.

Nothing in this Protective Order shall limit the right of any person who receives information designated as Confidential Material from using such information to the extent that the information (a) was in the possession or control of the recipient prior to the time it was disclosed under this Protective Order, (b) is public knowledge or becomes public knowledge through no fault or omission of the recipient, or (c) is lawfully obtained by the recipient from a third party.  In addition, nothing in this Order shall preclude any party to the lawsuit or its counsel in disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or

RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY.  Notwithstanding the

foregoing, the parties hereby agree that they reserve the right and do not waive any right to

object to disclosure of their Confidential Materials by third parties who may be in possession of

such materials, and to designate such materials produced in this action as protected by this

Stipulation and Order.

Inadvertent production of Discovery Material in this action shall not in itself be deemed

to waive any claim of attorney-client privilege or attorney work-product protection that might

exist with respect to such Discovery Material, or to other documents or communications, written

or oral, including without limitation, other communications referred to in the Discovery Material

produced.  Nothing in this paragraph shall prejudice the right of any party to seek return of

Discovery Materials as to which a claim of privilege has been made.

Except in the case of deposition testimony, which is governed by paragraph 3(c), above,

the inadvertent or mistaken disclosure in this action of any Confidential Material by a producing

party, without the designation required under Paragraphs 3 and 4, above, shall not constitute a

waiver of any claim that the inadvertently disclosed material is entitled to protection under this

Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving

parties promptly after the producing party's discovery of such disclosure.  Along with notice of

inadvertent or mistaken disclosure, the producing party shall provide properly marked documents

to each party to whom Confidential Material was inadvertently disclosed; and, upon receipt of

these properly marked documents, the receiving party shall return to the producing party, or

destroy, the improperly marked documents that were initially produced, along with any copies of

duplicates thereof.

Counsel for the parties shall in any event, to the extent possible, upon discovery of

inadvertent error, cooperate to restore the confidentiality of the CONFIDENTIAL or

RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY material that was

inadvertently or unintentionally disclosed.  Disclosure of such documents, information,

responses or testimony prior to receipt of such notice to persons not authorized to receive

CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is CONFIDENTIAL or RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY and must be treated in accordance with this Protective Order.

16.    Notice of Requested Disclosure.  A party who contemplates disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material requested in a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall give notice of such request, by facsimile and first class mail, upon the party which designated the material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY as soon as is reasonably possible to permit the designating party an opportunity to appear and be heard in connection with any motion to request to a court to order production of such CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY material.

17.    Challenging Confidentiality Designations.  Nothing is this Order shall preclude any party from challenging the propriety of a CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY designation under this Order on the following or other appropriate grounds:  (a) that the designated information is available to the public other than through a breach of this Order or other duty of confidentiality; (b) that the designated information was already known to the receiving party at the time of the disclosure and was not subject to conditions of confidentiality; or (c) that the designated information was developed by the receiving party independently of any disclosure by the designating party; or (d) that the designated information has already been used as a demonstrative or trial exhibit at a public court proceeding.

18.    Using Confidential Material in Depositions.  In the event that counsel for a party believes it is necessary during the course of a deposition to show CONFIDENTIAL or

RESTRICTED CONFIDENTIAL – ATTORNEY'S EYES ONLY materials to a deponent who

is otherwise not permitted access to such CONFIDENTIAL or RESTRICTED CONFIDENTIAL

– ATTORNEY'S EYES ONLY material under the terms of this Order, counsel may immediately

seek consent to do so from counsel for the designating party or nonparty, who shall not

unreasonably withhold such consent, provided that the deponent executes the

ACKNOWLEDGMENT attached hereto.  If such consent is withheld, the requesting counsel

may apply to the Court for relief.

  19. <u>Return of Materials</u>.  Within sixty (60) days after the conclusion of the above-

entitled action, including, without limitation, any appeal or retrial (or in the event that another

action is then pending involving plaintiff and any defendant, sixty (60) days after the conclusion

of that action), all Confidential Material shall be returned to counsel who produced it, or be

destroyed, in which case the party destroying it shall certify that it has been destroyed, provided,

however, outside counsel may retain one complete and unredacted set of deposition transcripts

and pleadings and papers filed with the Court or served on the other party solely for reference in

the event of, and only in the event of, further proceedings or litigation between the parties, or a

dispute over the use of dissemination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL

– ATTORNEY'S EYES ONLY material subject to the terms of this Order.  As to those materials

which contain or reflect Confidential material, but which constitute or reflect counsel's work

product, all such work product may be maintained by counsel, but such work product shall be

used only for the purpose of preserving a file on this action and shall not, without written

permission of the party that disclosed the Confidential material or an Order of the Court, be

disclosed to anyone other than those to whom such information was actually disclosed in

accordance with this Protective Order during the course of this action.  ~~Counsel retaining court~~

~~reporters shall have the responsibility for ensuring their compliance with this paragraph and shall~~

~~notify opposing counsel when compliance is complete.~~  Nothing herein shall require the return or

destruction of pleadings or other papers filed with the Court or served by the parties, even of

those pleadings or papers that contain or reflect Confidential Information; any such pleadings or

papers not returned or destroyed remain subject to the provisions of this Order.

20.    <u>Continuing Effect</u>.  Upon conclusion of the above-entitled action, the provisions of this Protective Order shall continue to be binding.  Participation by any party in the execution and implementation of this Protective Order, as well as any action undertaken pursuant to its provisions, shall not be deemed to constitute a submission by any party to the jurisdiction or venue of this Court and shall not waive the right of any party to challenge the sufficiency of service of process, jurisdiction, or venue of this Court, provided, however, that the signatures to this Stipulation and anyone who signs Acknowledgement A agrees to submit to the jurisdiction of the Court for the limited purpose of enforcing this Order.  Further, plaintiff agrees that it will not use any party's participation in this Joint Stipulation And Protective Order Concerning Confidentiality as an argument that that party waived its right to assert a defense of lack of personal jurisdiction.

21.    <u>Effective Term</u>.  This Protective Order shall remain in force and effect until modified in writing, superseded, or terminated by written consent of the parties or by Order of the Court made upon reasonable written request.

22.    <u>Prior-Produced Documents and Information</u>.  All producing parties have thirty (30) days after notice of entry of this Order within which to designate as Confidential Material any Discovery Material produced prior to notice of entry of this Order.

**IT IS SO STIPULATED.**

Dated:  March 23, 2006                          Respectfully submitted,


_____
Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges,
LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100

Paul F. Ware, Jr., P.C. (BBO #516240)
Douglas C. Doskocil (BBO #558949)
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Attorneys for Plaintiff Freedom Wireless,
Inc.


Dated:  March 23, 2006


_____
Timothy J. Perry
Preti Flaherty Beliveau Pachios & Haley LLP
10 High Street, 5th Floor
Boston, MA  02110
Tel:  (617) 226-3800
Fax:  (617) 226-3801


Attorneys for Defendant South Canaan
Cellular Communications Company and
former defendant South Canaan Telephone
Company

Dated:  March 23, 2006

Patrick J. Sharkey (BBO #454820)
Dean G. Bostock (BBO #549747)
Mintz, Levin, Cohn, Ferris,
    Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

Attorneys for Defendants
Alltel Corporation
Bluegrass Cellular, Inc.
Boston Communications Group, Inc.
Cellular Properties, Inc. (d/b/a Cellular One
    of East Central Illinois)
Centennial Cellular Operating Co. LLC
Cincinnati Bell Wireless LLC
Dobson Cellular Systems, Inc.
East Kentucky Network LLC (d/b/a
    Appalachian Wireless)
Farmers Cellular Telephone, Inc. (d/b/a
    Farmers Cellular)
Great Lakes of Iowa, Inc.
Marseilles Cellular, Inc. (d/b/a
    Illinois Valley Cellular)
Mid-Missouri Cellular LLP
MTA Communications (d/b/a MTA Wireless)
Southern Illinois RSA Partnership (d/b/a
    First Cellular of Southern Illinois)
South #5 RSA Limited Partnership (d/b/a
    Brazos Cellular Communications, Ltd.)
Thumb Cellular LLC
Uintah Basin Electronic Telecommunications
(d/b/a UBET Wireless)

**IT IS SO ORDERED.**

Dated:

By:  _____
     The Honorable Edward F. Harrington
     UNITED STATES SENIOR DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>                              Plaintiff,<br><br>        v.<br><br>BOSTON COMMUNICATIONS GROUP,<br>INC., *et al.*,<br><br>                              Defendants. | Civil Action No. 05-11062-EFH |

**AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER PURSUANT TO STIPULATION**

I, _____, hereby acknowledge that I have read the Protective

Order executed and entered in connection with the case of *Freedom Wireless, Inc. v. Boston*

*Communications Group, Inc., et al.*, United States District Court for the District of

Massachusetts, Case No. 05-11062-EFH, that I understand the provisions prohibiting the

disclosure or use of "Confidential Material" for any purpose or in any manner not connected

with the prosecution or defense of this case, and that I agree to be bound by all provisions of the

aforesaid Protective Order. I understand that any "Confidential Material" I receive, any copies I

make of any such material, and any other records or compilations that may be made regarding

such information shall not be disclosed to others except as provided in the Protective Order, and

shall be returned at the conclusion of this litigation to counsel of record for the party who

provided the "Confidential Material" to me.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____
Signature

_____
Address

_____

**EXHIBIT H**

**Andrew Shen**

| | |
|---|---|
| **From:** | Erica Taggart [ericataggart@quinnemanuel.com] |
| **Sent:** | Tuesday, April 04, 2006 5:18 PM |
| **To:** | Andrew Shen |
| **Cc:** | Aimee DeSantis; Jeanine Zalduendo |
| **Subject:** | RE: protective order |

Andrew -

I write to follow up on our call today about various discovery issues in the case of Freedom v. Alltel et al.

Regarding the protective order, we are preparing a redline version with some proposed changes, which we hope to circulate soon. In the meantime, Freedom will agree to abide by defendants' proposed protective order for 30 days following the document production on April 7 if defendants agree to the same. That should provide time to finalize negotiations or seek assistance from the court if required.

Additionally, you stated that one of the regional carrier defendants (you would not say who) has provided you with approximately 50 gigabytes of data that you may not be able to review for production by this Friday. You asked that, as a courtesy, we provide you with a list of priorities so that you can provide the most pertinent documents first. We would list our priorities as follows:

(1) contracts with BCGI;

(2) correspondence with BCGI;

(3) documents relating to contacts with Massachusetts;

(4) documents regarding technical implementation;

(5) other responsive material.

However, we reserve our right to object to the late disclosure of any documents.

- Erica

---

**From:** Andrew Shen [mailto:AShen@kvn.com]
**Sent:** Thursday, March 23, 2006 11:40 AM
**To:** Erica Taggart
**Subject:** RE: protective order

Erica,

As I indicated in my voicemail, this protective order is a good place to start. Attached is word version of the document. It is substantially the same but I have cleaned it up a bit. Please let me know what Freedom's concerns with this order are.

Also, with respect to Dobson, we would like a four-week extension for its responses so as to accomodate another pending document request it has received. Please let me know if Freedom would be amenable to a stip re such an extension for this Regional Carrier.

Best,

Andrew.

-----Original Message-----
**From:** Erica Taggart [mailto:ericataggart@quinnemanuel.com]
**Sent:** Wednesday, March 22, 2006 11:02 AM
**To:** Andrew Shen
**Subject:** protective order

Attached is the redlined protective order in the Freedom Wireless case.


Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3196
Fax: (213) 443-3100
E-mail: ericataggart@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

6/6/2006

**EXHIBIT I**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**    April 28, 2006

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Keker and Van Nest, LLP | | (415) 397-7188 |

**FROM:**    Jeanine Zalduendo

**RE:**    Freedom Wireless v. BCGI, et al.

**MESSAGE:**

Please see attached correspondence.

| CLIENT #: | 8930 | ROUTE/RETURN TO: Jeanine Zalduendo | ☐ CONFIRM FAX<br>☑ INCLUDE CONF. REPORT |
|---|---|---|---|
| OPERATOR: | | CONFIRMED?    ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 28, 2006

**VIA FACSIMILIE**
**415-397-7188**

Andrew Shen
Keker and Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Re:    Freedom Wireless v. BCGI, Alltel, et al, Case No. 05-11062

Dear Andrew:

I am writing to confirm our conversation on Thursday, April 27, 2006, and to respond to your
questions and comments from that conversation.

I would first like to confirm, that as you read paragraph 5(b), the individuals listed in paragraph
5(c), Larry Day, Douglas Fougnies, and Dan Harned, would be permitted to see all Confidential
Material upon the execution the undertaking attached as Exhibit A. If this can be agreed upon,
paragraph 5(c) is no longer necessary.

You also raised concern with our request to have Larry Day view financial data regarding any
defendant, paragraph 6(c), and Dan Harned view documents relating to any defendants' technical
implementations, paragraph 6(d), at our offices. Larry Day was permitted this access during the
course of Freedom I litigation. He is very knowledgeable about the financial aspects of the
prepaid wireless business and assists counsel in evaluating financial information for calculation
of damages. Moreover, Dan Harned is very knowledgeable about the technical aspects of the
patented system and can assist counsel in understanding technical issues related to this litigation.
Given that Mr. Day was granted this access in the past, we will insist on that access again.
However, in the spirit of compromise, we will omit the reference to Mr. Harned if defendants

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-813-3000 FAX 858-813-3100

agree not to question Mr. Harned about any of defendants' technical documents at deposition or at trial.

Additionally, you requested that we provide some sort of notice mechanism in paragraph 6(f) to provide advance warning to opposing counsel when Confidential Material would be shown to "any person" scheduled to appear as a witness at deposition or trial. We do not feel that such notice is necessary. We can agree that the term "any person" in paragraph 6(f) be defined as those individuals who have been noticed for deposition or listed on a witness list for trial. Such designation alone should provide fair warning. To require any further indication of specific documents and timeline of preparation would invade the attorney-client and work-product privileges.

In regard to paragraph 7, you requested a clarification as to Robert Pressman's representation of Freedom. Mr. Pressman serves as outside counsel in addition to Quinn Emanuel and Goodwin Procter and has made an appearance in this matter. He has also served as licensing counsel for Freedom Wireless. He was given access to attorneys' eyes only documents in the first litigation and we expect the same treatment in this litigation. Although Mr. Pressman has no intention of becoming patent prosecution counsel for Freedom, we inserted this statement to make clear that his prior interaction with patent prosecution counsel in his role assisting Freedom Wireless will not preclude him from accessing any of defendants' documents in his role as Freedom's counsel.

Finally, you suggested that Freedom should consider entering a single protective order to encompass both the present action, and the action involving Nextel. As you know, neither your firm nor Quinn Emanuel is involved in Freedom's case against Nextel and have not been involved in negotiating a protective order in that case. Moreover, the concerns in that case are likely different than those in this case where many regional carriers compete against each other and require different safeguards for their confidential information. Thus, we see no reason to abandon our case-specific negotiations in order to adopt a protective order from another case. However, if there are particular provisions that Defendants request that are present in that order, we would be happy to consider them.

Please let me know if you have additional questions or concerns going forward. If you agree with the modifications discussed above, please circulate a revised proposal so we can work toward finalizing the agreement before the expiration of the draft protective order.

Sincerely,

Erica Taggart / Jeanine Zalduendo

EPT/jmz
08930/1875939.1

**EXHIBIT J**

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ANDREW N. SHEN
ASHEN@KVN.COM

May 1, 2006

**VIA FACSIMILE**

Erica Taggart
Quinn Emanuel Urquhart Oliver
& Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:    *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*
       Civil Action No. 05-11062-EFH

Dear Erica:

I am writing to respond to your April 28th letter regarding the draft protective order currently under discussion.

First, I agree that paragraph 5(c) is unnecessary as Larry Day, Douglas Fougnies, and Dan Harned, three employees of Freedom Wireless, Inc. ("Freedom"), may access material designated "Confidential" if they execute the agreement attached as Exhibit A to the protective order. However, I do not agree that Mr. Day, Mr. Fougnies, and Mr. Harned may access all "Confidential Material," a term defined in paragraph 2(c) as encompassing material designated either as "Confidential" or "Restricted Confidential – Attorney's Eyes Only."

Second, with respect to paragraph 6, it would be inappropriate for either Mr. Day or Mr. Harned to have access to "Restricted Confidential – Attorney's Eyes Only" information. Mr. Day is Freedom's President and, in that role, will make business decisions on behalf of Freedom in the future. Given his decision-making role for Freedom, Mr. Day should not have access to "financial data," a term currently undefined by the draft protective order, provided by the Regional Carriers. There is no apparent reason Freedom could not retain an independent, third-party expert to assist you in the evaluation of financial information for the calculation of damages. Similarly, with respect to Mr. Harned, there is no apparent reason that Freedom could not retain an independent, third-party expert with a background in the technical issues related to this litigation. Please explain why Freedom could not retain third-party experts to fulfill the roles envisioned for Mr. Day and Mr. Harned.

372188.01

Erica Taggart, Esq.
May 1, 2006
Page 2

Third, with respect to paragraph 6(f), please explain why paragraph 6(e) – allowing access by any person who authored or previously received the Confidential Material – would not be sufficient to address your concern.

Fourth, with respect to paragraph 7, please clarify whether it is possible that Robert Pressman will become patent prosecution counsel for Freedom. Paragraph 7 excludes access to Confidential Material by those outside counsel who are also involved in patent prosecution. Your edit to this paragraph explicitly raised the possibility that Mr. Pressman will become patent prosecution counsel for Freedom in the foreseeable future. In addition, your April 28th letter states that Mr. Pressman previously interacted with patent prosecution counsel. Please provide further details regarding that interaction.

Lastly, since several of the same parties are involved in both this action and the Nextel action, I had previously suggested that it would be more efficient to negotiate a single protective order for both cases. While the Regional Carriers may have different concerns than the parties in the Nextel action, as the Regional Carriers' counsel, Keker & Van Nest would continue to protect their interests in any negotiations resulting in a single protective order. Otherwise, I fail to understand how identical patent claims concerning the same technology would raise case-specific confidentiality concerns for Freedom. Please explain why Freedom's concerns as to the disclosure of *its* confidential information would differ in the Nextel action.

Thank you. Please let me know if you have any questions.

Sincerely,

Andrew Shen

ANS/rwt

cc:    Jeanine Zalduendo, Esq.

372188.01

**EXHIBIT K**

## Andrew Shen

| | |
|---|---|
| **From:** | Erica Taggart [ericataggart@quinnemanuel.com] |
| **Sent:** | Friday, May 05, 2006 4:48 PM |
| **To:** | Andrew Shen |
| **Subject:** | RE: Protective order |

Freedom will agree to abide by the draft protective order until June 8 as to regional carrier defense documents. However, going forward, we will need to coordinate our agreements with all defendants on these type of issues.

Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3196
Fax: (213) 443-3100
E-mail: ericataggart@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Andrew Shen [mailto:AShen@kvn.com]
**Sent:** Friday, May 05, 2006 12:20 PM
**To:** Erica Taggart
**Subject:** Protective order

Erica,

In response to the letter we received this morning, the Regional Carriers agree to abide by the draft protective order submitted to Freedom on March 23, 2006 for another thirty days (until June 8th).

Please confirm that Freedom will agree to such an extension with respect to the documents and materials submitted by the Regional Carriers.

Best,

Andrew Shen
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

This message is intended only for the use of the individual or entity to whom it is addressed. The message is confidential and may contain attorney-client information, attorney work product or other privileged information. If you are not the intended recipient, you are hereby notified that any use or dissemination of this message is strictly

6/6/2006

prohibited.  If you received this message in error, please notify the sender by replying to the message.  When complete, please delete the original message.  Thank you.

**EXHIBIT L**

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ANDREW N. SHEN
ASHEN@KVN.COM

May 12, 2006

**VIA FACSIMILE**

Erica Taggart
Quinn Emanuel Urquhart Oliver
& Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:     *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*
        Civil Action No. 05-11062-EFH

Dear Erica:

I am writing to respond to your May 5, 2006 letter regarding the draft protective order. The statements below are made on behalf of the Regional Carriers and do not represent the views of any of the other defendants in this action.

As defined in paragraph 2, the draft protective order distinguishes between material designated as "Restricted Confidential—Attorney's Eyes Only" and "Confidential."[1]  Paragraph 5 of the draft protective order is entitled "Disclosure of 'Confidential' Material," i.e., material designated as "Confidential."  The following section, paragraph 6, discusses the treatment of "Restricted Confidential—Attorney's Eyes Only" material.  Paragraph 5(c) is unnecessary because, pursuant to paragraph 5(b), as "non-legal representatives" of Freedom, Mr. Day, Mr. Fougnies, and Mr. Harned may access material designated "Confidential" if they were to sign the undertaking attached as Exhibit A.  Apparently, you have interpreted your desired paragraph 5(c) as modifying the access of these three Freedom employees to both "Confidential" and "Restricted Confidential—Attorney's Eyes Only" material.  However, as explained, paragraph 5 only discusses the former category of material.  Access to the latter category would thus be

---

[1] That same paragraph defines "Confidential Material" as material designated either "Confidential" or "Restricted Confidential—Attorney's Eyes Only."  As such, "Confidential Material" encompasses a potentially larger category of documents than "Confidential."

372734.01

Erica Taggart, Esq.
May 12, 2006
Page 2

unaffected by your suggested paragraph 5(c). Please let me know if you disagree with my interpretation of these provisions or still insist on including this paragraph.

As to Mr. Day, I have not suggested that Freedom is required to hire any independent, third-party experts for this litigation. However, it would be grossly inappropriate for Mr. Day to have access to the Regional Carriers' sensitive financial data given his position as Freedom's President and the business decisions he must make in that role. While I appreciate that Quinn Emanuel will require assistance in the analysis of financial information, Mr. Day is an inappropriate source of expertise since he is a Freedom executive.[2] If you continue to believe otherwise, please provide some legal authority supporting your position. Please also propose a definition of "financial data" that describes the information to which you believe Mr. Day should have access.

As to Mr. Harned, in the interest of compromise, the Regional Carriers agree that they will not question him about its "Restricted Confidential – Attorney's Eyes Only" material. Thus, Mr. Harned would not have access to this category of documents unless permitted by another subsection of paragraph 6.

While I recognize that your stated purpose for the inclusion of paragraph 6(f) is legitimate, providing access to all "Restricted Confidential – Attorney's Eyes Only" material to individuals "named" in those documents is unnecessarily broad. Numerous sensitive business or technical documents produced by the Regional Carriers may "name" a person and would likely never be presented to a witness in order to refresh that person's recollection. Please provide alternative language that incorporates your justifications for access to this material.

With respect to Mr. Pressman and paragraph 7, we will not agree to your suggested edit unless Mr. Pressman executes an agreement stating that he will not, in the future, be involved in patent prosecution for Freedom. Since you have stated that he is not presently involved in such work (or has any intention of doing so in the future), I expect this will not be a problem. Please let me know if you have any objections to proceeding in this manner.

My earlier suggestion that we negotiate a single protective order for both cases arises out of a desire for efficiency, not for any "improper strategic reason." Since both cases involve several of the same parties and issues, one would think that two different protective orders would be unnecessary – especially from Freedom's perspective as the sole plaintiff in both actions. Further, I do not know the current status of the protective order in the Nextel action. However,

---

[2] Further, the absence of any claim that Mr. Day misused the financial data to which he had access in *Freedom I* is unpersuasive as it would be extremely difficult to detect whether Mr. Day had relied upon any of that information in making business decisions on behalf of Freedom. In addition, that Mr. Day's access to financial data would only take place in Quinn Emanuel's offices is an insufficient safeguard as he would be able to recall at least some of the sensitive financial information at a later time. Despite your assurances, the confidentiality of the Regional Carriers' financial data should be respected and Mr. Day should not have access to this material.

Erica Taggart, Esq.
May 12, 2006
Page 3

in the interest of compromise, I will attempt to determine the state of that protective order and will forward provisions that may be relevant to our discussions.

Thank you.  Please let me know if you have any questions.

Sincerely,

Andrew Shen

ANS/rwt

cc:    Jeanine Zalduendo, Esq.

372734.01

**EXHIBIT M**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    May 17, 2006

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Andrew Chen/Leo L. Lam/Michael H. Page<br>Kevin T. Reed<br>*Keker & Van Nest LLP* | (415) 391-5400 | (415) 397-7188 |
| Patrick J. Sharkey/Dean G. Bostock<br>*Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.* | (617) 542-6000 | (415) 542-2241 |
| John Cuddihy/Bruce R. Genderson/Dov Grossman<br>David Kiernan/Philip A. Sechler<br>*Williams & Connolly LLP* | (202) 434-5999 | (202) 434-5029 |
| Gregory T. Donoghue/Timothy J. Perry<br>*Preti, Flaherty, Beliveau, Pachios & Haley LLP* | (617) 226-3800 | (617) 226-3801 |
| John K. Felter<br>*Goodwin Procter, LLP* | (617) 570-1000 | (617) 523-1231 |

**FROM:**    Erica Taggart

**RE:**    Freedom Wireless, Inc. v. Boston Communications Group, Inc., Alltel, et al.
Case No. 05-11062-EFH

| CLIENT #    8930 | ROUTE/<br>RETURN TO:    **Vince Grant** | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR:    *Rofael* | CONFIRMED?    ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

May 15, 2006

VIA FACSIMILE AND U.S. MAIL
415-397-7188

Andrew Shen
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:  *Freedom Wireless, Inc. v. Boston Communications Group, Inc., Alltel et al.,*
     *Case No. 05-11062-EFH*

Dear Andrew:

I write in response to your May 12, 2006 letter addressing the draft protective order in this case.

As an initial matter, we suggest that defendants begin coordinating their responses to this protective order, and we are copying defense counsel on this letter to facilitate such coordination. We have circulated the two current versions of a draft protective letter to all counsel, yet have only heard from counsel from the Regional Carrier defendants. Freedom will only agree to a final protective order once all defense counsel agree to its terms as we cannot have separate protective orders with each counsel. As we have said earlier, Freedom has only agreed to abide by the draft protective order regarding the regional carrier defendants until June 8, 2006 to allow time for the negotiation and possible motion practice regarding any protective order. We fear that this timeline may not be achievable if the remaining defense counsel do not weigh in on these issues until the end of that period.

Regarding the substance of your letter, as agreed in our previous correspondence, we will not insist on the inclusion of paragraph 5(c), given the understanding as stated in paragraph 5(b) that

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-1575 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-4107 FAX 858-812-3336

Mr. Day, Mr. Fougnies, and Mr. Harned will be able to access "Confidential" material, where necessary for the purposes of this litigation, upon their signing of the undertaking in Exhibit A.

As to your agreement that regional carriers will agree not to question Mr. Harned about any material designated as "Restricted Confidential -- Attorney's eyes Only," please confirm that the same condition applies to Mr. Fougnies. Furthermore, please confirm that all defense counsel join in this agreement.

Although we appreciate and accept your compromise to limit Mr. Harned's access to "Restricted Confidential - Attorney's Eyes Only" material on the condition that he is not questioned about this material, we cannot so agree to your position for Mr. Day. As you know, Mr. Day has been given access to very similar information in Freedom I, and there has been no accusation or other indication that such information has been used improperly. Indeed, no defense counsel has ever clarified how Mr. Day could misuse such information, especially when the documents remain in the possession of Quinn Emanuel. Mr. Day's expertise about financial matters is required for fully informed litigation and was granted in the first Freedom Wireless case. We will not agree to anything less in this protective order without a showing of a real threat of misuse of that information.

Regarding our requested paragraph 6(f), we believe that it is sufficiently narrow as currently worded. We can envision very rare times when a witnesses' name appears on a defense document marked "Restricted Confidential - Attorney's Eyes Only," as that category is largely reserved for technical documents that contain trade secret or otherwise sensitive information that should not contain the names of any Freedom Wireless witness. Moreover, paragraph 6(f) limits access to only those individuals noticed to be deposed or serve as a witness at trial. Furthermore, the proposed access to "Restricted Confidential - Attorney's Eyes Only" material will be limited to only that material in which the witness is specifically named. We continue to believe this request is reasonable and narrowly tailored.

Regarding Mr. Pressman, your proposal that he sign a statement indicating that he will not become involved in patent prosecution merely begs the question surrounding what it means to be involved in patent prosecution. We originally proposed our change to paragraph 7 to make clear that it would not include Mr. Pressman, who has consulted with patent prosecution counsel in the past, but has never been the lead patent prosecution attorney. His full involvement is well detailed in his two depositions given in this case. We merely request clarification that paragraph 7 as currently worded does not apply to Mr. Pressman. If defendants cannot agree to this, then they should suggest a different wording to paragraph 7 that more clearly defines what it means to be involved in patent prosecution so that it refers only to primary patent prosecution counsel, and will not be used to exclude those other outside attorneys, including Mr. Pressman, who have been part of the process in their role as attorneys for Freedom.

Finally, we continue to disagree that there is any need to inquire into the protective order in a separate case that does not concern Quinn Emanuel or the regional carrier defendants. You may choose to independently learn about the status of that protective order and propose any changes based on that review. But we will continue to address the protective order in this case solely based on the issues and parties relevant to this case.

05-17-2006    11:50am    From-QUINN EMANUEL                    2136240643              T-426   P.004/004   F-196

As always, please feel free to contact me if you have any questions.

Very truly yours,

*Erica Taggart*

Erica Taggart

EPT:jmz
08930/1884585.2

Cc:    All defense counsel (via fax)

# EXHIBIT N

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ANDREW N. SHEN
ASHEN@KVN.COM

June 5, 2006

**VIA FACSIMILE**

Erica Taggart
Quinn Emanuel Urquhart Oliver
& Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:    *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*
       Civil Action No. 05-11062-EFH

Dear Erica:

I am writing to request an additional thirty-day extension, until July 10, 2006, of our agreement to abide by the terms of the draft protective order proposed by the Regional Carrier defendants. As you are well aware, the current agreement between Freedom and the Regional Carrier defendants with respect to the draft protective order is set to expire on June 8.

In your letter of May 17, you stated, "Freedom will only agree to a final protective order once all defense counsel agree to its terms as we cannot have separate protective orders with each counsel." I agree that we should pursue a protective order that applies to all parties involved in this litigation. However, at this time, defense counsel have so far been unable to reach an understanding regarding the terms of an appropriate protective order. In order to adopt a protective order that will satisfy the valid confidentiality concerns of all defendants, we need additional time to discuss the draft protective order.

The Regional Carrier defendants have provided Freedom with numerous documents and interrogatory responses containing proprietary material in a good-faith effort to abide by Judge Harrington's January 24, 2006 Order re Jurisdictional Discovery. The Regional Carrier defendants have proceeded in this manner, despite the absence of a final protective order, with the expectation that the confidentiality of the business and technical information disclosed will be respected by Freedom.

374401.01

Erica Taggart, Esq.
June 5, 2006
Page 2


Please let me know if you will agree to this thirty-day extension by 5 PM PST on Tuesday, June 6, 2006.

Thank you.  Please let me know if you have any questions.

Sincerely,

Andrew Shen


ANS/rwt

cc:    Dov Grossman, Esq.
       John Cuddihy, Esq.
       Gregory T. Donoghue, Esq.
       Dean G. Bostock, Esq.

374401.01