# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

                                    Plaintiff,

        v.

BOSTON COMMUNICATIONS GROUP,
INC., *et al.*,

                                    Defendants.

Civil Action No. 05-11062-EFH

## SUPPLEMENTAL DECLARATION OF ANDREW N. SHEN IN SUPPORT OF DEFENDANTS REGIONAL CARRIERS' MOTION FOR PROTECTIVE ORDER

I, Andrew N. Shen, declare as follows:

1.      I am duly licensed to practice law in the State of California and am an associate with Keker & Van Nest, LLP.  I am counsel of record for the Regional Carrier Defendants in the above-captioned proceeding and have been admitted pro hac vice to practice before this Court.  I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2.      As of June 23, 2006, Freedom has deposed representatives of the following Regional Carriers: Bluegrass Cellular, Inc., Cellular Properties, Inc. d/b/a Cellular One of East Central Illinois, Centennial Cellular Operating Co. LLC, Dobson Cellular Systems, Inc., East Kentucky Network, LLC d/b/a Appalachian Wireless, Farmers Cellular Telephone, Inc. d/b/a Farmers Wireless, Great Lakes of Iowa, Inc., Marseilles Cellular, Inc. d/b/a Illinois Valley Cellular, MTA Communications d/b/a MTA Wireless, South #5 RSA Limited Partnership d/b/a Brazos Cellular Communications, Ltd., Thumb Cellular LLC, and Uintah Basin Electronic Telecommunications d/b/a UBET Wireless.

3.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff Freedom Wireless' Notice of Rule 30(b)(6) Deposition of Defendant Bluegrass Cellular, Inc.

4.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff Freedom Wireless, Inc.'s Opposition to Defendants' Motion for Protective Order, filed December 2, 2004, *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, Civil Action No. 00-CV-12234 ("*Freedom I*").

5.      Attached hereto as Exhibit C is a true and correct copy of the Affidavit of Vickie L. Henry In Support of Defendants' Emergency Motion for Protective Order, filed December 1, 2004, *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, Civil Action No. 00-CV-12234 ("*Freedom I*").

6.      Attached hereto as Exhibit D is a true and correct copy of the Court's Order re Defendants' Emergency Motion for Protective Order, filed December 9, 2004, *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, Civil Action No. 00-CV-12234 ("*Freedom I*").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 23, 2006, in San Francisco, California.

DATED:  June 23, 2006                        _____/s/  Andrew N. Shen_____
                                                      ANDREW N. SHEN

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

          Plaintiff,

    v.

BOSTON COMMUNICATIONS GROUP, INC
ALLTEL CORP., et al.

Civil Action No. 05-11062-EFH

---

## PLAINTIFF FREEDOM WIRELESS' NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT BLUEGRASS CELLULAR, INC.

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on May 18, 2006 at 9:00 a.m. at the offices of Court Reporting Service, 6013 Brownsboro Park Blvd., Louisville, KY 40207, plaintiff Freedom Wireless, Inc. ("Freedom Wireless") will take the deposition, pursuant to Fed. R. Civ. P. 30(b)(6), of defendant Bluegrass Cellular, Inc.  Pursuant to the Court's January 24, 2006 order, and Fed. R. Civ. P. 30(b)(6), Freedom Wireless requests that defendant designate a representative, officer, director, managing agent or other person who consents to testify on their behalf concerning each of the topics identified in Attachment A hereto.

      PLEASE TAKE FURTHER NOTICE that this deposition will be recorded stenographically and by videotape and will continue from day to day, Saturdays, Sundays and holidays excepted, or as otherwise agreed to by counsel, until completed.

DATED:  May 10, 2006

Respectfully submitted,

FREEDOM WIRELESS, INC.
By their attorneys


_____
John Kenneth Felter, P.C. (BBO #162540)
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax:  (617) 523-1231

A. William Urquhart
Marshall M. Searcy III
Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
*(pro hac vice)*

Attorneys for plaintiff Freedom Wireless, Inc.

ATTACHMENT A

I.    DEFINITIONS

1.    "You," "your," and "DEFENDANT" means and refers to Bluegrass Cellular, Inc., its predecessors, successors, and present and past subsidiaries, parents, affiliates, employees, officers, directors, agents, consultants, attorneys, and other persons or entities acting for or on its behalf or at its direction.

2.    "Prepaid services" means any wireless telecommunication service, whether for voice, data, or other electronic transmission, for which a subscriber pays in advance, as well as the equipment and services relating to the provision of such prepaid wireless service, including without limitation the C2C Service and/or BCGI prepaid wireless service bureau and defendant's prepaid phone cards sold in connection with prepaid services, including the C2C prepaid wireless service and/or BCGI prepaid wireless service bureau.

3.    "Relating to," "Referring to," or "Regarding" means, whether directly or indirectly, facts or information that relate to or refer to, constitute, contain, embody, reflect, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or are in any way pertinent to an identified subject matter.

4.    "Any" and "all" each mean and include the other, the terms "and" and "or" mean and include the other; and the singular form of any word and the plural form of the word means and includes the other.

5.    "Communication" means and refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise, including any all correspondence through speech, letters, e-mails, facsimile, video, and telephone conversation.

6.    "Person" means and refers to any natural person or any business, legal, or governmental entity, association, company, or corporation.

II.   TOPICS FOR TESTIMONY

        Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Court's

Order, DEFENDANT is required to designate a representative, officer, director, managing agent,

or other person who consents to testify on its behalf on the following topics related to the issue of

personal jurisdiction:

        1.      The factual assertions made in the Declaration of Ron Smith in Support of

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

        2.      The factual assertions made in the Corrected Declaration of William D. Wessman

in Support of Defendant Boston Communications Group Inc.'s Motion to Transfer Venue  (Bates

Nos.: FW-ALL 1056 - FW-ALL 1065).

        3.      The factual assertions made in the Declaration of Kimberly Obremski in Support

of Defendant Boston Communications Group, Inc.'s Motion to Transfer Venue (Bates Nos.: FW-

ALL 1066 - FW-ALL 1070).

        4.      DEFENDANT's communications with companies located in Massachusetts,

including but not limited to Boston Communications Group, Inc. ("BCGI").

        5.      The negotiation and/or execution of any and all contracts and service agreements

(oral or written) between DEFENDANT and any company located in Massachusetts, including

but not limited to BCGI.

        6.      The implementation(s) of DEFENDANT's prepaid services, including but not

limited to the implementation(s) and/or use of BCGI's equipment or software, and any

modifications or variations to such implementations.

        7.      Any and all equipment located in Massachusetts relating to prepaid services,

prepaid phone cards and/or prepaid minutes provided by DEFENDANT to subscribers.

8.    The processing by BCGI of prepaid wireless calls made and/or received by subscribers or users of DEFENDANT's prepaid services.

9.    Identification of the relevant witnesses and sources of proof that DEFENDANT asserts are located outside of Massachusetts.

10.    Any and all agreements (oral or written) with any co-defendant in this action, including without limitation BCGI.

11.    Any and all services, including without limitation customer care services, provided by BCGI to DEFENDANT.

12.    The prepaid wireless minutes of use sold by DEFENDANT that were processed in any part by a company located in Massachusetts, including without limitation BCGI.

13.    The revenue generated in connection with prepaid wireless minutes of use sold by DEFENDANT that were processed in any part by a company located in Massachusetts, including without limitation BCGI.

14.    The practice and procedure for compensating BCGI for services, including but not limited to the process of invoicing and payments.

15.    The operation of equipment attached to or related to DEFENDANT's cellular switches in connection with a prepaid wireless telephone call.

16.    The communication of information or data between or among equipment owned, leased, or operated by DEFENDANT and equipment owned, leased or operated by a company located in Massachusetts, including without limitation, BCGI.

17.    The functionality and operation of DEFENDANT's prepaid services, including the functionality and operation of components thereof provided to DEFENDANT by BCGI.

18.    Any demonstrations of BCGI's services.

08930/1873365.1

- 5 -

19.    Communications with BCGI regarding outages or malfunctions of your prepaid wireless services, including without limitation documents referring or relating to debugging, trouble tickets, error or bug reports, outages and/or customer complaints.

20.    All advertising, marketing, or promotion of your prepaid services.

21.    Provision of prepaid services to customers who make or receive prepaid wireless telephone calls outside of Kentucky, including in Massachusetts.

22.    The ability of DEFENDANT's prepaid wireless subscribers to roam, or make/receive prepaid wireless telephone calls outside of Kentucky, including in Massachusetts.

23.    Sales of any goods or services to residents of Massachusetts.

24.    Any property owned, sold or leased to or by DEFENDANT in Massachusetts.

25.    Any parent, subsidiary, affiliate, joint venture or other business association of DEFENDANT that does business in Massachusetts.

26.    Any lawsuit involving DEFENDANT that has ever been filed in Massachusetts.

27.    Any website hosted by DEFENDANT that is accessible to residents of Massachusetts.

28.    Any bank account held in the name of DEFENDANT in Massachusetts.

29.    Any meeting or trade shows located in Massachusetts that DEFENDANT's employees attended as part of their work responsibilities.

30.    DEFENDANT's distributors located in Massachusetts.

31.    DEFENDANT's authority to transact business in Massachusetts, including any licenses, registrations, or other form documents sent to or received from any government agency in Massachusetts.

32.    DEFENDANT's telephone numbers located in Massachusetts.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREEDOM WIRELESS, INC., | ) | Civil Action No. 00-CV-12234-EFH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLAINTIFF FREEDOM WIRELESS, |
| | ) | INC.'S OPPOSITION TO DEFENDANTS' |
| BOSTON COMMUNICATIONS GROUP, INC., | ) | MOTION FOR PROTECTIVE ORDER |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| And Related Counterclaims | ) | |

## Preliminary Statement

Freedom wants to show its witnesses documents that may be used against them in cross-examination, including all documents naming them or describing events in which they participated. Witnesses should see defendants' descriptions of meetings with those same witnesses. Freedom also wants to show its inventors documents describing defendants' infringing system because it is likely that they will be asked whether they--the authors of the patents-in-suit--believe that defendants' system is infringing.

Nor do defendants have any legitimate business reason for refusing to allow Freedom's witnesses to see these documents. They have all been designated as trial exhibits, so will become public soon enough. Nevertheless, Freedom is willing to have any witness sign an undertaking promising not to use information for purposes other than this litigation.

## Argument

Having the witnesses sign undertakings promising not to use any purportedly confidential information outside this case would resolve any true business concerns defendants have. Indeed, defendants' motion fails to provide any reason why Freedom's disclosure in these limited circumstances would harm its business interests. Defendants only state that "disclosure would breach the Stipulation and Protective order to which Freedom agreed, and in reliance upon which defendants produced the documents." Mem. at 5. But there is no protective order or stipulation in this case. What defendants refer to is a red-lined, unsigned, unfiled, draft agreement, which is far from sufficient to prove that they have good cause for the limits they seek.

Here, defendants show no reason why this unsigned draft should be entered as a protective order, much less be used to prevent trial preparation. A protective order may only be entered "for good cause shown." Fed. R. Civ. P. 26(c). "[A] finding of good cause to impound documents must be based on a particular factual demonstration of potential harm, not on conclusory statements." F.T.C. v. Standard Financial Management Corp., 830 F.2d 404, 412 (1st Cir. 1987) ("Despite the perfervid rhetoric, the broad generalization that disclosure will be detrimental to them in other litigation , . . . [t]hey were wholly unable to point the court below to a single particularized harm which might befall them, or to any sufficiently unique reason to warrant special treatment"); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.").

Allowing Freedom's officers and witnesses--Dan Harned, Douglas Fougnies, and Larry

Day--to see documents about themselves and this case will not reveal any trade secrets or competitive information. They should also be allowed to see documents written by them, given to them, or describing events in which they participated. By definition, these witnesses already know the information contained in those documents. For example, Freedom's witnesses should be allowed to see letters and memoranda written by defendants who came to their store to learn about plaintiff's prepaid wireless services.[1] Showing them documents about these events will not reveal any sensitive business information. Indeed, defendants' truly sensitive business documents would have no reason to refer to Freedom's witnesses, and would be unaffected.

Similarly, the inventors of the patent should be permitted to see documents describing the system they have accused of infringement. Indeed, outside of this litigation, defendants do not treat many of their so-called technical documents as "confidential" at all.[2] Moreover, defendants have not taken the precautions they now demand of Freedom. During the litigation, defendants publicized many of the supposed confidential technical documents during unrestricted court hearings. For example, defendants' summary judgment presentation on infringement lasted over

---

[1] Freedom has attached just a few examples of the types of documents it wishes to show its witnesses: two internal memos describing meetings with Freedom's predecessor company, and an opinion of defense counsel stating that Freedom's own documents show that Freedom offered its invention for sale in December 1993. (Affidavit of Erica P. Taggart, December 2, 2004 ("Taggart Aff."), Exhibits B through D). Defendants have marked each of these documents as "Confidential, Attorney's Eyes Only."

[2] Freedom has attached three examples of defendant BCGI's marketing documents, which it sends to customers to describe its system. See C2C Prepaid Wireless System General Service Description, dated June 1998 (Taggart Aff., Exh. A); C2C, The Prepaid Cellular (Taggart Aff., Exh. E); C2C Prepaid Call Debiting Process Flow for the Non-Technical Reader, dated July 1999 (Taggart Aff., Exh. F). Although these were distributed to customers without any provisions for confidentiality, defendants have again marked them "Confidential, Attorney's Eyes Only" for this litigation.

an hour and included slides displaying many supposedly confidential documents. Defendants were well aware that Freedom's inventors--along with the general public--attended the entire presentation. Yet, defendants' supposed business concerns were apparently not important enough to ask that their presentation be closed from the public.

Furthermore, Freedom's request only concerns trial exhibits that might be used against the witnesses during cross examination. Those exhibits will become public when they are introduced at trial. According to the First Circuit, trials are the phase of the trial when previously private discovery documents are publicly revealed:

> One generalization, however, is safe: the ordinary showing of good cause which is adequate to protect *discovery material* from disclosure cannot alone justify protecting such material after it has been introduced at trial. This dividing line may in some measure be an arbitrary one, but it accords with long-settled practice in this country separating the presumptively private phase of litigation from the presumptively public. Open trials protect not only the rights of individuals, but also the confidence of the public that justice is being done by its courts in all matters, civil as well as criminal.

Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993) (internal citations omitted, emphasis in original). Freedom's witnesses will see these documents in two months when this case enters the public phase of litigation. Preventing them from seeing them now only impedes trial preparation without any legitimate benefit to defendants' business concerns.[3]

---

[3] Freedom has not yet shown any confidential documents to witnesses not permitted under the confidentiality order.

**Conclusion**

For the foregoing reasons, the Court should deny defendants' motion for protective order and allow Freedom to show any proposed trial exhibits to witnesses who have signed an undertaking and have agreed not to disclose the substance of any of the documents to anyone not authorized by the Court or the parties.

Dated:  December 2, 2004                    Respectfully submitted,

                                            FREEDOM WIRELESS, INC.
                                            By their attorneys

                                            Douglas C. Doskocil (BBO #558949)
                                            Benjamin M. Wattenmaker (BBO #644919)
                                            Goodwin Procter, LLP
                                            Exchange Place
                                            Boston, MA  02109-2881
                                            Tel:  (617) 570-1000
                                            Fax:  (617) 523-1231

                                            A. William Urquhart
                                            Marshall M. Searcy III
                                            Erica P. Taggart
                                            Quinn Emanuel Urquhart Oliver & Hedges, LLP
                                            865 South Figueroa Street, 10th Floor
                                            Los Angeles, California 90017
                                            (*pro hac vice*)
                                            Attorneys for Plaintiff Freedom Wireless

## CERTIFICATE OF SERVICE

I, Benjamin M. Wattenmaker, hereby certify that, on December 2, 2004 counsel for Freedom caused a true copy of the foregoing Plaintiff Freedom Wireless, Inc.'s Opposition to Defendants' Motion for Protective Order to be served by overnight courier, by hand and facsimile to counsel of record.

Dated:  December 2, 2004

Benjamin M. Wattenmaker

SERVICE LIST
*FREEDOM WIRELESS v. BCGI et al.*
U.S.D.C., C.A. No. 00-CV-12234-EFH
Page 1

Paul F. Ware, Jr.
James C. Rehnquist
Douglas C. Doskocil
Benjamin M. Wattenmaker
Kendrick D. Nguyen
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel:  617-570-1000
Fax:  617-523-1231

A. William Urquhart
J.D. Horton
Diane C. Huntyan
Erica Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa, 10th Floor
Los Angeles, CA 90017-0243
Tel:  213-624-7707
Fax:  213-624-0643

**Attorneys for Plaintiff FREEDOM WIRELESS INC.**

Philip C. Swain
Vickie Henry
Stephen Deutsch
Ericka Harper
James Flaherty
Catherine Karuga
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Tel:  617-832-1000
Fax:  617-832-7000
**Attorneys for Defendants BOSTON COMMUNICATIONS GROUP, INC., and WESTERN
WIRELESS CORPORATION aka One Cellular dba Cellular One**

SERVICE LIST
*FREEDOM WIRELESS v. BCGI et al.*
U.S.D.C., C.A. No. 00-CV-12234-EFH
Page 2


Mary T. Huser
James G. Snell
Adrienne Taclas
Bingham McCutchen L.L.P.
1900 University Avenue
East Palo Alto, CA 94303-2229
Tel:  650-849-4400
Fax:  650-849-4800

Christopher B. Hockett
Bingham McCutchen L.L.P.
Three Embarcadero Center
San Francisco, CA  94111-4067
Tel:  415-393-2000
Fax:  415-393-2286
**Attorneys for Defendant AT&T WIRELESS PCS and CMT PARTNERS, dba Cellular One of San Francisco**

Denis R. Salmon
Gibson Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
Tel:  650-849-5300
Fax:  650-849-5333

Monique Michal Drake
Gibson Dunn & Crutcher LLP
1801 California Street, Suite 4100
Denver, CO  80202-2641
Tel:  303-298-5700
Fax:  303-313-2815

Marcus E. Cohn, P.C.
Nicholas G. Papastavros
Maia H. Harris
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-1832
Tel:  617-345-1000
Fax:  617-345-1300
**Attorneys for Defendants CINGULAR WIRELESS LLC**

SERVICE LIST
*FREEDOM WIRELESS v. BCGI et al.*
U.S.D.C., C.A. No. 00-CV-12234-EFH
Page 3

Mark D. Wegener
Martin F. Cunniff
Howrey, Simon, Arnold & White, LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-783-0800
Fax: 202-383-6610

Christopher Dillon
Ropes & Gray
One International Place
Boston, MA 02110
Tel: 617-951-7000
Fax: 617-951-7050
**Attorneys for Defendant ROGERS WIRELESS, INC., aka Rogers AT&T Wireless**

Scott G. Lindvall
Pierre R. Yanney
James E. Hanft
Frank Maldari
Darby & Darby
805 Third Avenue
New York, NY 10022-7513
Tel: 212-527-7700
Fax: 212-753-6237

Paul R. Griffin
Thelan Reid & Priest LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Tel. (415) 369-7605
Fax: (415) 369-8605

Jennifer L. Conrad
Douglas J. Kline
Jason Frank
Darlene DeMelo
Testa, Hurwitz & Thibeault
High Street Tower
125 High Street
Boston, MA 02110-3897
Tel: 617-248-7000
Fax: 617-248-7100

**Attorneys for Defendants BELL ATLANTIC MOBILE, INC. aka Bell Atlantic Nynex Mobile aka BANM aka Cellco Partnership, and PRIMECO PERSONAL COMMUNICATIONS, L.P., and AIRTOUCH COMMUNICATIONS, INC., aka Airtouch Cellular**

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,

Plaintiff,

v.

BOSTON COMMUNICATIONS GROUP,
INC., et al.,

Defendants.

CIVIL ACTION No. 00-CV-12234-EFH

**AFFIDAVIT OF VICKIE L. HENRY IN SUPPORT OF DEFENDANTS' EMERGENCY
MOTION FOR PROTECTIVE ORDER**

I, Vickie L. Henry, being under oath, depose and state as follows:

1.     I am a partner at Foley Hoag LLP, counsel for defendants Boston Communications

Group, Inc. ("Boston Communications") and Western Wireless Corporation. I am a member of

the bar of the State of Massachusetts. I have personal, firsthand knowledge of the facts set forth

herein and if called and sworn as a witness, I could and would testify competently thereto.

2.     Discovery in this case has encompassed the production and exchange by all

parties of substantial quantities of highly confidential technical and business information and

documents. To facilitate the discovery process, while permitting each side to protect information

and documents considered confidential, the parties agreed to a Stipulation and Protective Order.

Throughout the course of discovery the parties exchanged their confidential material in reliance

on the protections accorded by that document.

3.     In view of the mutual need for a Stipulation and Protective Order to protect

confidential information and documents that were subject to discovery, the parties herein

negotiated through 2001 over the terms of a Stipulation and Protective Order to be jointly

submitted to the Court, to govern the production of confidential material. The parties reached

substantial agreement on the terms, as set forth in the draft Stipulation and Protective Order

transmitted from Freedom to defendants on October 9, 2001 and attached hereto as Exhibit A.

(That document includes as "red-lined" a last set of changes proposed by Freedom. All of them

were acceptable to defendants, with the exception of certain details of Paragraph 6(e) governing

the disclosure of certain financial documents. Hence, the agreement between the parties consists

of the entirety of Exhibit A, less Section 6(e) as to which agreement was not reached.)

4.      Although final agreement was never reached as to one provision of the Stipulation

(the details of Paragraph 6(e) governing the disclosure of certain financial documents to Larry

Day), and the Stipulation was therefore never formally submitted to the Court for entry as a

Court Order, the parties agreed nevertheless to proceed with discovery under the agreed-upon

terms of the Stipulation and Protective Order. From 2001 to date the parties have done so; the

defendants and Freedom alike have produced documents marked according to the categories of

the Stipulation, and defendants have abided by the restrictions on disclosure of confidential

information provided by the Stipulation.

5.      One of the key restrictions in the Stipulation was that parties could not disclose

documents or information designated "Confidential – Attorney's Eyes Only" beyond certain very

limited classes of persons, such as counsel for the parties (who were not prosecuting patent

applications relating to prepaid cellular telephony) and certain experts. This restriction was

critical to defendants and Freedom alike.

6.      Attached as Exhibit A is a true and correct copy of a draft Stipulation and

Protective Order transmitted from Freedom to defendants on October 9, 2001.

7.      Attached as Exhibit B is a true and correct copy of a letter from Erica P. Taggart to Vickie L. Henry, dated October 26, 2004.

8.      Attached as Exhibit C is a true and correct copy of a letter from Aimee E. DeSantis to Vickie L. Henry, dated November 10, 2004.

9.      Attached as Exhibit D is a true and correct copy of a letter from Vickie L. Henry to Aimee E. DeSantis, dated November 15, 2004.

10.     Attached as Exhibit E is a true and correct copy of a letter from Aimee E. DeSantis to Vickie L. Henry, dated November 16, 2004.

11.     Attached as Exhibit F is a true and correct copy of a letter from Vickie L. Henry to Aimee E. DeSantis, dated November 22, 2004.

12.     Attached as Exhibit G is a true and correct copy of a letter from Erica P. Taggart to Vickie L. Henry, dated November 24, 2004.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of December, 2004 at Boston, Massachusetts.

_Vickie L Henry_
Vickie L. Henry


## Certificate of Service

I certify that I have served the attached document by hand on Paul Ware of Goodwin Procter LLP, counsel for plaintiff, by facsimile and Federal Express on A. William Urquhart of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for plaintiff, and by mail on counsel for all other parties, on December 1, 2004.

_Vickie L Henry_
Vickie L. Henry

# EXHIBIT D

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FREEDOM WIRELESS, INC.,
              Plaintiff

         v.

BOSTON COMMUNICATIONS GROUP,
INC., ET AL.,
              Defendants.

                                    CIVIL ACTION NO.:
                                      00-12234-EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## O R D E R

December 8, 2004

HARRINGTON, S.D.J.

The Court rules on Defendants' Emergency Motion for Protective Order as follows:

The Stipulation and Protective Order is to be strictly complied with.

SO ORDERED.

                                /s/ Edward F. Harrington
                                EDWARD F. HARRINGTON
                                United States Senior District Judge