**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FREEDOM WIRELESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-11062-EFH |
| ) | |
| v. ) | |
| ) | |
| BOSTON COMMUNICATIONS GROUP, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BOSTON COMMUNICATION GROUP, INC.'S**
**("BCGI") OPPOSITION TO PLAINTIFF'S MOTION**
**TO ALLOW LARRY DAY TO SEE BCGI'S RESPONSES**
**TO PLAINTIFF'S SPECIAL INTERROGATORY NUMBER ONE**

Plaintiff's Motion to allow its President (Larry Day) to access BCGI's interrogatory response should be denied for at least two independent reasons. First, BCGI's interrogatory response contains commercially sensitive information regarding BCGI's customers, which Larry Day has no need to access. Second, Plaintiff's counsel did not meet-and-confer before filing the motion, in plain violation of Plaintiff's obligations under Local Civil Rule 7.1(a)(2).

**ARGUMENT**

**I.     Plaintiff's President, Larry Day, Should Not Be Allowed Access**
**       to Commercially Sensitive Information Regarding BCGI's Customers.**

Plaintiff contends that "[t]he identity of BCGI's customers cannot appropriately be designated "attorneys-eyes-only." Plaintiff's Motion ("Motion") at 4. Plaintiff completely misses the point. The commercially sensitive information in BCGI's interrogatory response is not the bare *identities* of BCGI's customers; rather, it is the *other information* disclosed in that

interrogatory response—such as information regarding the customers' technology platform, and the customers' market stop and end dates, all of which was requested in Plaintiff's interrogatory—which is commercially sensitive and properly deserves an "Attorneys' Eyes Only" or "Restricted Confidential" designation. There is simply no proper reason—and Plaintiff has articulated none—why Larry Day should be allowed to access that information.

Plaintiff baldly contends that "Mr. Day's access to the information is essential so that Freedom can make an informed decision on the scope of this lawsuit and whether particular companies should be added as parties." Mot. at 2. But Plaintiff should be able to make such an "informed decision" through the pre-filing investigation required of it by Rule 11 without recourse to BCGI's commercially sensitive information regarding its customers.

Plaintiff further contends that Mr. Day's access is somehow justified because "in the first Freedom Wireless litigation [*Freedom Wireless, Inc. v. Boston Communications Group, Inc. et al.*, Civil Action No. 00-12234-EFH (D. Mass.)], Mr. Day was permitted 'access to financial documents and financial information.'" Mot. at 5 (quotation in original). But information concerning BCGI's customers' technology platform and those customers' market stop and end dates hardly constitutes "financial data," and Plaintiff does not even attempt to argue that it does.

In sum, Plaintiff's motion fails to demonstrate why Mr. Day should have access to the commercially sensitive information in question. While BCGI may have been willing to allow Mr. Day access to the customer names in BCGI's interrogatory response—which may have transpired had Plaintiff properly adhered to the meet-and-confer requirement of Local Rule 7.1(a)(2) (discussed further below)—there is no reason why Mr. Day should have wholesale access to that response.

2

II.  **Plaintiff's Motion Should Be Denied for Plaintiff's Counsel's Failure to Comply with Local Civil Rule 7.1(A)(2).**

Local Rule 7.1(a)(2) is clear and straightforward: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue" presented in the motion. Federal Rule of Civil Procedure 37 sets forth a similar requirement (in the context of motions to compel discovery).

No such meet-and-confer occurred here, as Plaintiff's counsel never picked up the phone to try and schedule such a conference. Instead, Plaintiff's counsel sent an e-mail at approximately 10:00 p.m. Eastern Time on Tuesday, June 13, 2006, informing BCGI's counsel that Plaintiff "plan[ned] to file this motion shortly." *See* June 13 e-mail from Plaintiff's counsel to BCGI's counsel, attached hereto as Exhibit A.

"Shortly," indeed. The motion was filed the next afternoon, before the parties could schedule (let alone have) a meet-and-confer. One can only assume that Plaintiff's counsel had drafted the motion long before, and that the Plaintiff's last minute e-mail was merely a token nod towards Plaintiff's meet-and-confer obligations. But the mere transmission of a cursory e-mail, the night before the filing, cannot discharge Plaintiff's meet-and-confer requirements. Courts have routinely concluded that in-person or telephonic conferences are required from moving parties. For example, in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the court found that Federal Rule 37(a)(2)(B) required a moving party to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id.* at 171. Decisions of other courts are in accord. *See*, *e.g.*, *Messier v. Southbury Training Sch.*, No. 3:94-CV-1706 (EBB), 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998) (interpreting Federal Rule 37 as requiring parties to "meet, in person or by telephone, and make a genuine effort to

3

resolve the dispute . . ."); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96 Civ. 7590(DAB)JCF, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) (same); *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995) (requiring parties to engage in a "live exchange of ideas and opinions").

Courts have likewise concluded that the mere transmission of one or more letters to opposing counsel do not satisfy meet-and-confer obligations. *See*, *e.g.*, *Ballou v. Univ. of Kan. Med. Ctr.*, 159 F.R.D. 558, 560 (D. Kan. 1994) ("One letter, moreover, does not satisfy the duty to confer."); *Shuffle Master*, 170 F.R.D. at 172 (finding that a "series of facsimiles" to opposing counsel did not satisfy meet-and-confer requirements); *Soto*, 162 F.R.D. at 623 ("Sending a letter to the opposing party demanding compliance with a discovery request is not what this Court regards as an earnest attempt to 'meet and confer' on the issues.").

In this case, BCGI notes that a meaningful Rule 7.1(a)(2) meet-and-confer conference might have obviated the need for the Court's attention to this matter. Because Plaintiff's counsel never scheduled a meet-and-confer session, the Court and BCGI have been forced to expend valuable time and resources to respond to Plaintiff's overblown (and potentially unnecessary) motion. Therefore, BCGI respectfully suggests that Plaintiff's motion should be denied without prejudice, and Plaintiff should be instructed to comply with Local Rule 7.1(a)(2) before attempting to re-file its motion.[1]

---

[1] Another court in this District has held that failure to adhere to the meet-and-confer requirement "invites sanctions," while not necessarily warranting summary denial of the motion. *See Gerakaris v. Champagne*, 913 F. Supp. 646, 651 (D. Mass. 1996). On the assumption that Plaintiff will adhere to its meet-and-confer obligations in the future, BCGI does not seek sanctions for Plaintiff's violation of Local Civil Rule 7.1(a)(2).

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion to allow its President (Larry Day) to access BCGI's response to Plaintiff's Special Interrogatory Number One.

Dated:  June 28, 2006                    Respectfully submitted,


/s/ Dean G. Bostock
Patrick J. Sharkey (BBO # 454820)
Dean G. Bostock (BBO # 549747)
MINTZ LEVIN COHN FERRIS
     GLOVSKY and POPEO P.C.
One Financial Center
Boston, MA  02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

Bruce R. Genderson
David C. Kiernan
Philip A. Sechler
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029

*Attorneys for Defendant Boston Communications Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies sent to those indicated as non-registered participants on June 28, 2006.

/s/ Dean G. Bostock

# EXHIBIT A

Case 1:05-cv-11062-EFH    Document 116-2    Filed 06/28/2006    Page 1 of 2

## Cuddihy, John

**From:** Erica Taggart [ericataggart@quinnemanuel.com]
**Sent:** Tuesday, June 13, 2006 9:59 PM
**To:** Dean G. Bostock Esq. (E-mail); Cuddihy, John
**Subject:** Motion in FW v. BCGI, Alltel et al

Counsel -

I write regarding a motion to allow Mr. Day to view the contents of BCGI's interrogatory response regarding its customer list. We plan to file this motion shortly, along with a motion to seal the declaration and exhibits because they contain the confidential interrogatory response in dispute.

We assume that BCGI does not assent to the substantive motion, but does assent to the motion to seal. Please let me know if this understanding is incorrect.


Erica P. Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3196
Fax: (213) 443-3100
E-mail: ericataggart@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT A

6/26/2006